**No. 25-7930**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE APPLE iPHONE ANTITRUST LITIGATION

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:11-cv-6714-YGR, Hon. Yvonne Gonzalez Rogers

### EXCERPTS OF RECORD OF PLAINTIFFS-APPELLANTS VOLUME 5 of 13 (5-ER-703–995)

Betsy C. Manifold
Rachele R. Byrd
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Tel.: (619) 239-4599

Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600

David C. Frederick
Aaron M. Panner
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite
400 Washington, D.C. 20036
Tel.: (202) 326-7900

*Counsel for Plaintiffs-Appellants*

May 13, 2026

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA          *ORIGINAL*


Before The Honorable YVONNE GONZALEZ ROGERS, Judge


| | |
|---|---|
| In re Apple iPhone Antitrust) Litigation ) ) ) ) ) _____) | Pages 1 - 74<br><br>NO. C 11-06714 YGR<br><br><br>Oakland, California<br>Tuesday, December 14, 2021 |


**Motion to Strike or Exclude
Reply Testimony of Professor
Daniel L. McFadden**


<u>**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**</u>


<u>**APPEARANCES (VIA ZOOM):**</u>

For Plaintiffs:          Wolf, Haldenstein, Adler, Freeman &
                            Herz LLP
                         270 Madison Avenue
                         New York, New York  10016
                    BY:  MARK C. RIFKIN, ATTORNEY AT LAW




For Defendant:           Gibson, Dunn & Crutcher LLP
                         333 South Grand Avenue
                         Los Angeles, California  90071
                    BY:  DANIEL G. SWANSON, ATTORNEY AT LAW



            (Appearances continued next page)

Reported By:          Raynee H. Mercado, CSR No. 8258

     Proceedings reported by electronic/mechanical stenography;
transcript produced by computer-aided transcription.


*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR (510) 565-7228*

**ER-704**

**A P P E A R A N C E S (CONT'D.)**

For Defendant:              Gibson, Dunn & Crutcher LLP
                            1050 Connecticut Avenue, N.W.
                            Washington, DC  20036-5306
                        BY:  CYNTHIA RICHMAN, ATTORNEY AT LAW


                            --o0o--

Tuesday, December 14, 2021                              9:59 a.m.

                       P R O C E E D I N G S

                          (Zoom Webinar)

        THE CLERK:  We are now calling civil case 11-6714-YGR, In Re: Apple, Inc., Antitrust iPhone Litigation.

     Counsel starting with the plaintiff please state your appearances for the record.

        MR. RIFKIN:  Good morning, Your Honor.  Mark Rifkin from Wolf Haldenstein on behalf of plaintiffs.

        THE COURT:  Good morning, Mr. Rifkin.

        MR. SWANSON:  And good morning, Your Honor.  Dan Swanson and Cynthia Richman for Apple.

        THE COURT:  Good morning.

     Okay.  I wasn't sure that I was going to have oral argument on this motion, but never hurts to hear a little bit more on these topics so I will let you proceed.

     Are you dividing the argument, Mr. Swanson and Ms. Richman?

        MR. SWANSON:  Not really, Your Honor.  But Ms. Richman is here in case I say something stupid about class certification, but I'm going to focus on the *Daubert* -- the *Daubert* issues, the very scintillating issues.

        THE COURT:  All right.  Well, I won't encourage her to jump in, but she can if -- if she feels she must.

     All right.  Then, it's your motion.  Proceed.

MR. SWANSON: Thank you, Your Honor.

Professor McFadden in his reply report is no more reliable than his original report, which I presented argument about a couple of weeks ago. His model and methodology still don't pass the *Daubert* test for multiple reasons. And there's a very long catalog of defects in his model and methodology. And they're set forth in our briefs and in Professor Prince's report, and to a lesser extent, in the reports of our other experts.

What I propose to do, Your Honor, is to provide a brief overview of the key defects. And I'm not going to touch on all of the points. Some of them are quite major. I'm still not going to touch on them because, as I've said before, a number of them are quite technical, are probably better presented in cold print. But I'm happy to answer questions about -- about any of them.

And then I'll seek guidance from the court as to what you'd like me to focus on, if anything, or if everything -- I'll roll into all of the issues in greater detail.

First and I think most importantly, Professor McFadden's model can't be relied to prove class-wide impact. I think plaintiffs effectively concede this at this point. They certainly in their briefing try to focus now on aggregate damages instead of individual class member injury.

But we submit Professor McFadden's model doesn't work for

either purpose, and in any event, the fact that his model can't show class-wide impact really should be game over for class certification.

But even as a means to show that some members of the class were injured, Professor McFadden's model is comprehensively unreliable. The model stacks the deck with unrealistic assumptions like assuming that 99-cent pricing can be ignored.

As Justice Gorsuch said in his opinion, his dissenting opinion in *Pepper*, price tiers, 99-cent pricing are a protection to consumers. They make it harder for the plaintiffs to show passing through the commission and injury. And Professor Prince in his declaration shows that, in fact, that is true, that Professor McFadden in his reply report said he -- he could ignore 99-cent pricing because it would only increase aggregate damages.

Professor Prince shows that's not true. Professor McFadden only looked at download prices, which were a small percentage of the transactions at issue. And as Professor Prince showed if you looked at all of the transactions, 99-cent pricing actually reduces aggregate damages and it results in almost a quarter of the class accounts being uninjured.

So that's --

**THE COURT:** Let's see. How long did I let you go before I interrupted, Mr. Swanson?

MR. SWANSON:  I think -- I think we're okay.  Now I can answer questions.

THE COURT:  Let -- I'd like to talk about this issue verse -- of aggregate versus individual, and we'll hear a little bit of argument from both of you on that.

It does seem, Mr. Rifkin, that as I understand the model, it is focused on, at best, aggregate because there are no individuals who are identified.  There are only accounts that are identified.  And it is only your suggestion that is through the reconciliation after a jury trial of people's multiple accounts that we would ever get to damages for specific individuals.

Is that right?

MR. RIFKIN:  That -- essentially, that's correct, although I would -- I would disagree that there's any difference in the computation of damages whether you look at ID's or -- or individual class members because of what we explained is the commutative property of addition.  It doesn't matter what order you add up the -- the damages.  Whether you -- whether you add up the damages first for ID's or first for individual class members, the -- the result is always exactly the same.  That's just simple math.  And -- and Apple doesn't dispute that.

They have a preference for grouping the damages first by class member, but they don't say it makes a difference in --

in the aggregate number.  And if we --

THE COURT:  So -- so if that's the case, though, then the aggregate number should be able to be calculated with precision.

MR. RIFKIN:  With the same precision that -- that any statistical analysis is going to allow the damages to be calculated.  And if -- if you're -- if you're addressing that question to Apple's argument that the -- the damages calculated on an aggregate basis, at least for the sample, are two times greater than the damages calculated on individuals if you sum them up -- what they call "bottom up damages."

That -- that's a completely fallacious argument, and -- and I'll explain.  If that was the -- sort of where you were going, Your Honor, with that question.

THE COURT:  I'm just --

(Simultaneous colloquy.)

MR. RIFKIN:  -- reply.

THE COURT:  I'm trying to make sure that I understand the argument because, obviously, right, the law talks about individuals.  Doesn't talk about accounts.

That being said, accounts are an objective measure.  But the analysis that's been provided, at least thus far, also suggests that a significant portion of the proposed class are not injured.  And under prevailing case law, that also is not allowed.

So your experts make some inconsistent arguments at times saying that everyone's injured when, in fact, you do the math, everyone is not injured.

And so there are lots of inconsistencies here that -- that concern me because the model is not as precise as McFadden thought it was originally.  In truth, it's not as precise as he thought.  His --

(Simultaneous colloquy.)

**MR. RIFKIN:**  Well, I --

**THE COURT:**  His error rate significantly changed --

(Simultaneous colloquy.)

**THE COURT:**  -- between his first report and his last report.

**MR. RIFKIN:**  I dis- -- I disagree that the model is not precise, and I disagree that the error rate changed.

**THE COURT:**  Well, I should be clearer.

(Simultaneous colloquy.)

**THE COURT:**  To be clear, what I meant by "error rate" is that his number changed significantly in terms of the uninjured class members between his first report and his last report.  Right?

**MR. RIFKIN:**  There -- there was a change in the number of uninjured class members, but -- let me -- let me address this in -- in sequence because I think you've -- you've asked a series of questions, and -- and I think they're

important.  Certainly from my perspective, it's important that you understand how we view them so that hopefully you can make an informed decision.

First, we -- we think that it was entirely appropriate for Professor McFadden to compute the damages using Apple ID's as the -- as the basic unit of measure because that's the way Apple keeps its records.  That's the way Apple produced its records.  And Professor McFadden was given 60 billion transactions ID by ID.  And he did a statistical modeling from a sample of a tenth of a percent of that collection of transactions which were transactions by ID.

Apple has variously claimed that it couldn't associate ID's with individual class members, to saying that it could, but it would be very difficult, to blaming the plaintiffs for not asking for that information.  Their explanation on this has -- has changed significantly during the briefing.

But what they haven't responded to is the fact that Professor McFadden has demonstrated both aggregate damages and has demonstrated which individual Apple ID's are uninjured.

Most of those so-called uninjured class members are at the very margins of what would be a zero between being injured and uninjured.  And the explanation for a great number of them is -- is, if anything, likely to be just simply computational -- I won't call them "errors," but rounding or just the result of using a statistical model to estimate

damages.

However, when he proves damages at trial -- and this was a question that Your Honor had asked during the -- the first hearing on class certification.

When he proves damages at trial, he will provide an aggregate damages that nets out all of the gains against all of the losses. And that will be on a class-wide basis.

And we've cited a series of cases from the *TFT-LCD* case to the *Blue Cross & Blue Shield vs. AstraZeneca* case, *Allied Orthopedic*, *Price vs. Seattle*, and the *Lidoderm* case, all of which support the proposition that that's how the trial would take place.

**THE COURT:** And, Mr. Swanson, I -- he has cited significant amount of law, and you've cited really none to the contrary that doesn't -- you know, aggregate damages are an appropriate model. What's wrong with that?

What case law do you have to support any contrary position?

**MR. SWANSON:** Well, I think every case that says that the predicate need to -- here for the plaintiffs to do is to prove that there is injury to all or virtually all class members. I mean, that's what the plaintiff said in their motion. That's -- they cited Judge Koh's decision in the *High-Tech Employee* case.

**THE COURT:** Do you have authority that I'm missing

from the Ninth Circuit that says you can't use an aggregate damages approach?

MR. SWANSON:  Well, I don't think you have authority that says you can use an aggregate damages approach.

I think every other circuit that's looked at that has said, no, you can't do that unless that aggregate damages approach also shows that all or virtually all members of the class have been injured.  I mean, that's what Judge Koh dealt with in the *High-Tech* case when she looked at Professor Leamer's report in her first decision on class certification.  She said they proved aggregate damages, but it didn't prove class-wide impact, and so she denied class certification.

THE COURT:  But those are two separate issues.  I understand.  I'm just trying to tease out the issues here.

And it seems to me that aggregate damages is an appropriate model as long as the model shows class-wide or virtually class-wide impact.

MR. SWANSON:  If a class is certified, they're certainly going to need to prove aggregate damages.  And so, yes, the question then becomes -- and, again, my position is they need to show class-wide impact before they get to certification.

But certainly our position is his model is not a reliable model for showing aggregate damages.  And let me give an example of why that's the case.

I agree with Mr. Rifkin that damages need to add -- add up. Aggregate damages needs to be the sum of all of the individual class member damages. That's not the case here.

For example, Professor McFadden's model generates negative but-for prices for a lot of transactions. As a result of that, almost 10 percent of these accounts, these Apple ID accounts have damages that are higher than the amount of spend from the account in the real world.

Now, Professor -- or -- I believe there was a decision just the other day from one of your colleagues on the bench, who -- I'm trying look through my notes here -- the name of the decision.

But in any event, the notion that damages can actually be higher than the amount that the plaintiff spends in the first place, I think, is the epitome of an unrealistic and not a lawful damage measure. So those damages exist in Professor McFadden's aggregate number. He's got fictional damages that are in there that result from these assumptions that generate negative but-for prices.

Now, he then in his most recent declaration says, well, I can solve the negative pricing issue using the so-called percentage method. Instead of using a dollar adjustment method, he said I can use a percentage adjustment method. And that's true. That does solve the negative pricing issue, but then it makes his aggregate damage calculation completely out

of touch with the sum of individual class member damages.

As Professor Prince has shown, that percentage method when applied to the individual class accounts adds up to a number that is about half of the aggregate damage calculation that Professor McFadden proposes to sponsor.  So the aggregate damage figures aren't reliable.  They don't add up.

And on the issue of the accounts, Your Honor, in Professor McFadden's original report, he said nothing about that.  He said in his deposition after his original report that he thought it would be virtually impossible to figure out whose accounts belonged to which class members.  He said it would be a Herculean task to do that.  He said he doubted it could even be done for the named class representatives.

Then he got religion, and in his reply report, all of a sudden he said it would be a piece of cake.  Now, our position in this motion is he's got no expertise to bring to bear on how to match accounts.

In his deposition after the second report, he said that he didn't know anything more about this than what he read in Mr. Rollins declaration, so that opinion as well I think is not one that should be credited under *Daubert*.

But the reality is that matching up those accounts is not something that can be done on any type of practical or predictable basis.  It's not a reliable process and certainly can't be done to --

**THE COURT:** Let's say, though, Mr. Swanson, theoretically. Theoretically, if a model -- an aggregate model could accurately calculate virtually all the damages -- theoretically, okay -- you have to agree with my premise.

Theoretically if that could happen, that evidence could be presented at trial on a class-wide basis. A jury could make a decision one way or the other whether or not they agree with the expert's view. And it's -- it's purely purposes of -- of administration after the fact to -- to distribute that money to the class members after the fact, right?

Theoretically.

**MR. SWANSON:** I --

**THE COURT:** That's -- that is a possible approach.

**MR. SWANSON:** With a good model and proof -- independent proof that there's class-wide impact, yes, I would agree on that, because if there's independent proof of class-wide impact, then you know that all of the class members have been injured, so you're just talking about how much.

This is very different. This is walking into a trial where you know that not all of the class members or even remotely all of the class members have been injured. So the issue is, well, who's been injured and who hasn't.

The jury isn't going to get a list. I mean, Professor McFadden's model isn't stable. An aggregate damage number that he's got won't correspond to any determinate list

of uninjured class members.

Professor Prince showed -- you know, he's run it now.  The model's been run 150 times.  You run it and sometimes it doesn't work at all.  It's not proof of anyone's injury. Sometimes it's says 15 percent were uninjured.  Sometimes it says 25 percent were uninjured.  And that's before it gets adjusted for these other flaws that drive that number even higher so there's never going to be a list.

So what you would have would be a jury with a black box, no judicial finding that all or virtually all class members have been injured.  And then it would all be thrown to administrator to do what?  To -- to pick what model?

Jury picks a number.  What does that correspond to?  How would the administrator know what model to use.  And then the random samples -- they're all equally valid.  And yet if the administrator used a different random sample Tuesday, he'd get a different list of uninjured class members than if he ran it on a different random sample on Wednesday.

**THE COURT:**  A response, Mr. --

**MR. RIFKIN:**  Yes, Your Honor.  First let me answer the question about Ninth Circuit authority.  I -- I would refer the court to the *Torres* case in the Ninth Circuit, which distinguishes between those cases in which there are class members who cannot possibly have been injured on the one hand and those cases like this one where there happen to be some

who are fortuitously uninjured on the other hand.  And -- and in the case of fortuitously uninjured class members, whether they're identified by name or Apple ID seems to me to be a trivial difference.

But where are there are only fortuitously uninjured class members, according to *Torres*, that's not an impediment to class certification.  And we know that at least the Apple ID's can be identified and eliminated, and there's no chance if we eliminate the uninjured Apple ID's that any uninjured class member somehow still remains in the class because there are --

**THE COURT:**  So how do I decide whether all of these uninjured class members who have been identified are fortuitously uninjured or not?

One of the things that is of concern is that McFadden shows the least -- and perhaps this just goes to weight.  But what does concern me is that he chose the least profitable mechanism for monetizing money in his model.

**MR. RIFKIN:**  I'm --

**THE COURT:**  That is, the payment -- the payment for applications as opposed to in-app purchases is less profitable in -- than -- than in in-app purchases.

You look confused.

(Simultaneous colloquy.)

**THE COURT:**  I sat through many weeks of hearing testimony on --

MR. RIFKIN:  No, no.  I'm not confused by any -- by the comment that applications are less profitable than IAP.  I agree.  But I'm confused by the notion that he excluded IAP.  He did not.  He modeled in-app purchases as well as app purchases.

I'm troubled -- I'm troubled by that part of the -- of the question.

Professor McFadden modeled all transactions.  That -- he modeled both app purchase and IAP.  In fact, Your Honor, almost all of the fallacious criticisms that Apple makes in its reply brief focus on IAP.  And I'd like to comment on a couple of them right now because they were on my agenda since they were in the reply brief, and I felt the need to correct the record.

But Mr. Swanson has mentioned two of the most glaring instances of it, and so I'd like to just directly address it.  The first is this accusation that Professor McFadden has created negative prices or has modeled negative prices in -- in his work.  That is 100 percent untrue.  Let me repeat that.  It is 100 percent untrue.

Let me tell you where the argument comes from so that you can understand how it's untrue.  In his modeling, Professor McFadden constructed average monthly prices from total spend by ID.  Okay?  For IAP.

Let me repeat that.  This is a dispute over the way

Professor McFadden modeled IAP.  It is part of his modeling, and I -- I'm absolutely certain that IAP is in the model.

(Simultaneous colloquy.)

THE COURT:  Mr. -- Mr. Rifkin, could you also -- and this is important because that's in part where I got my impression of -- of the modeling.

MR. RIFKIN:  Um-hmm.

THE COURT:  I need to know -- because I went back and looked, I need to know where in his report by paragraph number --

MR. RIFKIN:  Thomas can you find that, please?

THE COURT:  -- he explains this -- this modeling so I can make verification for myself.

So keep going, but if you could --

MR. RIFKIN:  I'm --

(Simultaneous colloquy.)

MR. RIFKIN:  I've asked -- I've asked my partner to -- to pull out the paragraph references, and we will provide that to the court.  But --

THE COURT:  All right.

(Simultaneous colloquy.)

MR. RIFKIN:  But because he's computed -- because he's computed the -- the monthly average spend on IAP, and -- and he does this at the app level, so for -- for each app, Professor McFadden has computed the average spend per ID per

app.

And -- and you may have a different spend per app than I have because you may buy more IAP in an app than I buy. And that's probably true for all of the 400 million accounts that are in this monolithic database.

The nature of an average is that there are some spends above the average and some spends below the average. Professor Prince has decided to exploit that simple mathematical fact. And so he has unpacked the average. And he has tried to allocate the computation of average at the app level, the average monthly spend at the app level, to individual ID's.

And he has falsely labeled any spend that falls below the average, which Professor McFadden computed at the app level. Professor McFadden [sic] has attributed that to what he calls a negative price when he disaggregates the average into individual ID's. It is a completely fallacious analysis. And it was done only to try to poke holes in an otherwise sound methodology. There is no substance to it. None.

MR. RIFKIN: The idea that Professor McFadden has opined that there are negative prices in the but-for world is simply untrue. And I want to put that aside in the most definite, absolute, and certain way I can.

The second completely fallacious, glaring misstatement in Professor Prince's work, which Mr. Swanson repeated today, is

that the damages for the aggregate add up to double the damages -- the sum of the damages for the individuals.

Let me tell you how that was done, and let me assure the court that that is a completely 100 percent false statement.

Here's the way it works:  Professor Prince has taken a subset of class members.  It's -- it's the .1 percent subset that was in the sample that Professor McFadden created his model from.

He has taken the work papers that Professor McFadden provided in discovery, and he has searched through them to find how Professor McFadden computed the damages for that group of individual Apple ID's -- the 400,000 or so individual Apple ID's in that cohort.

That number happens to be in the aggregate approximately $4.9 million.  That's the exact number that Professor Prince says is the total of the bottom-up damages for the Apple ID's. In other words, Professor McFadden made his computation at the -- at the aggregate level.  Professor Prince made his calculation at the bottom-up individual ID level.

Those numbers are exactly the same.  Give or take a decimal point, they are the same.

To make this fallacious argument, Professor Prince used a number that appears in the work papers as a numerator in a fraction that Professor McFadden used as an intermediate step in computing that $4.9 million number.

The $9.6 million number that Professor Prince calls Professor McFadden's aggregate estimate of damages is simply a numerator in a fraction. It is not -- and I want to say this as clearly, as precisely, and emphatically as I can. It is not Professor McFadden's estimate of the aggregate damages for that cohort of ID's.

The assertion that it is is a completely fictitious one. He took a number that appeared in the numerator of a fraction. He ignored the number that appeared in the denominator of that fraction in the most obvious example of cherry-picking imaginable. He labeled it damages. And he said, see, it's twice as high as my number.

The real number that Professor McFadden calculated for the aggregate of the cohort is almost exactly the number Professor Prince says is his number adding up from the bottom up.

I cannot be more emphatic about this. It is -- it is simply outrageous that that statement was made.

And in the meantime --

THE COURT: Okay. I'd like -- I'd like you to file -- let's see. Today's Tuesday.

MR. RIFKIN: Yep.

THE COURT: -- by -- by noon on Thursday, those work papers that you're referencing because each time that I've gone to the reports and I'm trying to find more data and

analysis, all I get are footnotes about work papers, none of which I have.

MR. RIFKIN:  Your -- Your Honor, we would have responded to this argument had it been made before the reply papers that were filed on -- on the second *Daubert* motion.  We haven't had an opportunity file anything in response, so we are grateful for the opportunity to do so now.  Thank you.

We will -- we will file those work papers.  And I assume the court has no problem if we file them under seal.

THE COURT:  Motion to -- request to file under seal is granted.

MR. RIFKIN:  Thank you.

THE COURT:  So don't even file an -- don't even file an extra motion.  It's granted.

MR. RIFKIN:  Thank you for that very gracious relief.

To -- to answer the question that you had asked before, in paragraph 210 of Professor McFadden's original report, it -- it contains only the equation that he uses, and -- and you will note the superscript for IAP in that equation.  And in paragraph 213 of his original report, Professor McFadden provides an explanatory text discussing the IAP estimate.

THE COURT:  All right.

Mr. Swanson, I'm assuming you want to respond.

MR. SWANSON:  Yes, I -- I do, Your Honor.

I'm going to avoid the heated language.  I think you

understand from what we filed already that we don't agree with Mr. Rifkin's take on this. And what I would point to is what's in the record. In fact, this is not something we raised only in our reply. We had an argument about this last time. Mr. Panner was making that argument.

And, Your Honor, you put the question to him after I made this assertion, is that true? Does the model generate negative but-for prices? And Mr. Panner said accurately, yes, it does.

And then, Your Honor, we can go through the record of what Professor McFadden said, not what Mr. Rifkin says.

Now, in his first deposition, Professor McFadden said what Mr. Rifkin says. He said his model used a percentage method for in-app purchases. But then he submitted an errata afterwards. And that's in the record, Your Honor. You can look at that.

And he said, quote, Prince was correct, unquoted. And he said, quote, my answer was inconsistent with how my model works, unquote.

Then I deposed him after his reply report, asked him the same question. Your reply model generate negative but-for prices, doesn't it? You don't use a percentage method. You use a dollar adjustment method. And in the morning of his deposition, he contradicted his errata. And he said, no, it uses a percentage method. it's impossible to have negative

prices.

And then after we came back after lunch, without prompting by a question, he said, I have to correct misstatements from the morning. And I've made this mistake before. He said, I was wrong. My model does not use a percentage method.

Now, the percentage method is what he has proposed in his declaration, a declaration that was filed two or three weeks ago. We haven't had a chance to respond to that. We didn't get to depose him on that. But he's contradicted himself in that declaration by saying, again, something that he's contradicted himself about before multiple times, that his model doesn't generate negative but-for prices. It does.

What -- what Mr. Rifkin is talking about, and I think what Professor McFadden is attempting to do, is to refer to the fact that in the structure of his model -- And this, I think, goes back to your original comment, Your Honor.

He doesn't model specific in-app purchase prices. He doesn't model, you know, the price of a hundred V-Bucks or eighty Robux. What he does is he takes an app like Robux, and he takes all of the in-app purchase items that are available a given period, and he adds them all up. So he adds 99 cents and 1.99 and 2.99 and 3.99 and 29.99 and 49.99. He adds them all up literally. He adds them all up. And that's what he estimates. And so you can't figure out damages from that fictional -- he calls that a -- he calls that a in-app

purchase price.  That's not an in-app purchase price.  That's an amalgamation, a fictional amalgamation.

But when his model returns a number for that fiction -- fictional amalgamation, he needs to figure out what the damages of an actual account are.  An account doesn't --

**THE COURT:**  Well --

**MR. SWANSON:**  -- amalgamation.  An account buys a hundred V-Bucks, and that's when his dollar adjustment method which he uses in his model comes into play.

And so he takes that aggregate number that he estimates, and -- and the number in the but-for world is lower than the sum of all of those items in the real world.  And that difference might be $1.49.

And then to get to the individual items, the real prices, he subtracts $1.49 from all of them, so if you've got a 99-cent in-app purchase item, his model says that will be a dollar 49 less than 99 cents.  It's a negative price.  That's how those negative prices come out in the real application of his model to actual accounts.  And it's not -- it's not an inconsequential matter.

Ten percent -- almost 10 percent of all of the accounts have damages that are higher than what they actually spent in the real world.  And that inflates his aggregate damage number, and that is just unsustainable, I think, Your Honor.

So the record shows what Mr. Panner said when we were

before you last, that the model does generate negative prices,
and all of the huffing and puffing and heated language isn't
going to change that.

THE COURT: All right. Well, I will obviously take
this into consideration and go back and -- and look again and
try to tease this out, but it's not --

MR. RIFKIN: Your --

THE COURT: -- I can tease it out without having some
of the underlying work papers that you were both obviously
disputing. And -- and --

MR. RIFKIN: If --

(Simultaneous colloquy.)

MR. RIFKIN: If I may -- if I may try to help clarify
some of the mystery.

MR. SWANSON: Could I just have one more point, Your
Honor? I'm sorry.

THE COURT: Hold on. Mr. Rifkin, then we'll -- just
make a note, Mr. Swanson.

(Simultaneous colloquy.)

THE COURT: I'm not cutting off argument.

MR. SWANSON: Okay.

MR. RIFKIN: Very briefly, I think Mr. Swanson's
remarks just explain where the confusion lies. It's -- it's
the difference between negative prices, which has -- has been
the accusation and negative damages, which we all agree

happens in -- in the modeling.

But the negative prices is the point that I make. There's -- there's no such thing as a negative price in Professor McFadden's work.  There are instances where the damages are negative.

So in the example that Mr. Swanson just gave, if -- if the -- if the but-for price is above the as-is price -- in other words, if the model predicts that the -- the but-for price would be higher than the as-is price, we agree that in that instance, there are what we have been sometimes calling, perhaps inartfully, negative damages.

But the -- that particular ID for that particular purchase is better off in the but-for world -- I'm sorry -- in the as-is world than the but-for world.  But the price, which I think Mr. Swanson used as an example was $1.49 -- the price is positive.  It is not negative in the but-for world.

A negative price is irrational.  And the accusation that Mr. -- that Professor McFadden's model included irrational prices is simply untrue.  The fact that it yields --

(Simultaneous colloquy.)

**THE COURT:**  So do I have to -- do I also -- do you concede what Mr. Swanson has now said before and today that Professor McFadden retracted and went back and forth multiple times in his deposition?  Do you concede that?

I mean, because, obviously, I can go and read the

deposition.

MR. RIFKIN: Yeah, the -- the record is what the record is. And I -- and I will -- and I will agree that Professor McFadden misunderstood a question or misanswered a question which he then corrected and then which he was subsequently examined on in a second deposition.

And -- and I -- and I want to make absolutely clear that what we're talking about here is a mistake that Professor McFadden made in answering a question at a deposition, which he then later corrected in writing and which he confirmed at a second deposition.

It was not a mistake that was made in the modeling. It was simply a mistake that Professor McFadden made when he answered a question at a deposition. And if he -- if he was confused about the question or --

THE COURT: Mr. Rifkin --

(Simultaneous colloquy.)

MR. RIFKIN: -- fine, so be it.

THE COURT: Is that because he wasn't doing the modeling himself and so he wasn't clear about what people who are working for him was doing -- or were doing? Because this is not an insignificant issue. It's a pretty fundamental issue. And I have had professors who are put, you know, on stage in trial, in the depositions, to be the person with the Nobel prize to somehow give credence to the model and yet the

model and the work is actually done by other people.

I have to tell you, in one trial, I almost fell off my chair what the professor said the exact opposite of what he was supposed to be saying, you know. And it happens because they're not actually the ones doing the work.

MR. RIFKIN: Well, I -- I can assure you that that's not the case here. Professor McFadden is not going to say something that is the exact opposite of -- of his conclusions. His conclusions are his conclusions.

The details of the methodology he may have been confused about at a deposition. Whether that was because he was in the middle of doing 12 other things, I can't tell you. But I can tell you how the work was done. And -- and just like I oversee the work that is done in the briefs that we file, I don't do all the research myself. I can't. I don't --

THE COURT: No, and I'm not --

(Simultaneous colloquy.)

THE COURT: And I'm not expecting -- I mean, I'm sure he has a team behind him but this --

MR. RIFKIN: Absolutely.

THE COURT: This is not an insignificant issue.

MR. RIFKIN: No, and I don't mean to suggest that it is. What I -- what I mean to make clear is that the model is correct. The model is accurate. The model is unchanged. The model is reliable. The model has yielded results that are

accurate above the 95 percent confidence interval, and -- and they were overseen actively by Professor McFadden. This I know with certainty.

If he was confused at a deposition or misspoke at a deposition, we have all done that. And -- and it was -- I think it was appropriate that he correct the misstatement. And it was appropriate that he be re-deposed. He did both.

And I think we -- we really should put this to rest by -- by making sure that we understand that Professor McFadden's model is accurate, reliable, and -- and robust.

In fact, a great part of the analysis that Professor Prince has done to support Apple's argument is the result of the robustness of the model. For example, Apple complains about the tiered pricing. And they say that Professor McFadden hasn't accounted for tier pricing.

Well, tier pricing is in the plaintiff's case. The plaintiffs believe that tiered pricing is anti-competitive.

Consistent with *Comcast*, Professor McFadden's model has to match the plaintiff's theory of the case. If the plaintiffs prevail on that part of their case, Professor McFadden's model will estimate the effect of tiered pricing in the but-for worlds.

If on the, other hand, the plaintiffs are unsuccessful in that part of their case, Professor McFadden's model is so robust that it permits a damages calculation to be made adding

in-tiered pricing.  And that's exactly what Professor Prince did to demonstrate the change in the damages calculation when you make adjustment.

Now, we don't agree that that adjustment should be made. And Professor McFadden doesn't express an opinion one way or another on that.  But what he does do is provide a model that works either way.

And so consistent with *Comcast*, Professor McFadden's model models the plaintiffs' claims.  But it is sufficiently robust to survive if one of those claims falls by the wayside and that's --

**THE COURT:**  So let's --

(Simultaneous colloquy.)

**THE COURT:**  -- that leads me to another question --

**MR. RIFKIN:**  Yes.

**THE COURT:**  -- which is that the weight in -- in terms of what he claims the appropriate commission should be is static throughout the period.

**MR. RIFKIN:**  Yes.  Yeah.

**THE COURT:**  Certainly in -- certainly I would think, right, everybody agrees that's consistent with the plaintiffs theory.

**MR. RIFKIN:**  Right.

**THE COURT:**  I haven't --

**MR. RIFKIN:**  Oh.

THE COURT:  -- seen -- and perhaps it's too early -- haven't seen any expert report.  And I know from other experts that no one is -- or at least the two experts that testified for both parties in the last case did not testify that Apple was a monopoly in 2007 or 2008.  They argued that the earliest it could have been was the end of 2010 into 2011.

And yet the -- and -- and also I would say that in my other antitrust cases, the MDL batteries case, the experts there all went through and had models that -- that had different approaches on the time line in terms of what facts went to whether or not the defendants in that case were acting in a monop- -- acting as monopolists.  So it's not clear to me what I should do with that --

MR. RIFKIN:  Well --

THE COURT:  -- because --

MR. RIFKIN:  Yeah.

THE COURT:  -- because there is no analysis.  There is no expert report that shows what the theory -- or -- yeah, so unpack that because it concerns me that it's -- it's this very -- overly simplistic static model that doesn't comport with other antitrust experts' whose reports you have, et cetera.  I mean, so --

MR. RIFKIN:  Yes.

THE COURT:  You know, this is not -- this is not being litigated in a vacuum.

MR. RIFKIN:  No, and I --

(Simultaneous colloquy.)

MR. RIFKIN:  I appreciate -- I appreciate Your Honor's question because, again, it gives me a chance to try to clarify some -- some of the -- some of the uncertainty that -- that is lying in the record.

And -- and here's -- here's the -- here's the way I think it -- it should be understood.  In -- in the *Epic* case, as -- as you know from the last time we were here.

The experts in that case looked at a different market than the market that we look at.  They looked at a different foremarket, and they looked at a different after market. And -- and we talked exhaustively about that at the last hearing.  I'm not going to belabor the point.

But it may be -- and I don't express any opinion on this as a lawyer or as an economist -- certainly not as an economist.  That in the market those experts analyzed in that other case, although it happened to involve Apple, it may be that Apple didn't have monopoly power until 2010 or 2011 or 2012 if it had monopoly power at all.

And Your Honor decided it never had monopoly power, and -- and that is perfectly fine, at least not in the relevant market Your Honor found.

But in our case, remember that we have an after market that is defined as the after market for iOS Apps and iOS IAP.

And we know that Apple has always had a perfect monopoly in that market. There's -- there's no dispute about that.

So usually in most cases, monopolists don't have complete market power. They don't have a complete or perfect monopoly. And usually they don't have a complete or perfect monopoly ab initio. This is the rare bird where right out of the gate, because of the way Apple set up the iPhone and because of the way it set up The App Store, so that if you want to put an app on your iPhone or your iOS device, the only place a consumer has ever been able to do that is The App Store.

And the same is true of IAP. If you want to buy IAP to this day, the only place you can buy IAP is on The App Store. And Your Honor commented in the *Epic* decision about the consistency of Apple's 30 percent commission over the entire tenure of The App Store.

That's not by accident. It's because Apple has maintained that 100 percent, perfect and complete monopoly, over The App Store from the inception till today. It hasn't changed one iota. And neither has the headline rate. Hasn't changed one iota.

And as you said in your opinion, the 30 percent commission rate has barely budged in over a decade despite developer complaints and regulatory pressure.

And that's exactly true. I'm reading, by the way, from page 144 of Your Honor's --

THE COURT: So -- and, Mr. Rifkin, I -- and this is actually for both sides. It is -- it is important that everybody understand that my evaluation of the evidence is not evidence in this case.

MR. RIFKIN: Okay.

THE COURT: It is -- it is -- I mean -- and I say that because I have litigators who come into the courtroom and say, Judge, some other judge in some other court made this decision. That's a fact. Well, it's not. It's not. If that was the case, like, you know, perhaps I could decide it right now, but you're obviously not asking me to do that. And, in fact, your approach, as you just mentioned before you quoted me, is different in some ways from what I've already found.

So it is really important that everybody make sure they understand that my evaluation is not actually evidence in your case.

I can -- I can make decisions understanding what the facts were that were presented to me because I know they're the same facts you have.

MR. RIFKIN: Right.

THE COURT: And I will ask questions, and I can't ignore the evidence that I -- I view.

But everybody needs to be careful about that because both sides -- in some of your briefing, as I read it, it seems to suggest that my evaluation is a fact. And so I'm asking -- I

just wanted to -- when you said -- when you quoted back to me my order, which, by the way, I've read so I know it --

(Simultaneous colloquy.)

THE COURT:  -- probably -- probably more than, you know -- well, all right.  I've spent a lot of time on it.

(Simultaneous colloquy.)

THE COURT:  But I did --

MR. RIFKIN:  We all have.  But thank you -- thank you for the caution, but -- but whether we -- whether we consider your -- your order as evidence or not, whether we even consider it at all, it's hardly a dispute that -- that Apple has had a complete and perfect monopoly of the sale of apps for iOS devices and the sale of IAP for iOS devices since The App Store was launched in 2008.

And -- and that's one of the --

THE COURT:  But the -- but they've also, right -- the subscription rate has been different, and it's been different for many years, and -- and so -- it's -- again, it's not that simple, right?

It's -- it's easy to -- and I agree -- I mean, remember -- I mean, that -- that opinion's up on appeal, so --

MR. RIFKIN:  But --

(Simultaneous colloquy.)

MR. RIFKIN:  -- the question here is why can we -- I'm sorry, Your Honor.

THE COURT:  No, finish up, Mr. Rifkin.  And then I'll go back to you, Mr. Swanson.

(Simultaneous colloquy.)

MR. RIFKIN:  The answer -- the question that Your Honor had asked is why is it that -- that this case is different than -- than the other case in front of you where there were four experts who seemed to suggest that Apple's monopoly in that case didn't begin until sometime around 2010 or 2011.

The answer is because this is a different case, and -- and why doesn't it look --

THE COURT:  Well, and I take it --

(Simultaneous colloquy.)

THE COURT:  I take it what you're saying is that you will never go to trial on a theory where Apple's monopoly begins at some date other than 2007, 2008.  Is that what you --

(Simultaneous colloquy.)

MR. RIFKIN:  2008 when The App Store was launched, right.  That's -- that's because those are the facts.  Yes.

That is our theory.  That is how we will present this case they are the facts we expect to prove.  And they are the facts we expect the jury to find, and -- and they are the facts that Professor McFadden -- some of the facts Professor McFadden took into consideration when he -- when he did his commission

analysis.  Yes.

THE COURT:  Now, Mr. Swanson, go ahead.

MR. SWANSON:  Okay.  A lot of territory to cover here, Your Honor.

Let me just tick off a couple of the earlier items.  In terms of what Professor McFadden has said thus far about his model and how it calculates individual in-app purchase items and the issue of negative prices and the percentage method versus the dollar method, I do recommend, Your Honor, that you just look at the record and you look at what he said.  This wasn't a momentary confusion.  This was dozens of pages of questioning.

In the second deposition after he corrected it the first time -- and I think the degree of contradiction that exists here -- not just on this issue.  On the issue of looking up Apple ID accounts -- I mean, he said in his first deposition it couldn't be done.  Said in his second deposition it was a piece of cake.

The late Judge Orrick in the *Shannon vs. Crowley* case that we cited in the papers commented on this 40 years ago and noted that -- although he didn't reach credibility, the -- head-snapping extent to which Professor McFadden contradicts himself certainly speaks to how much he invests himself in this model, which we certainly believe there is plenty of evidence here, is unreliable.

On -- on the issue of price tiers and 99-cent pricing, the question here is what would the but-for world look like. And we know, for example, with other app stores that don't require -- that don't have price tiers, as Professor Hitt's report shows -- I think Professor Schmalensee's as well -- those developers still charge 99-cent prices. And Professor McFadden acknowledges, yes, there is a reason for focal-point pricing.

And his opinion was actually set forth in his reply report, and he said, well, I don't have to pay attention to this because if I just look at download prices -- just download prices -- it will increase the aggregate damages, so I'm going to be conservative and disregard it.

But that's where Professor Prince came in and said, well, it's not conservative if you take it into account for in-app purchases as well, just as Justice Gorsuch suggested, it is a very big deterrent to passing on commission rates.

And so aggregate damages go down by hundreds of millions of dollars, almost a quarter -- 23, 24 percent of class accounts just on Professor McFadden's model with no other changes are uninjured.

So it makes an enormous difference and needs to be accounted for, and it's not. That's his opinion, he's going to be conservative by not accounting for it.

And then on the issue of the static nature of his

opinions, I mean, absolutely goes to the point of his lack of methodology. The but-for commission that he plugs into his model is the enormous determinant of the aggregate damages and also of how many class accounts are uninjured or injured.

And -- and he has engaged in no exercise of application of economics or economic methodology. Said at his deposition it was just common sense that somehow his common sense led him to cherry-pick the two lowest rates that have ever been observed in the PC game market. And they've only been observed actually in one case in the last couple of --

**THE COURT:** Yeah, and we -- we've talked about that significantly so I'm not -- I don't need to hear argument again on that topic.

**MR. SWANSON:** Okay.

And then, lastly, on market definition, Apple obviously vigorously disagrees that there is a monopoly. That is more hyperbole for Mr. Rifkin. But it does, I think, underscore the fact that I think the court if -- if not for these purposes, for *Daubert* purposes, although I'll argue in a moment I think, Your Honor, we do have to take this into account for *Daubert* purposes.

But for class certification purposes, there will need to be a determination of whether or not a single relevant market can be sustained as a matter of proper legal methodology. Although I take your point that your factual determinations in

*Epic* aren't facts here, the --

THE COURT: Well, I think the question is at what point does that come up. And I'm not -- it's not clear to me whether class cert is the time for that or whether it's summary judgment. It -- you know, in -- in the batteries MDL, it came up in that context because that was the way in which the experts created the analysis. And so we did get into it in class cert.

Here, that's -- that's not -- that's not the case, so I -- I don't -- you know, there's also -- there's always attention in terms of how much of the merits analysis gets done at -- at class cert.

You know, the plaintiffs always say, don't -- don't do merits analysis. And then when we get to motions to de-certify, they say, well, you already did the merits analysis, so we're always caught between a rock and a hard place.

And so perhaps, the way to address it is just to deal -- just to say explicitly, you know, not dealing with this at this juncture so that people don't come back and -- and try to re-create or -- or create a revisionist history.

But it's -- you know, I -- I -- there is that tension, and it's not clear to me that -- that this is the proper timing for the -- for that issue.

MR. SWANSON: I mean, I take that point, Your Honor.

And I think that's -- that's certainly going to govern those cases.

My argument here is that it is -- it's a *Daubert* issue, and it's a *Daubert* issue because Professor McFadden is adopting a market definition method which is one-sided at -- an after-market method is, by its very nature, a one-sided market definition method and that is -- in an expert's opinion, it has to be relevant. And the Supreme Court has said that -- in *Amex* that a two-sided transaction platform can't be analyzed whether -- by anyone -- by an expert or a nonexpert -- in a way that does not define the market on a two-sided basis.

So we have a methodological issue, right? There are [sic] a legal issue, that his opinions are not relevant because the law doesn't allow you to offer a one-sided market definition in this context, or it's his methodology that is flawed because he's not taking account of the fact that -- the, I think, undeniable fact that The App Store is a two-sided transaction platform.

He says the product is fungible distribution of all iOS apps in a two-sided transactional market definition approach. The product is transactions. And one needs to look at what transactions are and are not substitutable for other transactions, so he -- so I think it's a *Daubert* issue.

I think it's a class issue as well because if there are

multiple markets here, if there's a game transaction market, if there are multiple other app transaction markets, then the claims aren't common.  You know, the market defines the claim.  You have to monopolize something.  You don't monopolize a collection of markets, so commonality goes out the door if there are 20 markets here.

And so I think, Your Honor, this is the rare case where the timing to determine these issues really is earlier than there would be in, you know, the average price-fixing case or -- or other comparable case.

And if I could ask one more thing, Your Honor?  Will we be given a chance to respond to the Thursday filing by Mr. Rifkin?

**THE COURT:**  We'll talk about that in a -- in a minute.  I mean, obviously, I want to have a complete set of -- and I'm -- I'm being told by Ms. Stone that I can't just automatically tell you that you can file it under seal.  I kind of wish that I could have.

But perhaps what you could do is -- we can agree on timing.  Mr. Rifkin, you can send to Mr. Swanson those things from the work papers that you want to submit to me.

Mr. Swanson, you can then say these are the things that we'd like the court to look at as well.  And there could be one joint filing perhaps on Monday with a joint stipulation that it be brought under seal.  Then I can just click it, and

we're -- and we're good to go.

(Simultaneous colloquy.)

THE COURT:  -- no argument.  No argument --

MR. RIFKIN:  No --

THE COURT:  -- just an --

(Simultaneous colloquy.)

THE COURT:  -- just an index.  All I want is an index of what's attached --

(Simultaneous colloquy.)

THE COURT:  If I need argument, I will ask you for it.  Okay?

MR. RIFKIN:  Yeah, I'm confident we'll be able to work out the logistics of --

And if I can just respond to the last couple of points --

THE COURT:  You can.  And I --

And if you want -- I mean, I -- I did also -- you know, I did go back to look at -- at McFadden's reply report, and it is McFadden, right, not McFayden [phonetic]?

MR. RIFKIN:  It's McFadden.  McFadden.

THE COURT:  Okay.

Paragraph 261 is -- is the only paragraph where I see that he somehow tries to define the platform.  He says, quote, his model explicitly determines the price --

Well, this is on indirect network effects, but -- but it's -- it's the one place I saw him describe the platform.

That the platform explicitly determines the price effect of a lower commission rate, which is one side of the platform --

MR. RIFKIN:  Right.

THE COURT:  -- and observe and react to the commission based on consumer demand parameters, the other side of the platform.

MR. RIFKIN:  Right.

THE COURT:  I have to say that's not the most understandable English to a noneconomist, so perhaps you want to weigh in on that topic.

MR. RIFKIN:  Yes.  Well, I was going to say two things.  First, I'll -- I'll remind Your Honor of the discussion we had at the last hearing where -- where I pointed to the language in the majority opinion from the Supreme Court in *Apple vs. Pepper*, not Justice Gorsuch's dissenting opinion but the majority opinion where the court talked about two different markets and two different sets of facts and two different approaches and two different calculations of damages and -- and that's the law of the case.

And so I think, again, consistent with *Comcast*, Professor McFadden has to approach his work in light of what the case is and how the Supreme Court has expounded on it.

But Your Honor is quite correct, and I was going to address that.

Professor McFadden certainly considers the effect of a

change in commissions on both sides of the transaction, whether you look at it as a two-sided market or two distinct markets the way the Supreme Court described it, it -- it almost doesn't matter.

The entire exercise that Professor McFadden undertook is to see what effect a change in commissions would be on the prices that consumers would pay for apps, which he does by modeling both sides of the platform. He models both the developers' side of the platform and the consumer side of the platform. And -- and that's the entire exercise that he's undertaken. It -- it's not simply --

THE COURT: But his modeling of the developer side of the platform is pretty narrow. He doesn't really engage in a way that the developers themselves engaged.

MR. RIFKIN: Well, I respectfully disagree, and let me explain to you why. If -- if he only looked at the consumer side of the platform -- and let's say for a moment that Professor McFadden's estimate of the but-for commission rate is -- is accepted, so whether it's 11 percent or 12 percent, whatever it is -- let's assume it's 12 percent. If he were only to look at one side of the market, calculating the damages would be this simple. We -- we could do it in the courtroom today. 30 percent minus 12 percent is 18 percent. Take 18 percent of the total revenue that was spent on The App Store, boom, there's your damages. That's what a one-sided

economic analysis of these transaction would look like.

It wouldn't involve complicated regression analysis. It -- it wouldn't involve the kind of statistical convolutions that econometricians have to undertake when they do the kind of work that Professor McFadden did here.

The reason that he did the complicated statistical analysis that he did -- the reason for the modeling, the reason for the regression analysis, the reason for all of his work -- is because he has to compute the effect of a reduction in commissions on both sides of the transaction.

And -- and that's why we have what we have here, is because he did consider the effect on both the developers and the consumers. He had to consider the effect on the developers before he could measure the effect on the consumers. And -- and so it's -- it's simply obvious from the nature of the work he did that -- that he did that.

Again, had he looked only at the consumer side, what -- we could compute the damages on a back of a napkin. We can take that 18 percent delta. We can multiply it by the revenue and say the aggregate damages are however many billions of dollars that is. I don't know the math, and I don't propose to do it on the top of my head, but we wouldn't need an economy -- an econometrician of Professor McFadden's skill and acclaim to do it.

So I -- I just think it's -- it's -- it is a two-sided

analysis.  Okay?

And -- and that's why what he models is the profit-maximizing price for each app developer's app prices and their IAP prices.

And -- and now is when I want to use that to segue into the last point that I'd like to address unless the court has any questions.  And that's this focal-point pricing.

Any econometrician who models prices in a but-for world will -- will model what the profit-maximizing price is. That -- that's just the -- that's -- that's the standard, is you tell me what the parameters are.  I'll compute what the profit-maximizing price will be.  And that's what Professor McFadden has done.

And -- and given the extremely large number of developers and products that are being sold, it's no surprise that lots and lots and lots of them end up in profit-maximizing prices that don't end in 99 cents or -- or some price ending in 9.

That's the assumption that econometricians make when they model but-for prices, and it is embedded in decades of economic theory.

Professor Prince says, notwithstanding that assumption that economists have been living by for decades, we need to layer in another assumption.  And that's that developers will charge prices that are 99-cent multiples.

Whether they are profit maximizing or not, we're going to

engage in the -- in the exercise of assuming that they will act irrationally and price at 99-cent intervals. He may be right. And -- and that's for a jury to decide.

But, again, I want to emphasize Professor McFadden's model works either way. It works if you assume the logical, rational profit-maximizing price. And it works if you assume the 99-cent price or a 9-cent price, or anything else.

Now, I need to correct one other exaggeration. And that's this notion that the -- the result changes by hundreds of millions of dollars if you -- if you layer in 99-cent pricing.

Mechanically what Professor Prince did was he said that any price change has to be in a 1-dollar increment, and -- and that will affect damages. Sometimes it will make damages greater. Sometimes it will make damages smaller.

But the overall net effect that Professor Prince has calculated when he layers in that constraint into Professor McFadden's model so that the price change has to be in whole-dollar integers.

Now, that, by the way, is inconsistent with the fact that we know that Apple at least for the last couple of years has allowed some intermediate pricing of 49 cents or $1.49 or 2.49, and it also ignores the fact that at least for some prices over -- I think the first cutoff is $15 -- Apple stops letting developers charge in dollar increments, but it makes developers charge first in, I think, $5 increments and then at

higher price levels, $10 increments. I don't think Professor Prince bothered to look at that.

But in any event, what Professor Prince determined is that the aggregate damages don't change by hundreds of millions of dollars. It changes by $150 million. It goes from 7.05 billion to 7.2 billion.

Apple calls that hundreds of millions. We're -- we're -- I don't want make an apple out of -- a mountain out of a mole hill, but all of this is simply because Professor Prince has rerun Professor McFadden's analysis with a -- a whole-dollar integer constraint. And -- and all it does is demonstrate that Professor McFadden's model works with or without the -- the pricing and -- and we can put any constraint on it.

If we want to say that a price has to end in 9 cents because that's a logical price point, you know, whether it's 49 cents or 79 cents or a dollar 29 or a dollar 99, then we can -- we can constrain the prices to move in -- in 10-cent increments.

I mean, there's -- there's any number of ways that -- that the model can be -- can be constrained so that it works exactly the way the jury finds at trial. Professor Prince has kindly demonstrated that for us.

I don't know that there's any magic in 99-cent pricing, but if -- if a jury concludes that, then -- then we'll prove the $7.05 billion in aggregate damages, not $7.25 billion in

aggregate damages.

And if some number of class members are fortuitously uninjured because of that added constraint, we'll deal with it.  We will know who they are by Apple ID.  And we now know that Apple has all that information.  I mean, they blame us for not asking for it, but at least now we know they have it. We should have asked for it, so we'll get it.

And -- and as far as Professor McFadden's opinion on how to match up Apple ID's to class member names, I won't belabor the point, but all of the cases that we've cited -- this is not an area of Professor McFadden's expertise.  And it's not a job that -- that he'll be doing.

It's -- it's the job of a claims administrator, even in a litigation context not in a settlement context.  And I want to make sure the court is clear about that.  We're -- we've cited cases that were tried to verdict, not cases that were settled. It -- it's the same process.  It's -- it's an administrative process, not -- not a process for -- for an expert of Professor McFadden's or, for that matter, Professor Prince's stature.

Your Honor, I -- I believe I responded to all of the arguments that -- that have been made today, but I -- I really want to know if Your Honor has any more questions so that I can try to -- to offer my thoughts on them.

THE COURT:  Mr. Swanson, any response?

**MR. SWANSON:** Your Honor, I -- I want to be productive here, and I don't want to take issue with all of the misstatements I think we just heard, so I will -- I know it's all in the briefs. There's actually a record here.

As an example, on price tiers, what we're asking the court to exclude here are Professor McFadden's actual opinions. They are set forth in his reply report. And he says in his reply report that he doesn't need to account for 99-cent pricing. And the reason he gives is because he says he's being conservative because it would just increase damages.

That's not right.

And it also generates an enormous number of uninjured class members, and as we've already discussed -- I don't want to rehash that -- it's not possible. His model will not in any stable or reliable way identify who those uninjured class members are, if you can even figure out who the members are as opposed to the accounts.

On the issue of whether or not he's used the right two-sided methodology, he hasn't. We submitted in connection with the original motion as well the deposition testimony asking him, you know, what is his market definition; does he apply a two-sided market definition. He does not. He talks about two sides, but that's it. It's lip service.

I think we quoted in our reply brief the testimony from his deposition where I asked him if this is part of your

market definition, is it in your report. And he said it's not in my report. And it's not.

If you look at paragraph 263, of his reply report, he said that his damages calculations are conservative, that we're -- a lot. His damages calculations are actually conservative because he hasn't followed a two-sided market framework. So that, I think, Your Honor, is a methodological issue and a legal issue that he has chosen a one-sided approach, an after-market approach.

Yes, the Supreme Court decided that there is standing here. We're not disputing that anymore. Obviously, that is the law of the case, and they are direct purchasers in a two-sided market. But this is no longer a pleading case.

We're looking at methodologies that are applied to real-world facts. And Professor McFadden's applying a legally inadmissible methodology, a one-sided methodology to a two-sided business.

And lastly, you know, when I was listening to Mr. Rifkin about the wonders of Professor McFadden's model, about how it calculates these prices for games separately from music and entertainment. And as he says in his report, he thinks it can apply independently to 27 different app categories. That's a great argument for whether -- multiple markets here. That -- that is not an argument for why there is one market in which one fungible substitutable product is being sold.

Professor McFadden actually, when it comes to modeling, says games are different. He needs to model them differently. And yet his opinion based on the one-sided market methodology -- market definition methodology is that all these transaction are interchangeable and substitutable.

Those two things can't be true at the same time. And they can't be true legally because the case governs here -- and I know you've heard me say *Amex* a lot. I'll say it one last time. The case that governs with respect to market definition is *American Express*.

THE COURT: Do you disagree that, Mr. Rifkin? Do you disagree --

MR. RIFKIN: I do.

THE COURT: -- disagree that *Amex* does not control?

MR. RIFKIN: I do. I do. *Amex* -- *Amex* is a case that concerned an ancillary service. The -- the transactions that take place in -- in *Amex* are, you know, purchases at stores, purchases at restaurants, wherever it may be. And -- and *Amex* does not insinuate itself between the -- the merchant and the -- the buyer.

They provide an ancillary service. And -- and that's fundamentally different from what Apple does here. Apple, as the Supreme Court said -- Apple sells apps to consumers. And -- and the majority opinion could not have made it more clear that the market here is the market for the purchase of

apps and IAP.  It's not the market for -- for -- for the economic transactions that take place alongside the sales of apps or IAP.  And so I don't think it's appropriate to -- to constantly cite *Amex* for the proposition that this is a two-sided market when the Supreme Court has --

THE COURT:  So you -- you don't -- you're -- I'm sorry.  Finish your statement.

MR. RIFKIN:  No, I just meant to say when -- when the Supreme Court has already said that this is a different market.

THE COURT:  The Supreme Court -- well, I agree.  The Supreme Court really only -- the issue is standing and -- and nothing really else than that.

But it's interesting to me.  I have -- I don't think I've ever heard you explicitly say that you don't think *Amex* controls.  So what that says to me is that you don't consider this to be a platform.

MR. RIFKIN:  Hmm, no, I -- I don't -- I don't say that a at all.  Obviously, it's a platform.  It's a platform where transactions take place.  But I think there are two markets here.  And -- and I think --

THE COURT:  What are they?

MR. RIFKIN:  That's what the Supreme Court said.  And I know --

THE COURT:  So could you --

MR. RIFKIN: -- standing, but I don't think we can ignore what the Supreme Court actually said.

THE COURT: Okay. So -- so if *Amex* doesn't control, then define your two markets.

MR. RIFKIN: Well, there's -- there's the -- the market on which consumers buy apps and buy IAP. And that's the market that -- that we have focused on. And that's the same -- for example, a supermarket where -- where consumers go in and they buy all sorts of diverse goods. They -- they buy peas. They buy cleaning supplies. They buy paper towels. They buy bananas. Nobody would suggest that any one of those products is a substitute for any other. But we all know that there are plenty of cases where supermarkets have been accused of, prosecuted for, and found liable for monopolizing the market for supermarkets.

And that's the market that we're looking at, is the market where -- where iOS device owners must shop for apps and IAP.

THE COURT: So under your theory --

(Simultaneous colloquy.)

THE COURT: So under your theory of the case, then, the developers are somewhat irrelevant because they're purchasing straight from Apple.

MR. RIFKIN: I think -- I think developers are -- are buying a different service from Apple.

THE COURT: I'm not asking about the developers.

You're representing --

(Simultaneous colloquy.)

MR. RIFKIN:  I'm sorry.  I thought that's -- I thought that's what you asked me.

THE COURT:  No.  So for purposes of the consumers, the developers are somewhat irrelevant because they're buying directly from Apple in your view.

MR. RIFKIN:  No --

THE COURT:  And --

MR. RIFKIN:  -- they're not irrelevant for the reason that I said before, and that's that in order to compute the damages to consumers, the -- the work --

THE COURT:  But they're not part of the transaction.

MR. RIFKIN:  The transaction that we are looking at is the transaction between the consumers and Apple.  But the price at which that transaction takes place is the price that the developers are charging for the apps.

We know -- and this is not in dispute -- that the developers set the prices for the apps.  Now, they set those prices within Apple's constraint.  Apple takes away approximately 99 percent of the pricing choices, but ultimately, the prices that are paid by consumers are the prices that developers set.  That's not in dispute.

And Professor McFadden has modeled those prices by looking at the -- by looking at the behavior of consumers on the one

hand and the behavior of developers on the other.  And he has modeled what a profit-maximizing developer would charge for an app in a competitive world if Apple had to compete with other app stores such that it would reduce its commission from 30 percent to some other number.

So I -- I think -- in other words, what I'm trying to say is I think that there are two different markets here, but I think --

THE COURT:  And I -- I interrupted.  You said the first market.  What's the second?

MR. RIFKIN:  I -- I think the -- the second market is the -- is the other side, and that's the -- the market that Apple sells distribution services to developers in.

But I -- but I think it's -- it's largely -- it's -- this is a distinction without much of a difference.  I think if we call it two one-sided markets or one two-sided market, it -- it doesn't really matter because the economic analysis is the exact same.  It is a single transaction that we are looking at.  It is the sale of apps by Apple, but --

THE COURT:  So then --

(Simultaneous colloquy.)

THE COURT:  Is it right, then?  Is Mr. Swanson then right that -- because earlier today, you said McFadden did model both the consumer side and the developer side.

MR. RIFKIN:  Right.  And that's -- that's what I --

THE COURT:  Let me -- let me finish.

MR. RIFKIN:  Um-hmm.

THE COURT:  Because I want to make sure I understand.

But in light of your current argument about the market definition, what really you're saying is that he didn't do a two-sided analysis.  He did a -- he did two single-sided analyses that are related but not integrated.  He hasn't integrated them.  He has --

MR. RIFKIN:  I --

THE COURT:  He just says -- I'm -- I'm -- I just -- again, I just want to make sure I'm understanding because *Amex* says that platform -- you know, the platforms are dealing with two-sided markets.  We've had trial on two-sided markets.  Okay.  Spent a lot of time on two-sided markets.

What you're saying is that we -- that he didn't do a two-sided market analysis.  What he did is a one-sided analysis on one side and a one-sided analysis on the other side and those two things are related and so he kind of -- he didn't integrate the two, but he took some measurement from one to inform measurement to the other.

MR. RIFKIN:  I -- I'm -- I just -- I want to make sure I answer the question correctly and so you and I may have a different understanding of what the word "integrate" means, but let me -- let me see if I can answer it this way.  And please let me know if I haven't answered your question.

Professor McFadden's work is based on his estimation of market price which is a function of both supply and demand. You can't -- you can't look at the -- the price in the but-for world without estimating both sides of the equation.

You can't say that on the consumer side, all you need to look at is demand elasticity and on the supply side, all you need look at is supply elasticity. That wouldn't make sense because there has to be an overlap.

And -- and so I would describe the work he did this way. I would say that he was aware of both transactions. He was aware of the elasticities on both sides of the equation. And they do interact.

Whether -- whether that means the same to you as it does to Professor McFadden or as it may to me, I -- I can't -- that, I can't say. But what I can say is he did not ignore the developers here. He did not look only at the consumer side.

And that's why what I was about to say before we started to talk in a little bit more detail is I think here, because there is a -- a single transaction that goes from developer to Apple from Apple to consumer, is -- it makes the difference between a one -- two one-sided markets that interact with one another and one two-sided market largely academic.

I think the word that you used was "integrate," and I'm not sure that -- that "integrate" and "interact" mean the same

thing.  But I know how Professor McFadden approached the work from a theoretical standpoint and from a practical standpoint.  And that's to estimate the profit-maximizing price, which is a function of both the developer's cost and elasticity and the supplier -- and the consumer's elasticity.  They -- they work together or else sales wouldn't take place.

And Apple has insinuated itself in the middle of this in a way that *Amex* doesn't in -- in -- in -- in its sales.  There, Amex's transactions are completely separate from the -- from the sales.

In other words, I -- I buy -- I buy a meal at a restaurant and -- and *Amex* doesn't sell me the meal.  Apple does in that example.  I would -- I would go to The App Store to buy my roast beef.  And I would buy my roast beef dinner from Apple.  That's not what *Amex* does.

Amex's transaction is completely separated, and -- and that's why it makes sense to look at it as a distinct two-sided market, whereas here, it doesn't make sense to look at it that way.  It's -- the paradigm just doesn't fit because Apple has chosen to do business the way it has.

But -- but I want to be crystal clear that Professor McFadden modeled both sides of the -- of the transaction.  He -- he couldn't have done his work any other way except as I said --

THE COURT:  What is the -- what is the factual basis

upon which he evaluated the developers' cost?

MR. RIFKIN: I'm not sure I understand the question.

THE COURT: You said that he evaluated the developers' cost and elasticity.

MR. RIFKIN: Yes.

THE COURT: I am asking what is the factual basis upon which he evaluated their cost?

MR. RIFKIN: And -- and he derives the cost. He computes the cost in part based on the transaction cost that Apple imposes, which is the 30 percent commission, as well as the -- you know, the -- the cost of the relatively modest cost of actually operating the business that most of these developers operate. But the --

THE COURT: Where did he get that factual -- where did he get that factual basis?

What is the factual basis upon which he -- he evaluated the second part of what you just said?

MR. RIFKIN: The -- the actual cost apart from the -- the 30 percent commission?

THE COURT: Correct.

UNIDENTIFIED SPEAKER: -- their cost from the pricing.

MR. RIFKIN: Yeah. And -- and that's -- that's a function of the pricing. In other words, what -- what he does is he knows the pricing structure that's in place now. He

knows the commission structure.  And using econometric methods, he derives the overall price from those two facts.

And obviously assuming a reasonable profit margin in return for the developers.

(Inaudible to the Certified Shorthand Reporter.)

**MR. RIFKIN:**  Yeah, this is -- yeah, this is hardly -- hardly unusual in the econometric field.  It's -- when you -- when you have those two factors to derive the -- in other words when you have -- when you have price and profit margin, deriving cost is a simple equation.

**THE COURT:**  How does he --

**MR. RIFKIN:**  He doesn't have historical -- he doesn't have historical --

(Simultaneous colloquy.)

**THE COURT:**  -- know their profit margin?

**MR. RIFKIN:**  Well, I think he assumes a -- a reasonable profit margin for the developers.

**UNIDENTIFIED SPEAKER:**  -- he's also got --

**MR. RIFKIN:**  Yeah.  And there's -- yeah.  Mr. Burt is actually whispering in my ear on this, but --

**THE COURT:**  I can hear him.

**MR. RIFKIN:**  He -- no, what he said was there's also outside data that is publicly available industry data that he uses to derive the equation.

**THE COURT:**  And that's in the work papers?

MR. RIFKIN:  I believe so.

THE COURT:  So you've had --

MR. RIFKIN:  Yes.  We'll -- we'll provide that information.  Yeah.

But, again, if -- if it were just as easy as looking at one side of the transaction, the -- the damages calculation would look very different than -- we wouldn't have been spending all this time talking about the econometrics because it would just be simple multiplication and addition.

THE COURT:  All right.

Anything else?

MR. RIFKIN:  Unless Your Honor has any questions, I -- I think we've addressed all of the issues that -- that have arisen today.

THE COURT:  Mr. Swanson?

MR. SWANSON:  I mean, I'm -- I'm thrilled we've crystallized this issue because this really is the issue.

Mr. Rifkin -- Professor McFadden are channeling the dissenters in *American Express*.

Professor McFadden submitted an amicus brief urging the Supreme Court to decide *American Express* the way the dissent wanted to decide it.  And that's the way he's approached this case.

I think your description is exactly accurate.  He's -- he's called them a wholesale and a retail market.  And yet he

hasn't integrated them.  He's defined separate markets.  And, of course, he also has used this misbegotten methodology to reach the conclusion that all retail distribution occurs in the same market.

So he's not looking at this as transactions that may not be substitutable for one another, like in [sic] transactions would not be substitutable for other app store transactions so -- and I think all of this is tied up in a bow to some degree in paragraph 263 of his reply report where he says -- he's being conservative.  Don't agree that he is being conservative, but he says, you know, if I followed this two-sided market framework, I'd come up with higher damages.

If he followed a two-sided market framework, he'd have a different market definition that would not support the plaintiffs' view that there's a single market here, which would not support their market for commonality for purposes of class certification.

So I think this is an incredibly focused issue now.  And it is a question of whether he's followed the right methodology or whether he has essentially followed a method that is not allowed by the Supreme Court.  Supreme Court said to take a different method would, you know, be to use the antitrust laws to invite anti-competitive results.

Now, on the issue of his use of cost data for the developers, I -- looking forward to seeing that substantiated.

That is actually a reasonably significant issue.  It's not one that I'd chosen to highlight in the oral presentation, but it's certainly a significant part of the Professor Prince's report.

The way that Professor McFadden does his estimation gives enormous weight to anecdotal evidence from just three or four developers.  He takes these profit margin constraints, and he takes a completely unrepresentative set of a few developers.  It's not public information.  He takes it from discovery.  And then essentially the way his model works, those constraints actually end up determining what his price co-efficients are.

So this gets very dry.  And perhaps one reason why I haven't spent more time talking about it, but I'm glad the issue came up because it is another illustration of why his model is so unreliable.  As Professor Prince explains, it fails a fundamental econometric test.  It has these weak instrumental variables, and that's why it generates these gyrating results every time you run it on a different random sample.

**MR. RIFKIN:**  And that's -- and that's where what Apple is really doing here, is -- is making a disguised assault on a statistical methodology.

The -- the observation that if you run 25 or 50 or 75 samples, as Professor Prince now mentions, from the same pool of data and get different results in all of them expresses

nothing other than the fact that no statistical model is 100 percent accurate.

And -- and if that were the test, which is what Apple is advocating, then there would be no statistical methodology capable of being used in any antitrust case.  That's inconsistent with decades of experience in this court and every other court across the country.

And -- and their way of expressing it, because they know they can't very well sell that argument -- their way of expressing is to say, well, if you run the model 25 times, you get slightly different results.  Sure.  That's -- that's what we call standard error.  And there's nothing surprising about that.  They've -- they've merely proven the obvious.

But none of those difference -- different results detract from the fact that they are all within the 95 percent confidence interval that statisticians hold as the gold standard.

It's just a function of the fact that statistics isn't 100 percent certain.  So unless the court is prepared to throw out statistical methodology as -- as a viable means of demonstrating class-wide impact and damages, then the court should just simply reject that argument for what it is.

MR. SWANSON:  And, Your Honor, again, I would point to the record.  Professor Prince's testimony in his declarations is uncontradicted.  Professor McFadden's model

actually fails the test that statisticians apply to determine whether or not it is reliable.  And there is no 95 percent confidence interval if what Mr. Rifkin --

**THE COURT:**  So --

**MR. SWANSON:**  -- said --

**THE COURT:**  So, really, whether or not there's a 95 percent -- whether or not it meets the test of a 95 percent confidence interval should not be a disputed fact.

So can someone again cite to the record that's -- where I can verify because one of you says it's there; the other one says it's not.

Really, these are not things that I should have to go search for.

**MR. RIFKIN:**  It's -- it's not --

(Simultaneous colloquy.)

**MR. RIFKIN:**  It's not, Your Honor, and I'll -- I'll tell you exactly where -- where to find it.

It's -- it's actually in the results that Professor Prince provides to us.  In -- in his reply report he runs the samples -- 75 different samples, the 25 that he originally found, the 25 that were corrected for the error he made, and then another 25 that are run again.

**THE COURT:**  -- error that McFadden made.

**MR. RIFKIN:**  The error that -- no, the error that Professor McFadden identified in Professor Prince's original

sampling.

If -- if -- if you remember back to the last hearing, Professor Prince sated I'm going to test the reliability of Professor McFadden's model by picking my own sample of 25 at random -- theoretically, random -- and -- and running Professor McFadden's model against that sample to see if the results are repeatable, and -- and he said that they are not.

And so Professor McFadden then looked at the sample that Professor Prince supposedly picked at random and identified a very arcane error in Professor Prince's randomized sampling. It -- it's -- it's hardly worth describing, but Professor Prince then corrected the methodology, ran another sample, and -- and there's yet another sample. So there's now 3 sets of 25.

And -- and according to the data, here's how it works. Of the original 25 samples -- and this is all in Professor Prince's reply report. Of the original 25 samples, there were 1,481 overlapping accounts in the 16 samples that he said yielded reliable results.

So of his sample, he had 16 -- of his 25 samples, he used 16 of them. He says of those, 1,000 -- in other words, these are samples that are drawn at random where the same ID appears in more than one sample pool. And he says of those 1,481 overlapping accounts, only 61 were harmed in Professor McFadden's sample but were unharmed in one of

Professor Prince's or vice versa.  In other words, the so-called flippers.

So that's 61 out of the 1481 out of the hundreds and hundreds of thousands of ID's in the sample.  That's -- that's about a 4 percent error, if you will.  Change.

That's simple math.  And that implies a 96 percent confidence level.  That's Professor McFadden's explanation in his reply, paragraphs 178, 179, and 185.

Now, if we were to correct for Professor Prince's computing error in his original criticism of Professor McFadden's work, the number of changes, flippers, whatever, actually goes down to about 3.1 percent, which implies a 97 percent confidence interval.  And so it -- it absolutely meets the threshold.

I don't believe there is a place where Professor Prince says that the -- the mode does not yield results at the 95 percent threshold.  I do not believe that is in the record. I -- I could be mistaken, but I don't believe that is the case.

MR. SWANSON:  Mr. Rifkin is mistaken.

MR. RIFKIN:  Okay.

MR. SWANSON:  Prince supplemental declaration in paragraphs 18 to 25, Professor Prince addresses this directly, including the assertions by counsel, which are nowhere found in the sworn declaration or report or testimony of

Professor McFadden.

And then this refers back to Professor Prince's first declaration, paragraph 38 and Figure 2.

And the only other thing I'd add, Your Honor, is there's some common sense at work here. If a -- an estimate is accurate, and it's within a 95 or 99 percent confidence interval, then if you run a random sample a hundred times, then 95 or 99 times, you're going to get that same number. 5 times or 1 time, you'll get an aberrational result.

Here, there any number of times where the model, when it was rerun -- less than a hundred samples -- didn't work at all. Many times. There were times when the model said there are 15 percent uninjured. There were times whether the model said there were 25 percent uninjured. This wasn't a confidence interval where the model said the number is "X," then 99 times, the random sample came up with X. The one time it came up with X plus 2. This was an enormous variation of a very important -- critically important number.

How many uninjured class accounts are there? But Professor Prince addressed this directly. Once again, I think the most important thing, as you said, this ought to be something which should be resolved 'cause it's fact, and that's where Professor Prince addressed it.

MR. RIFKIN: We disagree on what the statistics means. Ninety -- 95 percent doesn't mean that you'll get

95 -- you'll get 95 percent of the numbers right.  It means that for any one time you -- you answer a question for any one individual, you are ninety five percent certain that you will answer the question correctly.  It's a -- very minor technical difference, but it's -- it's not what Mr. Swanson said it is.  That's not what a 95 percent confidence interval implies.

And -- and I will say that the total difference here is -- is somewhere between 13 cents and 80 cents in total damages.  That's -- that's what Professor Prince says is the total swing that we're talking about, somewhere between 13 cents and 80 cents in total damages.

And so what we -- what we know is that most of these so-call errors are at the very margin of whether someone's going to be injured or non-injured.  And -- and that's within the realm of statistical rounding.  That's -- again, it's -- it's just a wholesale assault on the statistical methodology.

MR. SWANSON:  Not so.  And that's in Mr. Prince's declaration.

THE COURT:  Okay.

I'm sorry.  I missed that, Mr. Swanson.

MR. SWANSON:  I'm sorry, Your Honor.

I said I would be in deep trouble with my economist friends if I launched a wholesale assault on statistical reasoning.

And my only point was, this issue is discussed in

Professor of Prince's declaration, paragraphs 18 to 25 of his supplemental declaration, so that will rebut Mr. Rifkin quite directly.

THE COURT:  Okay.

All right.  Well, once again interesting issues, interesting argument.  The -- obviously, I'm not having an evidentiary hearing today, so that motion for an evidentiary hearing is denied as moot at this point.  Perhaps sometime I might.  If I want an evidentiary hearing or think that there's a need for one, I'll let you know.  And we'll get it on the calendar.

Let's see.  I don't think at this point, given that all the briefing is in other than what you're both going to give me, there needs to be yet another deposition of McFadden.

Depending on how I come out, there may be a need in the future.  So at this point, I'm not going to grant that request, but everything is without prejudice.  I need to -- I need to spend some time working through things in more detail and -- and following up on all of your various arguments.

So I hope you enjoyed being able to argue so much in the middle of December without having to get on airplanes to come to California where it is rainy and stormy.

So I will just wish all of you and everyone listening in very happy holiday.  Stay safe.  And I'll be in touch in writing.

MR. RIFKIN:  Thank you very much, Your Honor.  And the same to you as well.

MR. SWANSON:  Happy holidays --

THE COURT:  Thank you.

MR. SWANSON:  -- to you all.

(Proceedings were concluded at 11:47 A.M.)

--o0o--

### CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

_____

Raynee H. Mercado, CSR, RMR, CRR, FCRR, CCRR

Wednesday, December 15, 2021

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213.229.7000
Facsimile:  213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vlewis@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

ETHAN D. DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NO. 4:11-cv-06714-YGR |
| | **DEFENDANT APPLE INC.'S NOTICE OF *DAUBERT* MOTION AND *DAUBERT* MOTION TO EXCLUDE REPLY TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN** |
| | The Honorable Yvonne Gonzalez Rogers |
| | Date:        Dec. 14, 2021<br>Time:        10:00 a.m.<br>Courtroom: 1, 4th Floor |

***PUBLIC DOCUMENT***
***REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED***

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 14, 2021 at 10:00 a.m. before the Honorable Yvonne Gonzalez Rogers, in Courtroom 1 of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, CA 94612, Defendant Apple Inc. will and hereby does move this Court to exclude the Reply testimony of the named plaintiffs' expert, Professor Daniel L. McFadden, in support of their Motion for Class Certification, on the grounds that his Reply Report and the related opinions therein are unreliable, speculative, and irrelevant under Federal Rules of Evidence 401, 403, and 702 as well as *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), and related authorities.

This motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, all accompanying Declarations and Exhibits, other documents on file in this or related actions, oral argument of counsel, witness testimony, and any other matters of which the Court may take judicial notice.

Apple further respectfully requests that prior to the consideration of the reply opinions of Prof. McFadden, an evidentiary hearing should be held to determine whether its *Daubert* and Rule 702 objections should be sustained.

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Mark A. Perry*

    Theodore J. Boutrous Jr.
    Richard J. Doren
    Daniel G. Swanson
    Jay P. Srinivasan
    Mark A. Perry
    Cynthia E. Richman
    Veronica S. Moyé
    Ethan D. Dettmer
    Rachel S. Brass
    Caeli A. Higney

    *Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE
REPLY TESTIMONY OF DANIEL L. MCFADDEN

NO. 4:11-cv-06714-YGR

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ......................................................................................................... 1

II.    BACKGROUND ............................................................................................................. 2

III.   LEGAL STANDARD ..................................................................................................... 3

IV.    ARGUMENT ................................................................................................................... 3

       A.    Prof. McFadden Offers No Reliable Methodology For Identifying Injured
             Consumers ........................................................................................................... 3

             1.    Prof. McFadden's Econometric Model Is Incapable of Identifying
                   Whether An Account Is Injured ............................................................... 4

             2.    Prof. McFadden Cannot Compute Injury Without Linking Accounts to
                   Actual Consumers, For Which He Proposes No Reliable Method ........... 6

       B.    Prof. McFadden's Model is Untethered from Reality in Ways That Yield
             Absurd Results ................................................................................................... 10

       C.    Prof. McFadden's Model is Untested And Has A High Rate of Error ............... 13

       D.    Prof. McFadden Cannot Shirk Scrutiny With Claims About Aggregate
             Damages ............................................................................................................. 16

       E.    Prof. McFadden's Model Unrealistically Relies On An Assumed, Uniform
             But-For Commission Rate, And Is Therefore Unreliable ................................... 17

       F.    Prof. McFadden Continues To Ignore Indirect Network Effects, Rendering His
             Market Definition Analysis Unreliable ............................................................. 20

V.     CONCLUSION .............................................................................................................. 21

Gibson, Dunn & Crutcher LLP

i

**ER-780**

## TABLE OF AUTHORITIES

**CASES**

*In re Aluminum Phosphide Antitrust Litig.*,
893 F. Supp. 1497 (D. Kansas 1995) ...............................................................................18

*In re Asacol Antitrust Litig.*,
907 F.3d 42 (1st Cir. 2018) ................................................................................................9

*Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*,
152 F.3d 588 (7th Cir. 1998).............................................................................................18

*Brunswick v. Pueblo Bowl–O–Mat*,
429 U.S. 477 (1977).........................................................................................................8, 9

*Buxton v. Lil' Drug Store Prod., Inc.*,
2007 WL 2254492 (S.D. Miss. Aug. 1, 2007) ..................................................................6

*Buycks-Roberson v. Citibank Fed. Sav. Bank*,
162 F.R.D. 338 (N.D. Ill. 1995) ........................................................................................8

*In re C.R. Bard, Inc.*,
948 F. Supp. 2d 589 (S.D.W. Va. 2013) ...........................................................................6

*Califano v. Yamasaki*,
442 U.S. 682 (1979)...........................................................................................................5

*Carroll v. SGS Auto. Servs., Inc.*,
2020 WL 7024477 (M.D. La. Nov. 30, 2020) ..................................................................7

*Claar v. Burlington R.R.*,
29 F.3d 499 (9th Cir. 1994)................................................................................................3

*Comcast Corp. v. Behrend*,
569 U.S. 27 (2013).............................................................................................................5

*Concord Boat Corp. v. Brunswick Corp.*,
7 F.3d 1039 (8th Cir. 2000)..............................................................................................20

*Daubert v. Merrell Dow Pharm., Inc.*,
43 F.3d 1311 (9th Cir. 1995) (*Daubert II*) ...................................................................3, 4

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ...........................................................................................1, 3, 13, 15, 17

*DSU Med. Corp. v. JMS Co.*,
296 F. Supp. 2d 1140 (N.D. Cal. 2003) ...........................................................................18

ii

**ER-781**

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

*Epic Games, Inc. v. Apple Inc.*,
--- F. Supp. 3d ---, 2021 WL 4128925 (N.D. Cal. 2021) ....................................................20

*In re Graphics Processing Units Antitrust Litig.*,
253 F.R.D. 478 (N.D. Cal. 2008) .......................................................................................16

*Haller v. AstraZeneca Pharms. LP*,
598 F. Supp. 2d 1271 (M.D. Fla. 2009) ...............................................................................6

*Hyland v. HomeServices of Am., Inc.*,
2012 WL 12995647 (W.D. Ky. July 3, 2012) ....................................................................20

*Kim v. Crocs, Inc.*,
No. CV 16-00460 ..................................................................................................................6

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999) .......................................................................................................3, 15

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
299 F. Supp. 3d 430 (S.D.N.Y. 2018) ...........................................................10, 11, 13, 14

*In re Lithium Ion Batteries Antitrust Litig.*,
2018 WL 1156797 (N.D. Cal. Mar. 5, 2018) ...............................................................12, 15

*In re Live Concert Antitrust Litig.*,
863 F. Supp. 2d 966 (C.D. Cal. 2012) .................................................................................3

*Lust By & Through Lust v. Merrell Dow Pharm., Inc.*,
89 F.3d 594 (9th Cir. 1996) .................................................................................................3

*Ohio v. Am. Express Co.*,
138 S. Ct. 2274 (2018) .......................................................................................................21

*Ollier v. Sweetwater Union High Sch. Dist.*,
768 F.3d 843 (9th Cir. 2014) .............................................................................................17

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
934 F.3d 619 (D.C. Cir. 2019) ............................................................................................9

*Reed Const. Data Inc. v. McGraw-Hill Co.*,
49 F. Supp. 3d 385 (S.D.N.Y. 2014) .......................................................................11, 14, 15

*Trotter v. Overhead Door, Inc. v. Trotter Doors, LLC*,
2013 WL 4520242 (W.D. Okla. Aug. 26, 2013) ................................................................16

*United States v. Hermanek*,
289 F.3d 1076 (9th Cir. 2002) ...........................................................................................14

iii

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

Gibson, Dunn &
Crutcher LLP

**ER-782**

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ................................................................................................8

*Ward v. Apple Inc.*,
2018 WL 934544 (N.D. Cal. Feb. 16, 2018), *aff'd*, 784 F. App'x 539 (9th Cir. 2019)...................9, 16

*In re Wholesale Grocery Prod. Antitrust Litig.*,
946 F.3d 995 (8th Cir. 2019)................................................................................17

*ZF Meritor, LLC v. Eaton Corp.*,
696 F.3d 254 (3d Cir. 2012)................................................................................17

**RULES**

Fed. R. Civ. P. 23 ...................................................................................................8

Fed. R. Evid. 702 .........................................................................................1, 3, 6, 79, 17

iv

**TABLE OF ABBREVIATIONS**

| Abbreviation | Referenced Document |
|---|---|
| **Ex. __** | Exhibit to the Declaration of Caeli A. Higney in Support of Defendant Apple Inc.'s *Daubert* Motion to Exclude Testimony of Professor Daniel L. McFadden, filed concurrently. |
| **Cons. Opp. __** | Defendant Apple Inc.'s Opposition to Named Consumer Plaintiffs' Motion for Class Certification, filed at Dkt. 476-3. |
| **Mot. __** | Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities, filed June 1, 2021 at Dkt. 441. |
| **Trial Tr. (Cook) __** | Excerpts of the transcript of trial testimony of Timothy Cook given in the trial of *Epic Games, Inc. v. Apple Inc.*, 4:20-cv-05640-YGR-TSH on May 21, 2021, filed at Dkt. 475-29. |
| **Hitt ¶ __** | Expert Report and Declaration of Lorin M. Hitt, Ph. D., dated August 10, 2021 and filed at Dkt. 476-4. |
| **Malackowski ¶ __** | Expert Report and Declaration of James E. Malackowski, dated August 10, 2021 and filed filed at Dkt. 476-5. |
| **Prince ¶ __** | Expert Report and Declaration of Jeff Prince, Ph. D., dated August 10, 2021 and filed at Dkt. 476-6. |
| **Prince Daubert Decl. ¶ __** | Declaration of Jeffrey T. Prince, Ph.D. in Support of Apple's Motion to Exclude Reply Opinions of Daniel L. McFadden, dated November 9, 2021 and filed concurrently. |
| **Reply at __** | Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification, filed at Dkt. 554-4.477 |
| **Rollins Decl. ¶ __** | Declaration of Mark Rollins in Support of Apple Inc.'s *Daubert* Motions & Briefs in Opposition to Class Certification, filed at Dkt. 472-12. |
| **Schmalensee ¶ __** | Expert Report and Declaration of Richard Schmalensee, Ph.D., dated August 10, 2021 and filed at Dkt. 476-8. |
| **McFadden ¶ __** | Expert Class Certification Report of Plaintiffs' Expert Daniel L. McFadden, dated and filed June 1, 2021 at Dkt. 442-11. |
| **McFadden Reply ¶ __** | Reply Report of Daniel L. McFadden, dated and filed October 19, 2021 at Dkt. 554-5. |
| **McFadden Dep. __** | Transcript of the August 3, 2021 deposition of Daniel L. McFadden, noticed and taken in this matter and filed at Dkt. 574-4. |
| **McFadden Reply Dep. __** | Transcript of the November 5, 2021 deposition of Daniel L. McFadden, noticed and taken in this matter and filed herewith as Exhibit 1 to the Declaration of Caeli A. Higney. |
| **Mot. to Exclude at __** | Defendant Apple Inc's Motion to Exclude Testimony of Professor Daniel L. McFadden, filed at Dkt. 476-11. |

v

APPLE'S *DAUBERT* MOT. TO EXCLUDE                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

## I.    INTRODUCTION

In support of a claim for billions of dollars of damages to a class of millions of unidentified consumers, Plaintiffs rely on a new 121-page expert report from Prof. McFadden that they defend as "plausibly reliable." Reply at 10; *see generally* McFadden Reply. That is not the proper standard for evaluating expert testimony offered in support of class certification under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Regardless, as Prof. McFadden's opinions on reply make clear, his testimony does not even cross the artificially-low threshold of plausible reliability. It is demonstrably unreliable.

Prof. McFadden did not set out to determine *whether* harm could be shown on a classwide basis. Instead he designed a model to "find a common effect." *See* Mot. to Exclude at 7. But as he now admits, "it's quite easy" for changes to basic inputs into the model—such as the sample of apps used or the parameters of price sensitivity—to cause accounts to "flip" from injured to uninjured. McFadden Reply Dep. 205:24-206:8. Thus, despite claiming that his econometric model can be used as common proof to assess *classwide harm* caused by Apple's conduct, it cannot even perform the baseline task of determining whether a given account was actually injured or not. And even if it could, Prof. McFadden fails to provide a reliable method for determining whether a given *consumer* was injured or not. Instead, conceding that the proper measurement of injury is net harm, he proposes a "practical process" that would impermissibly defer a finding of injury—a key element of Plaintiffs' claim—until *after* a trial on liability. Moreover, his proposed process is outside his expertise—evidenced by the fact that the feasibility of his proposal is directly undermined by the sources on which he purports to rely.

The issues with Prof. McFadden's reply opinions do not end there. His new opinions and testimony confirm that his model cannot be trusted to predict the price of a single app or in-app purchase—let alone the price of every iOS transaction by every U.S. consumer for the past decade. Not only does Prof. McFadden's model ignore the focal-point pricing he would "expect to see" in "any … but-for world," *id.* 152:7-14, but it actually predicts *negative prices* for more than a quarter of in-app purchases in his data—a "nonsensical" result by his own admission in which consumers in Prof. McFadden's but-for world would earn a windfall with every click. Prof. McFadden asks the Court to trust his word that

1

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                                NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

Gibson, Dunn &
Crutcher LLP

**ER-785**

these (and many other) deficiencies can eventually be resolved. But Plaintiffs rely on Prof. McFadden's opinions *now*, and *exclusively*, to certify a class of millions. On the record before the court, there is little doubt: Prof. McFadden's model is poorly designed, error-prone, and unreliable. It should be excluded.

## II.    BACKGROUND

Plaintiffs rely exclusively on Prof. McFadden to show that impact and damages can be litigated on a classwide basis using common evidence. Mot. at 19-23; Reply at 10. In his Opening Report, Prof. McFadden proffered a two-step methodology for demonstrating common economic proof of impact and damages: (1) formulating what he calls a "competitive" commission rate that he contends *all* transactions would have been uniformly subject to in the but-for world, and (2) inputting that commission rate into a model to estimate how app developers would have changed their app and in-app purchase prices, and then using those prices to calculate alleged overcharges and damages to the class. *See* McFadden ¶¶ 136-37. Apple moved to exclude Prof. McFadden's opinions because this methodology was fundamentally flawed, based on (1) unsupported assumptions about how iOS app stores would have competed in the but-for world, rather than actual economic analysis, and (2) a model that was poorly designed, riddled with errors, and demonstrably unreliable. *See generally* Mot. to Exclude. Of particular note, Apple explained that correcting for a basic computer processing error yielded a near doubling of uninjured accounts—14.6%, or nearly 30 million accounts. Mot. to Exclude. at 17. That motion still stands, as Prof. McFadden has "reaffirm[ed]" the opinions contained in his Opening Report. McFadden Reply ¶ 4; McFadden Reply Dep. 28:20-29:14.

Now, admitting that his methodology results at a minimum in a finding that approximately 30 million accounts in the putative class—or 15% of accounts in the putative class—were uninjured (*see* McFadden Reply ¶ 208 & Fig. 5; McFadden Reply Dep. 42:11-18), Prof. McFadden in his Reply Report offers a new, third step to his two-step model: a "practical process" that he contends will allow a claims administrator to determine which consumers were actually injured as opposed to uninjured. McFadden Reply ¶¶ 10-17. He also proffers new analyses—such as a "scaled up" model that purportedly includes "all apps" in his selected genres (but in reality does not)—designed to address Apple's criticisms of his original models. These new analyses, along with additional evidence that has emerged

2

through Prof. McFadden's Reply Report and subsequent deposition, only further demonstrate the unreliability of his methodology and necessitate the exclusion of Prof. McFadden's opinions in his Reply Report under *Daubert* and Rule 702.

### III.    LEGAL STANDARD

"Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all [expert] testimony … is not only relevant, but reliable.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589); *see also Daubert*, 509 U.S. at 589, 597. Relevancy or "fit" requires that an expert's testimony be "relevant to the task at hand," *i.e.*, "logically advance[] a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) (*Daubert II*).  For expert testimony to be sufficiently reliable, there must be "good grounds" for the testimony—it cannot be based on "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590.

In antitrust cases, the reliability of an expert's opinion "hinge[s] on careful statistical analysis, reasonable assumptions, reliable data, and the robustness of the results." *In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 973-74 (C.D. Cal. 2012) (citation omitted).  If "any of these areas" are flawed, "then the analysis could provide faulty conclusions as to the existence or the amount of damages." *Id.* (citation omitted).  Thus, before admitting expert testimony, the Court is "obligated to scrutinize carefully the reasoning and methodology underlying" it.  *Claar v. Burlington N. R.R.*, 29 F.3d 499, 501 (9th Cir. 1994).  The "proponent of the expert" carries "the burden of proving admissibility" of the expert testimony.  *Lust By & Through Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *Daubert II*, 43 F.3d at 1319 n.11 (same).

### IV.    ARGUMENT

**A.    Prof. McFadden Offers No Reliable Methodology For Identifying Injured Consumers**

Prof. McFadden purports to provide common evidence that is capable of proving impact on a classwide basis.  McFadden ¶¶ 13-15.  But as Prof. McFadden's opinions on reply make clear, his econometric model—which is based on numerous dubious assumptions and significantly overstates the number of injured accounts—is incapable of reliably determining whether individual accounts have in fact been injured by Apple's alleged conduct.  And even if Prof. McFadden's models could reliably

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                             NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

identify which *accounts* were injured, Prof. McFadden has proposed no reliable method for determining which actual *consumers* have been harmed.

**1. Prof. McFadden's Econometric Model Is Incapable of Identifying Whether An Account Is Injured**

Prof. McFadden admits that, with no modifications, his model finds that approximately 15% of Apple ID accounts—or 30 million—were better off in the actual world than in the but-for world, and therefore were not harmed by Apple's alleged conduct. McFadden Reply ¶ 208 & Fig. 5; McFadden Reply Dep. 149:3-20. But 15% is only the *minimum* proportion of uninjured accounts under his flawed model, Prince Daubert Decl. ¶ 8, based on a sample of apps drawn from a limited number of genres and flowing from baseless assumptions. In reality, as demonstrated by the new methodology Prof. McFadden put forward in his Reply Report, his methods cannot reliably determine the actual number of uninjured accounts—or whether any given class member was injured or not. *See id.* ¶¶ 15-23.

Prof. McFadden's reply opinions demonstrate that whether a given individual account is injured under his analysis is written in smoke. At deposition, he dismissively acknowledged that accounts will "shuffl[e] in and out" of the injured versus uninjured category, and that "it's quite easy for individuals to flip from injured to uninjured depending on . . . [the] price sensitivity parameter . . . and what apps are actually in the analysis." McFadden Reply Dep. 140:8-141:25, 205:24-206:11. For example, in his new "scaled up analysis," Prof. McFadden ran his model on a larger sample of apps, bumping the number of unharmed accounts from 14.6% to 15.3%, adding about 1.4 million uninjured accounts. McFadden Reply ¶¶ 205-208 & Fig. 5. But changing the sample did not just add another 1.4 million to the masses of unharmed accounts. More than 6% of accounts in the sample changed from harmed to unharmed, or vice versa. Prince Daubert Decl. ¶ 19. Thus, under Prof. McFadden's models, whether millions of accounts can demonstrate antitrust injury (and potentially liability) is dependent not on Apple's conduct or an individual account's given purchases, but the sample upon which Prof. McFadden's model is run (not to mention the particular version of the assumptions the model adopts).

Prof. McFadden acknowledges that the "identity or the number of unharmed [accounts] . . . is not necessarily very tightly determined" in his models. McFadden Reply Dep. 205:25-206:8. He is just unconcerned by it. To Prof. McFadden, the "percentages . . . for net uninjured . . . are of secondary

4

Gibson, Dunn & Crutcher LLP

interest," McFadden Reply Dep. 203:13-25, and determining which and how many accounts are uninjured—whether 15 million or 30 million or some other number—is "simply not useful . . . [for] dealing with the issues in this case," *id.* at 42:19-43:2.  Prof. McFadden effectively concedes that, despite offering his model as proof of common impact, it is not oriented toward reliably determining the number or identity of injured versus uninjured accounts.  It therefore cannot reliably support class proceedings, which are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citing *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)).

Likewise, tweaking various aspects of Prof. McFadden's models result in significantly different numbers of uninjured accounts.  For example:

- Using annual app prices in his scaled up model, as he did in his original model, rather than monthly prices, results in 20.1% (or 41 million) uninjured accounts, Prince Daubert Decl. ¶ 17;

- Assuming developers were required to use Apple's 99-cent price tiers for paid downloads in the but-for world results in 17.5% (or 35.7 million) uninjured accounts, *id*. ¶ 54 & Fig. 1;

- Changing the assumed "uniform" but-for commission rate to a tiered structure, similar to what is used in allegedly "competitive" circumstances in the actual world, results in 25.1% (or 51 million) uninjured accounts, *id.* Fig. 1; and

- Adjusting the date of the but-for commission rate from July 2008 (Prof. McFadden's assumption) to October 2017 (when Microsoft lowered its PC store commission rate for non-game apps) results in 55.2% (or 112.4 million) uninjured accounts, *id.* ¶ 9 & Fig. 1.

Notwithstanding that the number of uninjured accounts has nearly tripled under his own model, Prof. McFadden stands by his opinion that "nearly all" or "substantially all" class members were harmed.  McFadden Reply Dep. 31:6-33:18; *see* McFadden ¶ 13.  At deposition, however, Prof. McFadden could not even explain what he meant by "nearly all" or "substantially all" consumers being injured, or a supposedly "small number" being uninjured.  McFadden Reply Dep. 34:21-35:3 ("Q.  As an economist, when you've used these terms 'virtually all' or 'nearly all' in your opening report, what number are you using?  Is it 90 percent?  99 percent?  85 percent? . . . THE DEPONENT:  I don't think

5

APPLE'S *DAUBERT* MOT. TO EXCLUDE                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

there was a specific quantitative number in mind. It simply means large."); *id.* at 40:15-20 ("Q. A small number. A small number is a number, correct? Like 1, 10, 100? . . . THE DEPONENT: I think when I wrote that, I did not have a number in mind. It's -- I could have said 'a small proportion.'"). These shifting, ill-defined, and purpose-driven conclusions show that Prof. McFadden's analysis is not the product of reliable principles and methods, or the reliable application thereof. *In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 606 (S.D.W. Va. 2013) (finding analysis that resulted in changes to opinions on complication rates to have "no basis in reliable methodology"); *Kim v. Crocs, Inc.*, 2019 WL 923879, at *8 (D. Haw. Feb. 25, 2019) (excluding opinions and noting "it is unclear how sound and reliable opinions could be corroborated by data that [the expert] himself admits had a high rate of error"); *Haller v. AstraZeneca Pharms. LP*, 598 F. Supp. 2d 1271, 1295-96 (M.D. Fla. 2009) (excluding expert testimony where pertinent data point "had more than tripled" as litigation progressed, expert's "grounds for his causation opinion have been a veritable moving target," and "the underpinnings of his opinions have changed in direct response to [defendant's] motion practice"); *Buxton v. Lil' Drug Store Prod., Inc.*, 2007 WL 2254492, at *14 (S.D. Miss. Aug. 1, 2007) (excluding testimony and noting that "shifting statements underscore the lack of reliability of [expert's] opinion").

Accordingly, Prof. McFadden's opinions purporting to identify classwide consumer harm—and distinguish injured accounts from uninjured ones—are not the product of reliable principles and methods, or a reliable application thereof, and must be excluded. Fed. R. Evid. 702(c) & (d).

**2.     Prof. McFadden Cannot Compute Injury Without Linking Accounts to Actual Consumers, For Which He Proposes No Reliable Method**

Even if Prof. McFadden's model could reliably identify which accounts were injured and which were not (and it cannot), his model faces another serious problem: it does not show harm to any individual consumers—only to Apple ID accounts. Acknowledging this shortcoming, Prof. McFadden—for the first time in Reply Report—proposes a third step to his formerly two-step model. Specifically, he proposes a "practical process" for separating out uninjured class members from allegedly injured ones in connection with the distribution of damages. McFadden Reply ¶ 12. But even if such a methodology were legally permissible, Prof. McFadden's proposal for removing class members at some unspecified point in the future is unworkable, and is not the product of sufficient facts or data or reliable

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                                                     NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

principles and methods about which he has any expertise, and therefore must be excluded. *Carroll v. SGS Auto. Servs., Inc.*, 2020 WL 7024477, at *7 (M.D. La. Nov. 30, 2020) (excluding opinions offered in support of class certification motion where expert could not identify actual class member as opposed to person associated with a phone number "in a scientific and verifiable manner").

**Prof. McFadden's third step is outside his expertise and based on insufficient data.** Prof. McFadden's newly proposed methodology for identifying and determining which actual *class members* have or have not been injured is disconnected from how Apple runs its business and consumers use the App Store. *See* Fed. R. Evid. 702(b). Indeed, Prof. McFadden himself previously testified that determining all Apple IDs for a single individual would be "beyond the bounds of practicality," and that a plan for matching individual class members to Apple IDs had "no practical possibility of implementation." McFadden Reply Dep. 112:4-113:19. Apparently after further consideration, Prof. McFadden claims to have identified a "practical process" for doing what he previously deemed "impractical." *Id.* ("I have changed my opinion on that."). Prof. McFadden does not claim to have expertise in how to correlate Apple IDs to actual consumers. McFadden Reply Dep. 116:23-117:5, 118:22-119:3. Instead, he purports to rely on the Declaration of Mark Rollins (Dkt. 476-12). McFadden Reply Dep. 115:17-117:5. But Mr. Rollins's declaration does not support Prof. McFadden's methodology. As Mr. Rollins explained and Prof. McFadden acknowledged, a given individual may have more than one Apple ID and/or multiple individuals may share a single Apple ID (and use it on multiple devices). *See* McFadden ¶ 131 n.199; Rollins Decl. ¶¶ 1-7. A simple example demonstrates the problem that arises from this fact: If consumer A had two Apple ID accounts,[1] and one account was worse off by $10 in the actual world, and the other was better off by $20, consumer A has not been injured, as she is better off by $10 in the actual world where the allegedly anticompetitive conduct occurred than in the but-for world where it did not. *See* McFadden Reply Dep. 129:5-12. Prof. McFadden's models provide no assistance in determining which consumer was injured in such circumstances.

To remedy this issue, Prof. McFadden proposes that whether a plaintiff has been injured will be determined—after the class is certified and a trial on liability—by asking individual consumers to "submit all the Apple IDs under which they made purchases." McFadden Reply ¶ 11. But there is no

---

[1] Indeed, Prof. McFadden himself has two Apple IDs. McFadden Reply Dep. 117:6-10.

7

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

guarantee that individuals will provide all of the relevant information, as they may forget about old Apple IDs, may choose to provide only select Apple IDs, or may accidentally enter the wrong Apple IDs. *See* McFadden Reply Dep. 129:13-130:18. Each class member must prove that they have suffered antitrust injury, *Brunswick v. Pueblo Bowl–O–Mat*, 429 U.S. 477, 489 (1977), and a self-selecting, un-policed method for generating evidence of this element (apparently after liability has been established) for each class member's claims would significantly impede Apple's ability to meaningfully defend itself in this lawsuit. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("Because the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,' a class cannot be certified on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims." (citations omitted)); *Buycks-Roberson v. Citibank Fed. Sav. Bank*, 162 F.R.D. 338, 343 (N.D. Ill. 1995) ("The Federal Rules and this Court do not countenance self-selecting discovery by either party.").

Moreover, Prof. McFadden has no basis for suggesting that Apple might use its own records to link accounts. McFadden Reply ¶ 12.a ("[A]n Apple ID is an email address, and if the account is currently active, Apple has billing information (name, address, and credit card or other account information that it bills for purchases). Apple may choose to link Apple IDs that have the same billing information to minimize redundant emails."); McFadden Reply Dep. 115:17-116:2. Prof. McFadden does not consider or ignores the fact that a user (i) may have multiple IDs with different billing information, (ii) may have entered the billing information slightly differently on different occasions (for example, 1234 Circle Court would not link up with 1234 Cir. Ct.), (iii) may have multiple Apple IDs with different payment methods (e.g., a credit card, debit card, or gift card), or (iv) that billing information for a given Apple ID may change from one year to the next. *See* Rollins Decl. ¶¶ 3-6. In reality, Apple does not require users to provide all of their email addresses or telephone numbers or other identifying information, such as confirmations of legal names, birthdates, or mailing addresses, to obtain an Apple ID, and does not own third-party information related to payment methods that would allow it to validate ownership of a particular payment method. *Id.* ¶ 2. Prof. McFadden's method for "identifying harmed class members" (*see* McFadden Reply § II.A), is based on no study or expertise, is practically infeasible, contradicts his prior testimony, and would not accurately identify harmed class

8

APPLE'S *DAUBERT* MOT. TO EXCLUDE
REPLY TESTIMONY OF DANIEL L. MCFADDEN

NO. 4:11-cv-06714-YGR

members.  Instead, it would result in millions of mini-trials over liability.  *Cf. In re Asacol Antitrust Litig.*, 907 F.3d 42, 53-54 (1st Cir. 2018).  Prof. McFadden's methodology is, thus, not the product of reliable principles and methods, and is not based on sufficient facts and data, and therefore must be excluded.  Fed. R. Evid. 702.

**Prof. McFadden's third step is legally backwards.**  Prof. McFadden's proposed process would remove uninjured class members *after* class certification and *after* a liability determination.  *See* McFadden Reply ¶¶ 12, 14-16 (describing process that occurs "[i]f a judgement is entered against Apple"); McFadden Reply Dep. 136:23-137:3 ("Q. Well, okay. . . . [H]ow will we know how many uninjured class members there will be . . . when someone does that calculation? A. You would know it when you do the -- do the claims process. Q. So you don't know now? A. That's correct. I do not know now.").  But this process is legally backwards, because "plaintiffs must 'establish, predominantly with generalized evidence, that all (or nearly all) members of the class suffered damage as a result of Defendants' alleged anti-competitive conduct.'"  *Ward v. Apple Inc.*, 2018 WL 934544, at *3 (N.D. Cal. Feb. 16, 2018), *aff'd*, 784 F. App'x 539 (9th Cir. 2019).  The case may not be tried on what would effectively be a *presumption* that class members were harmed, *see Brunswick*, 429 U.S. at 489 ("Plaintiffs must *prove* antitrust injury." (emphasis added)), where individuals are then subject to removal from the class—based on some future questionnaire (ostensibly *after* trial and a potential finding of liability)—if a damages calculation turned up a zero or negative value.  *See* McFadden Reply ¶¶ 14-16; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619, 624 (D.C. Cir. 2019) ("Uninjured class members cannot prevail on the merits, so their claims must be winnowed away as part of the liability determination.").  But in his Reply Report, Prof. McFadden openly admits that he is starting with a presumption class members were harmed.  McFadden Reply ¶ 53 ("Consumers are entitled to the presumption that their welfare was reduced by the difference between the competitive (But-For) price and what they actually paid.").  This would render meaningless Rule 23's requirement that Plaintiffs show impact on a predominantly common basis, and may not be accepted as a reliable foundation for Prof. McFadden's opinions purporting to show common evidence of antitrust injury for tens to hundreds of millions of consumers.

9

APPLE'S *DAUBERT* MOT. TO EXCLUDE
REPLY TESTIMONY OF DANIEL L. MCFADDEN

NO. 4:11-cv-06714-YGR

**ER-793**

**B.      Prof. McFadden's Model is Untethered from Reality in Ways That Yield Absurd Results**

Apple's first Motion to Exclude and supporting expert declarations identified various ways in which Prof. McFadden's methodology for estimating but-for app prices "fail[ed] to consider important aspects of the but-for world," *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 560 (S.D.N.Y. 2018)—including the effects of free apps, in-app purchase pricing, and price tiers—that, if accounted for, would impede Plaintiffs' ability to prove common impact.  *See* Mot. to Exclude at 20-22; Prince §§ 6 & 7.  Prof. McFadden's Reply Report fixes none of these flaws, and his new opinions only expose further defects in his model.

**Prof. McFadden's in-app purchase assumptions yield absurd results.**  Prof. McFadden's assumptions about how developers price in-app purchases are unrealistic and produce absurd results—most significantly, pervasive predictions of *negative* in-app purchase prices in the but-for world.  As Apple and its experts have asserted all along, *see* Mot. to Exclude at 20-21, Prof. McFadden now agrees that his methodology for predicting but-for app prices assumes (implausibly) that developers adjust all in-app purchase prices in a single app by the same dollar amount.  McFadden Reply Dep. 120:22-124:1. Still, Prof. McFadden's testimony on this subject has been a confused, moving target.  In his first deposition, Prof. McFadden denied that his model made this assumption, *see* McFadden Dep. 169:17-23, only to "correct" his testimony through an errata weeks later, *see* McFadden Reply Dep. 120:25-121:6, 123:20-23.  Nonetheless, in his most recent deposition, Prof. McFadden *again* insisted that his final model used a "more economically sensible" approach where developers adjust prices not by the same dollar amount, but by an average percentage, McFadden Reply Dep. 105:11-106:24—only to *once again* "correct" these "misstatements" after consulting with his colleague during a break, confirming that a "fixed dollar amount adjustment" for in-app purchase items was "implicit" in all his analyses to date.  *Id.* 120:22-122:25; *see also* Prince Daubert Decl. ¶ 52.  Prof. McFadden thus conceded not only that his model makes this assumption, but that a "proper scientific protocol" would require using a different method that "better descri[bes] … what developers would do in the but-for world."  *Id.* 106:6-24, 123:9-13; *see also* Ex. 2 (McFadden Reply Dep. Ex. DX-42) (Prof. McFadden's deposition notes, noting that the percentage method is his "proposed method for identifying harmed individuals, but has not been implemented to this point").

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                      NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

Prof. McFadden's assumption that developers change their in-app purchase prices by the same dollar amount not only masks important differences in the prices consumers would pay, and thus over-states injury, *see* Mot. to Exclude at 21, but also yields results that cast his entire model into question. Most significantly, this assumption causes Prof. McFadden's model to predict negative prices—*developers* pay *consumers*—for multiple in-app purchase items. Prince Daubert Decl. ¶¶ 48-51. To see why, take Roblox as an example. Roblox's real-world in-app purchases range between $0.99 and $49.99. *See* Prince Ex. 8. In Prof. McFadden's model, those prices all fall by ███, making a $0.99 pack of 80 Robux cost ███ in the but-for world. Prince Reply Decl. ¶ 48. Prof. McFadden acknowledges such results are "nonsensical." McFadden Reply Dep. 84:14-85:9. And that is true: negative in-app purchase prices imply that a consumer could accumulate a vast treasury of Robux, 80 Robux at a time, while being paid for every click. Prince Daubert Decl. ¶ 48. In reality, no developer will charge negative prices for in-app purchases. But as Prof. Prince finds, such results flow directly from Prof. McFadden's improper assumption. *Id.*

At his deposition, Prof. McFadden insisted that negative prices were a "logical impossibility" that his model "does not allow," McFadden Reply Dep. 85:19-86:10, 88:11-20, but this was a function of his own confusion, as discussed above (and once more evinces Prof. McFadden's tenuous grasp of how his own model works). *Cf.* Dkt. 556-3 (purportedly correcting five "misstatements" about his model in Prof. McFadden's first deposition). Prof. Prince found, to the contrary, the model not only *permits* negative prices, but *predicts* them for more than 25 percent of in-app purchase transactions, and more than 40 percent of user accounts. Prince Daubert Decl. ¶ 49. As a result, almost one tenth of accounts are owed ***more in damages***—according to Prof. McFadden—***than their total amount of spending*** in the App Store. *Id.* ¶ 50. That this absurd result flows directly from an assumption Prof. McFadden admits was wrong, does not reflect reality, and is scientifically improper, is enough to deem his entire model unreliable. *Id.* ¶ 51; *see LIBOR*, 299 F. Supp. 3d at 501 (excluding regression analysis for producing "nonsensical results" when applied to real-world data); *Reed Const. Data Inc. v. McGraw-Hill Co.*, 49 F. Supp. 3d 385, 402-03 (S.D.N.Y. 2014) (excluding regression model where underlying premise "l[ed] to another conclusion that must be false").

**Prof. McFadden ignores focal pricing.** Prof. McFadden's model also continues to depart

11

from reality and overstate injury in its treatment of 99-cent price points. At his second deposition, Prof. McFadden "agree[d] that focal point pricing is common" and that "app prices would still cluster at the 99 cent price points" in the but-for world, even if Apple's price tiers did not exist. McFadden Reply Dep. 152:1-154:4 ("I would expect to see [focal pricing] in any world, including a but-for world"). But he concededly did not model developers' incentive to maximize demand through 99-cent prices, *id.* 153:17-154:4, and could not say how often his model predicts prices ending in .99—other than that it would be purely random: 1 in every 100 times. *Id.* 153:9-15. In reality, of course, these price points would occur much more frequently; more than 80% of the top apps on Google Play, for instance, choose 99-cent price points even though they are not required to. Schmalensee ¶ 211. Prof. McFadden "offers no reliable method for [estimating but-for prices] in the presence of focal point pricing," *In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 1156797, at \*3-5, (N.D. Cal. Mar. 5, 2018), despite previously proclaiming that his model could be "easily modified" to do so. McFadden Dep. 180:18-25. This is grounds for exclusion under *Daubert*. *Lithium Ion Batteries*, at \*5.

Prof. McFadden's analyses on reply demonstrate why his neglect of 99-cent focal points will lead the Court astray in terms of how many and which class members were injured. In his Reply Report, Prof. McFadden claims that if his model required developers to set paid downloads prices according to Apple's price tiers in the but-for world—*i.e.*, if developers were *required* to price at 99-cent intervals—the percentage of unharmed accounts would increase by almost 50%. McFadden Reply ¶ 117 (estimating that percentage of uninjured accounts raises from 7.7% to 11.4% when developers are required to respect price tiers for paid downloads). This is far from a "small change," *contra id.*, and also fails to correct for Prof. McFadden's computing error, which inordinately affected 99-cent apps. *See* Mot. to Exclude at 17. With that error corrected, Professor Prince finds that 17.5%—or 36 million accounts—would be unharmed if Apple's price tiers remained in the but-for world. Prince Daubert Decl. ¶ 54.[2] Prof. McFadden's failure to model focal pricing ignores that many (if not most) of these 99-cent price points would remain in the but-for world; his model therefore almost certainly

___

[2] And even these huge numbers almost certainly understate the impact of 99-cent prices, since Prof. McFadden concededly only studied the effect of price tiers on paid download prices and not in-app purchases, McFadden Reply Dep. 152:1-6, which comprise 98% of transactions and 99% of spending in his sample. Prince Daubert Decl. ¶ 55.

12

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                        NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

yields unreliable price predictions that overstate injury.  Prince Daubert Decl. ¶¶ 53-56.

**C.      Prof. McFadden's Model is Untested And Has A High Rate of Error**

Applying straightforward "robustness … and sensitivity testing" to Professor McFadden's methodology produces "contradictory or otherwise implausible results," which "strongly suggest [his] methodology has been insufficiently tested" and "has a high potential rate of error."  *LIBOR*, 299 F. Supp. 3d at 467-68; *see Daubert*, 509 U.S. at 594 (methodology's "potential rate of error" may be grounds for exclusion).  Most notably, Prof. Prince found that applying Prof. McFadden's methodology to 25 different random samples produces significantly different results, including wide variation in the percentage of unharmed Apple ID accounts, and accounts that switch from harmed to unharmed depending on the sample.  *See* Prince Daubert Decl. ¶ 31 (percentage of unharmed accounts swings from 5.5% to 12.7% depending on the sample).  Prof. McFadden does not dispute these findings—in fact, the analyses in his Reply Report confirm them.

Since submitting his Opening Report, Prof. McFadden has now run his model on 50 additional random samples (or 75 samples counting Professor Prince's 25 samples).[3]  McFadden Reply Dep. 201:13-23.  By Prof. McFadden's admission, those tests repeatedly show that the same individual account can be harmed *or* unharmed, depending on the sample run.  *See* McFadden Reply ¶ 185 & n. 344 (3.1% of accounts common to Prof. McFadden's samples switch from injured to uninjured, or vice versa).  Sample selection also affects whether Prof. McFadden's model even works at all: for more than 20 percent of his samples, his model predicts *more* in-app purchases would occur the *less* that an app is downloaded, *id.* ¶ 184 & n. 343—a backward result that prevents the model from predicting but-for prices.  Prince Daubert Decl. ¶ 12.  And while Prof. McFadden did not investigate the effect of changing his samples on the percentage of uninjured class members (believing that to be "a secondary issue" not relevant to his analysis, McFadden Reply Dep. 203:3-25), Prof. Prince did so and found that the percentage of uninjured class members more than doubles across random samples.  Prince Daubert

---

[3] The "errors" in Prof. Prince's backup code affected only the ability to automatically generate the list of Apple IDs for the 25 samples he used in his analysis, but these "errors" did not prevent Prof. McFadden from analyzing those samples since Prof. Prince provided the 25 lists of Apple IDs directly.  *See* McFadden Reply ¶¶ 168-170.  As a result, as Prof. McFadden admitted, he could successfully "reproduce [Professor Prince's] analysis," and obtained the exact same results.  McFadden Reply Dep. 199:10-17.

13

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                           NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

**ER-797**

Decl. ¶ 31 (percentage of unharmed accounts in Prof. McFadden's random sample analyses varies from 6.4% to 12.9%, not adjusting for his computing error).

These "inconsistent results … produced by the same methodology" are a sign of deficiencies in Prof. McFadden's model. *LIBOR*, 299 F. Supp. 3d at 468; *see United States v. Hermanek*, 289 F.3d 1076, 1097 (9th Cir. 2002) ("Inconsistent results may be an indicator of unreliability."); ABA Antitrust Section, *Econometrics: Legal, Practical and Technical Issues* 180 (2d ed. 2014) (unreliability of econometric testimony may be demonstrated through "the achievement of different results from the same analysis"). Professor McFadden attempts to distract from these warning signs by arguing that his 0.1 sample of accounts is "large," "representative of the full transactions data," and that Apple's experts used samples "far smaller than" his. McFadden Reply ¶¶ 171-173. As Prof. Prince explains, however, if Prof. McFadden believes his sample is large and representative, "the fact that his results change dramatically across various samples strongly suggests that his approach is unreliable," since "two different but large representative samples should not generate widely different results." Prince Daubert Decl. ¶ 34. In short, these inconsistent results are a sign not that Prof. McFadden's sample size is too small, but that his model does not work. And further scrutiny reveals why: Prof. Prince finds that the variables Prof. McFadden's model uses to avoid erroneous inferences about the relationship between price and quantity—known as "instrumental variables"—are barely correlated with the prices and quantities they seek to explain. Prince Daubert Decl. ¶¶ 35-38 & Fig. 2; *see* McFadden Reply Dep. 213:18-214:5 (defining instrumental variables). The model therefore uses what econometricians call "weak instruments," and it is hence no surprise that Prof. McFadden's results vary from sample to sample. Prince Daubert Decl. ¶ 40. As Professor Prince explains, "when instruments are this weak, the final results are strongly driven by random chance." *Id.*[4]

No simple tweak will stabilize Prof. McFadden's model. In response to his model's failure on 11 of his 50 samples, for instance, Prof. McFadden proposes discarding the problematic variable and simply running his model without it. *See* McFadden Reply ¶ 177; Prince Daubert Decl. ¶ 41. But a "regression analysis must be the product of a consistently followed methodology," *see Reed Const. Data Inc.*, 49 F.Supp. 3d at 400, not one that abandons a central component simply because it produces

[4] Econometricians commonly test for weak instruments, *see* Prince Daubert Decl. ¶ 38, but Prof. McFadden did not do so, believing them to be a "nonissue." McFadden Reply Dep. 217:13-219:15.

14

APPLE'S *DAUBERT* MOT. TO EXCLUDE
REPLY TESTIMONY OF DANIEL L. MCFADDEN

NO. 4:11-cv-06714-YGR

an inconvenient result. Prince Daubert Decl. ¶ 43. *See also Kumho Tire*, 526 U.S. at 152 (an expert is expected to "employ[] in the courtroom the same level of intellectual rigor that characterizes [his] practice … in the relevant field"). And as a practical matter, Prof. McFadden has now provided (at least) two different models, yet given neither Apple—nor the Court—any indication of which he intends to use to compute billions of dollars in damages for scores of millions of class members. *See* Prince Daubert Decl. ¶ 42. While Prof. McFadden claims that his results do not "meaningfully change" under either analysis (McFadden Reply ¶ 177), Prof. Prince found that following Prof. McFadden's logic actually increases the percentage of unharmed accounts to 19 percent, and reduces damages by *$1.6 billion*. Prince Daubert Decl. ¶¶ 26, 45.

These inconsistent results are not the only signs of unreliability in Prof. McFadden's methods. Despite admittedly conducting *no analysis* on app genres besides games, music, and entertainment— nor even "do[ing] the preparatory work" required to do so—Prof. McFadden now claims he has provided a "roadmap" for applying his methods to the remaining 24 app genres in the App Store. McFadden Reply Dep. 142:11-143:3, 220:22-221:20. But Prof. McFadden offers nothing but *ipse dixit* to support this claim, *see* Prince Daubert Decl. ¶¶ 20-22, and it is contradictory *ipse dixit* at that. Prof. McFadden previously testified that he "can't make a judgment" about applying his model to other genres before doing the analysis, McFadden Dep. 191:13-192:17, which, to date, he still has not done. McFadden Reply Dep. 221:4-9 ("[I]t's correct that I have not done this analysis for … any of the other genres."). And so far, the only attempt on record to extend Prof. McFadden's model to another genre (sports), perversely predicted *greater* demand at *higher* prices, which hardly inspires confidence. Prince Daubert Decl. ¶ 21; *see Lithium Ion*, 2017 WL 1391491, at *17 (rejecting class certification model that was "insufficient to run an analysis as to … other product[] types covered by the class definition"); *see also Reed Const. Data Inc.*, 49 F. Supp. at 402 (rejecting model under *Daubert* because results "[went] against standard microeconomic theory, which predicts that in almost all markets, an increase in the price of a good leads to a decrease in the quantity of that good the market demands"). In short, all signs suggest Prof. McFadden's model is untested, error-prone, and must be excluded. *Daubert*, 509 U.S. at 594.

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

**D.        Prof. McFadden Cannot Shirk Scrutiny With Claims About Aggregate Damages**

Despite all these flaws, Prof. McFadden says the Court should nevertheless accept his model because it can supposedly predict total damages with precision.  The data processing error, he says, has "little or no effect on any kind of overall damage award," McFadden Reply Dep. 147:24-148:15; the erroneous assumption about in-app purchase prices, "in terms of aggregate damages, … makes very little difference," *id.* at 104:18-105:6; and varying numbers of uninjured class members across samples do not matter because "the single thing that really matters for the subsequent damages calculation"— his price sensitivity estimate—"is very well determined." *Id.* 205:24-206:11; *see also, e.g.*, McFadden Reply ¶ 209 ("damages results are very similar" whether modeling prices for than 2,000 apps, or more than 76,000).  But Prof. McFadden is wrong on all counts.

His model cannot reliably measure total damages because it does not even measure total damages at all.  Instead, it only measures damages for a *sample* of users, based on a small *subset* of app transactions, in a *fraction* of App Store genres. McFadden Reply Dep. 135:13-136:13; Prince Daubert Decl. ¶ 18. Prof. McFadden has vague plans for "scaling up" these calculations; but even the "more precise" of his proposals—misleadingly dubbed his "All Apps" method, McFadden Reply Dep. 134:9-16—still only measures overcharges from 6% of the paid apps in his data.  Prince Daubert Decl. ¶ 18. Prof. McFadden claims that he will "account[] for" the other 94% "in the final calculation."  McFadden Reply Dep. 136:14-22.  But, as noted above, Prof. McFadden does not know whether his model even works on 24 out of 27 genres in the App Store, let alone calculates damages from purchases of those apps with even a modicum of accuracy.  *See supra*; Prince Daubert Decl. ¶¶ 20-22 ; *Trotter v. Overhead Door, Inc. v. Trotter Doors, LLC*, 2013 WL 4520242, at *3 (W.D. Okla. Aug. 26, 2013) ("It is not enough for a knowledgeable expert to say, in effect, 'trust me, I know. . . . ' For an expert's opinions to be admissible, the basis for them must be identified in some fashion." (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)); *cf. Ward*, 2018 WL 934544, at *3 (rejecting expert who "failed to submit any semblance of a 'functioning model that is tailored to market facts in the case at hand.'" (quoting *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 492 (N.D. Cal. 2008)).

Nor can Prof. McFadden confidently claim that the aggregate damages he actually does measure (based on games, music, and entertainment app purchases) are reliable estimates.  Prof. McFadden

16

**ER-800**

has not quantified the precision of his damages estimate, despite admitting that it would be "straight-forward to do [so]," *see* McFadden Reply Dep. 222:15-223:16, and repeatedly lambasting Prof. Prince for not doing the same, *see, e.g.*, McFadden Reply ¶ 166 ("[A]nyone who performs econometric analysis[] report[s] standard errors."). Prince Daubert Decl. ¶ 29. Yet having done no such calculation, the most Prof. McFadden could claim about the accuracy of his multi-billion dollar damages estimate during his deposition was that it was "significantly different from zero." McFadden Reply Dep. 224:15-225:2.

In any event, contrary to Prof. McFadden's claim that damages remain unchanged under varying conditions, altering his model's flawed assumptions—particularly regarding the but-for commission—in fact reduces the model's total damages estimate by billions of dollars. Prince Daubert Decl. ¶¶ 25-26 (assuming that apps pay 30% commission rate until October 2017 reduces Prof. McFadden's damages estimate by more than $4 billion). In short, Prof. McFadden lacks "sufficient facts or data" to vaunt his total damages estimates as accurate. *See* Fed. R. Evid. 702. He simply has not done the analysis. *See Daubert*, 509 U.S. at 598 (an "expert's testimony [must] rest[] on a reliable foundation").

**E.     Prof. McFadden's Model Unrealistically Relies On An Assumed, Uniform But-For Commission Rate, And Is Therefore Unreliable**

As discussed in Apple's first *Daubert* motion, opinion testimony should be excluded where the expert constructs a but-for world using a "benchmark model" that has "too great an analytical gap between the facts of the case." Mot. to Exclude at 8 (citing *In re Wholesale Grocery Prod. Antitrust Litig.*, 946 F.3d 995, 1002 (8th Cir. 2019); *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 292 (3d Cir. 2012); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014)). As Prof. McFadden's Reply Report and recent testimony show, Prof. McFadden's singular "but for" commission rate—although critical for determining whether an account was harmed—is nothing more than an *assumption* and is at odds with the evidence in the case.

According to Prof. McFadden, the "key element" of his "benchmark analysis is that the competitive forces would force Apple to a competitive benchmark, whatever form the competitive pressures may take." McFadden Reply ¶ 42 (quotation marks omitted). But the form of competitive forces matters, because it is that competition that would influence the prices Apple would actually set in the but-

17

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                                                  NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

Gibson, Dunn &
Crutcher LLP

for world. *See In re Aluminum Phosphide Antitrust Litig.*, 893 F. Supp. 1497, 1507 (D. Kans. 1995) (excluding expert opinions that were "based on unjustified assumptions and d[id] not account for changes in other relevant market conditions"); *DSU Med. Corp. v. JMS Co.*, 296 F. Supp. 2d 1140, 1157-59 (N.D. Cal. 2003) (excluding opinion as "speculation" for failure to account for relevant "market circumstances" and "economic reality"). Prof. McFadden makes no predictions about the competitive environment that would have ensued in the but-for world. McFadden Reply Dep. 163:14-165:20. He made no effort to determine whether other iOS app stores would have entered or where consumers would have purchased apps in the but-for world. *Id.* at 172:19-173:1. Indeed, he does not even have an opinion on whether competitors would enter the market at all—as far as he is concerned, Apple could have multiple rivals, or as few as zero. *Id.* at 169:12-170:1; *see also id.* 165:5-20; *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 152 F.3d 588, 593 (7th Cir. 1998) (rejecting model that failed "to make a responsible estimate of the prices that [plaintiff] would have paid" absent alleged anticompetitive conduct).

The reason for Prof. McFadden's ambivalence on this score is simple: he created a model that "assume[s] … a uniform but-for commission rate." McFadden Reply Dep. 159:7-22. But there is no basis for this assumption, as Prof. McFadden himself admits. Prof. McFadden's benchmark—the supposed "recent increase in competition" starting in 2018 in the PC gaming market—acknowledges that there was competition prior to 2018 in which many of the game stores in question existed and charged higher commissions. McFadden ¶¶ 136, 157-160. Counterintuitively, Prof. McFadden testified "that the history of these firms prior to the time of active competition is not relevant to [the] determination of [the] appropriate benchmark." McFadden Reply Dep. 183:3-184:5. That is because he assumes with no analysis or justification that competition in iOS app stores in the but-for world would have been comparable in 2008—the day Apple launched the mobile App Store—to the competition in the PC gaming market in late 2018. *See* McFadden Reply Dep. 172:5-18, 182:19-184:5. In Prof. McFadden's but-for world, an increase in competition would happen simultaneously with Apple's introduction of the App Store and result in the single commission rate on day one that would endure to the present day. *See id.* There is no evidentiary basis for this assumption.

Even in the period of "active competition" in the PC games store market, commissions did not

Gibson, Dunn &
Crutcher LLP

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

simply drop instantly to Prof. McFadden's purported competitive rate,[5] but underwent unique changes and shifting commission structures, which differed over time and from company-to-company. *See* McFadden ¶¶ 157-160. As Prof. McFadden acknowledged, even now, years after the "increased in competition," there is no single commission rate in the PC gaming market. McFadden Reply Dep. 173:7-15. For example, the ▓▓▓▓ store (notionally part of his benchmark analysis) uses a tiered commission structure under ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and has maintained its commission rates and tiered structure in the face of significant competitive pressure.[6] *Id.* at 174:23-176:24. Further, McFadden ignores key real-world app stores, such as the Mac App Store, the Amazon Appstore, the Samsung Galaxy Store, and Google Play—all of which face competitive conditions like those in Prof. McFadden's but-for world but have for years maintained higher commission rates. *See* Hitt ¶ 80 & Fig. 20; Dkt. 476-11 at 7-14. In his first deposition, Prof. McFadden admitted that he didn't even "look[] at [the Mac App Store]" and doesn't "know how it works." *See* McFadden Dep. 137:5-24, 138:21-22. In reality, as PC gaming stores and other platforms—that is, all of the relevant evidence—demonstrate, competition in the but-for world would *not* result in the instant, low uniform commission rate Prof. McFadden assumes. There, higher commission rates endured in the face of competition for years (with many stores maintaining 30% rates to the present), and competition has unfolded over time and taken varying forms.

Prof. McFadden's uniform commission rate and corresponding determinations of alleged harm to accounts also ignore the likelihood that in the but-for world Apple would monetize its intellectual property—which is the product of $100 billion in R&D over the past 15 years (Malackowski ¶¶ 19-21, 82-127, 143-65; Trial Tr. (Cook) 3989:9-11)—differently if it were required to lower its commission rates, and developers could pass that added cost onto individual consumers. *See* Malackowski ¶¶ 196-207 (potential alternative monetization options); Schmalensee ¶¶ 143-60 & Ex. 5; Hitt ¶¶ 324-43. In his Reply Report, Prof. McFadden makes no attempt to address these probable differences between the

---

[5] Prof. McFadden now opines that a commission rate of up to 15%, as opposed to the 10-12% rate recited in his reports, may be a competitive rate. McFadden Reply Dep. 176:19-24.

[6] As Prof. McFadden acknowledged, in the real world the App Store uses a tiered commission structure that includes a headline 30% commission rate. McFadden Reply Dep. 161:2-18.

19

APPLE'S *DAUBERT* MOT. TO EXCLUDE                NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

actual world and the but-for world.  Instead, he simply dismisses them, stating that Apple's experts did not provide a sufficient analysis of Apple's incentives to implement such changes in the but-for world. McFadden Reply ¶ 68.  Prof. McFadden may not escape the flaws in his analysis by shifting *his* burden—to "construct … a 'but-for market,' free of the [challenged] restraints," *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1055 (8th Cir. 2000)—to Apple's experts.  His failure to consider other ways that Apple would monetize its IP if it lowered its commission rates, and how those costs would have been passed on to developers and consumers, further demonstrates the fundamental incompleteness and unreliability of Prof. McFadden's but-for world.

Prof. McFadden's Reply Report reveals that the only purported justification for concluding that Apple would launch and maintain a singular, lower commission rate upon introducing the App Store in 2008 is that it is a matter of "straightforward economic intuition."  McFadden Reply ¶ 41.  In other words, it is just Prof. McFadden's *ipse dixit*.  Thus, for the reasons stated above and in Apple's First Motion to Exclude, there is "simply too great an analytical gap" between the central assumption of Prof. McFadden's models—a single, low commission rate—and the facts of this case.  *Joiner*, 522 U.S. at 146.  His opinions flowing from that commission rate must be excluded.  *See Hyland v. HomeServices of Am., Inc.*, 2012 WL 12995647, at *12 (W.D. Ky. July 3, 2012) (rejecting commission benchmark analysis under *Daubert* when expert failed to "identif[y] any market which actually employs such a commission structure").

**F.    Prof. McFadden Continues To Ignore Indirect Network Effects, Rendering His Market Definition Analysis Unreliable**

Lastly, Prof. McFadden continues to assert that his approach to market definition appropriately treats Apple as a retailer, relying on the Supreme Court's "analysis of the . . . App Store" in *Apple Inc. v. Pepper*, McFadden Reply ¶ 260, but ignoring that the decision spoke only to the sufficiency of the pleadings and that the Court conducted no actual analysis of proper market definition.  McFadden Reply Dep. 49:23-51:24.  He pays lip service to the need to consider both sides of the App Store, but by treating Apple as a retailer, he necessarily ignores the indirect network effects—a fatal[] flaw[]" when defining markets and evaluating competition in a two-sided context.  *Epic Games, Inc. v. Apple Inc.*, --- F. Supp. 3d ---, 2021 WL 4128925, at *37-38 (N.D. Cal. Sept. 10, 2021) (rejecting market

20

APPLE'S *DAUBERT* MOT. TO EXCLUDE
REPLY TESTIMONY OF DANIEL L. MCFADDEN

NO. 4:11-cv-06714-YGR

**ER-804**

definition analysis that "effectively dismisse[d] indirect network effects"). Indeed, despite claiming that his analysis is consistent with viewing the App Store as two-sided transaction platform, McFadden Reply ¶ 259, Prof. McFadden was not "prepared to discuss the economics of two-sided markets" at his deposition. McFadden Reply Dep. 236:7-15. Instead, he simply asserts—without *any* empirical support—that his methods result in "conservative estimates of damages," and that accounting for such indirect effects arising from firm entry would increase consumer damages, even though he did not model it. McFadden Reply ¶ 263. Prof. McFadden's failure to properly account for indirect network effects means that his market definition opinions are hard-wired to deliver "mistaken inferences," *see Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2287 (2018), which necessitates their exclusion.

**V.    CONCLUSION**

For the foregoing reasons, Prof. McFadden's reply opinions in support of Named Plaintiffs' Motion for Class Certification are unreliable and should be excluded.

DATED:  November 9, 2021                GIBSON, DUNN & CRUTCHER LLP


By: */s/ Mark A. Perry*

Theodore J. Boutrous Jr.
Richard J. Doren
Daniel G. Swanson
Jay P. Srinivasan
Mark A. Perry
Cynthia E. Richman
Veronica S. Moyé
Ethan D. Dettmer
Rachel S. Brass
Caeli A. Higney

*Attorneys for Defendant Apple Inc.*

Gibson, Dunn &
Crutcher LLP

21

APPLE'S *DAUBERT* MOT. TO EXCLUDE                                    NO. 4:11-cv-06714-YGR
REPLY TESTIMONY OF DANIEL L. MCFADDEN

**ER-805**

THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
RICHARD J. DOREN, SBN 124666
  rdoren@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
  jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

VERONICA S. MOYÉ (Texas Bar No.
24000092; *pro hac vice*)
  vmoye@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900

MARK A. PERRY, SBN 212532
  mperry@gibsondunn.com
CYNTHIA E. RICHMAN (D.C. Bar No.
492089; *pro hac vice*)
  crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

ETHAN DETTMER, SBN 196046
  edettmer@gibsondunn.com
RACHEL BRASS, SBN 219301
  rbrass@gibsondunn.com
CAELI A. HIGNEY, SBN 268644
  chigney@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | CASE NOS.  4:11-cv-06714-YGR<br>4:19-cv-03074-YGR<br><br>**DECLARATION OF MARK ROLLINS IN SUPPORT OF APPLE INC.'S *DAUBERT* MOTIONS & BRIEFS IN OPPOSITION TO CLASS CERTIFICATION**<br><br>The Honorable Yvonne Gonzalez Rogers<br><br>Date:          Nov. 16, 2021<br>Time:          10:00 a.m.<br>Courtroom:  1, 4th Floor |

## *PUBLIC REDACTED VERSION*

Pursuant to Civil Local Rule 7-5, I, Mark Rollins, declare as follows:

1. I am employed as a Finance Manager at Apple Inc. ("Apple") and, among other duties, work with the teams of engineers responsible for all of Apple's identity and access management. I have personal knowledge of the facts stated below and, if called as a witness, I could and would testify competently thereto. I submit this declaration in support of Defendant Apple Inc.'s *Daubert* Motions and Oppositions to Class Certification.

2. People or entities use and make purchases on the App Store through "Apple IDs," which are unique, password-protected accounts. To obtain an Apple ID, a person or entity provides a first and last name, email address, birthdate, and telephone number of their choosing. Only one email address, birthdate, and telephone number are required to obtain an Apple ID; users are not required to provide or list all of their email addresses and/or telephone numbers to obtain an Apple ID. The provided email address becomes the Apple ID identifier. Apple does not require other identifying information—such as confirmation of a legal name, confirmation of a legal birthdate, or a mailing address—to obtain an Apple ID.

3. People or entities obtain multiple Apple IDs to use the App Store—for example, using different email addresses and phone numbers of their choosing. Such accounts need not be "linked" together by the user, nor, again, is a user required to provide a list of all of their email addresses, telephone numbers, or other required information for a given Apple ID.

4. Payment methods for purchases from the App Store can include but are not limited to credit cards and gift cards, which can be "linked" to a person's or entity's Apple ID(s). A person or entity can use or "link" different payment methods for different Apple ID accounts, can use or "link" multiple payment methods to a single Apple ID account, and use or "link" different payment methods to an Apple ID account over different time periods. A person or entity is not required to provide a list of all of their credit cards or possible payment methods for a given Apple ID. Apple does not identify or validate payment methods across Apple IDs to establish that they belong to the same person or entity. A person or entity may enter or use a payment method, like a credit card, by verifying numbers and other security information. Apple does not own third-party information related to, for example, credit cards, so Apple does not have a way to validate ownership of a particular method of payment.

Gibson, Dunn &
Crutcher LLP

DEC. ISO APPLE'S DAUBERTS & OPPS. TO CLASS CERT.

CASE NOS. 4:11-cv-06714-YGR
4:19-cv-03074-YGR

- 1 -

**ER-807**

5.      Because the information a person or entity provides to obtain an Apple ID is self-reported and can differ as set forth in Paragraphs 2-4, above, Apple does not have the ability to establish or verify each or every Apple ID for a particular person or entity based on email, birthdate, phone number, payment method, or other information a person or entity provides for an Apple ID.  Apple likewise cannot determine how many Apple IDs any particular person or entity has, and, for the same reasons, cannot calculate any "average" number of Apple IDs for a person or entity or across Apple IDs.

6.      To sign into the App Store, a person or entity need only provide an Apple ID and password.  One Apple ID may be used by multiple people or entities if, for example, a person or entity shares their Apple ID and password with another—like a family member.  Apple cannot determine the number of people or entities sharing an Apple ID.  A given Apple ID also may be used to sign into the App Store on multiple devices—for example, an iPhone and an iPad—by different people or entities sharing an Apple ID.

7.      Attached as **Exhibit 1** is a true and correct copy of the purchase history as of July 1, 2020 for the Apple ID "macnod@gmail.com," which the user associated with the name "Donald Cameron."  Apple located this purchase history using the Apple ID, and then downloaded and saved the information as a .pdf file on July 1, 2020.  Records of purchases made by specific Apple IDs are made at or near the time of such purchases and kept in the ordinary course of Apple's business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10, 2021 at Cupertino, California.

By:  _____
        Mark Rollins

Gibson, Dunn &
Crutcher LLP

DEC. ISO APPLE'S DAUBERTS & OPPS. TO CLASS CERT.            CASE NOS. 4:11-cv-06714-YGR
                                                                                              4:19-cv-03074-YGR

- 2 -

**ER-808**

# EXHIBIT 1

*PUBLIC - REDACTED VERSION*

BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITANY N. DeJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

*Plaintiffs' Interim Class Counsel*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re Apple iPhone Antitrust Litigation | Case No. C 11-06714-YGR |
| | **ORDER GRANTING STIPULATION ~~AND~~ ~~[PROPOSED] ORDER~~ FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |
| | JUDGE:      Hon. Yvonne Gonzalez Rogers |
| | CTRM:       1 – 4th Floor |

STIPULATION AND ~~[PROPOSED]~~ ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT – C 11-06714 YGR

**ER-810**

Pursuant to Civil Local Rule 7-12, Plaintiffs Robert Pepper ("Pepper"), Stephen H. Schwartz ("Schwartz"), Edward W. Hayter ("Hayter"), and Edward Lawrence ("Lawrence"), (collectively, "Consumer Plaintiffs") and Defendant Apple Inc. ("Defendant" or "Apple") (collectively, the "Parties"), by and through their respective counsel, hereby agree as follows:

WHEREAS, on December 29, 2011, Plaintiffs Pepper, Schwartz, Hayter, and Harry Bass ("Bass") filed a complaint against Apple in the Northern District of California, Case No. 11-cv-06714 (the "*Pepper* Action") asserting violations of Section 2 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 2, for monopolization and attempted monopolization of the iPhone applications market (*Pepper* Action, ECF No. 1);

WHEREAS, on January 17, 2012, Plaintiffs Eric Terrell ("Terrell"), James Blackwell ("Blackwell"), and Crystal Boykin ("Boykin") filed a complaint against Apple in the Northern District of California, Case No. 12-cv-00259 (the "*Terrell* Action"), asserting substantially similar facts and the same claims as the *Pepper* Action (*Terrell* Action, ECF No. 1);

WHEREAS, on February 9, 2012, the Court issued an order finding that the *Terrell* Action was related to the *Pepper* Action (*Pepper* Action, ECF No. 11);

WHEREAS, on March 20, 2012, the Court issued an order consolidating the *Terrell* Action with the *Pepper* Action and designating the *Pepper* Action as the lead case.  The consolidation order provided that all future filings shall bear the caption: "*In re Apple iPhone Antitrust Litigation*" (*Pepper* Action, ECF No. 25);

WHEREAS, on March 21, 2012, Plaintiffs Pepper, Schwartz, Hayter, Bass, Terrell, Blackwell, and Boykin filed a Consolidated Class Action Complaint (*Pepper* Action, ECF No. 26);

WHEREAS, on July 11, 2012, the Court denied in part and granted in part Apple's motion to dismiss that complaint, holding that AT&T Mobility, LLC ("ATTM") was a necessary party, not to the iPhone apps claim, but to the voice and data services claims which are no longer part of this case (*Pepper* Action, ECF No. 75);

WHEREAS, on September 28, 2012, Plaintiffs Pepper, Schwartz, Hayter, Bass, Terrell, Blackwell, and Boykin filed their Amended Consolidated Class Action Complaint (*Pepper* Action, ECF No. 81);

WHEREAS, on August 15, 2013, the Court granted Apple's motion to dismiss the Amended Consolidated Class Acton Complaint, with leave to amend, holding that Plaintiffs had not established Article III standing (*Pepper* Action, ECF No. 108);

WHEREAS, on September 5, 2013, Plaintiffs Pepper, Schwartz, Hayter, and Terrell filed a Second Amended Consolidated Class Action Complaint ("SAC," *Pepper* Action, ECF No. 111);

WHEREAS, on December 2, 2013, the District Court dismissed the SAC with prejudice on the ground that the Plaintiffs lacked standing as direct purchasers under *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) (*Pepper* Action, ECF No. 124);

WHEREAS, on January 12, 2017, the Ninth Circuit reversed the District Court's dismissal on the ground that, *inter alia*, the plaintiffs were direct and not indirect purchasers and therefore had standing to bring their claims;

WHEREAS, on May 13, 2019, the Supreme Court affirmed the decision of the Ninth Circuit Court of Appeals;

WHEREAS, on May 23, 2019, Plaintiff Edward Lawrence filed a complaint against Apple in the Northern District of California, Case No. 19-cv-02852 (the "*Lawrence* Action"), asserting substantially similar facts and the same claims as the *Pepper* Action (*Lawrence* Action, ECF No. 1);

WHEREAS, on June 12, 2019, the Court issued an order finding that the *Lawrence* Action was related to the *Pepper* Action (*Pepper* Action, ECF No. 145);

WHEREAS, on July 30, 2019, Apple answered the SAC (*Pepper* Action, ECF No. 166);

WHEREAS, on August 19, 2019, Apple filed its answer in the *Lawrence* Action (*Lawrence* Action, ECF No. 21);

WHEREAS, on October 29, 2019, the Court consolidated the *Lawrence* Action, for all purposes, including pretrial proceedings and trial, with and into the *Pepper* Action (*Peppe*r Action, ECF No. 183);

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR

- 2 -

**ER-812**

WHEREAS, on June 3, 2020, Consumer Plaintiffs provided Apple with a Proposed Third Amended Consolidated Class Action Complaint that would amend their allegations to include within the relevant market: (1) all iOS applications, including those made for iPhone, iPad, and iPod touch; and (2) all purchases made through Apple's iOS "App Store," including apps purchases and purchases for additional app features and subscriptions ("in-app purchases"); and to add Plaintiff Lawrence as a named Plaintiff;

WHEREAS, on July 1, 2020, Consumer Plaintiffs provided Apple with a revised Proposed Third Amended Consolidated Class Action Complaint ("TAC") that would amend their allegations in all of the ways specified in the previous paragraph and also appears to add allegations concerning Apple's $x.99 pricing;

WHEREAS, Defendant believes, and Consumer Plaintiffs do not agree, that Consumer Plaintiffs have not been diligent in pursuing claims for purchases made on the iPod touch or iPad, for in-app purchases, or for the App Store's $x.99 pricing because the iPod touch was introduced in September 2007, the iPad was introduced in April 2010, in-app purchasing was introduced in June 2009, and the App Store has had $x.99 pricing in the United States since it opened in July 2008; thus these products and features of the App Store were all introduced well before Consumer Plaintiffs Pepper, Schwartz and Hayter filed their lawsuit in December 2011 and before Consumer Plaintiff Lawrence filed his lawsuit in May 2019, and were also known to Consumer Plaintiffs Pepper, Schwartz and Hayter at the time of their prior amendments;

WHEREAS, Defendant believes, and Consumer Plaintiffs do not agree, that Consumer Plaintiff Lawrence has not been diligent in pursuing claims for purchases made on the iPod touch or iPad, for in-app purchases, or for the App Store's $x.99 pricing because Lawrence was fully aware, when he filed his complaint in May 2019, that the SAC did not include claims for purchases made on the iPod touch or iPad, for in-app purchases, or for the App Store's $x.99 pricing;

WHEREAS, Defendant believes, and Consumer Plaintiffs disagree, that Consumer Plaintiffs have not been diligent in pursuing claims for purchases made on the iPod touch or iPad or for in-app purchases because Consumer Plaintiffs represented to Defendant in December 2019

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR

- 3 -

**ER-813**

that "the operative complaint does not currently concern anything other than iPhone apps purchases";

WHEREAS, Defendant believes, and Consumer Plaintiffs disagree, that Consumer Plaintiffs have not been diligent in pursuing claims for purchases made on the iPod touch or iPad, for in-app purchases, or for the App Store's $x.99 pricing because Consumer Plaintiffs indicated in a case management conference statement filed on September 30, 2019 that they did not "anticipate amending the pleadings at this time" (*Pepper* Action, ECF No. 174), a position that "remained unchanged" in the case management conference statement filed on January 6, 2020 (*Peppe*r Action, ECF No. 196);

WHEREAS, Defendant believes, and Consumer Plaintiffs disagree, that Consumer Plaintiffs' amendments are barred or limited in whole or part by applicable statutes of limitations or laches, including because (1) new claims by Consumer Plaintiffs Pepper, Schwartz and Hayter do not relate back to their 2013 SAC and the new claims of Consumer Plaintiff Lawrence do not relate back to his 2019 complaint under Federal Rule of Civil Procedure 15, (2) under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the applicable statute of limitations or laches is not tolled with respect to claims set forth in the TAC for any putative class member who was not within the class definition alleged in the SAC, and (3) no member of the putative TAC classes has preserved any right to sue as to alleged claims arising from purchases on iPads or iPod touch devices, in-app purchases, or the App Store's $x.99 pricing;

WHEREAS, Defendant further believes, and Consumer Plaintiffs disagree, that the amended allegations of the TAC disclose that certain other defenses arise to defeat claims in the TAC, including defenses of ratification, agreement, acquiescence, authorization, and/or consent to the conduct complained of, waiver or estoppel, and/or agreed limitations to Defendant's liability;

WHEREAS, Defendant further believes, and Consumer Plaintiffs disagree, that the expanded classes alleged in the TAC are not properly maintainable as class actions;

WHEREAS, Defendant further believes, and Consumer Plaintiffs disagree, that Plaintiffs' amendments are deficient as a matter of law because the TAC persists in alleging a single-sided market despite recent controlling Supreme Court precedent compelling, as a matter of law, that in

cases involving two-sided transaction platforms, such as the App Store, only one relevant market should be defined that includes both sides of the platform, i.e., consumers and developers, and that must be analyzed as a whole (*Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2286-87 (2018));

WHEREAS, the parties agree that this amendment does not alter the existing discovery schedule in the case and, accordingly, Apple has no obligation to supplement its document production in response to Consumer Plaintiffs' Request for Production, Set No. 1 based solely on this amendment and has no duty to provide any additional discovery with respect to allegations newly added by amendment absent a targeted request propounded by Plaintiffs in accordance with the Federal Rules of Civil Procedure and the currently existing case schedule; Plaintiffs otherwise reserve all of their rights to propound discovery and to seek court orders compelling Apple to comply with its discovery obligations;

WHEREAS, Defendant wishes to preserve and not waive any defenses available to it, including the foregoing; and

WHEREAS, the Parties agree that nothing in the proposed TAC should be construed to expand the negotiated scope of Apple's response to Consumer Plaintiffs' Request for Production, Set No. 1, served on October 10, 2019.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the Parties, through their respective counsel, and subject to approval by the Court, to the entry of an Order providing that:

1. Leave to file the TAC is granted as of the date of the Court's approval of this Stipulation and [Proposed] Order.  A true and correct copy of the TAC is attached to this Stipulation as Exhibit A.

2. The TAC shall be deemed filed as of the date of the Court's approval of this Stipulation and [Proposed] Order.

3. Defendant shall answer the TAC by filing an Amended Answer within thirty days of the Court's approval of this Stipulation and [Proposed] Order.

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR
- 5 -

ER-815

DATED:  September 11, 2020          By:      /s/ Rachele R. Byrd

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITTANY N. DEJONG
750 B Street, Suite 1820
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
MARK C. RIFKIN
MATTHEW M. GUINEY
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677

*Plaintiffs' Interim Class Counsel for*

DATED:  September 11, 2020          By:      /s/ Cynthia E. Richman

**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

**GIBSON, DUNN & CRUTCHER LLP**
CYNTHIA E. RICHMAN (D.C. Bar No. 492089;
appearance *pro hac vice*)
crichman@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8234
Facsimile:  202.530.9691

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT – C 11-06714 YGR
- 6 -

**ER-816**

**GIBSON, DUNN & CRUTCHER LLP**
VERONICA S. LEWIS (Texas Bar No. 24000092;
appearance *pro hac vice*)
vlewis@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone:  214.698.3100
Facsimile:  214.571.2900

**GIBSON, DUNN & CRUTCHER LLP**
ETHAN DETTMER, SBN 196046
edettmer@gibsondunn.com
ELI M. LAZARUS, SBN 284082
elazarus@gibsondunn.com
555 Mission Street
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  September 17, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

APPLE2/26537v8

STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED
CLASS ACTION COMPLAINT – C 11-06714 YGR
- 7 -

**ER-817**

## DECLARATION REGARDING CONCURRENCE

I, Rachele R. Byrd, am the ECF user whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED:  September 11, 2020            **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                                     */s/Rachele R. Byrd*
                                       RACHELE R. BYRD

# EXHIBIT A

**ER-819**

BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. BYRD (190634)
byrd@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITANY N. DeJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

*Plaintiffs' Interim Class Counsel*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re Apple iPhone Antitrust Litigation | ) | Case No. C 11-06714-YGR |
|---|---|---|
| | ) | |
| | ) | **[PROPOSED] THIRD AMENDED** |
| | ) | **CONSOLIDATED CLASS ACTION** |
| | ) | **COMPLAINT** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |

[PROPOSED] THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR

**ER-820**

Plaintiffs Stephen H. Schwartz, Edward W. Hayter, Robert Pepper and Edward Lawrence ("Plaintiffs"), for their class action complaint, allege upon personal knowledge as to themselves and their own actions, and upon information and belief, including the investigation of counsel, as follows:

### NATURE OF ACTION

1.  This is an antitrust class action pursuant to Section 2 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 2 (2004) (the "Sherman Act"), brought by Plaintiffs on their own behalf and on behalf of a class of persons similarly situated, those being persons who purchased software applications or licenses for software applications from the "iTunes" site or "App Store" owned and operated by Defendant Apple Inc. ("Apple"), or who made in-app purchases (defined herein) through such applications, for use on one or more Apple iPhones, iPads, or iPod Touches ("iOS Devices") between December 29, 2007 and the present (the "Class Period").[1]

**A.   Summary Of Material Facts**

2.  With great fanfare, Apple launched its first iPhone, called the iPhone 2G, on June 29, 2007.  Prior to and after its launch, Apple hailed the iPhone as a revolutionary, "breakthrough" "smartphone" that functioned like a mobile computer with desktop-class email and other Internet communications capability.  Apple built the iPhone's operating system, known as "iOS," to enable iPhone users to download and run computer-like software programs (called "applications" or "apps") to browse the Internet, transform music into cell phone ringtones, take photos, play games and engage in other functions typically performed on desktop or laptop computers.

3.  Shortly thereafter, on September 14, 2007, Apple introduced the first iPod Touch, a hand-held computer similar to the iPhone which operates on the iOS system and can run apps that run on the iPhone. On April 3, 2010, Apple introduced the first iPad, a tablet computer with a touch screen interface, utilizing, like the iPhone and the iPod Touch, the iOS operating system, and able to run apps that function on those devices.

---

[1]   The term "iPad" as used herein includes all iPad Pro, iPad Mini and iPad Air models as well as standard iPads.

4.      Unbeknownst to iOS Device consumers, however, from the time it launched the iPhone through the present date, Apple has engaged in an anticompetitive scheme to monopolize the aftermarket for iOS applications (including purchases made within applications, such as payment for additional application features, full versions of games, and subscriptions for renewable access to content and memberships (*e.g.*, Hulu and Spotify) ("in-app purchases")) in order to control and derive supracompetitive profits from the distribution of iOS apps worldwide.[2] As a result of its scheme, Apple has, from introduction of the iPhone 2G in 2007, when the only apps available were those that came with the iPhone, through the present, cornered 100% of the worldwide distribution market for iOS applications.

5.      Apple has succeeded in totally eliminating any and all competition in that multi-billion dollar market.  Apple's App Store is the only store in the entire world – online or off-line – where the tens of millions of U.S.-based iOS Device owners (and the many tens of millions of iOS Device owners worldwide) can buy an iOS app, and Apple's unlawful monopolization of the apps market has enabled Apple to charge and collect a supracompetitive 30% fee from iOS Device consumers for each and every one of the billions of iOS apps they have bought since the iPhone's launch thirteen years ago.  Consequently, iOS Device consumers nationwide have paid hundreds of millions of dollars more for iOS apps than they would have paid in a competitive market.

6.      Unlike traditional desktop or laptop computer manufacturers, whose computers' operating systems allow consumers to buy software applications from any and all competing software distributors, Apple's iOS system prohibits iOS Device consumers from buying software applications from anyone other than Apple.

7.      Even Apple's own iMac and MacBook desktop and laptop computers' operating systems – from which the iOS operating system was derived – allow consumers to buy software from whatever source they like and to pay the software manufacturer or distributor directly without having to pay an additional fee to Apple.  There is no legitimate basis for Apple to treat its

---

[2]      Herein, references to the market for iOS applications include the market for in-app purchases.

iOS Devices customers any differently than it treats its iMac or MacBook customers, or to charge its iOS Devices customers a 30% mark-up for any and all software they buy for their iOS Devices.

8.     But when Apple developed its unique iPhone, Apple took advantage of the heavy demand for its novel product to equip it with an operating system that foreclosed iPhone consumers from buying software from any source other than Apple. When Apple subsequently introduced the iPad and the iPod Touch, it placed the same software constraints on them. Apple thus forced those foreclosed iOS Devices consumers to pay Apple a 30% fee for each and every iOS app they buy. Stated in antitrust terminology, Apple improperly exploited its relationships with customers who purchased Apple's highly desirable and expensive iOS Devices by locking them in, without their knowledge or consent, into an aftermarket for iOS apps that was monopolized by Apple.

9.     In addition to exerting anticompetitive control through the direct purchase of apps on the App Store, Apple also controls and receives supracompetitive profits on in-app purchases, including but not limited to subscriptions.

10.    Apple's contracts with all developers offering content for iOS devices provide that Apple obtains 30% of the amount consumers pay for virtually all types of in-app purchases and subscriptions. The sole exception to this rule is that for long term subscriptions lasting over a year, Apple's fee is 30% during the first year but goes down to 15% after the first year.

11.    Apple also controls what prices developers can charge. It exercises that control by insisting that every paid app be priced in dollar increments at $0.99, $1.99, $2.99, and so forth.

12.    Apple's motive for its anticompetitive conduct was simple: Apple did not want its iOS Device-related revenue stream to end when a consumer bought an iOS Device, like it generally does when consumers purchase iMac and MacBook computers. So Apple concocted and maintained a plan to continue generating additional revenues over the entire useful life of every iOS Device it sold by cornering the distribution market for iOS applications and charging consumers an extra 30% for every app. Through this scheme Apple would profit not only from the sales of tens of millions of iOS Devices, it would also profit from each and every one of the billions of future apps sales made to Apple's iOS Devices customers.

**ER-823**

13.     Apple's anticompetitive scheme has generated enormous supracompetitive profits for Apple.  Apple now offers more than 1.85 million apps in the App Store,[3] and iOS Device consumers worldwide have downloaded apps more than 200 billion times since July 2008. According to Sensor Tower, the provider of a leading app analytics platform that aggregates data about consumer app downloads and purchases for use by developers, in 2019, the average annual in-app spending per active iPhone in the United States reached $100.[4]  iOS Devices consumers have been overcharged hundreds of millions of dollars for paid apps and in-app purchases during the Class Period as a result of Apple's anticompetitive conduct.

14.     That Apple has engaged in unlawful monopolistic behavior with respect to iOS apps is perfectly consistent with Apple's attitude towards antitrust compliance generally.  A federal district court judge who observed Apple's attitude towards antitrust compliance during a recent trial found that Apple had unlawfully fixed e-book prices and concluded that Apple as an institution simply "does not want to engage in retail price competition" – indeed, "one of its principal goals was the elimination of all retail price competition," and "it was happy if a result of that … was an increases in prices" that "the consumer had to pay."[5]

15.     That district court further stated that "[t]he record at trial demonstrated a blatant and aggressive disregard at Apple for the requirements of the law," (Hr'g Tr. 17:1-2) even among "Apple lawyers and its highest executives," (*id.* at 17:5-6) and concluded that an injunction was needed to ensure that a "comprehensive and effective" (*id*. at 19:18) antitrust compliance training program would be undertaken by "each of Apple's officers and directors engaged in whole or in part in activities relating to the supply of content," including "apps" (*id.* at 13:18-20).  "Neither Mr. [Eddy] Cue," the Apple executive responsible for  Apple's App Store, nor "his assigned in-house counsel, could remember [having] any training on antitrust issues," and "[t]hey and those on

---

[3]     *See* https://www.statista.com/statistics/276623/number-of-apps-available-in-leading-app-stores/ (last viewed June 2, 2020).

[4]     *See* https://sensortower.com/blog/revenue-per-iphone-2019 (last viewed June 2, 2020).

[5]     Hearing Transcript ("Hr'g Tr.") at 11:4-5, 33:10-13, *U. S. v. Apple Inc.*, No. 12 Civ. 2826 (S.D.N.Y. Aug. 27, 2013).

their teams need to understand what the law requires and how to conform their business practices to the law."[6]

16.     Apple's unlawful monopolization of the iOS applications aftermarket from July 2007 through the present is a direct reflection of Apple's goal of "eliminating all retail price competition" and its culture of disdaining antitrust compliance in order to increase the prices its customers pay.   Through its actions, Apple has unlawfully stifled competition by erecting impenetrable barriers to entry to would-be distributors of iOS apps, reduced consumer choice in what would otherwise be a robust and competitive iOS software applications marketplace, and artificially increased prices for iOS software applications to supracompetitive levels.

17.     Apple's illegal iOS apps monopoly should be enjoined and dismantled, and Plaintiffs and the tens of millions of nationwide iOS Devices consumers they seek to represent should be reimbursed by Apple for the hundreds of millions of dollars they have been overcharged.

**B.     Summary Of Claims**

18.     In pursuit and furtherance of its unlawful anticompetitive activities, Apple: (a) failed to obtain iOS Devices consumers' contractual consent to Apple's monopolization of the iOS applications aftermarket, the effect of which was to lock consumers into buying apps only from Apple and paying Apple's 30% fee, even if they wished to buy apps elsewhere or pay less; and (b) failed to obtain iOS Devices consumers' contractual consent to having their iOS Devices "locked" to prohibit them from using any app that was not approved or sold by Apple, thereby preventing iOS Devices purchasers from downloading  and using other apps, called "Third Party Apps."

19.     Apple violated Section 2 of the Sherman Act by monopolizing or attempting to monopolize the iOS Devices aftermarket in a manner that harmed competition and injured iOS apps consumers by reducing output and consumer choice, and by increasing prices for iOS apps to supracompetitive levels.

---

[6]     Hr'g Tr. at 18:11-13.

20.     Plaintiffs seek declaratory and injunctive relief, treble and exemplary damages, costs and attorneys' fees.  As for equitable relief, Plaintiffs seek an order restraining Apple from selling iOS Devices that are programmed in any way to prevent or hinder consumers from downloading Third Party Apps, or minimally, restraining Apple from selling or distributing iOS Devices without first obtaining the consumers' express contractual consent to (a) buying apps only from Apple and (b) having their iOS Devices locked to accept only apps purchased from Apple.

## **THE PARTIES**

21.     Plaintiff Stephen H. Schwartz is an individual residing in White Plains, New York who purchased iPhones, including, but not limited to, in October 2010, and on or about September 12, 2014.  Plaintiff Schwartz purchased iPads, including, but not limited to, on or about August 12, 2019.  Plaintiff Schwartz paid Apple for iOS apps, in-app purchases and/or subscriptions during the Class Period.

22.     Plaintiff Edward W. Hayter is an individual residing in Brooklyn, New York who purchased iPhones, including, but not limited to, in March 2008.  Upon information and belief, Plaintiff Hayter purchased iPads including, but not limited to, in 2013.  Plaintiff Hayter paid Apple for iOS apps, in-app purchases and/or subscriptions during the Class Period.

23.     Plaintiff Robert Pepper is an individual residing in Chicago, Illinois who purchased iPhones, including, but not limited to, on or about June 29, 2007, and October 26, 2018.  Plaintiff Pepper purchased iPads, including, but not limited to, on or about December 13, 2014, and purchased iPod Touches, including, but not limited to, on or about September 13, 2014.  Plaintiff Pepper paid Apple for iOS apps, in-app purchases and/or subscriptions during the Class Period.

24.     Plaintiff Edward Lawrence is an individual residing in Tiburon, California who purchased iPhones in 2010, 2012, 2015 and 2019 and purchased an iPad in 2012.  Plaintiff Lawrence paid Apple for iOS apps, in-app purchases and/or subscriptions during the Class Period.

25.     Defendant Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.  Apple regularly conducts and transacts business in this District, as well as throughout Illinois, New York and elsewhere in the United States.  Apple manufactures, markets, and sells the iOS Devices, including the iPhone, iPad and

iPod Touch, among other electronic devices.

## JURISDICTION AND VENUE

26.     This Court has federal question jurisdiction pursuant to the Sherman Act, the Clayton Antitrust Act of 1914, 15 U.S.C. § 15, and pursuant to 28 U.S.C. §§ 1331 and 1337.

27.     This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because sufficient diversity of citizenship exists between parties in this action, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more members of the proposed class.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because some Plaintiffs purchased iPhones in this District, Apple has its principal place of business in this District, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, and Apple is a corporation subject to personal jurisdiction in this District and, therefore, resides here for venue purposes.

29.     Each Plaintiff and member of the Class, in order to purchase an iOS app or make in-app purchases, was required to accept Apple's iTunes terms of service which required lawsuits to be filed in courts in the State of California.

## FACTUAL ALLEGATIONS

A.      **Apple's Anticompetitive Conduct**

30.     In Spring 2007, Apple began a massive advertising campaign to market its new wireless communication device, the iPhone.  The iPhone was advertised as a combined mobile phone, iPod and "breakthrough" Internet communications device with desktop-class email, an "industry first" "visual voicemail," web browsing, maps and searching capability.  The iPhone was, in effect, the world's first mobile computer.  The iPhone shifted the paradigm for smartphones, and it changed the entire cell phone manufacturing industry.

31.     Having designed and manufactured a highly advanced and desirable new product, Apple profited handsomely from selling its revolutionary new handset.  The iPhone debuted on June 29, 2007, and despite its hefty $499 or $599 price tag, consumers waited in line to get their

hands on one.[7]

32.     Shortly after it introduced the iPhone, in September 2007, Apple introduced the iPod Touch. The prices for those devices ranged between $299 to $399.  In March 2010, it introduced its first iPad, which sold at prices of $499 to $699.  The prices for each of these devices varied depending on how many gigabytes of storage they included.

33.     2.2 billion iPhones have been sold worldwide since the product was introduced, as well as more than 350 million iPads and well over 100 million iPod Touch devices.[8]  Apple has rightfully earned hundreds of billions of dollars in revenue from selling its iOS Devices.

34.     But Apple wanted more.  It did not want to limit its revenues to what consumers were willing to pay for the iOS Devices themselves.  Apple wanted a substantial piece of every dollar that would ever be paid to buy any kind of software for any iOS Device at any time anywhere in the world.

35.     To achieve that end, Apple embarked on a scheme to monopolize the aftermarket for iOS applications and to foreclose and protect Apple against any and all competition it might face in the distribution of iOS applications.  In contrast to the robust competition Apple faces in the software aftermarket for its desktop and laptop computers, Apple wanted the entire iOS Device software aftermarket for itself.  Apple achieved its unlawful goal, through a series of actions.

36.     Apple at all times retained exclusive control over the design, features and operating software for the iPhone, iPad and iPod Touch, known as iOS, which is based on the same technologies that are used in Apple's desktop and laptop computers' operating systems, known as OS X.  Although Apple has always maintained OS X as an "open" system that allows iMac and MacBook consumers to run software manufactured or sold by any distributor, Apple modified its

---

[7]     Apple has since released numerous models of iPhone, iPad and iPod, with prices for high end models of iPhone and iPad Pro often ranging above $1000, and iPod Touches currently ranging between $199 and $399.

[8]     *See*   https://kommandotech.com/statistics/how-many-iphones-have-been-sold-worldwide/ (last viewed June 2, 2020); https://www.statista.com/statistics/269915/global-apple-ipad-sales-since-q3-2010/ (last viewed June 2, 2020); https://en.wikipedia.org/wiki/IPod_Touch (last viewed June 2, 2020).

[PROPOSED] THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR
- 8 -

iOS version to be a "closed" system by installing "security measures" or "program locks" designed to prevent iPhone consumers from installing and running apps that were not sold or approved by Apple.

37. Apple did not close the iOS system for the purpose of protecting its proprietary right to own, sell or license iOS. Apple closed the iOS system for the specific purpose, and with the specific intent, of foreclosing competition from other potential iPhone software manufacturers and distributors so that Apple could monopolize and derive monopoly profits from the iOS apps aftermarket.

38. After Apple launched its iPhone 2G in June 2007, Apple enhanced its iPhone-related revenues either by developing its own apps for ringtones, instant messaging, Internet access, gaming, entertainment, video and photography or by enabling "approved" third party manufacturers to develop iOS apps. Apple always conditioned its "approval" of such apps on the third party's agreement to give Apple a share of the third party's sales proceeds.

39. However, because Apple's OS X and iOS operating systems were based on the widely available Unix platform and included technologies and services that were based on other open software systems, Apple's initial program locks designed to eliminate Third Party Apps proved ineffective, as clever third party programmers quickly circumvented Apple's security measures and made non-Apple approved iOS apps available for sale on the Internet.

40. Almost immediately after the iPhone's launch, unapproved Third Party Apps started to appear and threatened to compete with Apple in the iOS apps aftermarket. For example, Mobile Chat and FlickIM gave iPhone users access to instant messaging programs from which Apple derived no revenues. Apple responded to these threats by updating its iOS to eliminate iPhone consumers' ability to use these Third Party Apps and by warning its iPhone customers that using Third Party Apps would nullify Apple's iPhone warranty.

41. Apple also faced threatened competition for iPhone ringtones. When a customer purchased a song for $1 from the Apple iTunes store, Apple charged the customer an additional 99 cents to convert any portion of that song into a ringtone. A number of competing programmers promptly offered a variety of ringtone programs that enabled iPhone consumers to download both

songs and ringtones for free.  Some of these programs allowed customers to use samples of popular songs lawfully downloaded from Apple's iTunes store as a ringtone.  Other programs, such as I-Toner from Ambrosia Software and iPhone RingToneMaker from Efiko software, allowed customers to "clip" portions of songs purchased by them from iTunes for use as ringtones.

42.     Since many of these programs used songs downloaded from iTunes, Apple initially sought to block the use of those songs as ringtones by updating the iTunes software to install program locks that would interfere with such use.  However, those efforts were all quickly defeated by third party programmers, sometimes within hours of the release of the update.  So Apple again responded to these threats by updating its iOS to eliminate iPhone consumers' ability to use these Third Party Apps and by voiding the warranties of iPhone customers who used them.

43.     Ultimately, Apple eliminated the threat of competition from unapproved apps developers by conceiving and implementing the App Store in order to become the exclusive distributor of iOS apps, and by thereafter rigorously enforcing and maintaining its monopoly.

44.     Apple laid the groundwork for its App Store in March 2008, when Apple released a "software development kit" ("SDK") for the stated purpose of enabling independent software developers to design applications for use on the iPhone and iPod Touch.  For an annual fee of $99, the SDK allows developers to supply apps to Apple for distribution through Apple's App Store.

45.     Apple opened its App Store in July 2008.  Apple owns 100% of the App Store, maintains and operates the App Store with Apple employees or agents, and controls all of the App Store sales, revenue collections and other business operations.

46.     Apple informs its prospective apps developers (though not its iOS Device consumers) that the developers' apps cannot be sold anywhere except in the App Store.  Apple also informs its developers (but does not make clear to its iOS Devices customers ) that Apple will charge iOS Device consumers a 30% commission for any non-free app sold in the App Store. Apple recently changed its website, shortly after the United States Supreme Court ruled in Plaintiffs' favor in *Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019), to disclose that Apple "collects a

30% commission" on paid apps, subscription sales for the first year of the subscriptions (and 15% thereafter) and 30% on other in-app purchases.[9]

47.    Consequently, the prices for apps available in Apple's App Store include the developers' price plus Apple's 30% mark-up.  When an iOS Device customer buys an app from Apple, it pays the full purchase price, including Apple's 30% commission, directly to Apple. Apple takes its 30% commission off the top and then remits the balance, or 70% of the purchase price, to the developer.  Apple sells the apps (or, more recently, licenses for the apps) directly to the customer, collects the entire purchase price, and pays the developers after the sale.  The developers at no time directly sell the apps or licenses to iOS Devices customers or collect payments from the customers.

48.    On information and belief, throughout the Class Period, Apple threatened to terminate any developer that made its apps available on its own website or through a distributor other than Apple, and Apple continued to discourage iOS Devices customers from downloading Third Party Apps by telling customers that Apple would void and refuse to honor the iOS Devices warranties of any customer who downloaded a Third Party App.

49.    In addition to the sales of applications themselves, Apple's contracts with its developers provide for Apple to obtain a 30% commission for almost every type of in-app purchase.[10]  Subscriptions are recurring purchases that allow consumers to obtain access to content for a period of time, and many subscriptions renew automatically unless the consumer proactively terminates them.

50.    Apple also requires developers to select prices for their apps that end in "99 cents," meaning that developers are required to increase prices in one-dollar increments ($0.99, $1.99, $2.99, and so forth).  As a practical matter, that allows only for very blunt price adjustments

---

[9]    *See* https://www.apple.com/ios/app-store/principles-practices/ (last viewed June 2, 2020).

[10]    As set forth *supra*, subscriptions after the first year are the only exception to Apple's 30% charge to developers.  For these, after one year, Apple takes 15%.

[PROPOSED] THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR
- 11 -

because "[t]he vast majority of [paid] apps are priced at 99 cents."[11]  Thus, a developer wishing to set a price lower than the Apple-mandated minimum price point must give away the app for free; one wishing to price above that point must at least double the $0.99 price.

51.  By designing iOS as a closed system, installing security measures and program locks to prevent Third Party App downloads, establishing the App Store as the exclusive worldwide distributor of iOS apps, enforcing the App Store's exclusive distributor status by terminating apps developers who sold apps in competition with Apple, voiding the warranties of iOS Devices consumers who bought competing apps, and denying authorization of apps with in-app purchasing features that do not meet Apple's payment requirements, Apple has since June 2007 willfully acquired and maintained a monopoly in the iOS apps aftermarket and has positioned itself as the one and only distributor of iOS apps on the entire planet.  Apple has no competition in the multi-billion dollar iOS apps aftermarket, domestically or abroad, whatsoever.

52.  Prior to Plaintiffs' purchases of their iOS Devices, Apple had not even disclosed – much less obtained the Plaintiffs' contractual consent to – either (a) Apple's monopolization of and collection of monopoly profits from the iOS applications aftermarket, or (b) having their iOS Devices locked to prohibit Plaintiffs from using any app that was not approved or sold by Apple. Absent obtaining Plaintiffs' contractual consent, Apple's monopolization of the iOS applications aftermarket constitutes an antitrust violation under Section 2 of the Sherman Act.

B.  **Plaintiffs' Injuries**

53.  Plaintiffs have been injured by Apple's anticompetitive conduct because they paid more for their iOS apps than they would have paid in a competitive market.  Plaintiffs have also been injured because Apple's unlawful monopolization of the iOS apps aftermarket has extinguished Plaintiffs' freedom of choosing between Apple's App Store and lower cost market alternatives that would have been available had Apple not monopolized the market.  Plaintiffs have also been injured because Apple's establishment and maintenance of monopoly pricing has

---

[11]  Tim Kridel, Pricing Strategies for Your App, Digital Innovation Gazette, https://www.digitalinnovationgazette.com/dollars-and-distribution/pricing-strategies-for-your-app/index.php (last visited June 30, 2020).

caused a reduction in the output and supply of iOS apps, which would have been more abundantly available in a competitive market.

54.     That Plaintiffs have paid supracompetitive prices is obvious for several reasons. Under basic and fundamental economic principles, the absence of competition leads to increased prices, and increased competition leads to lower prices.  In a competitive market, an economically rational manufacturer or distributor will sell its products at prices equal to their cost plus a reasonable marginal rate of return (profit) dictated by the market environment.  But an economically rational monopolist that is unconstrained by the downward pricing pressures of a competitive market will charge the highest price it can in light of the demand for its products; the greater the demand, the higher the profits.  Indeed, it is hornbook economics that commercial entities strive to acquire and maintain monopoly power precisely because they want to reap the monopoly profits that market domination typically generates.

55.     Apple and the iOS apps aftermarket are not immune from these presumptively valid economic principles.  Indeed, as shown above, the generation of monopoly profits was exactly why Apple chose to monopolize the iOS apps aftermarket.

56.     That Apple's 30% fee is a monopoly price is also obvious from Apple's cost structure.  Each developer's $99 annual fee covers most or all of Apple's costs of reviewing that developer's apps and the related proportional costs of operating and maintaining the App Store, even if the developer submits several apps annually.  As to successive sales of that developer's apps, therefore, Apple's 30% fee constitutes virtually pure profit for Apple.  In a competitive environment, where developers could sell their apps on their own websites without charging Apple's 30% mark-up and discount retailers could obtain volume discounts and sell for far less than a 30% profit, Apple would be under considerable pressure to substantially lower its 30% profit margin because, otherwise, its App Store would be priced out of the market and lose substantial market share.  In a truly competitive iOS apps distribution environment, Apple's 30% margin would be simply unsustainable.[12]

_____

[12]     While, as set forth *supra*, the fee goes down to 15% for subscription purchases only, after one year, that too would be unsustainable in a truly competitive environment.

57.    A truly competitive iOS apps distribution market would also give Plaintiffs and other iOS Devices customers the freedom to choose between Apple's high-priced App Store and less costly alternatives, such as buying direct from apps developers or volume-driven and other software discounters.  Plaintiffs' freedom to choose between these market alternatives has been eliminated by Apple's monopolistic conduct, and Plaintiffs have been forced to pay supracompetitive prices to Apple as a result.

58.    The lack of a truly competitive environment has also led to reduced output and supply of iOS apps because developers are barred from selling apps at prices below Apple's inflated 30% marked-up price.  Under basic economic principles, lower prices would generate both increased demand and increased supply to meet that demand in the iOS apps aftermarket as a whole.  Apple's unlawful monopoly naturally restricts both supply and demand.

**C.    Injury To Competition**

59.    The same conditions – the existence of supracompetitive pricing, reduced consumer choice among market alternatives, and reduced output and supply – demonstrate that Apple's monopolistic conduct has likewise injured competition generally in the iOS apps aftermarket.

60.    The iOS apps market is not remotely like the genuinely competitive personal computer software market, where computer hardware manufacturers – including Apple itself – do not control or have a financial stake in every sale of software that is downloaded on the computers they make.  In the aftermarkets for desktop and laptop computer software, the software developers can offer products directly to consumers or through discounters without having to gain the computer manufacturer's approval and without the software customers paying the manufacturer a penny.  Consequently, there is an abundant supply of competing software applications, and consumers can shop among multiple vendors without paying above market prices.

61.    The iOS apps market lacks all of these indicia of competitiveness.  Because Apple has unlawfully cornered the nationwide (and, indeed, worldwide) distribution market for iOS apps, the iOS apps aftermarket has been harmed generally by Apple's anticompetitive conduct, which is precisely the type of harm the antitrust laws were enacted to remedy.

**CLASS ALLEGATIONS**

62.   Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated for the purpose of asserting claims alleged in this Complaint on a common basis. Plaintiffs' proposed class (the "Class") is defined under Federal Rules of Civil Procedure 23(b)(2) and (3), and Plaintiffs propose to act as representatives of the following Class comprised of:

> **All persons in the United States, exclusive of Apple and its employees, agents and affiliates, and the Court and its employees, who purchased an iOS application or application license from Apple, or who made an in-app purchase, including, but not limited to, a subscription purchase, through such an application, for use on an iOS Device at any time from December 29, 2007 through the present.**

63.   The Class for whose benefit this action is brought is so numerous that joinder of all members is impractical.

64.   Plaintiffs are unable to state the exact number of Class members without discovery of Apple's records but, on information and belief, state that billions of iOS apps or licenses for apps were purchased during the Class Period.

65.   There are questions of law and fact common to the Class which predominate over any questions affecting only individual members including, among others, (1) whether Apple violated Section 2 of the Sherman Act by monopolizing or attempting to monopolize the aftermarket for iOS Device software applications; (2) whether Apple's violation caused harm to the relevant market generally and to Plaintiffs and the Class specifically; and (3) whether Apple should be enjoined from continuing its monopolistic practices and from continuing to monopolize and charge monopoly prices in the iOS apps aftermarket without first obtaining iOS Devices consumers' contractual consent.

66.   The common questions of law and fact are identical for each and every member of the Class.

67.   Plaintiffs are members of the Class they seek to represent, and their claims arise from the same factual and legal bases as those of the Class; they assert the same legal theories as do all Class members.

68.   Plaintiffs will thoroughly and adequately protect the interests of the Class, having obtained qualified and competent legal counsel to represent them and those similarly situated.

69.   The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and cause needless expenditure of judicial resources.

70.   Plaintiffs are typical of the Class in that their claims, like those of the Class, are based on the same anticompetitive business practices and the same legal theories.

71.   Apple has acted on grounds generally applicable to the Class.

72.   A class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

**RELEVANT MARKET ALLEGATIONS**

73.   The iOS Devices are a unique, premium-priced product group that generates a unique aftermarket for software applications that can be used only on iOS Devices.  During at least the Class Period, the price of iOS Devices was not responsive to an increase in iOS application prices because Apple did not obtain iOS Devices customers' knowledgeable contractual consent to Apple's monopolization of and monopoly pricing in the apps aftermarket. Consequently, (a) consumers who purchased iOS Devices could not, at the point of sale, reasonably or accurately inform themselves of the "lifecycle costs" (that is, the combined cost of the handset and its required services, parts and applications over the iOS Device's lifetime); and (b) consumers were "locked into" the iOS Device due to its high price tag and would incur significant costs to switch to another handset.  The aftermarket for iOS applications is thus an economically distinct product market, and the applications that are distributed within that market have no acceptable substitutes.

74.   The existence of competition in the mobile device market between Apple's iPhone, iPod Touch and iPad and the makers of competing handsets such as Google's Android phones, and Samsung's Galaxy Tab tablets is irrelevant to the relevant market analysis in a Section 2 Sherman Act aftermarket monopolization case, in which the existence or lack of competition in the aftermarket at issue is the only economically meaningful inquiry.  The existence of Android mobile devices applications and applications geared toward other mobile device brands is likewise

[PROPOSED] THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR
- 16 -

irrelevant because those applications are technologically incompatible with the iPhone and, therefore, are not reasonably interchangeable substitutes for iOS apps. Even if those other mobile device apps were technologically compatible, Apple's exclusionary and monopolistic conduct would bar such apps from being sold in competition with Apple for the same reasons and in the same manner that Apple has foreclosed such competition for iOS Device Third Party Apps generally.

75. The geographic scope of the iOS applications aftermarket is national.

76. The aftermarket for iOS applications includes the market for distributing software applications that can be downloaded on iOS Devices for managing such functions as ringtones, instant messaging, photographic and video capability, gaming and other entertainment, Internet applications, and any other downloadable software-driven functions, and also includes the market for in-app purchases for iOS Devices such as additional app features, in-game currency, and subscriptions for access to content, services, games or platforms and similar purchases which can be made by a user from within an application.

77. The applications aftermarket came into existence immediately upon the sale of the first iPhones because: (a) the applications aftermarket for iOS Devices is derivative of the iPhone; and (b) no Plaintiff or member of the Class agreed to any restrictions on their ability to access a competitive iPhone applications aftermarket.

**COUNT I**
**Unlawful Monopolization Of The Applications Aftermarket**
**In Violation Of Section 2 Of The Sherman Act**
**(Seeking Damages And Equitable Relief)**

78. Plaintiffs reallege and incorporate paragraphs 1 through 75 above as if set forth fully herein.

79. Apple has acquired monopoly power in the iOS applications aftermarket through unlawful, willful acquisition and maintenance of that power. Specifically, Apple has unlawfully acquired monopoly power by: (a) designing the iOS Devices operating system as a closed system and installing security measures and program locks for the specific purpose of preventing Third Party App downloads; (b) establishing the App Store as the exclusive worldwide distributor of

**ER-837**

iOS apps; and (c) enforcing the App Store's monopoly status by terminating or threatening to terminate apps developers who sell apps in competition with Apple and by voiding the warranties of iOS Devices consumers who buy competing apps.

80.   Apple's unlawful acquisition of monopoly power has reduced output and competition and resulted in increased, supracompetitive prices for products sold in the iOS applications aftermarket and, thus, harms competition generally in that market.

81.   Plaintiffs have been injured in fact by Apple's unlawful monopolization because they have been: (a) deprived of lower cost alternatives for apps; (b) forced to pay supracompetitive prices for apps; and/or (c) subjected to a lower output and supply of apps.

82.   Apple's unlawful monopolization of the iOS applications aftermarket violates Section 2 of the Sherman Act, and its unlawful monopolization practices are continuing and will continue unless they are permanently enjoined.  Plaintiffs and members of the Class have suffered economic injury to their property as a direct and proximate result of Apple's unlawful monopolization, and Apple is therefore liable for treble damages, costs, and attorneys' fees in amounts to be proved at trial.

**COUNT II**
**Attempted Monopolization Of The Applications Aftermarket In**
**Violation Of Section 2 Of The Sherman Act**
**(Seeking Damages And Equitable Relief)**

83.   Plaintiffs reallege and incorporate paragraphs 1 through 80 above as if set forth fully herein.

84.   Defendant Apple has engaged in exclusionary, predatory and anticompetitive conduct with a specific intent to monopolize the iOS applications aftermarket.  Specifically, Apple has attempted unlawfully to acquire monopoly power by: (a) designing the iOS Devices operating system as a closed system and installing security measures and program locks for the specific purpose of preventing Third Party App downloads; (b) establishing the App Store as the exclusive worldwide distributor of iOS apps; and (c) enforcing the App Store's unlawfully acquired market position by terminating or threatening to terminate apps developers who sell apps in competition with Apple and by voiding the warranties of iOS Devices consumers who buy competing apps.

ER-839

85.    Apple's anticompetitive actions have created a dangerous probability that Apple will achieve monopoly power in the applications aftermarket because Apple has already unlawfully achieved an economically significant degree of market power in that market and has effectively foreclosed new and potential entrants from entering the market or gaining their naturally competitive market shares.

86.    Apple's attempted acquisition of monopoly power has reduced output and competition and resulted in increased, supracompetitive prices for products sold in the iOS applications aftermarket and, thus, harms competition generally in that market.

87.    Plaintiffs have been injured in fact by Apple's attempted monopolization because they have been: (a) deprived of lower cost alternatives for apps; (b) forced to pay supracompetitive prices for apps; and/or (c) subjected to a lower output and supply of apps.

88.    Apple's attempted monopolization of the iOS applications aftermarket violates Section 2 of the Sherman Act, and its anticompetitive practices are continuing and will continue unless they are permanently enjoined.   Plaintiffs and members of the Class have suffered economic injury to their property as a direct and proximate result of Apple's attempted monopolization, and Apple is therefore liable for treble damages, costs, and attorneys' fees in amounts to be proved at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Apple as follows:

a.    Permanently enjoining Apple from monopolizing or attempting to monopolize the iOS applications aftermarket or, minimally, restraining Apple from selling or distributing iOS Devices without first obtaining the consumers' express contractual consent to (a) Apple's monopolization of and charging of monopoly prices in the iOS apps aftermarket, and (b) having their iOS Devices locked to accept only apps or purchased from Apple;

b.    Awarding Plaintiffs and the Class treble damages for injuries caused by Apple's violations of the federal antitrust laws;

c.    Awarding Plaintiffs and the Class reasonable attorneys' fees and costs; and

d.    Granting such other and further relief as the Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

DATED:  September 11 2020,    **WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**

_/s/ Rachele R. Byrd_
RACHELE R. BYRD

BETSY C. MANIFOLD
RACHELE R. BYRD
MARISA C. LIVESAY
BRITANY N. DeJONG
manifold@whafh.com
byrd@whafh.com
livesay@whafh.com
dejong@whafh.com
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**
MARK C. RIFKIN
MATTHEW M. GUINEY
rifkin@whafh.com
guiney@whafh.com
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677

_Plaintiffs' Interim Class Counsel_

**CALCATERRA POLLACK LLP**
MICHAEL LISKOW
mliskow@calcaterrapollack.com
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Telephone: (212) 899-1761
Facsimile: (332) 206-2073

_Counsel for Plaintiff Robert Pepper_

APPLE2/26561

[PROPOSED] THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT – C 11-06714 YGR
- 20 -

**ER-840**

RACHELE R. BYRD (190634)
byrd@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
MATTHEW M. GUINEY (*pro hac vice*)
guiney@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile:  212/545-4677

*Plaintiffs' Interim Class Counsel*

[Additional counsel appear on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| In re Apple iPhone Antitrust Litigation | Case No. 4:11-cv-06714-YGR |
|---|---|
| | **ORDER GRANTING STIPULATION** ~~AND [PROPOSED] ORDER~~ **CONSOLIDATING RELATED CONSUMER CASES FOR ALL PURPOSES** <br> **\*As Modified by the Court\*** <br><br> JUDGE:  Hon. Yvonne Gonzalez Rogers <br> CTRM:  1 – 4th Floor |

[Caption continues on the next page]

ORDER GRANTING STIP. ~~AND P.O.~~ CONSOLIDATING RELATED
CONSUMER CASES FOR ALL PURPOSES
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-02852-YGR

**ER-841**

EDWARD LAWRENCE,

      Plaintiff,

  vs.

APPLE INC.

      Defendant.

Case No. 4:19-cv-02852-YGR

ORDER GRANTING STIP. ~~AND P.O.~~ CONSOLIDATING RELATED
CONSUMER CASES FOR ALL PURPOSES
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-02852-YGR

**ER-842**

WHEREAS, in an effort to assure consistent rulings and decisions and to avoid unnecessary duplication of effort, Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Eric Terrell and Edward Lawrence (collectively, "Plaintiffs") and Defendant Apple Inc. ("Apple" or "Defendant") in the actions described below hereby enter into this Stipulation and [Proposed] Order Consolidating Related Cases for All Purposes ("Stipulation").

WHEREAS, on December 29, 2011, Plaintiffs Robert Pepper, Stephen H. Schwartz and Edward W. Hayter filed a complaint against Apple in the Northern District of California, Case No. 11-cv-06714 (the "*Pepper* Action") asserting violations of Section 2 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 2, for monopolization and attempted monopolization of the iPhone applications aftermarket (*Pepper* Action, ECF No. 1);

WHEREAS, on January 17, 2012, Plaintiffs Eric Terrell, James Blackwell and Crystal Boykin filed a complaint against Apple in the Northern District of California, Case No. 12-cv-00259 (the "*Terrell* Action") asserting substantially similar facts and the same claims as the *Pepper* Action (*Terrell* Action, ECF No. 1);

WHEREAS, on February 9, 2012, the Court issued an order finding that the *Terrell* Action was related to the *Pepper* Action (*Pepper* Action, ECF No. 11);

WHEREAS, on March 20, 2012, the Court issued an order consolidating the *Terrell* Action with the *Pepper* Action and designating the *Pepper* Action as the lead case. The consolidation order provided that all future filings shall bear the caption: "*In re Apple iPhone Antitrust Litigation*" (*Pepper* Action, ECF No. 25);

WHEREAS, on April 9, 2012, the Court appointed Wolf Haldenstein Adler Freeman & Herz LLP as Interim Class Counsel in *In re Apple iPhone Antitrust Litigation* (*Pepper* Action, ECF No. 34);

WHEREAS, on May 23, 2019, Plaintiff Edward Lawrence filed a complaint against Apple in the Northern District of California, Case No. 19-cv-02852 (the "*Lawrence*" Action") asserting substantially similar facts and the same claims as the *Pepper* Action (*Lawrence* Action, ECF No. 1);

WHEREAS, on June 12, 2019, the Court issued an order finding that the *Lawrence* Action was related to the *Pepper* Action (*Pepper* Action, ECF No. 145);

WHEREAS, on July 30, 2019, Apple filed its answer in the *Pepper* Action (*Pepper* Action, ECF No. 166);

WHEREAS, on August 19, 2019, Apple filed its answer in the *Lawrence* Action (*Lawrence* Action, ECF No. 21);

WHEREAS, the parties agree that the *Pepper* Action and the *Lawrence* Action should be consolidated for all purposes, including pretrial proceedings and trial;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED among the parties, through their respective counsel and subject to approval of the Court to the entry of an Order providing that:

1. The *Lawrence* Action shall be consolidated, for all purposes, including pretrial proceedings and trial, with and into the *Pepper* Action (the "Consolidated Consumer Action").

2. The Second Amended Consolidated Class Action Complaint filed in the *Pepper* Action is designated as the operative complaint (*Pepper* Action, ECF No. 111).

3. When a case that arises out of the subject matter of the Consolidated Consumer Action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action;

    b. ~~Mail~~ Provide a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. Make the appropriate entry in the docket for this action.

4. Each new case arising out of the subject matter of the Consolidated Consumer Action on behalf of any consumer plaintiff that is filed in this Court or transferred to this Court shall be consolidated with this Consolidated Consumer Action and this Order shall apply thereto, unless a party objecting to this Order, or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an

application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application. Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to use a separate complaint, defendant shall not be required to answer, plead, or otherwise move with respect to that complaint. If a plaintiff in any such case is permitted to use a separate complaint, the defendant shall have thirty (30) days from the date the Court grants such permission within which to answer, plead, or otherwise move with respect to that complaint.

5. The Clerk of the Court is directed to administratively close the *Lawrence* action (Case No. 19-cv-02852). All future filings shall be made in the *Pepper* action (Case No. 11-cv-06714).

**IT IS SO STIPULATED**

DATED: October 4, 2019    By:  */s/Rachele R. Byrd*
                                    RACHELE R. BYRD
                              **WOLF HALDENSTEIN ADLER**
                                **FREEMAN & HERZ LLP**
                              RACHELE R. BYRD
                              BRITTANY N. DEJONG
                              750 B Street, Suite 1820
                              San Diego, CA 92101
                              Telephone: 619/239-4599
                              Facsimile: 619/234-4599

                              **WOLF HALDENSTEIN ADLER**
                                **FREEMAN & HERZ LLP**
                              MARK C. RIFKIN (*pro hac vice*)
                              MATTHEW M. GUINEY(*pro hac vice*)
                              270 Madison Avenue
                              New York, New York 10016
                              Telephone: 212/545-4600
                              Facsimile: 212/545-4677

                              *Interim Class Counsel and*
                              *Attorneys for Plaintiffs Robert Pepper,*
                              *Stephen H. Schwartz, Edward W.*
                              *Hayter and Eric Terrell*

DATED: October 4, 2019    By:  */s/Joseph M. Alioto*
                                    JOSEPH M. ALIOTO

                              **ALIOTO LAW FIRM**
                              JOSEPH M. ALIOTO, SBN 42680
                              Theresa D. Moore, SBN 99978
                              Jamie L. Miller, SBN 271452
                              One Sansome Street, 35th Floor

ORDER GRANTING STIP. ~~AND P.O.~~ CONSOLIDATING RELATED
CONSUMER CASES FOR ALL PURPOSES
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-02852-YGR
- 3 -

San Francisco CA 94104
Telephone: (415) 434-8900

Jeffery K. Perkins (CSBN 57996)
**LAW OFFICE OF JEFFERY K. PERKINS**
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115
Email: jefferykperkins@aol.com

Lawrence G. Papale SBN 67068
**LAW OFFICES OF LAWRENCE G. PAPALE**
1308 Main Street #117
St. Helena, California 94574
Telephone: (707) 963-1704
E-mail: lgpapale@papalelaw.com

*Attorneys for Plaintiff Edward Lawrence*

DATED:  October 4, 2019        By:      */s/ Cynthia Richman*
**GIBSON, DUNN & CRUTCHER LLP**
THEODORE J. BOUTROUS JR. (SBN 132099)
tboutrous@gibsondunn.com
RICHARD J. DOREN (SBN 124666)
rdoren@gibsondunn.com
DANIEL G. SWANSON (SBN 116556)
dswanson@gibsondunn.com
MELISSA PHAN (SBN 266880)
mphan@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

CYNTHIA E. RICHMAN (D.C. Bar No. 492089;
appearance *pro hac vice*)
crichman@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8234
Facsimile:  202.530.9691

*Attorneys for Defendant Apple Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:'"Qevqdgt"4; ."423;        _____
THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

ORDER GRANTING STIP. ~~AND P.O.~~ CONSOLIDATING RELATED
CONSUMER CASES FOR ALL PURPOSES
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-02852-YGR
- 4 -

## DECLARATION REGARDING CONCURRENCE

I, Rachele R. Byrd, am the ECF user whose identification and password are being used to file this STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED CONSUMER CASES FOR ALL PURPOSES.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all of the signatories listed above have concurred in this filing.

DATED:  October 4, 2019                    **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

                                           */s/Rachele R. Byrd*
                                               RACHELE R. BYRD

APPLE2:25987

ORDER GRANTING STIP. ~~AND P.O.~~ CONSOLIDATING RELATED
CONSUMER CASES FOR ALL PURPOSES
Case Nos. 4:11-cv-06714-YGR, 4:19-cv-02852-YGR
- 5 -

**ER-847**

**JS 44** (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| **I. (a)  PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, and Harry Bass, on behalf of themselves and all others similarly situated | Apple Inc. |

| **(b)** County of Residence of First Listed Plaintiff  Cook County, IL<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant     Santa Clara County, CA<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
|---|---|
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br><br>Francis M. Gregorek<br>Wolf Haldenstein Adler Freeman & Herz LLP<br>750 B St., Suite 2770, San Diego, CA 92101<br>Tel: 619/239-4599 Fax: 619/234-4599 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | or Defendant) | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | 26 USC 7609 | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 2

Brief description of cause:
Unlawful monopolization of the iPhone Applications Aftermarket and the iPhone Voice and Data Services Aftermarket

**VII. REQUESTED IN COMPLAINT:**    ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $**    CHECK YES only if demanded in complaint:    **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".    In re Apple & AT&TM Antitrust Litigation, Case No. 07-CV-5152 JW

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)**    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE    ☐ EUREKA

| DATE<br>December 29, 2011 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|



FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

MARK C. RIFKIN (*pro hac vice pending*)
rifkin@whafh.com
ALEXANDER H. SCHMIDT (*pro hac vice pending*)
schmidt@whafh.com
MICHAEL LISKOW (243899)
liskow@whafh.com
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4677

Plaintiffs' Counsel

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSICO DIVISION

ROBERT PEPPER, STEPHEN H. SCHWARTZ, EDWARD W. HAYTER, and HARRY BASS on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

APPLE INC.,

Defendant.

CV11   6714

) CLASS ACTION COMPLAINT
)
)
)
)
)
)
)
)
)
)
) DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT

Plaintiffs Robert Pepper, Stephen H. Schwartz, Edward W. Hayter and Harry Bass ("Plaintiffs"), for their class action complaint, allege upon personal knowledge as to themselves and their own actions, and upon information and belief, including the investigation of counsel, as follows:

### NATURE OF ACTION

1.      This is an antitrust class action pursuant to section 2 of the Sherman Antitrust Act of 1890, 15 U.S.C. § 2 (2004) (the "Sherman Act"), brought by Plaintiffs on their own behalf and on behalf of a class of persons similarly situated, those being persons who purchased an Apple iPhone from Defendant Apple Inc. ("Apple") or non-party AT&T Mobility, LLC ("ATTM"), or elsewhere, and then purchased wireless voice and data services or applications for the iPhone from December 29, 2007 through February 3, 2011 (the "Class Period")

A.      **Summary Of Material Facts**

2.      Apple launched its iPhone on or about June 29, 2007.  Prior to launch, Apple entered into a secret five-year contract with ATTM that established ATTM as the exclusive provider of cell phone voice and data services for iPhone customers through some time in 2012 ("Exclusivity Agreement").  As part of the contract, Apple shared in ATTM's revenues and profits with respect to the first generation of iPhones launched, known as the iPhone 2G, which was a unique arrangement in the industry.  The Plaintiffs and other class members who purchased iPhones did not agree to use ATTM for five years.  Apple's undisclosed five-year Exclusivity Agreement with ATTM, however, effectively locked iPhone users into using ATTM for five years, contrary to those users' knowledge, wishes and expectations.

3.      To enforce ATTM's exclusivity, Apple, among other things, programmed and installed software locks on each iPhone it sold that prevented the purchaser from switching to another carrier that competed with ATTM in the cell phone voice and data services industry. Under an exemption to the Digital Millennium Copyright Act of 1998, 17 U.S.C. § 1201, *et seq.* (2008) (the "DMCA"), cell phone consumers have an absolute legal right to modify their phones to use the network of their carrier of choice.  Apple has prevented iPhone customers from `exercising that legal right by locking the iPhones and refusing to give customers the software

CLASS ACTION COMPLAINT
                            - 1 -

codes needed to unlock them.

4.    Under its Exclusivity Agreement with ATTM, Apple retained exclusive control over the design, features and operating software for the iPhone.  To enhance its iPhone-related revenues, Apple enabled the creation of numerous software programs called "applications," such as ringtones, instant messaging, Internet access, gaming, entertainment, video and photography enabling software that can be downloaded and used by iPhone owners.

5.    In March 2008, Apple released a "software development kit" ("SDK") for the stated purpose of enabling independent software developers to design applications for use on the iPhone.  For an annual fee of $99, the SDK allows developers to submit applications to be distributed through Apple's applications market, the "iTunes App Store."  If the application is not made available for free in the App Store, Apple collects 30% of the sale of each application, with the developer receiving the remaining 70%.  On information and belief, throughout the Class Period, Apple refused to "approve" any application by a developer who did not pay the annual fee, or agree to Apple's apportionment scheme.  Apple also unlawfully discouraged iPhone customers from downloading competing applications software (hereafter "Third Party Apps") by telling customers that Apple would void and refuse to honor the iPhone warranty of any customer who downloaded Third Party Apps.

6.    iPhone consumers were not provided a means by which they could download Third Party Apps that were not approved by Apple for sale on the App Store.

7.    Through these actions, Apple has unlawfully stifled competition, reduced output and consumer choice, and artificially increased prices in the aftermarkets for iPhone voice and data services and for iPhone software applications.

B.    **Summary Of Claims**

8.    In pursuit and furtherance of its unlawful anticompetitive activities, Apple (a) failed to obtain iPhone consumers' contractual consent to the five-year Exclusivity Agreement between Apple and ATTM, the effect of which was to lock consumers into using ATTM as their voice and data service provider, even if they wished to discontinue their use of ATTM service; (b) failed to obtain iPhone consumers' contractual consent to having their iPhones "locked" to only accept

CLASS ACTION COMPLAINT

- 2 -

ATTM Subscriber Identity Modules ("SIM cards"), thereby preventing iPhone purchasers from using any cell phone voice and data service provider other than ATTM; (c) failed to obtain iPhone consumers' contractual consent to make unavailable to them the "unlock code" that would enable the consumers to use a service other than ATTM, even though ATTM routinely provides such unlock codes for other types of cell phones; and (d) failed to obtain iPhone consumers' contractual consent to Apple prohibiting iPhone owners from downloading Third Party Apps.

9.    Apple violated section 2 of the Sherman Act by conspiring with ATTM to monopolize the aftermarket for voice and data services for iPhones in a manner that harmed competition and injured consumers by reducing output and increasing prices in that aftermarket.

10.    Apple also violated section 2 of the Sherman Act by monopolizing or attempting to monopolize the software applications aftermarket for iPhones in a manner that harmed competition and injured consumers by reducing output and increasing prices for those applications.

11.    Plaintiffs seek declaratory and injunctive relief, treble and exemplary damages, costs and attorneys' fees. As for equitable relief, Plaintiffs seek an order: (a) restraining Apple from selling iPhones that are programmed in any way to prevent or hinder consumers from unlocking their SIM cards or from downloading Third Party Apps; (b) requiring Apple to provide the iPhone SIM unlock codes to members of the class and other iPhone consumers immediately upon request; and (c) restraining Apple from selling or distributing locked iPhones without adequately disclosing the fact that they are locked to work only with ATTM SIM cards and without obtaining the consumers' contractual consent to have their iPhones locked.[1]

---

[1]    Apple has released five models of the iPhone to date. From the earliest to most recent, the models are the iPhone 2G, the iPhone 3G, the iPhone 3GS, the iPhone 4 and the iPhone 4S. Apple created the first three iPhones to operate only on the ATTM wireless network, as part of the Exclusivity Agreement. One version of the iPhone 4 is locked to work only on ATTM's network, while another version, which was released on February 3, 2011, works on Verizon's network. The iPhone 4S is designed to be able to operate on *any* domestic carrier's network. Despite this, Apple and ATTM *still refuse* to unlock any iPhone 4S purchased by an ATTM customer.

CLASS ACTION COMPLAINT

- 3 -

## THE PARTIES

12.	Plaintiff Robert Pepper is an individual residing in Chicago, Illinois who, on or about June 29, 2007, purchased an iPhone and paid for ATTM voice and data service for his iPhone at ATTM's stated rates during the Class Period.

13.	Plaintiff Stephen H. Schwartz is an individual residing in Ardsley, New York who, in October 2010, purchased an iPhone and paid for ATTM voice and data service for his iPhone at ATTM's stated rates during the Class Period.

14.	Plaintiff Edward W. Hayter is an individual residing in Brooklyn, New York who, in March 2008, purchased an iPhone and paid for ATTM voice and data service for his iPhone at ATTM's stated rates during the Class Period.

15.	Plaintiff Harry Bass is an individual residing in Brooklyn, New York, who, in December 2008, purchased an iPhone and paid for ATTM voice and data service for his iPhone at ATTM's stated rates during the Class Period.

16.	Defendant Apple is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014. Apple regularly conducts and transacts business in this District, as well as throughout Illinois, New York and elsewhere in the United States. Apple manufactures, markets, and sells the iPhone, among other electronic devices.

## JURISDICTION AND VENUE

17.	This Court has federal question jurisdiction pursuant to the Sherman Act, the Clayton Antitrust Act of 1914, 15 U.S.C. § 15 and pursuant to 26, 28 U.S.C. §§ 1331 and 1337.

18.	This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because sufficient diversity of citizenship exists between parties in this action, the aggregate amount in controversy exceeds $5,000,000, and there are 100 or more members of the proposed class.

19.	Venue is proper in this District pursuant to 28 U.S.C. § 1391 because some Plaintiffs purchased iPhones in this District, Apple has its principal place of business in this District, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here, and Apple is a corporation subject to personal jurisdiction in this District and, therefore, resides here for venue purposes.

CLASS ACTION COMPLAINT

- 4 -

20. Each Plaintiff and member of the Class, in order to activate their iPhone, was required to download and install iTunes software provided by Apple. In order to use this program, Plaintiffs and all other members of the Class were required to accept the "iTunes Store Terms and Conditions" (the "Terms"). The Terms state, in pertinent part, that "You expressly agree that exclusive jurisdiction for *any claim or dispute with Apple* or relating in any way to your use of the iTunes Service resides in the courts in the State of California." (emphasis added) (available at http://www.apple.com/legal/itunes/us/terms.html#GIFTS).

## FACTUAL ALLEGATIONS

### A. Plaintiffs' Injuries

21. In Spring 2007, Apple began a massive advertising campaign to market their new wireless communication device, the iPhone. The iPhone was advertised as a mobile phone, iPod and "breakthrough" Internet communications device with desktop-class email, an "industry first" "visual voicemail," web browsing, maps and searching capability.

22. The iPhone debuted on June 29, 2007, and despite its hefty $499 or $599 price tag,[2] consumers waited in line to get their hands on one.

23. Pursuant to the secret Exclusivity Agreement between Apple and ATTM described more fully below, during the Class Period the iPhone was sold at both Apple's and ATTM's retail and online stores, among other places.

24. Apple and ATTM entered into a five-year exclusive service provider agreement, which on information and belief was originally scheduled to expire in 2012, although it appears to have been terminated early by Apple before February 2011, when Verizon began selling voice and data service for the iPhone.

25. Each Plaintiff purchased one or more iPhones. Each Plaintiff also purchased wireless voice and data services from ATTM for their iPhones.

26. Prior to Plaintiffs' purchases of their iPhones and ATTM voice and data services, Apple had not even disclosed – much less obtained the Plaintiffs' contractual consent to – either

---

[2] Initially, the 4GB iPhone 2G retailed for $499 and the 8GB iPhone 2G retailed for $599.

CLASS ACTION COMPLAINT

- 5 -

(a) the existence of Apple's five-year Exclusivity Agreement with ATTM, or (b) that Apple's five-year agreement would effectively lock Plaintiffs into using ATTM as their voice and data service provider for the duration of the five-year agreement. In fact, neither Apple's nor ATTM's sales or customer service representatives were told about the length of the secret Exclusivity Agreement.

27.    Prior to Plaintiffs' purchases of their iPhones and voice and data service, Apple had not disclosed – much less obtained Plaintiffs' contractual consent to – the fact (a) that Plaintiffs' iPhones were locked to only work with ATTM SIM cards, or (b) that the unlock codes would not be provided to them on request.

28.    On information and belief, ATTM provides unlock codes for cell phones other than the iPhone if requested by a consumer.

29.    Plaintiff Pepper wanted to have the option of switching to a competing domestic voice and data service provider other than ATTM.

30.    Plaintiff Schwartz would like the ability to unlock his SIM card for international travel and to switch to a competing domestic voice and data service provider other than ATTM.

31.    Plaintiff Hayter wanted to have the option of switching to a competing domestic voice and data service provider other than ATTM.

32.    Plaintiff Bass wanted to have the option of switching to a competing domestic voice and data service provider other than ATTM.

**B.    The Cell Phone Industry**

33.    Cellular telephone service began to be offered to consumers in 1983. Cellular telephones operate using radio frequency channels allocated by the Federal Communications Commission ("FCC"). Geographical service areas, sometimes known as "cells," are serviced by base stations using low-power radio telephone equipment, sometimes known as "cell towers." The cell towers connect to a Mobile Telephone Switching Office ("MTSO"), which controls the switching between cell phones and land line phones, accessed through the public-switched telephone network, and to other cell telephones.

34.    In cellular service there are two main competing network technologies: Global

CLASS ACTION COMPLAINT
- 6 -

System for Mobile Communications ("GSM") and Code Division Multiple Access ("CDMA"). GSM is the product of an international organization founded in 1987 dedicated to providing, developing, and overseeing a worldwide wireless standard. CDMA is an alternative technological platform, developed by Qualcomm, Inc., used in much of North America and parts of Asia.

35.    To enable cell phones to send and receive emails, stream video and provide other services requiring higher data transfer speeds, both CDMA and GSM carriers adopted technologies to comply with what the industry refers to as "3rd or 4th generation," or "3G" or "4G" standards. These technologies require the cell phone to operate on a separate 3G or 4G network. The ATTM services provided to users of the first-generation iPhone were on ATTM's 2G network, whereas later versions of the iPhone operate on 3G and 4G networks.

36.    While there are a number of cellular phone service providers in the United States, only four have substantial national networks: ATTM, T-Mobile USA, Inc. ("T-Mobile"), Sprint Corporation ("Sprint"), and Cellco Partnership d/b/a Verizon Wireless ("Verizon") (collectively, the "Major Carriers"). Other suppliers may in effect be "resellers" of cellular telephone service which they purchase from the Major Carriers. ATTM and T-Mobile operate GSM networks, while Sprint and Verizon operate CDMA networks.

37.    ATTM and the other wireless carriers have long dominated and controlled the cell phone industry in the United States in a manner that, according to a *Wall Street Journal* article, "severely limits consumer choice, stifles innovation, crushes entrepreneurship, and has made the U.S. the laughingstock of the mobile-technology world, just as the cellphone is morphing into a powerful hand-held computer." Walter S. Mossberg, *Free My Phone*, WALL STREET JOURNAL, Oct. 22, 2007, at R3, col. 1.

38.    Unlike the personal computer market in general – where computer manufacturers and software developers can offer products directly to consumers without having to gain the approval of Internet service providers, and without paying those providers a penny – the wireless carriers have used their ability to grant or deny access to their wireless networks to control both the type of cell phone hardware and software that can be manufactured and to extract payments from manufacturers granted access to their networks and customers. *Id.*

CLASS ACTION COMPLAINT

- 7 -

39.    The anticompetitive nature of the wireless telephone market the carriers have created and facilitated gave rise to the commercial context in which Apple was able to commit the wrongs and offenses alleged herein.

C.    **The Cell Phone Industry's History Of Misusing Locked SIM Cards**

40.    In the United States, as a general rule, only GSM phones use SIM cards. The removable SIM card allows phones to be instantly activated, interchanged, swapped out and upgraded, all without carrier intervention. The SIM card itself is tied to the network rather than the actual phone. Phones that are SIM card-enabled generally can be used with any GSM carrier.

41.    Thus, the hardware of all GSM compatible cell phones give consumers some degree of choice to switch among GSM carriers' wireless networks by enabling them to replace their SIM card, a process that the average individual consumer easily can do with no training by following a few simple instructions in a matter of minutes. SIM cards are very inexpensive, now typically costing a few dollars. When the card is changed to the SIM card of another carrier, the cell phone is immediately usable on the other carrier's network. To switch from ATTM to T-Mobile, or the other way around, all that is required is this simple change of the SIM card.

42.    For telephone users who travel, particularly to Europe, the ability to change SIM cards to a European carrier such as Orange, Vodaphone or TIM, allows the user of a GSM American phone to "convert it" to a "local" phone in the country where they have traveled. Absent a conversion to local service, a consumer using an American GSM cell phone abroad must pay both for the American service and for "roaming" charges, that is, the right to call or retrieve data from outside of the customer's primary calling area. Roaming charges are typically very high, often a dollar or more a minute. As a result, U.S.-based cell phone users traveling abroad can yield very substantial savings by switching the SIM card and paying for local service rather than using the U.S.-based GSM carrier.

43.    In an effort to minimize consumers' ability to switch carriers or avoid roaming charges by simply switching SIM cards, the Major Carriers, acting in concert through trade associations and standards setting organizations such as the CDMA Development Group, the Telecommunications Industry Association, the Third Generation Partnership Project, the Alliance

CLASS ACTION COMPLAINT

- 8 -

for Telecommunications, the Open Mobile Alliance, the CSM Association, the Universal Wireless Communications Consortium, and the Cellular Telephone Industry Association, and otherwise, agreed to implement "Programming Lock" features which effectively "locked" individual handsets so that they could not be used without the "unlocking" code. GSM carriers obtain a locking code (normally only six digits long) unique to each cell phone from the cell phone manufacturer. Absent obtaining the unlocking code from their GSM carrier, consumers who purchase a telephone manufactured to work with one of the two GSM Major Carriers can not switch to another carrier, even temporarily while traveling abroad, without buying an entirely new phone.

44. The two GSM carriers, ATTM and T-Mobile, adopted a SIM-lock standard that locked each GSM phone to a particular SIM card, thereby preventing consumers from simply changing their SIM cards to switch carriers. However, throughout the Class Period both T-Mobile and ATTM (for cell phones other than the iPhone) typically unlocked SIM cards on request for international travel, or even if customers wanted to cancel their accounts and switch to another carrier. In most cases, the unlock code was given on request, almost instantly, over the telephone.

45. Accordingly, ATTM unlocked SIM cards on telephones sold exclusively through them, such as the Blackberry Torch and the Samsung Blackjack. There is but one exception: the iPhone. Even today, ATTM refuses to provide the unlock code for iPhones for international travel or otherwise.[3] On information and belief, that is because, as described more fully below, Apple and ATTM unlawfully agreed as part of the Exclusivity Agreement that the iPhone would not be unlocked under any circumstances.

**D.    Apple's Misuse Of Other Locked Program Codes**

46. The iPhone operating system also contains "security measures" which are, in effect, Program Locks designed to restrict the consumer from using programs or services on the iPhone other than those sanctioned by, and which generate revenue for, Apple. By design, Apple

---

[3]    Despite the fact that the iPhone 4S can be operated on either a GSM or CDMA network, ATTM appears to still refuse to provide unlock codes for any iPhones.    *See* http://www.att.com/ esupport/article.jsp?sid=55002&cv=820&title=What+is+the+unlock+code+for+my+phone%3F#f bid=s-46_WT1tko ("iPhone(R) cannot be unlocked, even if you are out of contract.").

CLASS ACTION COMPLAINT
- 9 -

programmed the iPhone in a manner that prevented iPhone purchasers from downloading any Third Party Apps offered by software manufacturers who did not share their revenues with Apple or pay a fee to Apple to sell through iTunes.

47.    However, because of the design of the Apple operating system, which is based on the widely available Unix platform, Apple's initial efforts to eliminate Third Party Apps and to prevent iPhone customers from unlocking their SIM cards were ineffective, as clever consumers and programmers of Third Party Apps quickly circumvented Apple's locking codes and made both "unlocked" iPhones and "unlocking" software for iPhones available for sale on the Internet.

**E.    Apple Knows It Cannot Legally Prevent Consumers From Unlocking iPhones**

48.    Several years ago, the Major Carriers were subject to lawsuits that sought to impose liability based on the existence of Program Locks.  Carriers had claimed that Program Locks were necessary to protect their copyrighted intellectual property and claimed then, as Apple has done, that the reason for the locks was to benefit consumers and protect against fraud.  Carriers had also sought to assert that under the terms of the DMCA, disabling the Program Locks or unlocking a SIM card would be a violation of law.

49.    The DMCA was enacted in 1998 to prohibit third parties from circumventing technological measures (called "access controls") that copyright owners had employed to control access to their protected intellectual property.  However, in November 2006, the Librarian of Congress, who by statute has authority to create exemptions to the restrictions in § 1201 of the DMCA to ensure the public is able to engage in noninfringing uses of copyrighted works, announced a three-year exemption from the prohibition against circumvention of access controls for "[c]omputer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network."  The exemption stemmed for a recommendation by the Register of Copyrights, which concluded that "the access controls [on cell phones] do not appear to actually be deployed in order to protect the interests of the copyright owner or the value or integrity of the copyrighted work; rather, *they are used by wireless carriers to limit the ability of subscribers to switch to other carriers, a business*

CLASS ACTION COMPLAINT

*decision that has nothing whatsoever to do with the interests protected by copyright.*" 71 Fed. Reg. 68472, 68476 (Nov. 27, 2006).

50. In 2009, the Librarian of Congress extended the initial three-year exemption applicable to cell phone access controls on an interim basis. 74 Fed. Reg. 55138, 55139 (Oct. 27, 2009). On July 27, 2010, the Librarian of Congress issued a final rule to this effect. 75 Fed. Reg. 43825, 43832 (July 27, 2010).

51. Because Apple was unable to enforce its SIM card Program Locks through legal means, it engaged in a scheme to enforce them unlawfully as to the iPhone.

## F.    The Apple – ATTM Exclusivity Agreement

52. On January 9, 2007, a little over a month after the initial adverse Librarian of Congress ruling, Apple announced that it had entered into an exclusive agreement making ATTM the only authorized provider of wireless voice and data services for iPhones in the United States. Apple did not announce that the duration of that exclusive agreement was five years.

53. While the terms of that Exclusivity Agreement and any related agreements (collectively, the "Agreement") still have not been made public, some rumored details emerged. First, ATTM and Apple agreed to share ATTM's voice service and data service revenue received from iPhone customers. This was a unique arrangement in the industry and gave Apple strong motivation to force iPhone consumers to continue purchasing voice and data services from ATTM for as long as possible.

54. Second, while ATTM offered iPhone purchasers industry standard monthly voice and data service that could be terminated at any time prior to two years for a fee, Apple had secretly agreed to give ATTM iPhone exclusivity for five years, so that iPhone customers would have no choice but to continue purchasing voice and data services from ATTM until sometime in 2012 in order for their iPhone to continue to operate – even if the customers wanted to terminate their ATTM service early to switch to a less expensive carrier, such as T-Mobile in the United States.

55. Third, on information and belief, Apple and ATTM agreed to enforce ATTM's exclusivity by installing SIM card Program Locks on all iPhones and agreeing never to disclose

CLASS ACTION COMPLAINT

- 11 -

the unlock codes to iPhone consumers who wished to replace the iPhone SIM card, either for international travel or to lawfully switch to another carrier.

56.   Fourth, the Agreement allowed Apple to control the features, content, software programming and design of the iPhone.

57.   Fifth, since both Apple and ATTM recognized that the iPhone would create a unique product for which consumers would pay a premium price compared to other cell phones, the pricing structure of the ATTM exclusivity deal was different than a typical agreement between a carrier and a handset manufacturer. Typically, the carrier subsidizes the purchase price of the handset (that is, sells the cell phone to the consumer at a substantial discount off the list price) in return for the consumer purchasing wireless service from the carrier for a period of time. This arrangement, the carriers argue, benefits the consumer by lowering the cell phone's price. The carriers, however, charge an early termination fee if consumers wish to discontinue their purchase of wireless service prior to the agreed upon length of time, which fee the carriers argue is justified by their subsidization of the cell phone price. Upon termination, the cell phone customer can obtain cell phone service from any carrier using the same network protocol (*i.e.*, GSM or CDMA).

58.   In Apple's and ATTM's Agreement, ATTM did not agree to subsidize the purchase of the iPhone handset initially but nevertheless still charged iPhone consumers a fee for terminating their voice and data service within the first two years. The early termination fee by ATTM was not justifiable absent subsidization of the handset price. The benefits of the termination fee were also illusory because even those iPhone consumers who discontinued their ATTM voice and data services by paying the early termination fee were prevented from obtaining wireless service for their iPhone from one of ATTM's competitors domestically or abroad.

59.   Sixth, on information and belief, ATTM and Apple agreed that they would take action, legal or otherwise, to prevent users from circumventing the SIM card locks. A central purpose of this agreement was to suppress lawful competition domestically by T-Mobile against ATTM in the iPhone aftermarket for voice and data services.

60.   Finally, on information and belief, Apple and ATTM agreed that Apple would be restrained for a period of time from developing a CDMA version of the iPhone to suppress

CLASS ACTION COMPLAINT

- 12 -

competition by Sprint and Verizon. Apple and ATTM agreed to this restraint notwithstanding that Apple could easily develop an iPhone for use on CDMA networks. In fact, Apple originally approached Verizon to be the iPhone exclusive service provider before Apple approached ATTM.

61. None of the above details of the Exclusivity Agreement were disclosed to purchasers of the iPhone, by representatives of Apple and ATTM or otherwise. Nor did any iPhone purchaser ever contractually consent to any of those terms upon purchasing their iPhone.

62. On information and belief, Apple and ATTM ceased sharing ATTM's revenues, and reverted to a more traditional carrier-handset manufacturer arrangement whereby ATTM simply purchases the hand-sets from Apple without kicking back its future revenues to Apple, with respect to the iPhone 3G, iPhone 3GS, iPhone 4 and iPhone 4S. Apple and ATTM, however, continued to abide by and enforce the other anticompetitive terms of their Agreement, such as the Program Locks and their refusal to give consumers the unlock codes for their iPhones, in order to continue to suppress competition in the voice and data service aftermarket and to continue to enjoy the supracompetitive profits stemming from their Agreement.

**G. Apple And ATTM Quickly Faced Unwanted Competition In The iPhone Aftermarkets**

63. Almost immediately after the iPhone 2G was launched, Third Party Apps for the iPhone started to appear that generated competition for Apple in the applications aftermarket and for ATTM in the cellular voice and data service aftermarket. For example, Mobile Chat and FlickIM gave iPhone users access to instant messaging programs from which Apple derived no revenues.

64. Apple also faced competition for iPhone ringtones. When a customer purchased a song for $1 from the Apple iTunes store, Apple charged the customer an additional 99 cents to convert any portion of that song into a ringtone. A number of competing programmers promptly offered a variety of ringtone programs that enabled iPhone consumers to download both for free. Some of these programs allowed customers to use samples of popular songs lawfully downloaded from Apple's iTunes store as a ringtone for their iPhone. Other programs, such as I-Toner from Ambrosia Software, and iPhone RingToneMaker from Efiko software, allowed customers to "clip" portions of songs purchased by them from iTunes for use as ringtones.

CLASS ACTION COMPLAINT

- 13 -

65. Since many of these programs used songs downloaded from iTunes, Apple initially sought to block the use of those songs as ringtones by updating the iTunes software to install Program Locks that would interfere with such use. However, those efforts were all quickly defeated by third party programmers, sometimes within hours of the release of the update.

66. The availability of Third Party Apps for iPhones reduced Apple's share of the iPhone aftermarket for ringtones and other applications and greatly reduced or threatened to reduce Apple's expected supracompetitive revenues and profits in that aftermarket.

67. The availability of SIM card unlocking solutions took a little longer and was more complicated. Initially, some customers sought to evade the program lock by altering the hardware. In August 2007, a high-school student announced the first "hardware unlocked" iPhone on YouTube. Shortly thereafter, software unlocks were developed and an explosion of unlock solutions, both free and for a fee, appeared on the Internet. Many of the solutions involved a small change in the software, in some cases in as little as two bytes of code.

68. The availability of SIM card unlocking solutions enabled iPhone customers to lawfully terminate their ATTM voice and data service if they were unhappy with ATTM's service and switch to T-Mobile in the United States, and it enabled iPhone customers to avoid ATTM's excessive international roaming charges by replacing the ATTM SIM card with a local carrier's SIM card while traveling.

69. The availability of SIM card unlocking solutions reduced ATTM's and Apple's share of the iPhone voice and data services aftermarket and threatened to reduce the supra competitive revenues and profits they conspired to earn.

## CLASS ALLEGATIONS

70. Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated for the purpose of asserting claims alleged in this Complaint on a common basis. Plaintiffs' proposed class (hereinafter the "Class") is defined under Federal Rules of Civil Procedure 23(b)(2) and (3), and Plaintiffs propose to act as representatives of the following class comprised of:

> **All persons, exclusive of Apple and its employees, who purchased an iPhone anywhere in the United States at any time, and who then also paid for voice**

CLASS ACTION COMPLAINT

- 14 -

and data service from ATTM or purchased applications from Apple from December 29, 2007 through February 3, 2011 (the "Class Period").

71. The Class for whose benefit this action is brought are so numerous that joinder of all members is impractical.

72. Plaintiffs are unable to state the exact number of class members without discovery of Apple and ATTM's records but, on information and belief, state that tens of millions of iPhones were sold for use on the ATTM network during the Class Period.

73. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The common questions of law and fact affecting the rights of all members of the Class include the following:

      a. Whether Apple failed to obtain consumers' contractual consent to the fact that Apple had entered into the five-year Exclusivity Agreement with ATTM whereby consumers would be unable to switch to a competing voice and data service provider during the period of the Exclusivity Agreement;

      b. Whether Apple failed to obtain consumers' contractual consent to the fact that the iPhones would be locked to only accept ATTM SIM cards;

      c. Whether Apple failed to obtain consumers' contractual consent to the fact that they would not provide consumers with the unlock codes for their iPhones so that the iPhones could be used with non-ATTM SIM cards;

      d. Whether Apple failed to obtain consumers' contractual consent to the fact that Apple would seek to prohibit iPhone owners from downloading Third Party Apps;

      e. Whether Apple violated section 2 of the Sherman Act by monopolizing or attempting to monopolize the aftermarket for iPhone software applications; and

      h. Whether Apple violated section 2 of the Sherman Act by conspiring to monopolize the aftermarket for iPhone wireless voice and data services.

74. Each of these enumerated commons questions of law and fact is identical for each and every member of the Class.

CLASS ACTION COMPLAINT

- 15 -

75. Plaintiffs are members of the Class they seek to represent, and their claims arise from the same factual and legal basis as those of the Class; they assert the same legal theories as do all Class members.

76. Plaintiffs will thoroughly and adequately protect the interests of the Class, having obtained qualified and competent legal counsel to represent themselves and those similarly situated.

77. The prosecution of separate actions by individual class members would create a risk of inconsistent adjudications and would cause needless expenditure of judicial resources.

78. Plaintiffs are typical of the Class in that their claims, like those of the Class, are based on the same unconscionable business practices, and the same legal theories.

79. Apple has acted on grounds generally applicable to the Class.

80. A class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

## RELEVANT MARKET ALLEGATIONS

81. The iPhone is a unique, premium priced product that generates a unique aftermarket for voice and data services and software applications that can be used only on iPhones. During at least the Class Period, the price of iPhones was not responsive to an increase in iPhone service or application prices because (a) consumers who purchased an iPhone could not, at the point of sale, reasonably or accurately inform themselves of the "lifecycle costs" (that is, the combined cost of the handset and its required services, parts and applications over the iPhone's lifetime), and (b) consumers were "locked into" the iPhone due to its high price tag and would incur significant costs to switch to another handset. The aftermarkets for iPhone voice and data services and applications are thus economically distinct product markets, and the service and application products that are sold within those markets had no acceptable substitutes. The geographic scope of the iPhone voice and data services and applications aftermarkets are national.

82. The aftermarkets for iPhone services and applications include: (a) the aftermarket for wireless voice and data services (the "iPhone Voice and Data Services Aftermarket"), and (b) the aftermarket for software applications that can be downloaded on the iPhone for managing

CLASS ACTION COMPLAINT

- 16 -

such functions as ringtones, instant messaging, photographic capability and Internet applications (the "Applications Aftermarket").

83.    The iPhone Voice and Data Services Aftermarket came into existence immediately upon the sale of the first iPhones, because (a) the iPhone Voice and Data Services Aftermarket is derivative of the iPhone market; (b) no Plaintiff or member of the Class contractually agreed to permit Apple to impose any restrictions in this aftermarket; (c) the Plaintiffs and members of the Class were entitled to terminate service with ATTM at any time upon payment of a termination fee; and (d) no Plaintiffs or members of the Class agreed with anyone to not purchase and use voice and data services from providers other than ATTM.

84.    Similarly, the Applications Aftermarket came into existence immediately upon the sale of the first iPhones because (a) the Applications Aftermarket is derivative of the iPhone market; and (b) no Plaintiff or member of the Class agreed to any restrictions on their access to the Applications Aftermarket.

**COUNT 1**
**Unlawful Monopolization of the Applications Aftermarket**
**in Violation of Section 2 of the Sherman Act**
**(Seeking Damages and Equitable Relief)**

85.    Plaintiffs reallege and incorporate paragraphs 1 through 84 above as if set forth fully herein.

86.    Apple has acquired monopoly power in the iPhone Applications Aftermarket through unlawful willful acquisition or maintenance of that power.  Specifically, Apple has unlawfully acquired monopoly power by:  (a) "approving" only applications that generate revenues for Apple, and/or that are submitted to Apple for approval after the developer pays Apple an annual fee of $99; (b) discouraging iPhone customers from using competing Third Party Apps by spreading misinformation; and (c) programming the iPhone operating system in a way that prevents iPhone customers from downloading Third Party Apps, disables Third Party Apps and/or disables or destroys the full functionality of the iPhones of users who download Third Party Apps.

87.    Apple's unlawful acquisition of monopoly power has reduced output and competition and resulted in increased prices for products sold in the iPhone Applications Aftermarket and, thus, harms competition generally in that market.

CLASS ACTION COMPLAINT
- 17 -

88.    Plaintiffs have been injured in fact by Apple's unlawful monopolization because they have (a) been deprived of lower cost alternatives for applications, (b) been forced to pay higher prices for Apple "approved" applications, and/or (c) had their iPhones disabled or destroyed.

89.    Apple's unlawful monopolization of the iPhone Applications Aftermarket violates section 2 of the Sherman Act, and its unlawful monopolization practices are continuing and will continue unless they are permanently enjoined. Plaintiffs and members of the Class have suffered economic injury to their property as a direct and proximate result of Apple's unlawful monopolization, and Apple is therefore liable for treble damages, costs and attorneys' fees in amounts to be proved at trial.

## COUNT II
### Attempted Monopolization of the Applications Aftermarket in Violation of Section 2 of the Sherman Act
#### (Seeking Damages and Equitable Relief)

90.    Plaintiffs reallege and incorporate paragraphs 1 through 89 above as if set forth fully herein.

91.    Defendant Apple has engaged in exclusionary, predatory and anticompetitive conduct with a specific intent to monopolize the iPhone Applications Aftermarket. Specifically, Apple has attempted unlawfully to acquire monopoly power by (a) "approving" only applications that generate revenues for Apple, and/or that are submitted to Apple for approval after the developer pays Apple an annual fee of $99; (b) discouraging iPhone customers from using competing Third Party Apps by spreading misinformation; and (c) programming the iPhone operating system in a way that prevents iPhone customers from downloading Third Party Apps, disables Third Party Apps and/or disables or destroys the full functionality of the iPhones of users who download Third Party Apps. Apple did not have a legitimate business justification for any of these actions.

92.    Apple's anticompetitive actions have created a dangerous probability that Apple will achieve monopoly power in the Applications Aftermarket because Apple has already unlawfully achieved an economically significant degree of market power in that market and has

CLASS ACTION COMPLAINT

- 18 -

effectively foreclosed new and potential entrants from entering the market or gaining their naturally competitive market shares.

93.    Apple's attempted acquisition of monopoly power has reduced output and competition and resulted in increased prices for products sold in the iPhone Applications Aftermarket and, thus, harms competition generally in that market.

94.    Plaintiffs have been injured in fact by Apple's attempted monopolization because they have (a) been deprived of lower cost alternatives for applications, (b) been forced to pay higher prices for Apple "approved" applications, and/or (c) had their iPhones disabled or destroyed.

95.    Apple's attempted monopolization of the iPhone Applications Aftermarket violates section 2 of the Sherman Act and its anticompetitive practices are continuing and will continue unless they are permanently enjoined.    Plaintiffs and members of the Class have suffered economic injury to their property as a direct and proximate result of Apple's attempted monopolization, and Apple is therefore liable for treble damages, costs and attorneys' fees in amounts to be proved at trial.

**COUNT III**
**Conspiracy to Monopolize the iPhone Voice and Data Services Aftermarket**
**in Violation of Section 2 of the Sherman Act**
**(Seeking Damages and Equitable Relief)**

96.    Plaintiffs reallege and incorporate paragraphs 1 through 95 above as if set forth fully herein.

97.    Apple knowingly and intentionally conspired with ATTM with the specific intent to monopolize the iPhone Voice and Data Services Aftermarket.    In furtherance of the conspiracy, Apple and its co-conspirator agreed without Plaintiffs' knowledge or consent to make ATTM the exclusive provider of voice and data services for the iPhone for five years, contrary to Plaintiffs' reasonable expectations that they could switch at any time to another carrier in the first two years that they owned their iPhone after paying the $175 early termination fee, and without charge after that period.

98.    ATTM unlawfully achieved an economically significant degree of market power in the iPhone Voice and Data Services Aftermarket as a result of the conspiracy and effectively

CLASS ACTION COMPLAINT
- 19 -

foreclosed new and potential entrants from entering the market or gaining their naturally competitive market shares.

99.     Apple and ATTM's conspiracy reduced output and competition and resulted in increased prices in the iPhone Voice and Data Services Aftermarket and, thus, harmed competition generally in that market.

100.    Plaintiffs were injured in fact by Apple and ATTM's conspiracy because they were (a) deprived of alternatives for voice and data services domestically, and (b) forced to pay supracompetitive prices for iPhone voice and data services.

101.    Apple's conspiracy to monopolize the iPhone Voice and Data Services Aftermarket violated Section 2 of the Sherman Act and its anticompetitive practices are continuing and will continue unless they are permanently enjoined.  Plaintiffs and members of the Class have suffered economic injury to their property as a direct and proximate result of Apples' conspiracy, and Apple is therefore liable for treble damages, costs and attorneys' fees in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment against Apple as follows:

a.     Permanently enjoining Apple from selling locked iPhones that can only be used with ATTM SIM cards unless such information is adequately disclosed to consumers prior to sale;

b.     Ordering Apple to provide the unlock code upon request to all members of the Class who purchased an iPhone prior to the disclosures described above;

c.     Permanently enjoining Apple from monopolizing or attempting to monopolize the iPhone Applications Aftermarket;

d.     Permanently enjoining Apple from conspiring to monopolize the iPhone Voice and Data Services Aftermarket;

e.     Awarding Plaintiffs and the Class treble damages for injuries caused by Apple's violations of the federal antitrust laws;

f.     Awarding Plaintiffs and the Class reasonable attorneys' fees and costs; and

CLASS ACTION COMPLAINT

- 20 -

g.   Granting such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

DATED:  December 29, 2011

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT


FRANCIS M. GREGOREK

750 B. Street, Suite 2770
San Diego, California 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice pending*)
ALEXANDER H. SCHMIDT (*pro hac vice pending*)
MICHAEL LISKOW
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677
rifkin@whafh.com
schmidt@whafh.com
liskow@whafh.com

APPLE2/18595.CPL

CLASS ACTION COMPLAINT

- 21 -

ADRMOP,CONSOL,PRVADR,ProSe,REFDIS,RELATE,REOPEN,STAYED
## U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:11−cv−06714−YGR

In re Apple iPhone Antitrust Litigation
Assigned to: Hon. Yvonne Gonzalez Rogers
Referred to: Magistrate Judge Thomas S. Hixson
Relate Case Cases:  4:12−cv−05404−YGR
     5:07−cv−05152−JW
     4:19−cv−03074−YGR
     4:19−cv−03796−YGR
     4:20−cv−05640−YGR
     4:20−cv−07034−YGR
     4:20−cv−08733−YGR
     4:21−cv−08819−YGR
     4:22−cv−04437−YGR

Date Filed: 12/29/2011
Jury Demand: Both
Nature of Suit: 410 Anti−Trust
Jurisdiction: Federal Question

Case in other court:  USCA 9th Circuit, 14−15000
     U.S. Supreme Court, 17−00204
     9th circuit court of appeals, 25−07122

Cause: 15:2 Antitrust Litigation

**Plaintiff**

**Robert Pepper**

represented by **Betsy Carol Manifold**
Wolf Haldenstein Adler Freeman & Herz, LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239−4599
Fax: (619) 234−4599
Email: manifold@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016
212−545−4600
Fax: 212−545−4653
Email: rifkin@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
Wolf Haldenstein Adler Freeman & Herz LLP
Symphony Towers
750 B Street, Suite 1820
San Diego, CA 92101
(619) 239−4599
Fax: (619) 234−4599
Email: byrd@whafh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Panner**
Kellogg, Hansen, Todd, Figel and

**ER-871**

Frederick, P.L.L.C.
1615 M Street, N.W.
Suite 400
Washington, DC 20036
202–326–7921
Fax: 202–326–7999
Email: apanner@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Parkinson**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street NW Suite 400
Washington, DC 20036
202–326–7961
Email: aparkinson@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Treiger**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street N.W.
Suite 400
Washington DC, DC 20036
202–326–7995
Email: alex.treiger2@usdoj.gov
*TERMINATED: 02/25/2026*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
Alexander H. Schmidt, Esq.
5 Professional Circle
Suite 204
Colts Neck, NJ 07722
732–226–0004
Fax: 732–845–9087
Email: alex@alexschmidt.law
*TERMINATED: 01/30/2019*

**Anna Link**
1615 M St NW
Suit 400
Washington, DC 20036
202–326–7954
Email: alink@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony R. Guttman**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M St NW
Washington, DC 20036
202–367–7814
Email: aguttman@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashle Holman**
Kellogg, Hansen, Todd, Figel & Frederick
1615 M St NW
Ste 400

**ER-872**

Washington, DC 20036
202–326–7952
Email: aholman@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Nicole DeJong**
Bartko LLP
1100 Sansome Street
San Francisco, CA 94111
415–291–4502
Fax: 415–956–1152
Email: bdejong@bartkolaw.com
*TERMINATED: 12/16/2021*

**Caroline Schechinger**
Department of Justice
U.S. Attorney's Office, District of
Maryland
6406 Ivy Lane
Ste 8th Floor
Greenbelt, MD 20770
301–332–6734
Email: caroline.schechinger@usdoj.gov
*TERMINATED: 02/13/2026*
*PRO HAC VICE*

**David C. Frederick**
Kellogg, Hansen, Todd, Figel & Frederick,
PLLC
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7951
Email: dfrederick@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
Wolf Haldenstein Adler Freeman & Herz
LLP
Symphony Towers
750 B Street
Suite 2770
San Diego, CA 92101
619–239–4599
Email: gregorek@whafh.com
*TERMINATED: 01/30/2019*

**James M. Webster , III**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M Street, NW
Suite 400
Washington, DC 20036
202–326–7915
Fax: 202–326–7999
Email: jwebster@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
Winston & Strawn LLP
1901 L Street, N.W.
Washington, DC 20036

**ER-873**

202–282–5017
Email: jhafenbrack@winston.com
*TERMINATED: 12/10/2024*
*PRO HAC VICE*

**Kelley Schiffman**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M St
Ste 400
Washington DC, DC 20026
202–326–7943
Email: kschiffman@kellogghansen.com
*TERMINATED: 12/05/2025*
*PRO HAC VICE*

**Kyle Matthew Wood**
Kellogg Hansen Todd Figel & Frederick
PLLC
Sumner Square
1615 M Street NW
Suite 400
Washington, DC 20036
202–367–7806
Email: kwood@kellogghansen.com
*TERMINATED: 05/04/2026*
*PRO HAC VICE*

**Lillian Virginia Smith**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
1615 M St. NW
Suite 400
Washington, DC 20036
202–326–7974
Fax: 202–326–7999
Email: lsmith@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa C. Livesay**
Bartko LLP
1100 Sansome Street
San Francisco, CA 94111
415–956–1900
Fax: 415–956–1152
Email: mlivesay@bartkolaw.com
*TERMINATED: 12/16/2021*

**Mark C. Hansen**
Kellogg, Hansen, Todd, Figel & Frederick,
P.L.L.C.
Summer Square
1615 M. Street, N.W.
Washington, DC 20036–3209
202–326–7900
Fax: 202–326–7999
Email: mhansen@kellogghansen.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Moylan Guiney**
Wolf Haldenstein Adler Freeman Herz
LLP
270 Madison

**ER-874**

New York, NY 10016
212–545–4600
Fax: 2125454600
Email: guiney@whafh.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
(212) 851–6821
Fax: (888) 421–4173
Email: mliskow@hechtpartners.com
*ATTORNEY TO BE NOTICED*

**Stephanie Aviles**
Wolf Haldenstein Adler Freeman & Herz
LLP
750 B Street, Suite 1820
San Diego, CA 92101
(619) 234–4599
Fax: (619) 234–4599
Email: saviles@whafh.com
*ATTORNEY TO BE NOTICED*

**Thomas Hamilton Burt**
Wolf Haldenstein Adler Freeman and Herz
270 Madison Ave.
New York, NY 10016
212–545–4600
Fax: 212–545–4653
Email: burt@whafh.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen H. Schwartz**                    represented by   **Betsy Carol Manifold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Panner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Parkinson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Treiger**
(See above for address)

**ER-875**

*TERMINATED: 02/25/2026*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Anna Link**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony R. Guttman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashle Holman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Nicole DeJong**
(See above for address)
*TERMINATED: 12/16/2021*

**Caroline Schechinger**
(See above for address)
*TERMINATED: 02/13/2026*
*PRO HAC VICE*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
(See above for address)
*TERMINATED: 01/30/2019*

**James M. Webster , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
(See above for address)
*TERMINATED: 12/10/2024*
*PRO HAC VICE*

**Kelley Schiffman**
(See above for address)
*TERMINATED: 12/05/2025*
*PRO HAC VICE*

**Kyle Matthew Wood**
(See above for address)
*TERMINATED: 05/04/2026*
*PRO HAC VICE*

**Lillian Virginia Smith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER-876**

**Marisa C. Livesay**
(See above for address)
*TERMINATED: 12/16/2021*

**Mark C. Hansen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Moylan Guiney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas Hamilton Burt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Edward W. Hayter                    represented by **Betsy Carol Manifold**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Panner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Parkinson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Treiger**
(See above for address)
*TERMINATED: 02/25/2026*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Anna Link**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ER-877**

**Anthony R. Guttman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashle Holman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brittany Nicole DeJong**
(See above for address)
*TERMINATED: 12/16/2021*

**Caroline Schechinger**
(See above for address)
*TERMINATED: 02/13/2026*
*PRO HAC VICE*

**David C. Frederick**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Francis M. Gregorek**
(See above for address)
*TERMINATED: 01/30/2019*

**James M. Webster , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
(See above for address)
*TERMINATED: 12/10/2024*
*PRO HAC VICE*

**Kelley Schiffman**
(See above for address)
*TERMINATED: 12/05/2025*
*PRO HAC VICE*

**Kyle Matthew Wood**
(See above for address)
*TERMINATED: 05/04/2026*
*PRO HAC VICE*

**Lillian Virginia Smith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa C. Livesay**
(See above for address)
*TERMINATED: 12/16/2021*

**Mark C. Hansen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew Moylan Guiney**
(See above for address)

**ER-878**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Randall Scott Newman**
Randall S. Newman, Esq.
270 Madison Avenue, 10th Floor
New York, NY 10016
(212) 797–3735
Email: rsn@randallnewman.net
*ATTORNEY TO BE NOTICED*

**Thomas Hamilton Burt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Harry Bass                          represented by  **Betsy Carol Manifold**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Mark Carl Rifkin**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Rachele R. Byrd**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alexander H Schmidt**
                                                    (See above for address)
                                                    *TERMINATED: 01/30/2019*

                                                    **Francis M. Gregorek**
                                                    (See above for address)
                                                    *TERMINATED: 01/30/2019*

                                                    **Michael Liskow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

Eric Terrell                        represented by  **Mark Carl Rifkin**
*TERMINATED: 11/14/2019*                            (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Alexander H Schmidt**
                                                    (See above for address)
                                                    *TERMINATED: 01/30/2019*

                                                    **Brittany Nicole DeJong**
                                                    (See above for address)
                                                    *TERMINATED: 12/16/2021*

                                                    **David C. Frederick**
                                                    (See above for address)

**ER-879**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
(See above for address)
*TERMINATED: 12/10/2024*
*PRO HAC VICE*

**Kyle Matthew Wood**
(See above for address)
*TERMINATED: 05/04/2026*
*PRO HAC VICE*

**Matthew Moylan Guiney**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**James Blackwell**                    represented by    **Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Crystal Boykin**                    represented by    **Mark Carl Rifkin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander H Schmidt**
(See above for address)
*TERMINATED: 01/30/2019*

**Michael Liskow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ER-880**

V.

**Consol Plaintiff**

**Edward Lawrence**                                          represented by   **Joseph M Alioto , Sr**
Alioto Law Firm
One Sansome Street, 35th Floor
San Francisco, CA 94104
(415) 434–8900
Fax: (415) 434–9200
Email: jmalioto@aliotolaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron M. Panner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Parkinson**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Alex Treiger**
(See above for address)
*TERMINATED: 02/25/2026*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anna Link**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anthony R. Guttman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ashle Holman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Betsy Carol Manifold**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brittany Nicole DeJong**
(See above for address)
*TERMINATED: 12/16/2021*

**Caroline Schechinger**
(See above for address)
*TERMINATED: 02/13/2026*
*PRO HAC VICE*

**Christopher A. Nedeau**
Nedeau Law PC
154 Baker Street
San Francisco, CA 94117–2111
(415) 516–4010
Email: cnedeau@nedeaulaw.net
*TERMINATED: 10/27/2023*

**ER-881**

**James M. Webster , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jamie Lynne Miller**
Alioto Law Firm
One Sansome Street
35th Floor
San Francisco, CA 94104
415–434–8900
Fax: 415–434–9200
Email: jmiller@aliotolaw.com
*TERMINATED: 12/17/2020*

**Jeffery Kenneth Perkins**
Law Offices of Jeffery Kenneth Perkins
1550–G Tiburon Blvd., Suite 344
Tiburon, CA 94920
415–302–1115
Fax: 415–435–4053
Email: jefferykperkins@aol.com
*ATTORNEY TO BE NOTICED*

**Joshua Hafenbrack**
(See above for address)
*PRO HAC VICE*

**Kelley Schiffman**
(See above for address)
*TERMINATED: 12/05/2025*
*PRO HAC VICE*

**Kyle Matthew Wood**
(See above for address)
*TERMINATED: 05/04/2026*
*PRO HAC VICE*

**Lawrence Genaro Papale**
Law Offices of Lawrence G. Papale
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
707–963–1704
Email: lgpapale@papalelaw.com
*ATTORNEY TO BE NOTICED*

**Lillian Virginia Smith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marisa C. Livesay**
(See above for address)
*TERMINATED: 12/16/2021*

**Mark C. Hansen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rachele R. Byrd**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ER-882**

**Theresa Driscoll Moore**
Law Office of Theresa D. Moore, PC
One Sansome Street
Ste 35th Floor
San Francisco, CA 94104
415−613−1414
Email: TMoore@aliotolaw.com
*ATTORNEY TO BE NOTICED*

**Thomas Hamilton Burt**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Consol Plaintiff**

**Kevin Fahey**                    represented by   **Thomas C. Willcox**
THOMAS C. WILLCOX, ATTORNEY
AT LAW
1701 16th Street NW
211
Washington, DC 20009
(202) 338−0818
Email: tcw19law@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Apple Inc.**                    represented by   **Jason C Lo**
Gibson, Dunn & Crutcher LLP
333 S. Grand Ave.
Los Angeles, CA 90071
213−229−7153
Fax: 213−229−6153
Email: jlo@gibsondunn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna Tryon Pletcher**
O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
415−984−8994
Email: apletcher@omm.com
*TERMINATED: 04/01/2025*

**Bethany Marvin Stevens**
Walker Stevens Cannom LLP
500 Molino Street #118
Los Angeles, CA 90013
213−337−4551
Fax: 213−403−4906
Email: bstevens@wscllp.com
*ATTORNEY TO BE NOTICED*

**Betty X Yang**
Gibson Dunn and Crutcher LLP
2100 McKinney Ave
Suite 1100
Dallas, TX 75201

**ER-883**

(214) 698–3100
Email: BYang@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Caeli A. Higney**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
415–393–8248
Fax: 415–393–8306
Email: chigney@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Christopher S. Yates**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415–391–0600
Fax: 415–395–8095
Email: chris.yates@lw.com
*TERMINATED: 02/25/2020*

**Cynthia Richman**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036–4504
202–955–8234
Email: crichman@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Dana Lynn Craig**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111–3715
415–393–8253
Fax: 415–801–7406
Email: DCraig@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Glen Swanson**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229–7340
Fax: (213) 229–7520
Email: dswanson@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Daniel Murray Wall**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415–395–8240
Fax: 415–395–8095
Email: danielmwallesq@gmail.com
*TERMINATED: 02/25/2020*

**David R. Eberhart**
O'Melveny & Myers LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415) 984–8700

**ER-884**

Fax: (415) 984–8701
Email: deberhart@omm.com
*TERMINATED: 04/01/2025*

**Elena Zarabozo**
O'Melveny and Myers LLP
1625 Eye Street, N.W.
Washington, DC 20006
202–383–5300
Email: ezarabozo@omm.com
*TERMINATED: 04/18/2025*

**Eli Martin Lazarus**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111–3715
415–393–8340
Email: elazarus@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Andrea Rodd**
McDermott Will and Emery
200 Clarendon Street
Floor 58
Boston, MA 02116–5021
617–535–4040
Fax: 617–535–3800
Email: erodd@mwe.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ethan D. Dettmer**
Gibson, Dunn & Crutcher LLP
555 Mission Street
Suite 3000
San Francisco, CA 94105
415–393–8200
Fax: 415–986–5309
Email: edettmer@gibsondunn.com
*TERMINATED: 02/26/2024*

**Evan R Kreiner**
Four Times Square
New York, NY 10036
212–735–2491
Email: evan.kreiner@skadden.com
*TERMINATED: 04/10/2025*
*PRO HAC VICE*

**Evan N Schlom**
DOJ–Crm
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington DC, DC 20001
202–924–7598
Email: evan.schlom@usdoj.gov
*TERMINATED: 09/29/2021*

**George Jarrod Hazel**
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, DC 20036–4504
202–887–3674
Email: ghazel@gibsondunn.com

**ER-885**

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hannah L. Cannom**
Walker Stevens Cannom LLP
500 Molino Street, Suite 118
Los Angeles, CA 90013
(213) 337–9972
Email: hcannom@wscllp.com
*ATTORNEY TO BE NOTICED*

**Harry Phillips**
Gibson, Dunn and Crutcher LLP
1700 M Street, NW
Washington, DC 20036–4505
202–955–8500
Fax: 202–467–0539
Email: hphillips@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jagannathan P Srinivasan**
Gibson Dunn
333 S Grand Ave
Los Angeles, CA 90071
213–229–7296
Email: jsrinivasan@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**John J. Calandra**
McDermott Will & Schulte LLP
One Vanderbilt Avenue
New York, NY 10017
212–547–5489
Email: jcalandra@mwe.com
*ATTORNEY TO BE NOTICED*

**Julian Wolfe Kleinbrodt**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111–3715
415–393–8382
Email: JKleinbrodt@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Karen Mary Lent**
Skadden Arps Slate Meagher Flom LLP
One Manhattan West
New York, NY 10001
212–735–3000
Email: karen.lent@skadden.com
*TERMINATED: 04/15/2025*
*PRO HAC VICE*

**Katrina Marie Robson**
Willkie Farr & Gallagher LLP
1875 K. Street, N.W.
Washington, DC 20006
202–303–1096
Email: krobson@willkie.com
*TERMINATED: 08/01/2023*

**Mark A. Perry**
Weil, Gotshal & Manges LLP

**ER-886**

2001 M Street, NW
Suite 600
Washington, DC 20036
202–682–7511
Fax: 202–857–0940
Email: Mark.Perry@weil.com
*TERMINATED: 05/09/2022*

**Melissa Phan**
Gibson Dunn
333 South Grand Avenue
Los Angeles, CA 90071
213–229–7346
Email: mphan@gibsondunn.com
*TERMINATED: 11/25/2019*

**Michael J. Holecek**
Gibson Dunn Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229–7018
Fax: (213) 229–7520
Email: mholecek@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Michael R Huttenlocher**
Massumi & Consoli LLP
1133 6th Ave, 32nd floor
New York, NY 10036
212–301–7674
Email: MHuttenlocher@mcllp.com
*TERMINATED: 03/15/2024*

**Michelle S Lowery**
McDermott Will & Schulte LLP
2049 Century Park East
Los Angeles, CA 90067
310–551–9309
Email: mslowery@mwe.com
*ATTORNEY TO BE NOTICED*

**Nicola T. Hanna**
Gibson Dunn & Crutcher
333 South Grand Avenue
Suite 5400
90071
Los Angeles, CA 90071
213–229–7269
Fax: 213–229–6269
Email: nhanna@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Nicole Lauren Castle**
Vinson & Elkins LLP
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
212–237–0096
Email: ncastle@velaw.com
*TERMINATED: 03/14/2025*

**Peter John Sacripanti**
McDermott Will and Emery LLP
One Vanderbilt Avenue
New York, NY 10017

**ER-887**

212–547–5583
Fax: 212–547–5444
Email: psacripanti@mwe.com
*TERMINATED: 12/22/2023*

**Poonam Kumar**
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
53rd Floor
90071
Los Angeles, CA 90071
213–229–7554
Fax: 213–229–6554
Email: pkumar@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Rachel S. Brass**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111–3715
415–393–8293
Fax: 415–393–8306
Email: rbrass@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Richard Joseph Doren**
Gibson Dunn Crutcher
333 S Grand Ave
Los Angeles, CA 90071
213–229–7038
Fax: 213–629–7038
Email: rdoren@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Sadik Harry Huseny**
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415–391–0600
Fax: 415–395–8095
Email: sadik.huseny@lw.com
*TERMINATED: 02/25/2020*

**Scott A Schaeffer**
O'Melveny and Myers LLP
Plaza 66, 37th Floor
1266 Nanjing Road West
Shanghai 200040
China
213–430–6000
Email: sschaeffer@omm.com
*TERMINATED: 03/29/2024*

**Theodore Joseph Boutrous , Jr.**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213–229–7804
Fax: 213–229–6804
Email: tboutrous@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**Veronica Smith Moye**
King & Spalding LLP

**ER-888**

2601 Olive Street
Suite 2300
Dallas, TX 75201
214–764–4418
Email: vmoye@kslaw.com
*TERMINATED: 03/25/2025*

**Zainab Ahmad**
Gibson, Dunn and Crutcher
200 Park Avenue
New York, NY 10166–0193
212–351–2609
Email: ZAhmad@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

John Pistacchio          represented by   **Todd Anthony Seaver**
Berman Tabacco
425 California Street
Suite 2300
San Francisco, CA 94104
415–433–3200
Email: tseaver@bermantabacco.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Movant**

Socit du Figaro, SAS       represented by   **Steve W. Berman**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623–7292
Fax: (206) 623–0594
Email: steve@hbsslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

Lquipe 24/24 SAS       represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

Le GESTE       represented by   **Steve W. Berman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**3rd party defendant**

Sony Interactive Entertainment LLC    represented by   **Sony Interactive Entertainment LLC**
Sony Interactive Entertainment LLC
2207 Bridgepointe Parkway
San Mateo, CA 95833
PRO SE

**ER-889**

**John F. Cove , Jr.**
Allen Overy Shearman Sterling US LLP
140 New Montgomery Street
Ste 10 Floor
San Francisco, CA 94105
415−616−1100
Fax: 415−616−1339
Email: john.cove@aoshearman.com
*TERMINATED: 10/01/2024*

**Patrick T. Hein**
Paul Hastings LLP
101 California Street
San Francisco, CA 94111
415−856−7000
Email: Patrick.Hein@aoshearman.com
*TERMINATED: 03/25/2026*

**Interested Party**

**Epic Games, Inc.**                    represented by **Paul Jeffrey Riehle**
Faegre Drinker Biddle & Reath LLP
Four Embarcadero Center, 27th Floor
San Francisco, CA 94111
415−591−7500
Fax: 415−591−7510
Email: paul.riehle@faegredrinker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gary Andrew Bornstein**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
Two Manhattan West
New York, NY 10001
212−474−1000
Email: gbornstein@cravath.com
*ATTORNEY TO BE NOTICED*

**Joe Wesley Earnhardt**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
New York, NY 10001
212−474−1000
Email: wearnhardt@cravath.com
*ATTORNEY TO BE NOTICED*

**John I Karin**
Wilson Sonsini Goodrich & Rosati
31 West 52nd Street
Fifth Floor
New York, NY 10019
212−497−7797
Email: jkarin@wsgr.com
*TERMINATED: 03/14/2022*

**Justin C Clarke**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
Two Manhattan West
New York, NY 10001
212−474−1000
Email: jcclarke@cravath.com
*ATTORNEY TO BE NOTICED*

**ER-890**

**Lauren Ann Moskowitz**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
Two Manhattan West
New York, NY 10001
212–474–1000
Email: lmoskowitz@cravath.com
*ATTORNEY TO BE NOTICED*

**Michael Brent Byars**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
New York, NY 10001
212–474–1000
Email: mbyars@cravath.com
*ATTORNEY TO BE NOTICED*

**Vanessa A. Lavely**
Cravath, Swaine and Moore LLP
825 8th Ave.
New York, NY 10019
212–474–1000
Fax: 212–474–3700
Email: vlavely@cravath.com
*ATTORNEY TO BE NOTICED*

**Yonatan Even**
Cravath, Swaine & Moore LLP
375 Ninth Avenue
New York, NY 10001
212–474–1000
Email: yeven@cravath.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

SaurikIT, LLC                    represented by  **Adam Bryan Wolfson**
Quinn Emanuel Urquhart Sullivan LLP
865 S Figeuroa
Los Angeles, CA 90017
213–443–3000
Email: adamwolfson@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

Yoga Buddhi Co.                  represented by  **Douglas James Dixon**
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660
(949) 229–6840
Fax: (888) 775–0898
Email: ddixon@hueston.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

Pocket Gems, Inc.                represented by  **Steven Shea Kaufhold**
Kaufhold Gaskin Gallagher LLP
485 Pacific Avenue
San Francisco, CA 94133
415–881–3189
Fax: 415–480–6078
Email: skaufhold@kaufholdgaskin.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Microsoft Corporation**                    represented by   **Judith Bond Jennison**
Perkins Coie LLP
1201 Third Avenue
Suite 4900
Seattle, WA 98101–3099
206–359–3489
Fax: 206–359–4489
Email: jjennison@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David P. Chiappetta**
Perkins Coie LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105
415–344–7076
Email: dchiappetta@perkinscoie.com
*TERMINATED: 03/23/2026*

**Interested Party**

**Nintendo of America Inc.**                 represented by   **David P. Chiappetta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Non–Party Activision Blizzard, Inc.**      represented by   **Jeanifer Ellen Parsigian**
Winston & Strawn LLP
101 California Street
Ste 21st Floor
San Francisco, CA 94111
415–591–1000
Fax: 415–591–1400
Email: jparsigian@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Warner Bros. Discovery, Inc.**             represented by   **Michael Dietz Roth**
King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
213–218–4014
Fax: 213–443–4310
Email: mroth@kslaw.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**CuriosityStream Inc.**                     represented by   **Shamita Etienne–Cummings**
Paul Hastings LLP
2050 M Street NW
Washington, DC 20036
202–551–1995
Email: shamitaetienne@paulhastings.com
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Showtime Networks Inc.**                   represented by   **Alan Jay Weil**
Kendall Brill & Kelly LLP
10100 Santa Monica Boulevard

**ER-892**

Suite 1725
Los Angeles, CA 90067
310.556.2700
Fax: 310.556.2705
Email: aweil@kbkfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Starz Entertainment, LLC**          represented by  **Stephen Albert Watkins**
Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017–5709
213–623–9300
Fax: 213–623–9924
Email: stephen.watkins@dentons.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Donald R. Cameron**          represented by  **Ben M. Harrington**
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave.
Ste #300
Berkeley, CA 94710
510–725–3000
Fax: 510–725–3001
Email: benh@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Robert F. Lopez**
Hagens Berman Sobol Shapiro LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623–7292
Fax: (206) 623–0594
Email: robl@hbsslaw.com
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Pure Sweat Basketball, Inc.**          represented by  **Ben M. Harrington**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert F. Lopez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steve W. Berman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Barry Sermons**          represented by  **Richard Alexander Saveri**
Saveri & Saveri, Inc.
1016 Lincoln Boulevard
Suite 306
San Francisco, CA 94129
415–217–6810

**ER-893**

Email: rick@saveri.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Samsung Electronics America Inc.**     represented by **Victoria F. Maroulis**
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, Fifth Floor
Redwood Shores, CA 94065
(650) 801–5000
Fax: (650) 801–5100
Email: victoriamaroulis@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle Kenneth Batter**
Quinn Emanuel Urquhart Sullivan
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
United Sta
650–801–5000
Fax: 650–801–5000
Email: kylebatter@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Samsung Electronics Co., Ltd.**     represented by **Kyle Kenneth Batter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Facebook, Inc.**     represented by **Emily C. Curran**
California Department of Justice
455 Golden Gate Ave
Suite 11000
San Francisco, CA 94102
415–510–3495
Email: Emily.Curran@doj.ca.gov
*TERMINATED: 12/31/2024*

**Justin Paul Raphael**
Munger, Tolles and Olson LLP
560 Mission Street, Twenty–Seventh Floor
San Francisco, CA 94105
(415) 512–4000
Fax: (415) 512–4077
Email: justin.raphael@mto.com
*ATTORNEY TO BE NOTICED*

**Rosemarie Theresa Ring**
Gibson, Dunn & Crutcher LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94105
415–393–8247
Fax: 415–393–8306
Email: rring@gibsondunn.com
*TERMINATED: 02/29/2024*

**Miscellaneous**

**Match Group, Inc.**     represented by **Douglas James Dixon**
(See above for address)
*LEAD ATTORNEY*

**ER-894**

*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Spotify USA Inc.**                    represented by    **Brendan P. Cullen**
Sullivan & Cromwell LLP
550 Hamilton Avenue
Palo Alto, CA 94301−2010
650−461−5650
Email: cullenb@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Shane Michael Palmer**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212−558−4085
Fax: 212−558−1600
Email: palmersh@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Steven L. Holley**
Sullivan and Cromwell LLP
125 Broad Street
New York, NY 10004
212−558−4737
Email: holleys@sullcrom.com
*TERMINATED: 03/18/2022*
*PRO HAC VICE*

**Miscellaneous**

**Playtika Ltd.**                    represented by    **Sarah Nicole Davis**
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105
415−619−3421
Fax: 415−619−3505
Email: sdavis@orrick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail Heather Wald**
San Francisco City Attorney's Office
1390 Market Street
Ste Sixth Floor
San Francisco, CA 94102
415−554−3901
Email: abigail.wald@sfcityatty.org
*TERMINATED: 05/14/2025*

**Andy M. LeGolvan**
White & Case
555 South Flower Street
Suite 2700
Los Angeles, CA 90071−2433
909−576−2147
Email: andy.legolvan@whitecase.com
*TERMINATED: 06/03/2022*

**Miscellaneous**

**Valve Corporation**                    represented by    **Daniel Douglas**
Miller Barondess, LLP
2121 Avenue of the Stars
Suite 2600

**ER-895**

Los Angeles, CA 90067
424–653–5852
Fax: 310–552–4400
Email: ddouglas@millerbarondess.com
*TERMINATED: 01/22/2026*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jack Conrad–Charles Praetzellis**
Fox Rothschild LLP
345 California Street, Suite 2200
San Francisco, Ca 94104
(415) 364–5540
Fax: (415) 391–4436
Email: jpraetzellis@foxrothschild.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dwight Craig Donovan**
Fox Rothschild LLP
345 California Street, Suite 2200
San Francisco, CA 94104
415–364–5540
Fax: 415–391–4436
Email: ddonovan@foxrothschild.com
*TERMINATED: 01/10/2024*

**Gavin W. Skok**
Fox Rothschild LLP
1001 Fourth Avenue
Suite 4500
Seattle, WA 98154
206–624–3600
Fax: 206–389–1708
Email: gskok@foxrothschild.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathan M Buchter**
Fox Rothschild LLP
Two Commerce Square
2001 Market Street
Suite 1700
Philadelphia, PA 19103
215–299–3010
Fax: 215–299–2150
Email: nbuchter@foxrothschild.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Amazon.com, Inc.**                    represented by    **Molly Newland Tullman**
Davis Wright Tremaine LLP
1201 Third Avenue
Suite 2200
Seattle, WA 98101
206–622–3150
Fax: 206–757–7700
Email: mollytullman@dwt.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Non–Party Roblox, Inc.**              represented by    **Patrick Maben Hammon**
Pillsbury Winthrop Shaw Pittman LLP

**ER-896**

2400 Hanover St.
Palo Alto, CA 94304
650–233–4038
Email: patrick.hammon@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Google LLC**                           represented by    **Asim M. Bhansali**
Kwun Bhansali Lazarus LLP
555 Montgomery Street
Suite 750
San Francisco, CA 94111
(415) 630–2350
Fax: 415–367–1539
Email: abhansali@kblfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Strava, Inc.**                         represented by    **Mona Solouki**
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero
17th Floor
San Francisco, CA 94111
415–434–9100
Fax: 415–434–3947
Email: msolouki@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ann M O'Brien**
Sheppard Mullin
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
202–747–1900
Email: aobrien@sheppard.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Hallmark Media United States, LLC**    represented by    **Sanjay Mohan Nangia**
Davis Wright Tremaine LLP
50 California Street
Ste 23rd Floor
San Francisco, CA 94111
415–276–6577
Fax: 415–276–6599
Email: SanjayNangia@dwt.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**WATCHA, INC.**                         represented by    **Tenaya M. Rodewald**
Sheppard Mullin Richter & Hampton LLP
1540 El Camino Real, Suite 120
Menlo Park, CA 94025
(650) 815–2600
Email: trodewald@sheppardmullin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ER-897**

**Miscellaneous**

**A&E Television Networks, LLC**  represented by  **Kathrin Andrea Wanner**
Miller Wanner LLP
515 South Flower Street
18th Floor
Los Angeles, CA 90071
213–236–3652
Fax: 213–341–2224
Email: kwanner@millerwanner.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Rocket Money f/k/a Truebill**  represented by  **Corinne Rockoff**
Miller, Canfield, Paddock & Stone, P.L.C.
840 W. Long Lake Road
Ste 150
Troy, MI 48098
248–267–3255
Email: rockoff@millercanfield.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian A. Nettleingham**
Maddin Hauser Roth & Heller, PC
28400 Northwestern Hwy.
Ste Second Floor
Southfield, MI 48034
248–359–7503
Fax: 248–359–7553
Email: bnettleingham@maddinhauser.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Hayes P. Hyde**
Goodwin Procter LLP
Litigation
525 Market Street
Ste 32nd Floor
San Francisco, CA 94105
415–733–6000
Email: hhyde@goodwinlaw.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous**

**Skype Communications S.a.r.l**  represented by  **David P. Chiappetta**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/29/2011 | 1 | COMPLAINT against Apple Inc. ( Filing fee $ 350, receipt number 34611068684.). Filed byRobert Pepper, Edward W. Hayter, Harry Bass, Stephen H. Schwartz. (Attachments: # 1 Summons)(ga, COURT STAFF) (Filed on 12/29/2011) (Additional attachment(s) added on 1/11/2016: # 2 Summons issued **Correction of Attachment 1**) (kc, COURT STAFF). (Entered: 12/29/2011) |
| 12/29/2011 | 2 | Certificate of Interested Entities by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz re 1 Complaint (ga, COURT STAFF) (Filed on 12/29/2011) (Entered: 12/29/2011) |

**ER-898**

| 12/29/2011 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 4/5/2012. Case Management Conference set for 4/12/2012 10:00 AM in Courtroom B, 15th Floor, San Francisco.. Signed by Judge Maria–Elena James on 12/29/11. (Attachments: # 1 Standing Order)(ga, COURT STAFF) (Filed on 12/29/2011) (Entered: 12/29/2011) |
|---|---|---|
| 01/06/2012 | 4 | MOTION for Mark C. Rifkin leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 34611069117.) Filing fee previously paid on 1/6/12 filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(ga, COURT STAFF) (Filed on 1/6/2012) (Entered: 01/11/2012) |
| 01/06/2012 | 5 | MOTION for attorney Alexander H. Schmidt leave to appear in Pro Hac Vice ( Filing fee $ 305, receipt number 34611069128.) Filing fee previously paid on 1/6/12 filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(ga, COURT STAFF) (Filed on 1/6/2012) (Entered: 01/11/2012) |
| 01/12/2012 | 6 | ORDER by Chief Magistrate Judge MARIA–ELENA JAMES granting 4 Motion for Pro Hac Vice as to Mark C. Rifkin. (bjtS, COURT STAFF) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/12/2012 | 7 | ORDER by Chief Magistrate Judge MARIA–ELENA JAMES granting 5 Motion for Pro Hac Vice as to Alexander H. Schmidt. (bjtS, COURT STAFF) (Filed on 1/12/2012) (Entered: 01/12/2012) |
| 01/23/2012 | 8 | SUMMONS Returned Executed by Robert Pepper, Edward W. Hayter, Harry Bass, Stephen H. Schwartz. Apple Inc. served on 1/12/2012, answer due 2/2/2012. (Rickert, Rachele) (Filed on 1/23/2012) (Entered: 01/23/2012) |
| 02/02/2012 | 9 | NOTICE of Appearance by Sadik Harry Huseny *on behalf of Defendant Apple Inc.* (Huseny, Sadik) (Filed on 2/2/2012) (Entered: 02/02/2012) |
| 02/02/2012 | 10 | STIPULATION *Extending Time to Respond to Complaint Pursuant to Civil Local Rule 6–1* filed by Apple Inc.. (Huseny, Sadik) (Filed on 2/2/2012) (Entered: 02/02/2012) |
| 02/09/2012 | 11 | ORDER RELATING CASE. Case now related to 07–5152 JW. Signed by Judge James Ware on 2/9/12. (sis, COURT STAFF) (Filed on 2/9/2012) (Entered: 02/09/2012) |
| 02/10/2012 | | Case Reassigned to Judge Hon. James Ware. Magistrate Judge Maria–Elena James no longer assigned to the case. (as, COURT STAFF) (Filed on 2/10/2012) (Entered: 02/10/2012) |
| 02/29/2012 | 12 | ORDER setting case management conference. Signed by Judge James Ware on February 29, 2012. (jwlc2, COURT STAFF) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 02/29/2012 | | Set Deadlines/Hearings: Case Management Statement due by 3/16/2012. Case Management Conference set for 3/26/2012 10:00 AM in Courtroom 9, 19th Floor, San Francisco. (sis, COURT STAFF) (Filed on 2/29/2012) (Entered: 02/29/2012) |
| 03/02/2012 | 13 | Certificate of Interested Entities by Apple Inc. (Yates, Christopher) (Filed on 3/2/2012) (Entered: 03/02/2012) |
| 03/02/2012 | 14 | MOTION to Dismiss filed by Apple Inc.. Motion Hearing set for 4/16/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 3/16/2012. Replies due by 3/23/2012. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 3/2/2012) (Entered: 03/02/2012) |
| 03/05/2012 | 15 | CLERKS NOTICE Continuing Motion Hearing, Set/Reset Deadlines as to 14 MOTION to Dismiss . Motion Hearing set for 4/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (sis, COURT STAFF) (Filed on 3/5/2012) (Entered: 03/05/2012) |
| 03/07/2012 | 16 | NOTICE of Appearance by Michael Milton Liskow (Liskow, Michael) (Filed on 3/7/2012) (Entered: 03/07/2012) |
| 03/15/2012 | 17 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 18 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 19 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/15/2012 | 20 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |

**ER-899**

| 03/15/2012 | 21 | CERTIFICATE OF SERVICE by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz re 19 ADR Certification (ADR L.R. 3−5 b)of discussion of ADR options, 20 ADR Certification (ADR L.R. 3−5 b)of discussion of ADR options, 18 ADR Certification (ADR L.R. 3−5 b)of discussion of ADR options, 17 ADR Certification (ADR L.R. 3−5 b)of discussion of ADR options (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
|---|---|---|
| 03/15/2012 | 22 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 3/15/2012) (Entered: 03/15/2012) |
| 03/16/2012 | 23 | RESPONSE (re 14 MOTION to Dismiss ) *Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Dismiss* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/16/2012 | 24 | Declaration of Rachele R. Rickert in Support of 23 Opposition/Response to Motion *Declaration of Rachele R. Rickert in Support of Plantiffs' Opposition to Defendant Apple Inc.'s Motion to Dismiss* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Related document(s) 23 ) (Rickert, Rachele) (Filed on 3/16/2012) (Entered: 03/16/2012) |
| 03/20/2012 | 25 | ORDER VACATING CASE MANAGEMENT CONFERENCE; CONSOLIDATING CASES; DENYING MOTION TO DISMISS AS MOOT, Cases associated., Motions terminated: (14 in 3:11−cv−06714−JW) MOTION to Dismiss filed by Apple Inc.. Signed by Judge James Ware on 3/20/12. (sis, COURT STAFF) (Filed on 3/20/2012) (Entered: 03/20/2012) |
| 03/21/2012 | 26 | CONSOLIDATED CLASS ACTION COMPLAINT against Apple Inc. DEMAND FOR JURY TRIAL. Filed by Edward W. Hayter, Robert Pepper, Harry Bass, Stephen H. Schwartz, Eric Terrell, James Blackwell, Crystal Boykin. (Rickert, Rachele) (Filed on 3/21/2012) Modified on 3/22/2012 (far, COURT STAFF). (Entered: 03/21/2012) |
| 03/26/2012 | 27 | MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and Authorities* filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 5/21/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 4/9/2012. Replies due by 4/16/2012. (Attachments: # 1 Proposed Order)(Rickert, Rachele) (Filed on 3/26/2012) (Entered: 03/26/2012) |
| 03/26/2012 | 28 | Declaration of Rachele R. Rickert in Support of 27 MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and Authorities* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Exhibits A−B, # 2 Exhibit Exhibits C−F, # 3 Certificate/Proof of Service)(Related document(s) 27 ) (Rickert, Rachele) (Filed on 3/26/2012) (Entered: 03/26/2012) |
| 03/27/2012 | 29 | MOTION to Shorten Time *The Pepper Plaintiffs' L.R. 6−3 Motion to Change Time for Briefing and Hearing on Motion for Appointment of Interim Class Counsel [ECF No. 27]* filed by Harry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(Rickert, Rachele) (Filed on 3/27/2012) (Entered: 03/27/2012) |
| 03/27/2012 | 30 | Declaration of Rachele R. Rickert in Support of 29 MOTION to Shorten Time *The Pepper Plaintiffs' L.R. 6−3 Motion to Change Time for Briefing and Hearing on Motion for Appointment of Interim Class Counsel [ECF No. 27]* filed byHarry Bass, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 29 ) (Rickert, Rachele) (Filed on 3/27/2012) (Entered: 03/27/2012) |
| 03/29/2012 | 31 | ORDER by Judge James Ware granting in part and denying in part 29 Motion to Shorten Time (jwlc2, COURT STAFF) (Filed on 3/29/2012) (Entered: 03/29/2012) |
| 03/29/2012 |  | Set/Reset Deadlines as to 27 MOTION to Appoint Lead Plaintiff and Lead Counsel *Notice of Motion and Motion for Appointment of Interim Class Counsel; Memorandum of Points and Authorities*., Set Deadlines/Hearings: Responses due by 4/5/2012. Replies due by 4/9/2012. Motion Hearing set for 4/23/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Motions due by 4/2/2012. (sis, COURT STAFF) (Filed on 3/29/2012) (Entered: 03/29/2012) |
| 04/09/2012 | 32 | STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief* filed by Apple Inc.. (Huseny, Sadik) (Filed on 4/9/2012) (Entered: 04/09/2012) |
| 04/09/2012 | 33 | Declaration of Sadik Huseny in Support of 32 STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief* filed byApple Inc.. (Related document(s) 32 ) (Huseny, Sadik) (Filed on 4/9/2012) (Entered: 04/09/2012) |

**ER-900**

| 04/09/2012 | 34 | ORDER by Judge James Ware granting 27 Motion to Appoint Lead Plaintiff and Lead Counsel (jwlc3, COURT STAFF) (Filed on 4/9/2012) (Entered: 04/09/2012) |
| 04/13/2012 | 35 | ORDER by Chief Judge James Ware granting 32 Stipulation Extending Time to Respond to Consolidated Complaint and Extending Time to File Opposition Brief (ahm, COURT STAFF) (Filed on 4/13/2012) (Entered: 04/13/2012) |
| 04/16/2012 | 36 | Administrative Motion to File Under Seal *Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint* filed by Apple Inc.. (Attachments: # 1 Declaration in Support, # 2 Proposed Order)(Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 37 | MOTION to Dismiss *[REDACTED]* filed by Apple Inc.. Motion Hearing set for 6/11/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 4/30/2012. Replies due by 5/7/2012. (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 38 | Declaration of Eddy Cue in Support of 37 MOTION to Dismiss *[REDACTED]* filed byApple Inc.. (Related document(s) 37 ) (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 39 | Declaration of Shari Ross Lahlou in Support of 37 MOTION to Dismiss *[REDACTED]* filed byApple Inc.. (Related document(s) 37 ) (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/16/2012 | 40 | Proposed Order re 37 MOTION to Dismiss *[REDACTED]* by Apple Inc.. (Yates, Christopher) (Filed on 4/16/2012) (Entered: 04/16/2012) |
| 04/25/2012 | 41 | ORDER by Judge James Ware granting 36 Administrative Motion to File Under Seal (tdm, COURT STAFF) (Filed on 4/25/2012) (Entered: 04/25/2012) |
| 04/25/2012 | 42 | DOCUMENT E–FILED UNDER SEAL re 41 Order on Administrative Motion to File Under Seal *Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint* by Apple Inc.. (Attachments: # 1 Declaration of Eddy Cue In Support)(Yates, Christopher) (Filed on 4/25/2012) (Entered: 04/25/2012) |
| 05/07/2012 | 43 | Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7–11 And 79–5(d)]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/07/2012 | 44 | RESPONSE (re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7–11 And 79–5(d)]* ) *[REDACTED]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/07/2012 | 45 | Declaration of Rachele R. Rickert in Support of 44 Opposition/Response to Motion, *Declaration of Rachele R. Rickert In Support of Plaintiffs' Opposition To Defendant Apple Inc.'s Motion to Dismiss the Consolidated Complaint [REDACTED]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 44 ) (Rickert, Rachele) (Filed on 5/7/2012) (Entered: 05/07/2012) |
| 05/11/2012 | 46 | STIPULATION WITH PROPOSED ORDER *Extending Time To File Reply in Support of Apple Inc.'s Motion to Dismiss* filed by Apple Inc.. (Attachments: # 1 Declaration in Support)(Yates, Christopher) (Filed on 5/11/2012) (Entered: 05/11/2012) |
| 05/14/2012 | 47 | RESPONSE (re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7–11 And 79–5(d)]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/14/2012 | 48 | MOTION to Compel *Arbitration of Claims* filed by Apple Inc.. Motion Hearing set for 6/18/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. Responses due by 5/29/2012. Replies due by 6/5/2012. (Attachments: # 1 Exhibit 1, # 2 Proposed Order)(Yates, Christopher) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/14/2012 | 49 | STIPULATION AND ORDER EXTENDING TIME re 46 STIPULATION WITH PROPOSED ORDER. Reply in Support of Motion due by 5/18/2012. Signed by Judge James Ware on May 14, 2012. (wsn, COURT STAFF) (Filed on 5/14/2012) (Entered: 05/14/2012) |
| 05/15/2012 | 50 | Proposed Order re 43 Administrative Motion to File Under Seal *Plaintiffs' Notice of Motion and Administrative Motion to File Under Seal [Pursuant to Civil L.R. 7–11 And 79–5(d)]* by Apple Inc.. (Yates, Christopher) (Filed on 5/15/2012) (Entered: 05/15/2012) |

**ER-901**

| 05/15/2012 | 51 | MOTION to Shorten Time *for Briefing and Hearing on Apple's Motion to Compel Arbitration* filed by Apple Inc.. (Attachments: # 1 Declaration of Christopher S. Yates in Support, # 2 Proposed Order)(Yates, Christopher) (Filed on 5/15/2012) (Entered: 05/15/2012) |
|---|---|---|
| 05/16/2012 | 52 | ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL by Judge James Ware granting 43 Administrative Motion to File Under Seal. Signed by Judge James Ware on May 16, 2012. (wsn, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/16/2012 | 53 | ORDER by Judge James Ware denying 51 Motion to Shorten Time (jwlc2, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/16/2012 | | Set/Reset Deadlines as to 37 MOTION to Dismiss. Motion Hearing set for 6/18/2012 09:00 AM in Courtroom 9, 19th Floor, San Francisco before Hon. James Ware. (wsn, COURT STAFF) (Filed on 5/16/2012) (Entered: 05/16/2012) |
| 05/17/2012 | 54 | MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Compel *Arbitration of Claims Plaintiffs' L.R. 6–3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Rachele R. Rickert in Support of Plaintiffs' L.R. 6–3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitration [ECF No. 48], # 2 Proposed Order)(Rickert, Rachele) (Filed on 5/17/2012) (Entered: 05/17/2012) |
| 05/18/2012 | 55 | RESPONSE (re 54 MOTION for Extension of Time to File Response/Reply as to 48 MOTION to Compel *Arbitration of Claims Plaintiffs' L.R. 6–3 Administrative Motion to Enlarge Time for Briefing and Hearing on Apple Inc.'s Motion to Compel Arbitr* ) filed byApple Inc.. (Attachments: # 1 Declaration of Christopher S. Yates in Support Thereof)(Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012) |
| 05/18/2012 | 56 | Administrative Motion to File Under Seal *the Reply in Support of Motion to Dismiss Plaintiffs' Second Amended Complaint* filed by Apple Inc.. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012) |
| 05/18/2012 | 57 | REPLY (re 37 MOTION to Dismiss *[REDACTED]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 5/18/2012) (Entered: 05/18/2012) |
| 05/22/2012 | 58 | ORDER GRANTING DEFENDANT APPLE INC.S ADMINISTRATIVE MOTION TO FILE UNDER SEAL signed by Judge James Ware granting 56 Administrative Motion to File Under Seal. (wsn, COURT STAFF) (Filed on 5/22/2012) (Entered: 05/22/2012) |
| 05/22/2012 | 59 | DOCUMENT E–FILED UNDER SEAL re 58 Order on Administrative Motion to File Under Seal *Defendant Apple Inc.'s Reply in Support of its Motion to Dismiss Plaintiffs' Consolidated Complaint* by Apple Inc.. (Yates, Christopher) (Filed on 5/22/2012) (Entered: 05/22/2012) |
| 05/23/2012 | 60 | ORDER by Judge May 23, 2012 denying 54 Motion for Extension of Time to File Response/Reply (jwlc2, COURT STAFF) (Filed on 5/23/2012) (Entered: 05/23/2012) |
| 05/29/2012 | 61 | RESPONSE (re 48 MOTION to Compel *Arbitration of Claims* ) filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 62 | Declaration of Mark C. Rifkin in Support of 61 Opposition/Response to Motion *Declaration of Mark C. Rifkin In Support of Plaintiffs' Opposition to Apple's Motion to Compel Arbitration* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 63 | Declaration of Simon J. Wilkie, PH.D. in Support of 61 Opposition/Response to Motion *Expert Declaration of Simon J. Wilkie, PH.D.* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 05/29/2012 | 64 | Declaration of Michael A. Williams, PH.D. in Support of 61 Opposition/Response to Motion *Expert Declaration of Michael A. Williams, PH.D.* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 61 ) (Rifkin, Mark) (Filed on 5/29/2012) (Entered: 05/29/2012) |
| 06/05/2012 | 65 | REPLY (re 48 MOTION to Compel *Arbitration of Claims* ) filed byApple Inc.. (Yates, Christopher) (Filed on 6/5/2012) (Entered: 06/05/2012) |

**ER-902**

| 06/08/2012 | 66 | MOTION for Leave to File *Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Sur−Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order [Proposed] Order Granting Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Sur−Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48])(Rickert, Rachele) (Filed on 6/8/2012) (Entered: 06/08/2012) |
|---|---|---|
| 06/08/2012 | 67 | Declaration of Mark C. Rifkin in Support of 66 MOTION for Leave to File *Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Sur−Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48] Declaration of Mark C. Rifkin In Support of Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Sur−Reply Brief On Apple Inc.'s Motion to Compel Arbitration [ECF No. 48]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 66 ) (Rickert, Rachele) (Filed on 6/8/2012) (Entered: 06/08/2012) |
| 06/12/2012 | 68 | RESPONSE (re 66 MOTION for Leave to File *Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Sur−Reply Brief On Apple Inc.'s Motion To Compel Arbitration [ECF No. 48]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 6/12/2012) (Entered: 06/12/2012) |
| 06/15/2012 | 69 | OBJECTIONS to re 67 Declaration in Support,, 62 Declaration in Support, *in connection with Apple's Motion to Compel Arbitration* by Apple Inc.. (Yates, Christopher) (Filed on 6/15/2012) (Entered: 06/15/2012) |
| 06/18/2012 | 70 | Minute Entry: Motion Hearing held on 6/18/2012 before Chief Judge James Ware re 48 MOTION to Compel; and 37 MOTION to Dismiss. (Date Filed: 6/18/2012). (Court Reporter Jim Yeomans.) (wsn, COURT STAFF) (Date Filed: 6/18/2012) (Entered: 06/18/2012) |
| 06/21/2012 | 71 | Transcript of Proceedings held on 06/18/12, before Judge James Ware. Court Reporter/Transcriber James Yeomans, Telephone number (415) 863−5179. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 9/19/2012. (jjy, COURT STAFF) (Filed on 6/21/2012) (Entered: 06/21/2012) |
| 07/02/2012 | 72 | MOTION for Leave to File *Plaintiffs' L.R. 7−3 Motion For Persmission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order [Proposed] Order Granting Plaintiffs' Civil L.R. 7−3 Motion For Permission To File A Supplemental Brief On Apple Inc.'s Motion to Dismiss [ECF No. 37] And Motion To Compel Arbitration [ECF No. 48])(Rifkin, Mark) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/02/2012 | 73 | Declaration of Mark C. Rifkin in Support of 72 MOTION for Leave to File *Plaintiffs' L.R. 7−3 Motion For Persmission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 72 ) (Rifkin, Mark) (Filed on 7/2/2012) (Entered: 07/02/2012) |
| 07/06/2012 | 74 | RESPONSE (re 72 MOTION for Leave to File *Plaintiffs' L.R. 7−3 Motion For Persmission To File A Supplemental Brief On Apple Inc.'s Motion To Dismiss [ECF No. 37] And Motion to Compel Arbitration [ECF No. 48]* ) filed byApple Inc.. (Yates, Christopher) (Filed on 7/6/2012) (Entered: 07/06/2012) |
| 07/11/2012 | 75 | ORDER by Judge James Ware granting in part and denying in part 37 Motion to Dismiss; denying 48 Motion to Compel; finding as moot 66 Motion for Leave to File; denying 72 Motion for Leave to File (jwlc2, COURT STAFF) (Filed on 7/11/2012) (Entered: 07/11/2012) |
| 07/11/2012 | | Set Deadlines/Hearings: Joint Case Management Statement due by 9/14/2012. Case Management Conference set for 9/24/2012 10:00 AM in Courtroom 9, 19th Floor, San Francisco. (wsn, COURT STAFF) (Filed on 7/11/2012). (Entered: 07/12/2012) |
| 07/23/2012 | 76 | STIPULATION WITH PROPOSED ORDER *Extending Plaintiffs' Time To File An Amended Complaint* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration Of Rachele R. Rickert In Support Of Stipulation And [Proposed] Order Extending Plaintiffs' Time To File An Amended Complaint)(Rickert, Rachele) (Filed on 7/23/2012) (Entered: 07/23/2012) |
| 07/25/2012 | 77 | STIPULATION AND ORDER EXTENDING PLAINTIFFS TIME TO FILE AN AMENDED COMPLAINT re 76 STIPULATION WITH PROPOSED ORDER. Signed by Chief Judge James Ware |

**ER-903**

| | | |
|---|---|---|
| | | on July 25, 2012. (wsn, COURT STAFF) (Filed on 7/25/2012) (Entered: 07/25/2012) |
| 09/06/2012 | 78 | ORDER REASSIGNING CASE. Case reassigned to Judge Hon. Yvonne Gonzalez Rogers for all further proceedings. Judge Hon. James Ware no longer assigned to the case. (cp, COURT STAFF) (Filed on 9/6/2012) (Entered: 09/06/2012) |
| 09/06/2012 | 79 | REASSIGNMENT ORDER OF JUDGE YVONNE GONZALEZ ROGERS. Signed by Judge Yvonne Gonzalez Rogers on 9/6/12. (fs, COURT STAFF) (Filed on 9/6/2012) (Entered: 09/13/2012) |
| 09/24/2012 | 80 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 9/24/2012) Modified on 9/25/2012 (cp, COURT STAFF). (Entered: 09/24/2012) |
| 09/28/2012 | 81 | *AMENDED CONSOLIDATED CLASS ACTION COMPLAINT; JURY TRIAL* against Apple Inc.. Filed byCrystal Boykin, Robert Pepper, Edward W. Hayter, James Blackwell, Harry Bass, Eric Terrell, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 9/28/2012) Modified on 10/1/2012 (cpS, COURT STAFF). (Entered: 09/28/2012) |
| 10/05/2012 | 82 | STIPULATION *Extending Time to Respond to Plaintiffs' Amended Consolidated Class Action Complaint* filed by Apple Inc., Robert Pepper. (Huseny, Sadik) (Filed on 10/5/2012) Modified on 10/9/2012 (cjl, COURT STAFF). (Entered: 10/05/2012) |
| 10/18/2012 | 83 | STIPULATION AND ORDER EXTENDING TIME TO RESPOND TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT re 82 Stipulation filed by Robert Pepper, Apple Inc. Signed by Judge Yvonne Gonzalez Rogers on 11/18/12. (nah, COURT STAFF) (Filed on 10/18/2012) (Entered: 10/18/2012) |
| 10/25/2012 | 84 | CLERKS NOTICE Initial Case Management Conference set for 12/10/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (Attachments: # 1 Standing Order) (fs, COURT STAFF) (Filed on 10/25/2012) (Entered: 10/25/2012) |
| 10/25/2012 | 85 | CORRECTED CLERKS NOTICE SETTING Initial Case Management Conference set for 12/10/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. [Corrected to reflect correct case number] (Attachments: # 1 Standing Order) (fs, COURT STAFF) (Filed on 10/25/2012) (Entered: 10/26/2012) |
| 11/01/2012 | 86 | STIPULATION Extending Time to Respond to Plaintiffs' Amended Consolidated Class Action Complaint, filed by Apple Inc., Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Huseny, Sadik) (Filed on 11/1/2012) Modified on 11/2/2012 (jlm, COURT STAFF). (Entered: 11/01/2012) |
| 11/02/2012 | 87 | MOTION to Relate Case and [Proposed] Order filed by Apple Inc. (Attachments: # 1 Proposed Order)(Yates, Christopher) (Filed on 11/2/2012) Modified on 11/5/2012 (cjl, COURT STAFF). (Entered: 11/02/2012) |
| 11/02/2012 | 88 | MOTION to Dismiss and [Proposed] Order filed by Apple Inc. Motion Hearing set for 12/18/2012 02:00 PM before Hon. Yvonne Gonzalez Rogers. Responses due by 11/16/2012. Replies due by 11/26/2012. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 11/2/2012) Modified on 11/5/2012 (cjl, COURT STAFF). (Entered: 11/02/2012) |
| 11/02/2012 | 89 | Request for Judicial Notice re 88 MOTION to Dismiss filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Related document(s) 88 ) (Wall, Daniel) (Filed on 11/2/2012) (Entered: 11/02/2012) |
| 11/02/2012 | 90 | CERTIFICATE OF SERVICE by Apple Inc. re 87 MOTION to Relate Case (Yates, Christopher) (Filed on 11/2/2012) (Entered: 11/02/2012) |
| 11/14/2012 | 91 | STIPULATION WITH PROPOSED ORDER *Extending Briefing Schedule on Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Amended Consolidated Complaint [ECF NO. 88]* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Attachments: # 1 Declaration of Rachele R. Rickert in Support of Stipulation and [Proposed] Order Extending Briefing Schedule on Defendant Apple Inc.'s Motion to Dismiss Plaintiffs' Amended Consolidated Complaint [ECF NO. 88])(Rickert, Rachele) (Filed on 11/14/2012) Modified on 11/15/2012 (cp, COURT STAFF). (Entered: 11/14/2012) |
| 11/15/2012 | 92 | ORDER RELATING CASES C−11−6714−YGR and C−12−5404−JCS. Signed by Judge Yvonne Gonzalez Rogers on 11/15/12. (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/15/2012) |
| 11/15/2012 | 93 | ORDER by Judge Yvonne Gonzalez Rogers granting 91 Stipulation Extending Briefing Schedule (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/16/2012) |

**ER-904**

| 11/15/2012 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Responses due by 12/7/2012. Replies due by 12/21/2012. Motion Hearing set for 1/15/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 11/15/2012) (Entered: 11/16/2012) |
|---|---|---|
| 11/28/2012 | 94 | STIPULATION WITH PROPOSED ORDER *CONTINUING CASE MANAGEMENT CONFERENCE* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 11/28/2012) Modified on 11/29/2012 (cpS, COURT STAFF). (Entered: 11/28/2012) |
| 11/28/2012 | 95 | Declaration of RACHELE R. RICKERT in Support of 94 STIPULATION WITH PROPOSED ORDER *CONTINUING CASE MANAGEMENT CONFERENCE* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 94 ) (Rickert, Rachele) (Filed on 11/28/2012) (Entered: 11/28/2012) |
| 12/03/2012 | 96 | JOINT CASE MANAGEMENT STATEMENT filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 12/3/2012) Modified on 12/4/2012 (cpS, COURT STAFF). (Entered: 12/03/2012) |
| 12/03/2012 | 97 | ORDER DENYING STIPULATION TO CONTINUE CASE MANAGEMENT CONFERENCE by Judge Yvonne Gonzalez Rogers denying (94) Stipulation in case 4:11–cv–06714–YGR; denying (8) Stipulation in case 4:12–cv–05404–YGR (fs, COURT STAFF) (Filed on 12/3/2012) (Entered: 12/04/2012) |
| 12/06/2012 | 98 | JOINT CASE MANAGEMENT STATEMENT *(Amended)* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Rickert, Rachele) (Filed on 12/6/2012) Modified on 12/7/2012 (cp, COURT STAFF). (Entered: 12/06/2012) |
| 12/07/2012 | 99 | RESPONSE (re 88 MOTION to Dismiss ) *PLAINTIFFS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT APPLES MOTION TO DISMISS THE AMENDED CONSOLIDATED COMPLAINT* filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Schmidt, Alexander) (Filed on 12/7/2012) (Entered: 12/07/2012) |
| 12/07/2012 | 100 | Declaration of Michael Liskow in Support of 99 Opposition/Response to Motion, filed byHarry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Related document(s) 99 ) (Liskow, Michael) (Filed on 12/7/2012) (Entered: 12/07/2012) |
| 12/10/2012 | 101 | Minute Entry: Initial Case Management Conference held on 12/10/2012 before Yvonne Gonzalez Rogers (Date Filed: 12/10/2012). Further Case Management Conference set for 12/17/2012 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 12/10/2012) (Entered: 12/10/2012) |
| 12/17/2012 | | CLERKS NOTICE : THE 12/17/12 AT 2:00PM CASE MANAGEMENT CONFERENCES IN CASE C–11–6714–YGR AND CASE C–12–5404–YGR ARE VACATED.<br><br>**(This is a text only docket entry, there is no document associated with this notice.)**<br><br>(fs, COURT STAFF) (Filed on 12/17/2012) (Entered: 12/17/2012) |
| 12/18/2012 | 102 | Transcript of Proceedings held on December 10, 2012, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, Telephone number 510–451–7530, raynee_mercado@cand.uscourts.gov, rayneeh@hotmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 1/8/2013. Redacted Transcript Deadline set for 1/18/2013. Release of Transcript Restriction set for 3/18/2013. (rhm) (Filed on 12/18/2012) (Entered: 12/18/2012) |
| 12/21/2012 | 103 | REPLY (re 88 MOTION to Dismiss ) filed byApple Inc.. (Huseny, Sadik) (Filed on 12/21/2012) (Entered: 12/21/2012) |
| 01/07/2013 | | CLERKS NOTICE CONTINUING HEARING ON DEFENDANT APPLE'S MOTION TO DISMISS PLAINTIFF'S AMENDED CONSOLIDATED COMPLAINT [Dkt. No. 88] Motion Hearing set for 1/15/2013 is VACATED AND RESET to Tuesday 2/12/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. |

**ER-905**

| | | |
|---|---|---|
| | | **(This is a text only docket entry, there is no document associated with this notice.)** <br><br> (fs, COURT STAFF) (Filed on 1/7/2013) (Entered: 01/07/2013) |
| 01/07/2013 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Motion Hearing set for 2/12/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 1/7/2013) (Entered: 01/07/2013) |
| 01/14/2013 | 104 | STIPULATION WITH PROPOSED ORDER *To Continue Hearing on Defendant's Motion to Dismiss* filed by Apple Inc., Robert Pepper, et al. (Huseny, Sadik) (Filed on 1/14/2013) Modified on 1/15/2013 (cpS, COURT STAFF). (Entered: 01/14/2013) |
| 01/24/2013 | 105 | ORDER by Judge Yvonne Gonzalez Rogers granting 104 Stipulation to Continue Hearing on Defendant's Motion to Dismiss (fs, COURT STAFF) (Filed on 1/24/2013) (Entered: 01/24/2013) |
| 01/24/2013 | | Set/Reset Deadlines as to 88 MOTION to Dismiss . Motion Hearing set for 3/5/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 1/24/2013) (Entered: 01/24/2013) |
| 03/05/2013 | 106 | Minute Entry: Motion Hearing held and submitted on 3/5/2013 before Yvonne Gonzalez Rogers (Date Filed: 3/5/2013) re 88 MOTION to Dismiss filed by Apple Inc.. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 3/5/2013) (Entered: 03/13/2013) |
| 04/03/2013 | 107 | Transcript of Proceedings held on March 5, 2013, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, Telephone number 510–451–7530, rayneeh@hotmail.com, raynee_mercado@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 7/2/2013. (rhm) (Filed on 4/3/2013) (Entered: 04/03/2013) |
| 08/15/2013 | 108 | **ORDER by Judge Yvonne Gonzalez Rogers granting 88 Motion to Dismiss Plaintiffs' Amended Consolidated Complaint with Leave to Amend. (fs, COURT STAFF) (Filed on 8/15/2013) (Entered: 08/15/2013)** |
| 08/15/2013 | | Set/Reset Hearing per the 108 Order on Motion to Dismiss. Case Management Conference set for Monday, 11/4/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland. (fs, COURT STAFF) (Filed on 8/15/2013) (Entered: 08/15/2013) |
| 08/28/2013 | 109 | STIPULATION WITH PROPOSED ORDER *Extending Time to Respond to Plaintiffs' Second Amended Consolidated Class Action Complaint* filed by Apple Inc., Robert Pepper, et al. (Yates, Christopher) (Filed on 8/28/2013) Modified on 8/29/2013 (cpS, COURT STAFF). (Entered: 08/28/2013) |
| 08/29/2013 | 110 | **ORDER by Judge Yvonne Gonzalez Rogers DENYING 109 Stipulation (fs, COURT STAFF) (Filed on 8/29/2013) (Entered: 08/29/2013)** |
| 09/05/2013 | 111 | AMENDED COMPLAINT *CONSOLIDATED CLASS ACTION COMPLAINT (SECOND)*; Jury Demand against Robert Pepper, Edward W. Hayter, Eric Terrell, Stephen H. Schwartz. Filed byRobert Pepper, Edward W. Hayter, Eric Terrell, Stephen H. Schwartz. (Rickert, Rachele) (Filed on 9/5/2013) Modified on 9/6/2013 (cpS, COURT STAFF). (Entered: 09/05/2013) |
| 09/10/2013 | 112 | MOTION for Extension of Time to File Answer filed by Apple Inc.. (Attachments: # 1 Declaration of Sadik Huseny, # 2 Proposed Order)(Huseny, Sadik) (Filed on 9/10/2013) (Entered: 09/10/2013) |
| 09/10/2013 | 113 | RESPONSE (re 112 MOTION for Extension of Time to File Answer ) filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Alexander H. Schmidt In Support of Plaintiffs' Response to Defendant's Administrative Motion To Enlarge Time To Respond To Second Amended Complaint)(Schmidt, Alexander) (Filed on 9/10/2013) (Entered: 09/10/2013) |
| 09/11/2013 | 114 | **ORDER by Judge Yvonne Gonzalez Rogers granting 112 Motion for Extension of Time to Answer to 9/30/2013. (fs, COURT STAFF) (Filed on 9/11/2013) (Entered: 09/11/2013)** |
| 09/30/2013 | 115 | MOTION to Dismiss *Plaintiffs' Second Amended Complaint* filed by Apple Inc.. Motion Hearing set for 11/5/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers. Responses due by 10/15/2013. Replies due by 10/22/2013. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 9/30/2013) (Entered: 09/30/2013) |

**ER-906**

| 10/15/2013 | 116 | RESPONSE (re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* ) *Memorandum of Points and Authorities In Opposition to Defendant Apple's Motion to Dismiss Plaintiffs' Second Amended Consolidated Complaint* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Proposed Order Denying Defendant Apple's Motion to Dismiss Plaintiff's Second Amended Complaint)(Schmidt, Alexander) (Filed on 10/15/2013) (Entered: 10/15/2013) |
|---|---|---|
| 10/21/2013 | 117 | CLERKS NOTICE CHANGING TIME OF HEARING ON NOVEMBER 5, 2013. Set/Reset Deadlines as to 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint*. Motion Hearing set for 11/5/2013 WILL BE HELD AT 10:00 AM (Instead of at 2:00PM) in Courtroom 5, 2nd Floor, Oakland before Hon. Yvonne Gonzalez Rogers.<br><br>**(This is a text only docket entry, there is no document associated with this notice.)**<br><br>(fs, COURT STAFF) (Filed on 10/21/2013) (Entered: 10/21/2013) |
| 10/22/2013 | 118 | REPLY (re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* ) filed byApple Inc.. (Wall, Daniel) (Filed on 10/22/2013) (Entered: 10/22/2013) |
| 10/28/2013 | 119 | JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc., Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rickert, Rachele) (Filed on 10/28/2013) Modified on 10/29/2013 (cpS, COURT STAFF). (Entered: 10/28/2013) |
| 10/30/2013 | 120 | CLERKS NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. Case Management Conference set for 11/4/2013 is CONTINUED to Monday, 12/16/2013 02:00 PM in Courtroom 5, 2nd Floor, Oakland.<br><br>**(This is a text only docket entry, there is no document associated with this notice.)**<br><br>(fs, COURT STAFF) (Filed on 10/30/2013) (Entered: 10/30/2013) |
| 11/07/2013 | 121 | Minute Entry: Motion Hearing held and submitted on 11/5/2013 before Yvonne Gonzalez Rogers (Date Filed: 11/7/2013) re 115 MOTION to Dismiss *Plaintiffs' Second Amended Complaint* filed by Apple Inc.. (Court Reporter Raynee Mercado.) (fs, COURT STAFF) (Date Filed: 11/7/2013) (Entered: 11/07/2013) |
| 11/07/2013 | 122 | TRANSCRIPT ORDER by Apple Inc. for Court Reporter Raynee Mercado. (Wall, Daniel) (Filed on 11/7/2013) (Entered: 11/07/2013) |
| 11/25/2013 | 123 | Transcript of Proceedings held on November 5, 2013, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, Telephone number 510–451–7530, cacsr8258@gmail.com, raynee_mercado@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerks Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction.After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Release of Transcript Restriction set for 2/24/2014. (Related document(s) 122 ) (rhm) (Filed on 11/25/2013) (Entered: 11/25/2013) |
| 12/02/2013 | 124 | **ORDER by Judge Yvonne Gonzalez Rogers granting 115 Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice. (fs, COURT STAFF) (Filed on 12/2/2013) (Entered: 12/02/2013)** |
| 12/04/2013 | 125 | TRANSCRIPT ORDER by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell for Court Reporter Raynee Mercado. (Rickert, Rachele) (Filed on 12/4/2013) (Entered: 12/04/2013) |
| 12/30/2013 | 126 | Proposed Judgment by Apple Inc. (Yates, Christopher) (Filed on 12/30/2013) Modified on 12/31/2013 (kcS, COURT STAFF). (Entered: 12/30/2013) |
| 12/31/2013 | 127 | NOTICE OF APPEAL to the 9th CCA Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. Appeal of Order on Motion to Dismiss 124 (Appeal fee of $505 receipt number 0971–8263870 paid.) (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rickert, Rachele) (Filed on 12/31/2013) (Entered: 12/31/2013) |
| 01/02/2014 | 128 | USCA Case Number 14–15000 for 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter. (cjl, COURT STAFF) (Filed on 1/2/2014) (Entered: 01/02/2014) |
| 01/07/2014 | 129 | **JUDGMENT. Signed by Judge Yvonne Gonzalez Rogers on 1/7/2014. (fs, COURT STAFF) (Filed on 1/7/2014) (Entered: 01/07/2014)** |

**ER-907**

| 01/30/2014 | 130 | Transcript Designation Form for proceedings held on 11/05/13, 03/05/13, 12/10/12, 06/18/12 before Judge Yvonne Gonzalez–Rogers, James Ware, (Attachments: # 1 Certificate/Proof of Service)(Rickert, Rachele) (Filed on 1/30/2014) (Entered: 01/30/2014) |
|---|---|---|
| 01/12/2017 | 131 | Opinion of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter. REVERSED AND REMANDED. (cjlS, COURT STAFF) (Filed on 1/12/2017) Modified on 1/13/2017 (vlkS, COURT STAFF). (Entered: 01/12/2017) |
| 05/12/2017 | 132 | MANDATE of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter (cpS, COURT STAFF) (Filed on 5/12/2017) (Entered: 05/17/2017) |
| 08/07/2017 | 133 | USCA Case Number 17–204 US Supreme Court (petition for a writ of certiorari) (cjlS, COURT STAFF) (Filed on 8/7/2017) Modified on 6/21/2018 (cpS, COURT STAFF). (Entered: 08/08/2017) |
| 05/09/2018 | 134 | NOTICE of filing to provide the Court with an update regarding Apples petition for a writ of certiorari to the Supreme Court by Apple Inc. (Attachments: # 1 Exhibit A)(Huseny, Sadik) (Filed on 5/9/2018) Modified on 5/9/2018 (cpS, COURT STAFF). (Entered: 05/09/2018) |
| 06/18/2018 | 135 | ORDER of U.S. Supreme Court: Granting petition for a writ of certiorari as to 133 USCA Case Number 17–204. (cpS, COURT STAFF) (Filed on 6/18/2018) (Entered: 06/21/2018) |
| 09/04/2018 | 136 | NOTICE of Change of Address by Michael Milton Liskow (Liskow, Michael) (Filed on 9/4/2018) Modified on 9/5/2018 (cpS, COURT STAFF). (Entered: 09/04/2018) |
| 09/06/2018 | 137 | NOTICE of Filing of Opening and Amicus Briefs with the U.S. Supreme Court by Apple Inc. (Attachments: # 1 Exhibit A)(Huseny, Sadik) (Filed on 9/6/2018) Modified on 9/7/2018 (cjlS, COURT STAFF). (Entered: 09/06/2018) |
| 01/30/2019 | 138 | NOTICE of Withdrawal by Attorneys Francis M. Gregorek and Alexander Schmidt by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell (Byrd, Rachele) (Filed on 1/30/2019) Modified on 1/31/2019 (cpS, COURT STAFF). (Entered: 01/30/2019) |
| 01/30/2019 | 139 | NOTICE of Change of Address by Rachele R. Byrd (Byrd, Rachele) (Filed on 1/30/2019) (Entered: 01/30/2019) |
| 05/13/2019 | 140 | U.S. Supreme Court Notice of Opinion. (jmlS, COURT STAFF) (Filed on 5/13/2019) (Entered: 05/15/2019) |
| 05/13/2019 | 141 | U.S. Supreme Court Opinion. (jmlS, COURT STAFF) (Filed on 5/13/2019) (Entered: 05/15/2019) |
| 05/23/2019 | 142 | Received Document From Rudolf J. Friederich. (Attachments: # 1 Envelope)(jmlS, COURT STAFF) (Filed on 5/23/2019) (Entered: 05/28/2019) |
| 06/07/2019 | 143 | MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12* filed by Harry Bass, James Blackwell, Crystal Boykin, Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order, # 3 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 6/7/2019) (Entered: 06/07/2019) |
| 06/11/2019 | 144 | OPPOSITION/RESPONSE (re 143 MOTION to Relate Case *Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12* ) filed byApple Inc.. (Attachments: # 1 Certificate of Service)(Huseny, Sadik) (Filed on 6/11/2019) (Entered: 06/11/2019) |
| 06/12/2019 | 145 | **RELATED CASE ORDER by Judge Yvonne Gonzalez Rogers granting 143 Motion to Relate Case. The Court finds that Cases 11–cv–06714 YGR and 19–cv–2852 WHA are related.(dtmS, COURT STAFF) (Filed on 6/12/2019) (Entered: 06/12/2019)** |
| 06/17/2019 | 146 | U.S. Supreme Court JUDGMENT affirmed as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter (jmlS, COURT STAFF) (Filed on 6/17/2019) (Entered: 06/20/2019) |
| 06/21/2019 | 147 | NOTICE of Appearance by Daniel Glen Swanson (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/21/2019 | 148 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance by Richard J. Doren* (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/21/2019 | 149 | NOTICE of Appearance by Daniel Glen Swanson *Notice of Appearance by Theodore J. Boutrous, Jr.* (Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |

**ER-908**

| | | |
|---|---|---|
| 06/21/2019 | 150 | MOTION to Relate Case filed by Apple Inc.. (Attachments: # 1 Declaration of Daniel G. Swanson in Support of Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3–12, # 2 Exhibit A to the Declaration of Daniel G. Swanson, # 3 Exhibit B to the Declaration of Daniel G. Swanson, # 4 Proposed Order Granting Administrative Motion to Consider Whether Cases Should be Realted Pursuant to Civil L.R. 3–12)(Swanson, Daniel) (Filed on 6/21/2019) (Entered: 06/21/2019) |
| 06/25/2019 | 151 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971–13465834.) filed by Apple Inc.. (Richman, Cynthia) (Filed on 6/25/2019) (Entered: 06/25/2019) |
| 06/25/2019 | 152 | OPPOSITION/RESPONSE (re 150 MOTION to Relate Case ) *Cameron Plaintiffs' Memorandum in Opposition to Defendant Apple, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civ. L.R. 3–12* filed byDonald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Proposed Order)(Berman, Steve) (Filed on 6/25/2019) (Entered: 06/25/2019) |
| 06/26/2019 | 153 | OPPOSITION/RESPONSE (re 150 MOTION to Relate Case ) *Plaintiffs' Response to Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3–12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 6/26/2019) (Entered: 06/26/2019) |
| 06/26/2019 | 154 | NOTICE of Appearance by Melissa Phan (Phan, Melissa) (Filed on 6/26/2019) (Entered: 06/26/2019) |
| 06/27/2019 | 155 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971–13473246.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Certificate of Good Standing)(Guiney, Matthew) (Filed on 6/27/2019) (Entered: 06/27/2019) |
| 06/27/2019 | 156 | **ORDER ALLOWING ADDITIONAL SUBMISSIONS REGARDING PENDING MOTION TO RELATE re 150 MOTION to Relate Case filed by Apple Inc. Parties may file a supplemental brief by 4:00 PM on Monday, July 8, 2019, not to exceed five pages. Signed by Judge Yvonne Gonzalez Rogers on 6/27/2019. (fsS, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 06/27/2019 | 157 | **ORDER by Judge Yvonne Gonzalez Rogers granting 155 Motion for Pro Hac Vice as to Matthew M. Guiney. (fs, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 06/27/2019 | 158 | **ORDER by Judge Yvonne Gonzalez Rogers granting 151 Motion for Pro Hac Vice as to Cynthia Richman. (fs, COURT STAFF) (Filed on 6/27/2019) (Entered: 06/27/2019)** |
| 07/08/2019 | 159 | Supplemental Brief re 150 MOTION to Relate Case *Plaintiffs' Supplemental Response Regarding Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Related document(s) 150 ) (Rifkin, Mark) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/08/2019 | 160 | Supplemental Brief re 150 MOTION to Relate Case *Defendant Apple Inc.'s Supplemental Brief in Support of Its Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12* filed byApple Inc.. (Related document(s) 150 ) (Swanson, Daniel) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/08/2019 | 161 | Supplemental Brief re 156 Order, *Cameron Plaintiffs' Supplemental Opposition to Apple Inc.'s Motion to Relate Cases* filed byDonald R. Cameron. (Related document(s) 156 ) (Berman, Steve) (Filed on 7/8/2019) (Entered: 07/08/2019) |
| 07/16/2019 | 162 | ORDER of USCA Remanding case to United States District Court as to 135 USCA Order (jmlS, COURT STAFF) (Filed on 7/16/2019) (Entered: 07/16/2019) |
| 07/22/2019 | 163 | MOTION to Relate Case filed by Apple Inc.. (Attachments: # 1 Declaration Declaration of Daniel G. Swanson in Support of Apple's Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12, # 2 Exhibit Exhibit A to the Declaration of Daniel G. Swanson, # 3 Proposed Order Proposed Order Granting Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12)(Swanson, Daniel) (Filed on 7/22/2019) (Entered: 07/22/2019) |
| 07/26/2019 | 164 | OPPOSITION/RESPONSE (re 163 MOTION to Relate Case ) *Plaintiffs' Response to Defendant Apple Inc.'s Administrative Motion to Consider Whether Cases Should Be Related Pursuant to Civil L.R. 3–12* filed byEdward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Rifkin, Mark) (Filed on 7/26/2019) (Entered: 07/26/2019) |
| 07/26/2019 | 165 | OPPOSITION/RESPONSE (re 163 MOTION to Relate Case ) filed byBarry Sermons. (Attachments: # 1 Proposed Order Denying Administrative Motion to Relate)(Saveri, Richard) (Filed on 7/26/2019) (Entered: 07/26/2019) |

**ER-909**

| | | |
|---|---|---|
| 07/30/2019 | 166 | ANSWER to Second Amended Consolidated Class Action Complaint with Jury Demand by Apple Inc.. (Richman, Cynthia) (Filed on 7/30/2019) Modified on 7/31/2019 (jmlS, COURT STAFF). (Entered: 07/30/2019) |
| 08/22/2019 | 167 | MANDATE of USCA as to 127 Notice of Appeal, filed by Stephen H. Schwartz, Robert Pepper, Eric Terrell, Edward W. Hayter. (cjlS, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019) |
| 08/22/2019 | 168 | **ORDER GRANTING ADMINISTRATIVE MOTIONS TO RELATE CASES by Judge Yvonne Gonzalez Rogers granting 150 Motion to Relate Cases 4:11–cv–6714–YGR and 19–cv–3074–WHA; granting 163 Motion to Relate Cases 4:11–cv–6714–YGR and 19–cv–3796–WHA. Case Management Statement due by 9/6/2019. Initial Case Management Conference in all cases is specially set for Friday, 9/13/2019 09:00 AM before Hon. Judge Yvonne Gonzalez Rogers in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 8/22/2019) (Entered: 08/22/2019)** |
| 08/30/2019 | 169 | STIPULATION WITH PROPOSED ORDER *Continuing Case Management Conference* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Barry Semons, et al. (Attachments: # 1 Declaration of Mark C. Rifkin in Support of Stipulation and [Proposed] Order Continuing Case Management Conference)(Rifkin, Mark) (Filed on 8/30/2019) Modified on 8/30/2019 (cpS, COURT STAFF). (Entered: 08/30/2019) |
| 09/05/2019 | 170 | **ORDER CONTINUING CASE MANAGEMENT CONFERENCE by Judge Yvonne Gonzalez Rogers; granting (169) Stipulation in case 4:11–cv–06714–YGR; granting (24) Stipulation in case 4:19–cv–02852–YGR; granting (45) Stipulation in case 4:19–cv–03074–YGR; granting (38) Stipulation in case 4:19–cv–03796–YGR. The Case Management Conference is continued from 9/13/2019 to 10/7/2019 at 2:00 p.m.; the parties in each related action shall file a joint CMC statement no later than 9/30/2019; the parties in each related action shall file their ADR Certifications by 9/16/2019. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019)** |
| 09/05/2019 | | Set Deadlines/Hearings: Case Management Statement due by 9/30/2019. Further Case Management Conference set for 10/7/2019 02:00 PM in Oakland, Courtroom 1, 4th Floor. (fs, COURT STAFF) (Filed on 9/5/2019) (Entered: 09/05/2019) |
| 09/05/2019 | 171 | NOTICE of Appearance by Brittany Nicole DeJong (DeJong, Brittany) (Filed on 9/5/2019) (Entered: 09/05/2019) |
| 09/16/2019 | 172 | NOTICE of Change of Address by Michael Milton Liskow (Liskow, Michael) (Filed on 9/16/2019) (Entered: 09/16/2019) |
| 09/16/2019 | 173 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *ADR Certification by Parties and Counsel* (Richman, Cynthia) (Filed on 9/16/2019) (Entered: 09/16/2019) |
| 09/30/2019 | 174 | Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell and Apple, Inc.. (Byrd, Rachele) (Filed on 9/30/2019) Modified on 10/1/2019 (jmlS, COURT STAFF). (Entered: 09/30/2019) |
| 10/02/2019 | 175 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971–13757598.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Attachments: # 1 Certificate of Good Standing)(Frederick, David) (Filed on 10/2/2019) (Entered: 10/02/2019) |
| 10/04/2019 | 176 | **ORDER by Judge Yvonne Gonzalez Rogers granting 175 Motion for Pro Hac Vice as to David C. Frederick. (fs, COURT STAFF) (Filed on 10/4/2019) (Entered: 10/04/2019)** |
| 10/04/2019 | 177 | STIPULATION WITH PROPOSED ORDER *Consolidating Related Consumer Cases for All Purposes* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell and Apple, Inc. (Byrd, Rachele) (Filed on 10/4/2019) Modified on 10/7/2019 (jmlS, COURT STAFF). (Entered: 10/04/2019) |
| 10/07/2019 | 178 | **Minute EntryFurther Case Management Conference held on 10/7/2019.CASE REFERRED to Magistrate Judge Thomas Hixson for Discovery. Case referred to Private ADR: Private Mediation to be completed by 5/1/2020. Class Certification Motion due by 9/30/2020. Responses due by 12/7/2020. Replies due by 1/8/2021. Class Certification Motion Hearing set for Monday, 2/1/2021 at specially set time of 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement re name of private mediator due by 11/1/2019. Compliance hearing re name of private mediator is set for Friday, 11/18/2019 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Further Case Management Conference set for 1/13/2020 01:30 PM in Oakland, Courtroom 1, 4th Floor. Case Management Statement due by 1/6/2020. Jury Selection set for 3/7/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set for 3/7/2022 08:30 AM in Oakland, Courtroom 1,** |

**ER-910**

| | | |
|---|---|---|
| | | **4th Floor before Judge Yvonne Gonzalez Rogers. Rogers. Joint Pretrial Conference Statement filed by 2/4/2022. Pretrial Conference set for Friday, 2/18/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance hearing re pretrial preparation is set for Friday, 1/28/2022 09:01 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Statement filed by 1/21/2022Total Time in Court: 28 minutes. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/7/2019) (Entered: 10/09/2019)** |
| 10/07/2019 | | CASE REFERRED to Magistrate Judge Thomas S. Hixson for Discovery (ahm, COURT STAFF) (Filed on 10/7/2019) (Entered: 10/11/2019) |
| 10/09/2019 | 179 | TRANSCRIPT ORDER for proceedings held on 10/7/2019 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Pam Batalo. (Richman, Cynthia) (Filed on 10/9/2019) (Entered: 10/09/2019) |
| 10/10/2019 | 180 | TRANSCRIPT ORDER for proceedings held on 10/7/2019 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, for Court Reporter Pam Batalo. (Byrd, Rachele) (Filed on 10/10/2019) (Entered: 10/10/2019) |
| 10/10/2019 | 181 | **Discovery Order re 178 Case Management Conference – Case Referred to Magistrate Judge for Discovery. Signed by Magistrate Judge Thomas S. Hixson on 10/10/2019.**<br><br>**(Attachments: # 1 Standing Order re Discovery)**<br><br>**(rmm2S, COURT STAFF) (Filed on 10/10/2019) (Entered: 10/10/2019)** |
| 10/16/2019 | 182 | Transcript of Proceedings held on 10/07/19, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626–688–7509; pamela_batalo–hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:11–cv–06714–YGR) Transcript Order ) Redaction Request due 11/6/2019. Redacted Transcript Deadline set for 11/18/2019. Release of Transcript Restriction set for 1/14/2020. (Batalo, Pam) (Filed on 10/16/2019) (Entered: 10/16/2019) |
| 10/29/2019 | 183 | **ORDER [*AS MODIFIED BY THE COURT*] by Judge Yvonne Gonzalez Rogers granting (177) Stipulation CONSOLIDATING Related Consumer Cases for all Purposes in case 4:11–cv–06714–YGR; granting (30) Stipulation CONSOLIDATING Related Consumer Cases for All Purposes in case 4:19–cv–02852–YGR.**<br><br>**The Clerk of the Court is directed to administratively close the Lawrence action, Case No. 4:19–cv–2852–YGR. ALL FUTURE FILING WILL BE MADE IN THE PEPPER ACTION, Case No. 4:11–cv–06714–YGR.**<br><br>**(fs, COURT STAFF) (Filed on 10/29/2019) (Entered: 10/29/2019)** |
| 11/01/2019 | 184 | Joint Statement Regarding Mediation by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Byrd, Rachele) (Filed on 11/1/2019) Modified on 11/4/2019 (cpS, COURT STAFF). (Entered: 11/01/2019) |
| 11/05/2019 | 185 | CLERK'S NOTICE VACATING COMPLIANCE HEARING regarding name of Mediator. In light of the filing at Dkt. no. 184, the Monday, November 18, 2019 at 9:01 AM Compliance hearing is VACATED.<br><br>The Friday, 11/8/2019 at 9:01am Compliance date is also VACATED.<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/5/2019) (Entered: 11/05/2019) |
| 11/07/2019 | 186 | MOTION for leave to appear in Pro Hac Vice *Veronica S. Lewis* ( Filing fee $ 310, receipt number 0971–13866526.) filed by Apple Inc.. (Lewis, Veronica) (Filed on 11/7/2019) Modified on 11/8/2019 (cpS, COURT STAFF). (Entered: 11/07/2019) |
| 11/08/2019 | | Electronic filing error. Judge initials are missing Re: 186 MOTION for leave to appear in Pro Hac Vice filed by Apple Inc..<br><br>Counsel need not re–file the document, but should r eference the correct judge initials as YGR after the case number, and correctly reflected on your document as 4:11–cv–06714–YGR on future filings. (cpS, |

**ER-911**

| | | |
|---|---|---|
| | | COURT STAFF) (Filed on 11/8/2019) (Entered: 11/08/2019) |
| 11/08/2019 | 187 | STIPULATION WITH PROPOSED ORDER *Dismissing the Individual Claims of Named Plaintiff Eric Terrell without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)* filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell, Apple Inc. (Byrd, Rachele) (Filed on 11/8/2019) Modified on 11/11/2019 (cpS, COURT STAFF). (Entered: 11/08/2019) |
| 11/14/2019 | 188 | **ORDER by Judge Yvonne Gonzalez Rogers granting 186 Motion for Pro Hac Vice as to Veronica S. Lewis. (fs, COURT STAFF) (Filed on 11/14/2019) (Entered: 11/14/2019)** |
| 11/14/2019 | 189 | **ORDER by Judge Yvonne Gonzalez Rogers granting 187 Stipulation Dismissing the Individual Claims of Named Plaintiff Eric Terrell without Prejudice pursuant to FRCP 41(a)(1)(A)(ii). (fs, COURT STAFF) (Filed on 11/14/2019) (Entered: 11/14/2019)** |
| 11/21/2019 | 190 | NOTICE of Appearance by Eli Martin Lazarus (Lazarus, Eli) (Filed on 11/21/2019) (Entered: 11/21/2019) |
| 11/22/2019 | 191 | CLERK'S NOTICE CHANGING TIME OF FURTHER CASE MANAGEMENT CONFERENCE TO 1:00 PM. The Further Case Management Conference set for 1/13/2020 WILL BE HELD AT 01:00 PM in Oakland, Courtroom 1, 4th Floor. The 2:00 PM time is VACATED. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/22/2019) (Entered: 11/22/2019) |
| 11/25/2019 | 192 | NOTICE by Apple Inc. *OF WITHDRAWAL OF ATTORNEY MELISSA PHAN* (Phan, Melissa) (Filed on 11/25/2019) (Entered: 11/25/2019) |
| 01/02/2020 | 193 | STIPULATION WITH PROPOSED ORDER *REGARDING COORDINATION OF DISCOVERY* filed by Apple Inc., Pure Sweat Basketball Inc, Edward W. Hayter, Harry Bass, Robert Pepper, Stephen H. Schwartz, Crystal Boykin, James Blackwell. (Richman, Cynthia) (Filed on 1/2/2020) Modified on 1/2/2020 (cpS, COURT STAFF). (Entered: 01/02/2020) |
| 01/06/2020 | 194 | **ORDER by Judge Yvonne Gonzalez Rogers granting (193) Stipulation regarding Coordination of Discovery in case 4:11−cv−06714−YGR; granting (79) Stipulation regarding Coordination of Discovery in case 4:19−cv−03074−YGR. (fs, COURT STAFF) (Filed on 1/6/2020) (Entered: 01/06/2020)** |
| 01/06/2020 | 195 | STIPULATION WITH PROPOSED ORDER *RE PROTECTIVE ORDER* filed by Apple Inc., Robert Pepper, Pure Sweat Basketball Inc, et al. (Richman, Cynthia) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/06/2020 | 196 | FURTHER CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Pure Sweat Basketball Inc, Donald R. Cameron. (Byrd, Rachele) (Filed on 1/6/2020) Modified on 1/7/2020 (cpS, COURT STAFF). (Entered: 01/06/2020) |
| 01/09/2020 | 197 | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 7/27/2020. Further Case Management Conference set for 1/13/2020 is CONTINUED to Monday, 8/3/2020 at 02:00 PM in Oakland, Courtroom 1, 4th Floor. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 198 | **REVISED CASE MANAGEMENT AND PRETRIAL ORDER. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/09/2020 | 199 | **STIPULATED PROTECTIVE ORDER. Signed by Judge Yvonne Gonzalez Rogers on 1/9/2020. (fs, COURT STAFF) (Filed on 1/9/2020) (Entered: 01/09/2020)** |
| 01/28/2020 | 200 | EXPERT STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Donald R. Cameron, Pure Sweat Basketball Inc, Barry Sermons. (Lazarus, Eli) (Filed on 1/28/2020) Modified on 1/29/2020 (cpS, COURT STAFF). (Entered: 01/28/2020) |
| 01/29/2020 | 201 | **ORDER by Judge Yvonne Gonzalez Rogers granting (200) Expert Stipulation in case 4:11−cv−06714−YGR; granting (86) Expert Stipulation in case 4:19−cv−03074−YGR. (fs, COURT STAFF) (Filed on 1/29/2020) (Entered: 01/30/2020)** |
| 02/21/2020 | 202 | MOTION to Withdraw as Attorney filed by Apple Inc.. Responses due by 3/6/2020. Replies due by 3/13/2020. (Attachments: # 1 Proposed Order)(Wall, Daniel) (Filed on 2/21/2020) (Entered: 02/21/2020) |

**ER-912**

| 02/25/2020 | 203 | **ORDER by Judge Yvonne Gonzalez Rogers granting 202 Motion to Withdraw as Attorney. Daniel Wall, Christopher Yates and Sadik Huseny terminated as counsel. (fs, COURT STAFF) (Filed on 2/25/2020) (Entered: 02/25/2020)** |
|---|---|---|
| 03/25/2020 | 204 | STIPULATION WITH PROPOSED ORDER *Extending Mediation Deadline* filed by Donald R. Cameron, Edward W. Hayter, Edward Lawrence, Robert Pepper, Pure Sweat Basketball, Inc., Stephen H. Schwartz, Barry Sermons, Apple, Inc., harry Bass, James Blackwell, Crystal Boykin. (Byrd, Rachele) (Filed on 3/25/2020) Modified on 3/26/2020 (jjbS, COURT STAFF). (Entered: 03/25/2020) |
| 03/26/2020 | 205 | **ORDER by Judge Yvonne Gonzalez Rogers granting (204) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:11–cv–06714–YGR; granting (88) Stipulation to Extend Private Mediation Deadline from 5/1/2020 to 7/30/2020 in case 4:19–cv–03074–YGR. (fs, COURT STAFF) (Filed on 3/26/2020) (Entered: 03/26/2020)** |
| 05/13/2020 | 206 | NOTICE of Appearance by Ethan D. Dettmer (Dettmer, Ethan) (Filed on 5/13/2020) (Entered: 05/13/2020) |
| 05/19/2020 | 207 | NOTICE of Change of Address by Michael Liskow (Liskow, Michael) (Filed on 5/19/2020) (Entered: 05/19/2020) |
| 05/27/2020 | 208 | STIPULATION WITH PROPOSED ORDER *Modifying Schedule* filed by Donald R. Cameron, Edward W. Hayter, Edward Lawrence, Robert Pepper, Pure Sweat Basketball, Inc., Stephen H. Schwartz, Barry Sermons, Apple, Inc., Crystal Boykin, James Blackwell. (Berman, Steve) (Filed on 5/27/2020) Modified on 5/28/2020 (jjbS, COURT STAFF). (Entered: 05/27/2020) |
| 06/02/2020 | 209 | **ORDER by Judge Yvonne Gonzalez Rogers granting 208 Stipulation Modifying Schedule. Class Certification Motion due by 2/3/2021. Replies due by 5/14/2021. Responses due by 4/12/2021. Joint Statement re pretrial preparation due by 5/27/2022. Jury Selection set for 7/11/2022 08:30 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.[Jury selection is held in the week prior to the Jury trial date.] Jury Trial set for 7/11/2022 08:30 AM before Judge Yvonne Gonzalez Rogers. Class Certification Motion Hearing set for 6/7/2021 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Joint Pretrial conference statement filed 6/10/2022 Pretrial Conference set for 6/24/2022 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance hearing re pretrial preparation is set for 6/3/2022 09:01 AM before Judge Yvonne Gonzalez Rogers. (fs, COURT STAFF) (Filed on 6/2/2020) (Entered: 06/02/2020)** |
| 06/11/2020 | 210 | NOTICE of Appearance by Thomas C. Willcox *on behalf of Kevin Fahey* (Willcox, Thomas) (Filed on 6/11/2020) (Entered: 06/11/2020) |
| 06/12/2020 | | Electronic filing error. **REMINDER TO COUNSEL:** Counsel is instructed that all future filings shall bear the initials **YGR** immediately after the case number. Re: 210 Notice of Appearance filed by Kevin Fahey. (jjbS, COURT STAFF) (Filed on 6/12/2020) (Entered: 06/12/2020) |
| 07/13/2020 | 211 | NOTICE of Appearance by Jagannathan P Srinivasan (Srinivasan, Jagannathan) (Filed on 7/13/2020) (Entered: 07/13/2020) |
| 07/13/2020 | 212 | Letter from Apple Inc. and Samsung Electronics America, Inc. Regarding Discovery Dispute . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Srinivasan, Jagannathan) (Filed on 7/13/2020) (Entered: 07/13/2020) |
| 07/14/2020 | 213 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria F. Maroulis* (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/14/2020 | 214 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 7/14/2020) (Entered: 07/14/2020) |
| 07/15/2020 | 215 | **Discovery Order re (212 in 4:11–cv–06714–YGR), (95 in 4:19–cv–03074–YGR). Signed by Judge Thomas S. Hixson on 7/15/2020. (cdnS, COURT STAFF) (Filed on 7/15/2020) (Entered: 07/15/2020)** |
| 07/28/2020 | 216 | Further Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Donald R. Cameron, Pure Sweat Basketball, Inc. and Apple Inc.. (Byrd, Rachele) (Filed on 7/28/2020) Modified on 7/29/2020 (jmlS, COURT STAFF). (Entered: 07/28/2020) |
| 07/31/2020 | 217 | **ORDER CONTINUING FURTHER CASE MANAGEMENT CONFERENCE. Case Management Statement due by 1/4/2021. Further Case Management Conference set for 8/3/2020 is CONTINUED to 1/11/2021 02:00 PM. Signed by Judge Yvonne Gonzalez Rogers on 7/31/2020. (fs, COURT STAFF) (Filed on 7/31/2020) (Entered: 07/31/2020)** |

| 07/31/2020 | 218 | MOTION to Compel *Discovery from Non−Party Samsung Electronics America, Inc.* filed by Apple Inc.. Motion Hearing set for 9/10/2020 10:00 AM in San Francisco, Courtroom G, 15th Floor before Magistrate Judge Thomas S. Hixson. Responses due by 8/14/2020. Replies due by 8/21/2020. (Attachments: # 1 Declaration of Jay Srinivasan, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Proposed Order)(Srinivasan, Jagannathan) (Filed on 7/31/2020) (Entered: 07/31/2020) |
|---|---|---|
| 08/14/2020 | 219 | OPPOSITION/RESPONSE (re 218 MOTION to Compel *Discovery from Non−Party Samsung Electronics America, Inc.* ) filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Berman, Steve) (Filed on 8/14/2020) Modified on 8/17/2020 (jjbS, COURT STAFF). (Entered: 08/14/2020) |
| 08/14/2020 | 220 | OPPOSITION/RESPONSE (re 218 MOTION to Compel *Discovery from Non−Party Samsung Electronics America, Inc.* ) filed bySamsung Electronics America Inc.. (Attachments: # 1 Declaration of Kyle Batter, # 2 Proposed Order)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/14/2020 | 221 | Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* filed by Samsung Electronics America Inc.. (Attachments: # 1 Declaration in Support, # 2 Proposed Order, # 3 Unredacted Version of Viejo Declaration and Exhibits to be Sealed)(Batter, Kyle) (Filed on 8/14/2020) (Entered: 08/14/2020) |
| 08/18/2020 | 222 | OPPOSITION/RESPONSE (re 221 Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* ) filed byApple Inc.. (Attachments: # 1 Proposed Order)(Srinivasan, Jagannathan) (Filed on 8/18/2020) (Entered: 08/18/2020) |
| 08/21/2020 | 223 | STIPULATION re Third Party Samsung Electronics America, Inc's 221 Administrative Motion to File Under Seal filed by Samsung Electronics America Inc. and Apple Inc. (Batter, Kyle) (Filed on 8/21/2020) Modified on 8/24/2020 (jjbS, COURT STAFF). (Entered: 08/21/2020) |
| 08/21/2020 | 224 | Proposed Order re 221 Administrative Motion to File Under Seal *Viejo Declaration and exhibits thereto* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | 225 | Administrative Motion to File Under Seal *Its Reply Brief in Support of Motion to Compel Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of Harry Phillips in Support, # 2 Redacted Version of Reply Brief, # 3 Unredacted Version of Reply Brief)(Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/21/2020 | 226 | REPLY (re 218 MOTION to Compel *Discovery from Non−Party Samsung Electronics America, Inc.* ) filed byApple Inc.. (Srinivasan, Jagannathan) (Filed on 8/21/2020) (Entered: 08/21/2020) |
| 08/24/2020 | 227 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (221) Administrative Motion to File Under Seal in case 4:11−cv−06714−YGR; granting in part and denying in part (104) Administrative Motion to File Under Seal in case 4:19−cv−03074−YGR. (tshlc2S, COURT STAFF) (Filed on 8/24/2020) (Entered: 08/24/2020)** |
| 09/08/2020 |  | **ORDER The September 10, 2020 hearing on Apple Inc.'s Motion to Compel Discovery from Non−Party Samsung Electronics America, Inc. is vacated.** *(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(tshlc2S, COURT STAFF) (Filed on 9/8/2020) (Entered: 09/08/2020)** |
| 09/11/2020 | 228 | STIPULATION WITH PROPOSED ORDER *for Leave to File Third Amended Consolidated Class Action Complaint* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz and Apple Inc. (Byrd, Rachele) (Filed on 9/11/2020) Modified on 9/14/2020 (jjbS, COURT STAFF). (Entered: 09/11/2020) |
| 09/17/2020 | 229 | **ORDER by Judge Yvonne Gonzalez Rogers granting 228 Stipulation for Leave to file Third Amended Consolidated Class Action Complaint. (fs, COURT STAFF) (Filed on 9/17/2020) (Entered: 09/17/2020)** |
| 09/29/2020 | 230 | CLERK'S NOTICE SETTING CASE MANAGEMENT CONFERENCE IN RELATED CASES 20−cv−5640−YGR; 11−cv−6714−YGR AND 19−cv−3704−YGR.<br><br>Further Case Management Conference set for Monday, 10/19/2020 09:30 AM via Zoom before Hon. Yvonne Gonzalez Rogers. Updated CMC Statement filed by 10/12/2020.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 9/29/2020) (Entered: 09/29/2020) |

| 09/30/2020 | 231 | CLERKS NOTICE SETTING ZOOM HEARING: Discovery Hearing re Motion to Compel set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at Rose_Maher@cand.uscourts.gov no later than October 7, 2020 by COB.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 10/8/2020 at 2:00 PM, before Magistrate Judge Thomas S. Hixson. by Zoom. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 9/30/2020) (Entered: 09/30/2020) |
|---|---|---|
| 10/06/2020 | 232 | **ORDER RE: CASE MANAGEMENT CONFERENCE. Signed by Judge Yvonne Gonzalez Rogers on 10/6/2020. (fs, COURT STAFF) (Filed on 10/6/2020) (Entered: 10/06/2020)** |
| 10/07/2020 | 233 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 310, receipt number 0971−15034255.) filed by Apple Inc.. (Phillips, Harry) (Filed on 10/7/2020) (Entered: 10/07/2020) |
| 10/08/2020 | 234 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter FTR − Oakland. (Srinivasan, Jagannathan) (Filed on 10/8/2020) (Entered: 10/08/2020) |
| 10/08/2020 | 235 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Discovery Hearing held on 10/8/2020 at 2:00 p.m, by Zoom Video Conference.**<br><br>**Total Time in Court: 41 minutes**<br>**Court Reporter: JoAnn Bryce.**<br><br>**Attorneys for Apple: Jay Srinivasan, argued as Counsel for Apple; Harry Phillips, counsel for Apple.**<br><br>**Attorneys for Non−Party Samsung: Victoria Maroulis, argued as Counsel for Samsung; Kyle Batter, Counsel for Samsung.**<br><br>**Proceedings: Discovery Hearing held by Zoom, all parties appeared by Zoom. Argument heard. Matter submitted. Court to issue Order.**<br><br>***(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 10/8/2020) (Entered: 10/08/2020)** |
| 10/09/2020 | 236 | TRANSCRIPT ORDER for proceedings held on 10/08/2020 before Magistrate Judge Thomas S. Hixson by Samsung Electronics America Inc., for Court Reporter Jo Ann Bryce. (Batter, Kyle) (Filed on 10/9/2020) Modified on 10/9/2020: Added court reporter's name. (rjdS, COURT STAFF). (Entered: 10/09/2020) |
| 10/09/2020 | 237 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Jo Ann Bryce. (Byrd, Rachele) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 238 | TRANSCRIPT ORDER for proceedings held on 10/8/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Jo Ann Bryce. (Srinivasan, Jagannathan) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 239 | NOTICE of Appearance by Mark A. Perry (Perry, Mark) (Filed on 10/9/2020) (Entered: 10/09/2020) |

| | | |
|---|---|---|
| 10/09/2020 | 240 | Transcript of Proceedings held on 10/8/20, before Judge Thomas S. Hixson. Court Reporter Jo Ann Bryce, telephone number 510–910–5888, joann_bryce@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction after 90 days. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (238 in 4:11–cv–06714–YGR) Transcript Order ) Release of Transcript Restriction set for 1/7/2021. (jabS, COURTSTAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 241 | TRANSCRIPT ORDER for proceedings held on 10/08/2020 before Magistrate Judge Thomas S. Hixson for Court Reporter Jo Ann Bryce. (rjdS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020) |
| 10/09/2020 | 242 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (218) Motion to Compel in case 4:11–cv–06714–YGR; granting in part and denying in part (101) Motion to Compel in case 4:19–cv–03074–YGR. (cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/09/2020 | 243 | **ORDER by Magistrate Judge Thomas S. Hixson granting (225) Administrative Motion to File Under Seal in case 4:11–cv–06714–YGR; granting (110) Administrative Motion to File Under Seal in case 4:19–cv–03074–YGR.** *(This is a text–only entry generated by the court. There is no document associated with this entry.)* **(cdnS, COURT STAFF) (Filed on 10/9/2020) (Entered: 10/09/2020)** |
| 10/12/2020 | 244 | JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc and Plaihntiffs. (Richman, Cynthia) (Filed on 10/12/2020) Modified on 10/13/2020 (jjbS, COURT STAFF). (Entered: 10/12/2020) |
| 10/15/2020 | 245 | Statement *Joint Proposed Agenda for Case Management Conference* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (DeJong, Brittany) (Filed on 10/15/2020) (Entered: 10/15/2020) |
| 10/16/2020 | 246 | **ORDER by Judge Yvonne Gonzalez Rogers granting 233 Motion for Pro Hac Vice as to Harry R.S. Phillips. (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020)** |
| 10/16/2020 | 247 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE RELATED CASES 11–CV–6714–YGR; 19–CV–3074 AND 20–CV–5640–YGR FOR THE Further Case Management Conference set for MONDAY, 10/19/2020 AT 09:30 AM by Zoom Webinar Videoconference.<br><br>This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr < /A><br><br>Please click the link below to join webinar s (public hearings). If you are a case participant, you will join as an attendee, then you will be brought into the proceeding by court staff.<br><br>https://cand–uscourts.zoomgov.com/j/1618764848?pwd=bW03Y2NvV0YrK2FQSkxoMXRxOWprQT09<br><br>Webinar ID: 161 876 4848<br>Password: 715550<br><br>Local telephone dial–in:US: +1 (669) 254–5252 or +1 (646) 828–7666<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Further Case Management Conference set for related cases on Monday, 10/19/2020 09:30 AM by Zoom Video Webinar. |

**ER-916**

| | | |
|---|---|---|
| | | *(This is a te xt−only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 10/16/2020) (Entered: 10/16/2020) |
| 10/19/2020 | 248 | Answer to Consumer Plaintiffs' Third Amended Consolidated Class Action Complaint by Apple Inc.. (Richman, Cynthia) (Filed on 10/19/2020) Modified on 10/20/2020 (bnsS, COURT STAFF). (Entered: 10/19/2020) |
| 10/19/2020 | 249 | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Pam Batalo. (Byrd, Rachele) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | 250 | Transcript of Proceedings held on 10/19/2020, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626−688−7509; pamela_batalo−hebel@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redaction Request due 11/9/2020. Redacted Transcript Deadline set for 11/19/2020. Release of Transcript Restriction set for 1/19/2021. (Batalo, Pam) (Filed on 10/19/2020) (Entered: 10/19/2020) |
| 10/19/2020 | 257 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 10/19/2020. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference.Total Time in Court: 1:26. Court Reporter: Pam Hebel. (fs, COURT STAFF) (Date Filed: 10/19/2020) (Entered: 10/28/2020)** |
| 10/20/2020 | 251 | TRANSCRIPT ORDER for proceedings held on 10/19/2020 before Judge Yvonne Gonzalez Rogers by Samsung Electronics America Inc., for Court Reporter Pam Batalo. (Batter, Kyle) (Filed on 10/20/2020) (Entered: 10/20/2020) |
| 10/21/2020 | 252 | **ORDER RE: CASE MANAGEMENT CONFERENCE; ORDER REFERRING CASE to Magistrate Judge Thomas Hixson for Discovery purposes. Case Management Statement due by 2/22/2021. Further Case Management Conference set for 3/1/2021 09:30 AM via Zoom Webinar Videoconference. Signed by Judge Yvonne Gonzalez Rogers on 10/21/2020. (fs, COURT STAFF) (Filed on 10/21/2020) (Entered: 10/21/2020)** |
| 10/23/2020 | 253 | Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3−12 and 7−11 filed by Apple Inc.. Responses due by 10/27/2020. (Attachments: # 1 Proposed Order)(Dearborn, Meredith) (Filed on 10/23/2020) (Entered: 10/23/2020) |
| 10/23/2020 | 254 | Declaration of Meredith R. Dearborn in Support of 253 Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3−12 and 7−11 filed byApple Inc.. (Related document(s) 253 ) (Dearborn, Meredith) (Filed on 10/23/2020) (Entered: 10/23/2020) |
| 10/27/2020 | 255 | JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by Apple Inc, Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Attachments: # 1 Draft ESI Order)(Srinivasan, Jagannathan) (Filed on 10/27/2020) Modified on 10/28/2020 (jjbS, COURT STAFF). (Entered: 10/27/2020) |
| 10/27/2020 | 256 | OPPOSITION/RESPONSE (re 253 Joint ADMINISTRATIVE MOTION to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3−12 and 7−11 ) filed byJohn Pistacchio. (Attachments: # 1 Proposed Order, # 2 Certificate/Proof of Service)(Seaver, Todd) (Filed on 10/27/2020) (Entered: 10/27/2020) |
| 10/28/2020 | 258 | FURTHER JOINT STATEMENT Regarding Order Re: Discovery of Electronically Stored Information by Apple Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, and Edward Lawrence (Attachments: # 1 JOINT STIPULATION AND [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION)(Srinivasan, Jagannathan) (Filed on 10/28/2020) Modified on 10/29/2020 (jjbS, COURT STAFF). (Entered: 10/28/2020) |
| 11/02/2020 | 259 | **ORDER GRANTING STIPULATION RE DISCOVERY OF ELECTRONICALLY STORED INFORMATION re (133 in 4:19−cv−03074−YGR) Notice (Other), filed by Donald R. Cameron, Barry Sermons, Apple Inc., Pure Sweat Basketball, Inc., (255 in 4:11−cv−06714−YGR) Notice (Other), filed by Stephen H. Schwartz, James Blackwell, Robert Pepper, Harry Bass, Crystal Boykin, Apple Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (141 in 4:20−cv−05640−YGR) Notice (Other), filed by Epic Games, Inc., Apple Inc.. Signed by Judge Yvonne Gonzalez Rogers on 11/2/2020. (fsS, COURT STAFF) (Filed on 11/2/2020) (Entered:** |

**ER-917**

| | | |
|---|---|---|
| | | 11/02/2020) |
| 11/02/2020 | 260 | **ORDER by Judge Yvonne Gonzalez Rogers granting 253 Administrative Motion to Relate Cases 4:11–6714–YGR and 3:20–cv–7034–RS and ORDER RELATING CASES. (fs, COURT STAFF) (Filed on 11/2/2020) (Entered: 11/02/2020)** |
| 11/04/2020 | 261 | NOTICE of Appearance by David R. Eberhart *on behalf of Defendant Apple Inc.* (Eberhart, David) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 262 | NOTICE of Appearance *on behalf of Defendant Apple Inc.* by Anna Tryon Pletcher (Pletcher, Anna) (Filed on 11/4/2020) Modified on 11/5/2020 (jjbS, COURT STAFF). (Entered: 11/04/2020) |
| 11/04/2020 | 263 | NOTICE of Appearance by Katrina Marie Robson *on behalf of Defendant Apple Inc.* (Robson, Katrina) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 264 | NOTICE of Appearance by Evan N Schlom *on behalf of Defendant Apple Inc.* (Schlom, Evan) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 265 | NOTICE of Appearance by Scott A Schaeffer *on behalf of Defendant Apple Inc.* (Schaeffer, Scott) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 266 | NOTICE of Appearance by Elena Zarabozo *on behalf of Defendant Apple Inc.* (Zarabozo, Elena) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/04/2020 | 267 | NOTICE of Appearance by Michelle S Lowery *for Defendant Apple Inc.* (Lowery, Michelle) (Filed on 11/4/2020) (Entered: 11/04/2020) |
| 11/09/2020 | 268 | JOINT STATEMENT Regarding Validation of Document Production by Apple Inc. and all Plaintiffs. (Srinivasan, Jagannathan) (Filed on 11/9/2020) Modified on 11/10/2020 (jjbS, COURT STAFF). (Entered: 11/09/2020) |
| 11/13/2020 | 269 | Joint Statement Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Lopez, Robert) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/13/2020 | 270 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Letter Brief Regarding Apple's Production of Cost and Expense Documents and Data, # 4 Certificate/Proof of Service)(Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 271 | Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Robert F. Lopez, # 2 Proposed Order, # 3 SEALED Joint Statement Regarding Apple's Production of Transactional Data, # 4 Certificate/Proof of Service)(Lopez, Robert) (Filed on 11/13/2020) (Entered: 11/13/2020) |
| 11/13/2020 | 272 | JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS filed by Apple Inc., Harry Bass, James Blackwell, Crystal Boykin, Donald R. Cameron, Kevin Fahey, Edward W. Hayter, Edward Lawrence, Robert Pepper, John Pistacchio, Pure Sweat Basketball, Inc., Samsung Electronics America Inc., Stephen H. Schwartz, Barry Sermons (Srinivasan, Jagannathan) (Filed on 11/13/2020) Modified on 11/16/2020 (jjbS, COURT STAFF). (Entered: 11/13/2020) |
| 11/17/2020 | 273 | Declaration of Ethan D. Dettmer in Support of 270 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 270 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 274 | EXHIBITS re 270 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Cost Data* filed byApple Inc.. (Related document(s) 270 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 275 | Declaration of Ethan D. Dettmer in Support of 271 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit)(Related document(s) 271 ) (Dettmer, Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/17/2020 | 276 | EXHIBITS re 271 Joint Administrative Motion to File Under Seal *Joint Discovery Letter Brief and Supporting Exhibits re Transactional Data* filed byApple Inc.. (Related document(s) 271 ) (Dettmer, |

**ER-918**

| | | |
|---|---|---|
| | | Ethan) (Filed on 11/17/2020) (Entered: 11/17/2020) |
| 11/18/2020 | 277 | MOTION for leave to appear in Pro Hac Vice *for Peter John Sacripanti* ( Filing fee $ 310, receipt number 0971–15211227.) filed by Apple Inc.. (Sacripanti, Peter) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 278 | MOTION for leave to appear in Pro Hac Vice *for John Calandra* ( Filing fee $ 310, receipt number 0971–15211330.) filed by Apple Inc.. (Calandra, John) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 279 | MOTION for leave to appear in Pro Hac Vice *for Nicole Castle* ( Filing fee $ 310, receipt number 0971–15211361.) filed by Apple Inc.. (Castle, Nicole) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/18/2020 | 280 | MOTION for leave to appear in Pro Hac Vice *for Elizabeth Rodd* ( Filing fee $ 310, receipt number 0971–15211389.) filed by Apple Inc.. (Rodd, Elizabeth) (Filed on 11/18/2020) (Entered: 11/18/2020) |
| 11/20/2020 | 281 | *JOINT STATEMENT REGARDING VALIDATION OF DOCUMENT PRODUCTIONS* by Apple Inc and all Plaintiffs. (Srinivasan, Jagannathan) (Filed on 11/20/2020) Modified on 11/23/2020 (jjbS, COURT STAFF). (Entered: 11/20/2020) |
| 11/23/2020 | 282 | Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Declaration of Benjamin J. Siegel, # 2 Proposed Order, # 3 Plaintiffs' Administrative Motion to Modify Case Schedule [Public], # 4 Declaration of Benjamin J. Siegel in Support of Administrative Motion to Modify Case Schedule [Public], # 5 Exhibit Exhibits 1–7 [Public], # 6 Exhibit Exhibit 8 [Public], # 7 Exhibit Exhibit 8 [Sealed], # 8 Exhibit Exhibits 9–11 [Public], # 9 Exhibit Exhibit 12 [Public], # 10 Exhibit Exhibit 12 [Sealed], # 11 Exhibit Exhibit 13 [Public], # 12 Exhibit Exhibits 14–15 [Public], # 13 Exhibit Exhibits 14–15 [Sealed], # 14 Exhibit Exhibit 16 [Public], # 15 Exhibit Exhibits 17–19 [Public], # 16 Exhibit Exhibits 17–19 [Sealed], # 17 Exhibit Exhibits 20–26 [Public], # 18 Exhibit Exhibits 20–26 [Sealed], # 19 Exhibit Exhibit 27 [Public], # 20 Exhibit Exhibit 28 [Public], # 21 Exhibit Exhibit 28 [Sealed], # 22 Exhibit Exhibits 29–33 [Public], # 23 Exhibit Exhibit 34 [Public], # 24 Exhibit Exhibit 34 [Sealed], # 25 Exhibit Exhibits 35–45 [Public], # 26 Proposed Order Granting Motion to Modify Case Schedule, # 27 Certificate/Proof of Service)(Berman, Steve) (Filed on 11/23/2020) (Entered: 11/23/2020) |
| 11/25/2020 | 283 | **ORDER by Judge Yvonne Gonzalez Rogers granting 277 Motion for Pro Hac Vice as to Peter John Sacripanti. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 284 | **ORDER by Judge Yvonne Gonzalez Rogers granting 278 Motion for Pro Hac Vice as to John Calandra. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 285 | **ORDER by Judge Yvonne Gonzalez Rogers granting 279 Motion for Pro Hac Vice as to Nicole Castle. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/25/2020 | 286 | **ORDER by Judge Yvonne Gonzalez Rogers granting 280 Motion for Pro Hac Vice as to Elizabeth Rodd. (fs, COURT STAFF) (Filed on 11/25/2020) (Entered: 11/25/2020)** |
| 11/27/2020 | 287 | OPPOSITION/RESPONSE (re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* ) filed by Apple Inc.. (Perry, Mark) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT STAFF). (Entered: 11/27/2020) |
| 11/27/2020 | 288 | Declaration of Ethan D. Dettmer in Support of 287 Opposition/Response to Motion, *OPPOSITION TO MOTION TO MODIFY CASE SCHEDULE* filed byApple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Related document(s) 287 ) (Perry, Mark) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 289 | Declaration of Ethan D. Dettmer in Support of 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Exhibit Redacted Version of Documents Sought to Be Sealed, # 3 Exhibit Redacted Version of Documents Sought to Be Sealed)(Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 290 | EXHIBITS re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted version of document sought to be sealed (Ex. 12)* filed byApple Inc.. (Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |

**ER-919**

| | | |
|---|---|---|
| 11/27/2020 | 291 | EXHIBITS re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule Unredacted version of document sought to be sealed (Ex. 17−19)* filed byApple Inc.. (Related document(s) 282 ) (Dettmer, Ethan) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 292 | NOTICE of Appearance by Paul Jeffrey Riehle (Riehle, Paul) (Filed on 11/27/2020) (Entered: 11/27/2020) |
| 11/27/2020 | 293 | Statement in Support filed by Epic Games, Inc.. (Attachments: # 1 Declaration Paul J. Riehle, # 2 Proposed Order)(Riehle, Paul) (Filed on 11/27/2020) Modified on 11/30/2020 (jjbS, COURT STAFF). (Entered: 11/27/2020) |
| 11/30/2020 | | Electronic filing error. When a document sought to be filed under seal would normally be e−filed using the Motions or Response and Replies events, a redacted version of the docume nt must be filed again using the appropriate event. Please e−file a redacted version of the Motion to Modify Case Schedule on the docket. Re: 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. (jjbS, COURT STAFF) (Filed on 11/30/2020) (Entered: 11/30/2020) |
| 12/01/2020 | 294 | ADMINISTRATIVE MOTION Modify Case Schedule re 282 Joint Administrative Motion to File Under Seal *Plaintiffs' Joint Administrative Motion to Partially File Under Seal Exhibits to Declaration of Benjamin J. Siegel in Support of Plaintiffs' Administrative Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. Responses due by 12/7/2020. (Berman, Steve) (Filed on 12/1/2020) (Entered: 12/01/2020) |
| 12/02/2020 | 295 | Joint Discovery Letter Brief *Regarding Validation Protocol* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Apple, Inc., Harry Bass, James Blackwell, Crystal Boykin, and Kevin Fahey. (Attachments: # 1 Exhibit 1)(Byrd, Rachele) (Filed on 12/2/2020) Modified on 12/3/2020 (jjbS, COURT STAFF). (Entered: 12/02/2020) |
| 12/03/2020 | 296 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/9/2020 at 1:00 PM re Joint Letter Brief dated 12/2/2020, re Validation protocol − Zoom Videoconference Only, before Magistrate Judge Thomas S. Hixson.<br><br>On 12/8/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/9/2020 at 1:00 PM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Perso ns granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Discovery Hearing set for 12/9/2020 01:00 PM − Videoconference Only before Magistrate Judge Thomas S. Hixso n. Re Joint Letter brief dated 12/2/2020 re validation protocol.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/03/2020 | 297 | CLERKS NOTICE SETTING ZOOM HEARING. Discovery Hearing set for 12/15/2020 at 10:00 AM − Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re ECF Docket Joint Letter Briefs dated 11/13/2020.<br><br>On 12/14/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/15/2020 at 10:00 AM.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov |

**ER-920**

| | | |
|---|---|---|
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh <br><br> **General Order 58.** Persons granted ac cess to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br> Discovery Hearing set for 12/15/2020 at 10:00 AM – Zoom Videoconference Only before Magistrate Judge Thomas S. Hixson. Re: Joint Letter Brief dated 11/13/2020. <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/3/2020) (Entered: 12/03/2020) |
| 12/07/2020 | 298 | Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Epic Games, Inc., Harry Bass, James Blackwell, Crystal Boykin, and Kevin Fahey. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order, # 3 Unredacted Version of Joint Discovery Letter Brief, # 4 Unredacted Version of Exhibit 1, # 5 Unredacted Version of Exhibit 2, # 6 Unredacted Version of Exhibit 3, # 7 Unredacted Version of Exhibit 4, # 8 Unredacted Version of Exhibit 5, # 9 Unredacted Version of Exhibit 6, # 10 Unredacted Version of Exhibit 7, # 11 Unredacted Version of Exhibit 8, # 12 Unredacted Version of Exhibit 9, # 13 Unredacted Version of Exhibit 10, # 14 Unredacted Version of Exhibit 11, # 15 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 12/7/2020) Modified on 12/8/2020 (jjbS, COURT STAFF). (Entered: 12/07/2020) |
| 12/08/2020 | 299 | CLERK'S NOTICE adding an additional matter to the Agenda of the Discovery Hearing scheduled for 12/15/2020 at 10:00 a.m.: <br><br> At the Discovery Hearing presently scheduled for 12/15/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson, the Court is adding an additional matter for discussion. Counsel shall be be prepared to discuss the Joint Letter Brief, filed on ECF, dated 12/7/2020. <br><br> Any questions shall be directed to the Courtroom Deputy by email: Rose_Maher@cand.uscourts.gov <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 300 | NOTICE of Appearance by Hannah Cannom *on behalf of Defendant Apple Inc.* (Cannom, Hannah) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/08/2020 | 301 | NOTICE of Appearance by Bethany Marvin Stevens (Stevens, Bethany) (Filed on 12/8/2020) (Entered: 12/08/2020) |
| 12/09/2020 | 302 | NOTICE of Appearance by Dana Lynn Craig (Craig, Dana) (Filed on 12/9/2020) (Entered: 12/09/2020) |
| 12/09/2020 | 303 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom on 12/9/2020 at 1:00 p.m.Total Time in Court: 59 minutes/Recorded by Zoom: 1:00−1:59. <br><br> Court Reporter: Katherine Sullivan. <br><br> Counsel Appearances: <br><br> 4:11−cv−6714 YGR (TSH)− In re Apple iPhone Antitrust Litigation <br> Counsel for Pltf: Rachele R. Byrd/Counsel for Def: Ethan Dettmer <br><br> 4:19−cv−3074 YGR (TSH) − Cameron, et al. v. Apple Inc. <br> Counsel for Pltf: Robert F. Lopez/Counsel for Def: Ethan Dettmer <br><br> 4:20−cv−5640 YGR(TSH) − Epic Games v. Apple Inc. <br> Counsel for Pltf: Lauren Moskowitz/Counsel for Def: Ethan Dettmer <br><br> Proceedings: Discovery Hearing held. Court Ordered as follows: Epic Games and Apple are to meet and confer re validation procedure in light of the Courts guidance. By 12/14/2020, the parties shall file either |

| | | |
|---|---|---|
| | | a stipulation and proposed order or a joint discovery letter brief with competing proposed orders. This issue will be added to the agenda for the December 15, 2020 hearing<br><br>Court also Ordered: Parties to meet and confer re Deposition limits. By 12/14/2020, they shall file either a stipulation and proposed order or a joint discovery letter brief not to exceed 10 pages (5 pages per side). This issue will also be added to the agenda for the December 15 hearing.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/9/2020) (Entered: 12/09/2020) |
| 12/10/2020 | 304 | Transcript of Proceedings held on 12/9/20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (179 in 4:20−cv−05640−YGR) Transcript Order, (181 in 4:20−cv−05640−YGR) Transcript Order, (180 in 4:20−cv−05640−YGR) Transcript Order ) Release of Transcript Restriction set for 3/10/2021. (Sullivan, Katherine) (Filed on 12/10/2020) (Entered: 12/10/2020) |
| 12/11/2020 | 305 | Declaration of Jay P. Srinivasan in Support of 298 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. 4), # 5 Redacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 298 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/11/2020 | 306 | EXHIBITS re 298 Joint Administrative Motion to File Under Seal *the Joint Discovery Letter Brief and Supporting Exhibits* filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. 1), # 3 Unredacted Version of Document Sought to be Sealed (Ex. 4), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 6))(Related document(s) 298 ) (Srinivasan, Jagannathan) (Filed on 12/11/2020) (Entered: 12/11/2020) |
| 12/14/2020 | 307 | STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Rober Pepper, Edward W. Hayter, Harry Bass, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Srinivasan, Jagannathan) (Filed on 12/14/2020) Modified on 12/15/2020 (jjbS, COURT STAFF). (Entered: 12/14/2020) |
| 12/15/2020 | 308 | Joint Administrative Motion to File Under Seal filed by Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Edward Lawrence, and Kevin Fahey. (Attachments: # 1 Declaration of Yonatan even in Support, # 2Joint Discovery Letter Brief, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit A, # 16 Exhibit B, # 17 Exhibit C, # 18 Exhibit D, # 19 Proposed Order)(Even, Yonatan) (Filed on 12/15/2020) Modified on 12/16/2020 (jjbS, COURT STAFF). (Entered: 12/15/2020) |
| 12/15/2020 | 309 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 308 Joint Administrative Motion to File Under Seal (Karin, John) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 310 | **STIPULATION AND ORDER re (186 in 4:19−cv−03074−YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (307 in 4:11−cv−06714−YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc., (186 in 4:20−cv−05640−YGR) STIPULATION WITH PROPOSED ORDER *RE: VALIDATION PROTOCOL* filed by Apple Inc. Signed by Magistrate Judge Thomas S. Hixson on 12/15/2020. (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020)** |
| 12/15/2020 | 311 | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Katherine Powell. (Srinivasan, Jagannathan) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 312 | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Katherine Sullivan. (Byrd, Rachele) (Filed on 12/15/2020) (Entered: 12/15/2020) |

**ER-922**

| | | |
|---|---|---|
| 12/15/2020 | <u>313</u> | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Katherine Powell. (Lopez, Robert) (Filed on 12/15/2020) (Entered: 12/15/2020) |
| 12/15/2020 | 314 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 12/15/2020 at 10:00 a.m. <br><br>Total Time in Court: 2 hours 56 mins. <br><br>Court Reporter: Katherine Sullivan. <br><br>Appearances: <br><br>Case No. 11–6714 YGR (TSH)–In re Apple iPhone Antitrust Litigation: <br>Rachele R. Byrd for Consumer Plaintiffs <br>Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc. <br>Lawrence Papale for Plaintiff Edward Lawrence <br><br>Case No. 19–3074 YGR(TSH)– Cameron et al. v. Apple Inc. <br>Counsel for Plaintiffs: <br>Steve W. Berman <br>Robert F. Lopez <br>Benjamin J. Siegel <br>Theodore Wojcik <br><br>Counsel for Defendant Apple Inc.: <br>Ethan Dettmer and Jay Srinivasan <br><br>Case No. 20–5640 YGR (TSH)– Epic Games v. Apple Inc. <br>Lauren Moskowitz for Plaintiff Epic <br>Ethan Dettmer and Jay Srinivasan for Defendant Apple Inc. <br><br>Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order. <br><br>Deadlines and Hearing: <br><br>Re Scheduling of Depositions: <br><br>Counsel to meet and confer re Number of Depositions. By noon, on 12/17/2020, they shall file a stipulation and proposed order, of if unable to agree, a Joint Letter Brief, no more than ten (10 )pages, five (5) pages each. A hearing will be scheduled for: 12/18/2020 at 9:00 a.m., by Zoom Webinar for further hearing re depositions. <br><br>Apex Issue: <br><br>Counsel to file a Joint Letter Brief by 1/19/2020, COB, no more than ten (10) pages, five(5)pages each. Hearing scheduled for: 1/21/2020 at 10:00 a.m., by Zoom Webinar. <br><br>Re Docket No. 269 – Consumer Plaintiff's request for Production 47: <br><br>Parties to file a joint discovery letter brief by 1/6/2021 concerning (and attaching) Plaintiffs expert declaration (and any declaration by Apple in response) concerning the relevance of RFP 47 to the Consumer Plaintiffs claims. Hearing scheduled for: 1/8/2021 at 9:00 a.m., by Zoom Webinar. <br><br>Re additional letter briefs on other discovery disputes: <br><br>The next round of joint letter briefs concerning issues the parties previewed at the end of the hearing are due 12/28/2020 by Noon. Hearing scheduled for 12/29/2020 at 10:00 a.m., by Zoom Webinar. <br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/15/2020) Modified on 12/15/2020 (rmm2S, COURT STAFF). (Entered: 12/15/2020) |
| 12/15/2020 | 315 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/18/2020 at |

| | | |
|---|---|---|
| | | 9:00 AM. This proceeding will be held via a Zoom webinar.<br><br>On 12/17/2020, counsel will email the Courtroom Deputy, Rose Maher, with their appearances so that they may be promoted to Panelist, so they may participate in the hearing on 12/18/2020 at 9:00 a.m.<br><br>Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera hearing set for 12/18/2020 at 9:00 a.m. *(This is a text−only entry generated by the court. There is no document associated with this entry.)< /I> (rmm2S, COURT STAFF) (Filed on 12/15/2020) (Entered: 12/15/2020)* |
| 12/16/2020 | 316 | TRANSCRIPT ORDER for proceedings held on 12/15/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Katherine Powell. (Byars, Michael) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 317 | **Discovery Order re: ECF Nos. 269 , 270 , 271 , 295 , 298 in 4:11−cv−06714−YGR; ECF Nos. 145 , 146 , 147 , 173 , 177 in 4:19−cv−03074−YGR; ECF Nos. 170 , 173 in 4:20−cv−05640−YGR. Signed by Judge Thomas S. Hixson on 12/16/2020. (cdnS, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020)** |
| 12/16/2020 | 318 | CLERKS NOTICE SETTING ZOOM DISCOVERY HEARING. Zoom Video Camera Discovery hearing (Apex Issue) set for 1/21/2021 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 1/20/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/21/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https: //www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera Discovery hearing (Ap ex Issue) set for 1/21/2021 10:00 AM.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 319 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 1/8/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar. |

**ER-924**

| | | |
|---|---|---|
| | | On 1/7/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 1/7/2021 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Video Camera Discovery hearing set for 1/8/2021 at 09:00 AM. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 320 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 12/29/2020 at 10:00 AM, before Magistrate Judge Thomas S. Hixson. This proceeding will be held via a Zoom webinar.<br><br>On 12/28/2020 by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 12/29/2020 Discovery Zoom Hearing. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing.<br><br>Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.go v/tsh<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Zoom Video Camera Discovery hearing set for 12/29/2020 10:00 AM.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/16/2020) (Entered: 12/16/2020) |
| 12/16/2020 | 321 | STIPULATION WITH PROPOSED ORDER *Joint Stipulation and [Proposed] Order Re: Authenticity Presumptions* filed by Donald R. Cameron, Pure Sweat Basketball, Inc. Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, James Blackwell, Crystal Boykin, Edward Lawrence, and Kevin Fahey. (Lopez, Robert) (Filed on 12/16/2020) Modified on 12/17/2020 (jjbS, COURT STAFF). (Entered: 12/16/2020) |
| 12/16/2020 | 322 | Transcript of Proceedings held on 12−15−20, before Judge Thomas S. Hixson. Court Reporter Katherine Powell Sullivan, Katherine_Sullivan@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (313 in 4:11−cv−06714−YGR) Transcript Order, (311 in 4:11−cv−06714−YGR) Transcript Order, (316 in 4:11−cv−06714−YGR) Transcript Order, (312 in 4:11−cv−06714−YGR) Transcript Order ) Release of Transcript Restriction set for 3/16/2021. (kapS, COURT STAFF) (Filed on 12/16/2020) Modified on 12/30/2020 (ewn, COURT STAFF). (Entered: 12/16/2020) |

**ER-925**

| 12/17/2020 | 323 | Joint Discovery Letter Brief *regarding Apple depositions* filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit 1)(Moskowitz, Lauren) (Filed on 12/17/2020) (Entered: 12/17/2020) |
|---|---|---|
| 12/17/2020 | 324 | NOTICE by Edward Lawrence *of Withdrawal of Counsel, Jamie L. Miller* (Alioto, Joseph) (Filed on 12/17/2020) (Entered: 12/17/2020) |
| 12/18/2020 | 325 | **Discovery Order re: (323 in 4:11−cv−06714−YGR), (201 in 4:20−cv−05640−YGR), (199 in 4:19−cv−03074−YGR). Signed by Judge Thomas S. Hixson on 12/18/2020. (cdnS, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/18/2020 | 326 | TRANSCRIPT ORDER for proceedings held on 12/18/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Debra Pas. (Srinivasan, Jagannathan) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 327 | Joint MOTION for Leave to File *Reply in Support of Motion to Modify Case Schedule* filed by Donald R. Cameron, Pure Sweat Basketball, Inc.. (Attachments: # 1 Attachment 1: [Proposed] Reply in Support of Administrative Motion to Modify Case Schedule, # 2 Declaration of Benjamin J. Siegel in Support of Motion for Leave to File Reply, # 3 Proposed Order)(Berman, Steve) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 328 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconference on 12/18/2020 at 9:00 a.m.**<br><br>**Total Time in Court: 17 minutes.**<br><br>**Court Reporter: Debra Pas.**<br><br>**Appearances:**<br><br>**11−6714 YGR (TSH) − In Re Apple iPhone Antitrust Litigation**<br>**Consumer Plaintiffs Counsel: Rachele R. Byrd**<br>**Defendant Apple Counsel: Jay Srinivasan**<br><br>**19−3074 YGR (TSH) − Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Benjamin J. Siegel**<br>**Counsel for Defendant: Jay Srinivasan**<br><br>**20−5640 YGR (TSH) − Epic Games, Inc. v. Apple Inc.**<br>**Plaintiff's Counsel: Lauren Moskowitz**<br>**Defendant's Counsel: Jay Srinivasan**<br><br>**Proceedings: Discovery hearing held. Court had reviewed the parties joint letter brief and issued an Oral Ruling: There shall be 16 Apple Depositions.**<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(rmm2S, COURT STAFF) (Date Filed: 12/18/2020) (Entered: 12/18/2020)** |
| 12/18/2020 | 329 | TRANSCRIPT ORDER for proceedings held on 12/18/2020 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Debra Pas. (Byars, Michael) (Filed on 12/18/2020) (Entered: 12/18/2020) |
| 12/18/2020 | 330 | **ORDER TENTATIVELY DENYING ADMINISTRATIVE MOTION TO MODIFY CASE SCHEDULE by Judge Yvonne Gonzalez Rogers 294 in case 4:11−cv−06714−YGR and 172 in case 4:19−cv−03074−YGR; GRANTING(282) Administrative Motion to File Under Seal AND DENYING (327) Motion for Leave to File; in case 4:11−cv−06714−YGR; GRANTING (159) Administrative Motion to File Under Seal; DENYING (201) Motion for Leave to File in case 4:19−cv−03074−YGR. (ygrlc1, COURT STAFF) (Filed on 12/18/2020) (Entered: 12/18/2020)** |
| 12/21/2020 | 331 | Declaration of Jay P. Srinivasan in Support of 308 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 3 Redacted Version of Document Sought to be Sealed (Ex. A), # 4 Redacted Version of Document Sought to be Sealed (Ex. C), # 5 Redacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 308 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |

**ER-926**

| 12/21/2020 | 332 | EXHIBITS re 308 Joint Administrative Motion to File Under Seal filed byApple Inc.. (Attachments: # 1 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter Brief), # 2 Unredacted Version of Document Sought to be Sealed (Ex. A), # 3 Unredacted Version of Document Sought to be Sealed (Ex. C), # 4 Unredacted Version of Document Sought to be Sealed (Ex. 4))(Related document(s) 308 ) (Srinivasan, Jagannathan) (Filed on 12/21/2020) (Entered: 12/21/2020) |
|---|---|---|
| 12/22/2020 | 333 | ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related filed by SaurikIT, LLC. Responses due by 12/28/2020. (Attachments: # 1 Declaration of Adam B. Wolfson, # 2 Exhibit 1 (SaurikIT v Apple Complaint))(Wolfson, Adam) (Filed on 12/22/2020) (Entered: 12/22/2020) |
| 12/22/2020 | 334 | **ORDER by Judge Thomas S. Hixson granting in part and denying in part (308) Administrative Motion to File Under Seal in case 4:11–cv–06714–YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:19–cv–03074–YGR; granting in part and denying in part (187) Administrative Motion to File Under Seal in case 4:20–cv–05640–YGR. (tshlc2S, COURT STAFF) (Filed on 12/22/2020) (Entered: 12/22/2020)** |
| 12/23/2020 | 335 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971–15360272.) filed by Apple Inc.. (Lent, Karen) (Filed on 12/23/2020) (Entered: 12/23/2020) |
| 12/24/2020 | 336 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Transcript), # 3 Declaration of E. Dettmer – Redacted Version of Document Sought to be Sealed, # 4 Unredacted Version of Document Sought to be Sealed (Transcript), # 5 Declaration of E. Dettmer – Unredacted Version of Document Sought to be Sealed, # 6 Exhibit A – Unredacted Version of Document Sought to be Sealed, # 7 Exhibit B – Unredacted Version of Document Sought to be Sealed, # 8 Exhibit C – Unredacted Version of Document Sought to be Sealed)(Lewis, Veronica) (Filed on 12/24/2020) (Entered: 12/24/2020) |
| 12/28/2020 | 337 | OPPOSITION/RESPONSE (re 333 ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related ) filed byApple Inc.. (Dearborn, Meredith) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/28/2020 | 338 | OPPOSITION/RESPONSE (re 333 ADMINISTRATIVE MOTION to Consider Whether Cases Should Be Related ) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 12/28/2020) Modified on 12/29/2020 (jjbS, COURT STAFF). (Entered: 12/28/2020) |
| 12/28/2020 | 339 | Clerks Notice Continuing Discovery Hearing:<br><br>The Zoom Videoconference Discovery hearing scheduled for tomorrow 12/29/2020 at 10:00 a.m., is CONTINUED TO: 12/30/2020 at 10:00 a.m. All parties shall join the Zoom hearing at that date and time.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 12/28/2020) (Entered: 12/28/2020) |
| 12/29/2020 | 340 | Transcript of Zoom Video Conference Proceedings held on 12–18–2020, before Judge Thomas S. Hixson. Court Reporter/Transcriber Debra L. Pas, CRR, telephone number (415) 431–1477/Email: Debra_Pas@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (329 in 4:11–cv–06714–YGR) Transcript Order ) Release of Transcript Restriction set for 3/29/2021. (Pas, Debra) (Filed on 12/29/2020) (Entered: 12/29/2020) |
| 12/30/2020 | 341 | Discovery Hearing held by Zoom Videoconferencing on 12/30/2020 at 10:00 a.m., before Magistrate Judge Thomas S. Hixson:<br><br>Total Time in Court: 59 mins.<br><br>Court Reporter: Ana Dub<br><br>Appearances:<br><br>Case No. 11–6714 YGR (TSH)–In re Apple iPhone Antitrust Litigation:<br>Counselfor Consumer Plaintiffs: Rachele R. Byrd<br>Counsel for Defendant: Jay Srinivasan for Apple Inc.<br><br>Case No. 19–3074 YGR(TSH)– Cameron et al. v. Apple Inc.<br>Counsel for Plaintiffs: Robert F. Lopez – for Cameron<br>Counsel for Defendant: Jay Srinivasan – for Apple Inc. |

**ER-927**

| | | |
|---|---|---|
| | | Case No. 20–5640 YGR (TSH)– Epic Games v. Apple Inc.<br>Counsel for Plaintiff: Lauren Moskowitz for Epic<br>Counsel for Defendant: Jay Srinivasan – Apple Inc.<br><br>Proceedings: Discovery Conferences held. Matter submitted. Court to issue Order.<br><br>Deadlines and Hearing: By 1/6/2021 letter briefs due by Noon, for the 1/8/2021 discovery hearing.<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 342 | TRANSCRIPT ORDER for proceedings held on 12/30/2020 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Ana Dub. (Srinivasan, Jagannathan) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 343 | TRANSCRIPT ORDER for proceedings held on 12/30/2020 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ana Dub. (Byrd, Rachele) (Filed on 12/30/2020) (Entered: 12/30/2020) |
| 12/30/2020 | 344 | **ORDER by Magistrate Judge Thomas S. Hixson granting (336) Administrative Motion to File Under Seal in case 4:11–cv–06714–YGR; granting (211) Administrative Motion to File Under Seal in case 4:19–cv–03074–YGR. (rmm2S, COURT STAFF) (Filed on 12/30/2020) (Entered: 12/30/2020)** |
| 12/31/2020 | 345 | Statement in Response to 330 Order on Administrative Motion to File Under Seal by Apple Inc. (Attachments: # 1 Declaration of M. Rollins)(Dettmer, Ethan) (Filed on 12/31/2020) Modified on 1/4/2021 (jjbS, COURT STAFF). (Entered: 12/31/2020) |
| 12/31/2020 | 346 | Declaration of Ethan D. Dettmer in Support of 345 Notice (Other), filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11)(Related document(s) 345 ) (Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 347 | Administrative Motion to File Under Seal *Exhibits to E. Dettmer Declaration* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration ISO Sealing, # 3 Declaration ISO Statement, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11)(Dettmer, Ethan) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 348 | Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Exhibit A, # 3 Proposed Order, # 4 Transcript [Redacted], # 5 Transcript [Unredacted])(Moskowitz, Lauren) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 349 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 348 Administrative Motion to File Under Seal *("Epic Games, Inc.'s Administrative Motion to Seal Portion of Transcript")* (Karin, John) (Filed on 12/31/2020) (Entered: 12/31/2020) |
| 12/31/2020 | 355 | **\*\*\* DISREGARD – FILED IN ERROR / NOT SPREAD TO RELATED CASES (SEE DOCKET # 533 ) \*\*\***<br>Transcript of Remote Zoom Video Conference Proceedings held on 12/30/2020, before Magistrate Judge Thomas S. Hixson. Court Reporter Ana M. Dub, CSR 7445, RDR, CRR, telephone number 415–290–1651; ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 342 Transcript Order ) Release of Transcript Restriction set for 3/31/2021. (Related documents(s) 342 ) (rjdS, COURT STAFF) (Filed on 12/31/2020) Modified on 5/31/2021: Corrected hearing date. (rjdS, COURT STAFF). Modified on 9/18/2021 (rjdS, COURT STAFF). (Entered: 01/08/2021) |
| 12/31/2020 | 533 | Transcript of Remote Zoom Video Conference Proceedings held on 12/30/2020, before Magistrate Judge Thomas S. Hixson. Court Reporter Ana M. Dub, CSR 7445, RDR, CRR, telephone number 415–290–1651; email ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After |

**ER-928**

| | | |
|---|---|---|
| | | that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (342 in 4:11–cv–06714–YGR) Transcript Order, (343 in 4:11–cv–06714–YGR) Transcript Order ). Release of Transcript Restriction set for 3/31/2021. (rjdS, COURT STAFF) (Filed on 12/31/2020) (Entered: 09/18/2021) |
| 01/01/2021 | 350 | EXHIBITS *re: ECF 308 as per Court Order in ECF 334* filed byEpic Games, Inc.. (Even, Yonatan) (Filed on 1/1/2021) (Entered: 01/01/2021) |
| 01/05/2021 | 351 | TRANSCRIPT ORDER for proceedings held on 12/30/2021 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Ana Dub. (Lopez, Robert) (Filed on 1/5/2021) (Entered: 01/05/2021) |
| 01/06/2021 | 352 | Joint Discovery Letter Brief*Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, and Apple, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Byrd, Rachele) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/06/2021 | 353 | Statement *Concerning Defendant Apple Inc.'s Statement in Response to Order Tentatively Denying Administrative Motion to Modify Case Schedule* by Epic Games, Inc.. (Moskowitz, Lauren) (Filed on 1/6/2021) Modified on 1/7/2021 (jjbS, COURT STAFF). (Entered: 01/06/2021) |
| 01/07/2021 | 354 | **ORDER by Judge Yvonne Gonzalez Rogers granting 335 Motion for Pro Hac Vice as to Karen Lent. (fs, COURT STAFF) (Filed on 1/7/2021) (Entered: 01/07/2021)** |
| 01/08/2021 | 356 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 1/8/2021 by Zoom Video Conference.**<br><br>**Court Reporter: Ruth Ekhaus/Total Time in Court: 9:00–9:17 – 17 minutes.**<br><br>**Appearances:**<br><br>**Case No. 11–6714 YGR (TSH)–In re Apple iPhone Antitrust Litigation:**<br>**Counselfor Consumer Plaintiffs: Rachele R. Byrd**<br>**Counsel for Defendant: Jay Srinivasan for Apple Inc.**<br><br>**Case No. 19–3074 YGR(TSH)– Cameron et al. v. Apple Inc.**<br>**Counsel for Plaintiffs: Robert F. Lopez/Benjamin J. Siegel – for Cameron**<br>**Counsel for Defendant: Jay Srinivasan – for Apple Inc.**<br><br>**Case No. 20–5640 YGR (TSH)– Epic Games v. Apple Inc.**<br>**Counsel for Plaintiff: Lauren Moskowitz for Epic**<br>**Counsel for Defendant: Jay Srinivasan – Apple Inc.**<br><br>**Proceedings: Discovery Hearing held, argument heard, matter submitted. Court to issue Order.**<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* **(rmm2S, COURT STAFF) (Date Filed: 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 357 | TRANSCRIPT ORDER for proceedings held on 1/8/2021 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Court Reporter Ruth Ekhaus. (Srinivasan, Jagannathan) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 358 | TRANSCRIPT ORDER for proceedings held on January 8, 2021 before Magistrate Judge Thomas S. Hixson by Epic Games, Inc., for Court Reporter Ruth Ekhaus. (Byars, Michael) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 359 | **ORDER by Judge Yvonne Gonzalez Rogers granting 333 Administrative Motion to relate cases 4:11–cv–6714–YGR and 4:20–8733–HSG; and ORDER RELATING CASES. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 360 | TRANSCRIPT ORDER for proceedings held on 1/8/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ruth Ekhaus. (Byrd, Rachele) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 361 | TRANSCRIPT ORDER for proceedings held on 01/08/2021 before Magistrate Judge Thomas S. Hixson by Donald R. Cameron, Pure Sweat Basketball, Inc., for Court Reporter Ruth Ekhaus. (Lopez, Robert) |

**ER-929**

| | | |
|---|---|---|
| | | (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 362 | **ORDER RE: CASE SCHEDULING.**<br><br>**Set/Reset Deadlines as to extending briefing deadlines in 11–6714–YGR and 19–3074– YGR: Class Certification Motion due by 6/1/2021. Responses due by 8/10/2021. Replies due by 10/12/2021. Class Certification Motion Hearing set for 11/16/2021 10:00 AM OPST in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.**<br><br>**Signed by Judge Yvonne Gonzalez Rogers on 1/8/2021. (fs, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 363 | Transcript of Proceedings held on 01/08/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336–5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 358 Transcript Order, 361 Transcript Order ) Release of Transcript Restriction set for 4/8/2021. (Related documents(s) 358 , 361 ) (rreS, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021) |
| 01/08/2021 | 364 | **Discovery Order re: 352 Joint Statement Regarding Apple's Production of Documents Responsive to Consumer Plaintiffs' 2nd Set of Requests for Production of Documents. Signed by Judge Thomas S. Hixson on 1/8/2021. (cdnS, COURT STAFF) (Filed on 1/8/2021) (Entered: 01/08/2021)** |
| 01/08/2021 | 365 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc., Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Kevin Fahey. (Srinivasan, Jagannathan) (Filed on 1/8/2021) Modified on 1/11/2021 (jjbS, COURT STAFF). (Entered: 01/08/2021) |
| 01/11/2021 | 366 | **ORDER by Magistrate Judge Thomas S. Hixson granting (348) Administrative Motion to File Under Seal in case 4:11–cv–06714–YGR; granting (220) Administrative Motion to File Under Seal in case 4:19–cv–03074–YGR. (rmm2S, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 367 | **ORDER by Judge Yvonne Gonzalez Rogers granting (321) Stipulation re Authenticity Presumptions in case 4:11–cv–06714–YGR; granting (197) Stipulation re Authenticity Presumptions in case 4:19–cv–03074–YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/11/2021 | 368 | **ORDER by Judge Yvonne Gonzalez Rogers granting (365) Amended Stipulation in case 4:11–cv–06714–YGR; granting (233) Amended Stipulation in case 4:19–cv–03074–YGR; granting (242) Amended Stipulation in case 4:20–cv–05640–YGR. (fs, COURT STAFF) (Filed on 1/11/2021) (Entered: 01/11/2021)** |
| 01/14/2021 | 369 | *AMENDED* STIPULATION WITH PROPOSED ORDER filed by Apple Inc. and all Plaintiffs (Richman, Cynthia) (Filed on 1/14/2021) Modified on 1/15/2021 (jjbS, COURT STAFF). (Entered: 01/14/2021) |
| 01/19/2021 | 370 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Lo, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Certificate/Proof of Service)(Lo, Jason) (Filed on 1/19/2021) (Entered: 01/19/2021) |
| 01/20/2021 | 371 | Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., Robert Pepper, Stephen H. Schwartz, Edward W. Hayter, Harry Bass, Crystal Boykin, Edward Lawrence, and Kevin Kahey (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cue and Federighi Depositions, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7)(Moskowitz, Lauren) (Filed on 1/20/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |
| 01/20/2021 | 372 | Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cook Deposition")* filed by Epic Games, Inc., Robert Pepper, Edward Lawrence, Kevin Fahey, Harry Bass, Stephen H. Schwartz, Edward W. Hayter, Crystal Boykin. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Joint Discovery Letter Brief Regarding Cook Deposition)(Moskowitz, Lauren) (Filed on 1/20/2021) Modified on 1/21/2021 (jjbS, COURT STAFF). (Entered: 01/20/2021) |

**ER-930**

| 01/20/2021 | 373 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 371 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
|---|---|---|
| 01/20/2021 | 374 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 372 Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/20/2021 | 375 | **Discovery Order rescheduling hearing from 1/21/2021 to 1/25/2021 at 10:00 a.m., by Zoom Video Conference. Signed by Magistrate Judge Thomas S. Hixson on 1/20/2021. (rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021)** |
| 01/20/2021 |  | Set/Reset Hearing re (246 in 4:19–cv–03074–YGR, 375 in 4:11–cv–06714–YGR) Discovery Order Rescheduling Discovery hearing:<br><br>Zoom Video Camera hearing set for 1/25/2021 10:00 AM, before Magistrate Judge Thomas S. Hixson.<br><br>Counsel shall by COB on Friday, 1/22/2021, email the Courtroom Deputy with their appearances. Courtroom Deputy email: Rose_Maher@cand.uscourts.gov<br><br>(rmm2S, COURT STAFF) (Filed on 1/20/2021) (Entered: 01/20/2021) |
| 01/21/2021 | 376 | Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed by Apple Inc.. (Attachments: # 1 Declaration of J. Srinivasan, # 2 Proposed Order, # 3 Joint Letter Brief re Discovery, # 4 Exhibit 1, Joint Letter Brief re Discovery, # 5 Exhibit 2, Joint Letter Brief re Discovery, # 6 Exhibit 3, Joint Letter Brief re Discovery, # 7 Exhibit 4, Joint Letter Brief re Discovery, # 8 Exhibit 5, Joint Letter Brief re Discovery, # 9 Certificate/Proof of Service)(Srinivasan, Jagannathan) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 377 | Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions* filed by Epic Games, Inc.. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L)(Moskowitz, Lauren) (Filed on 1/21/2021) Modified on 1/22/2021 (jjbS, COURT STAFF). (Entered: 01/21/2021) |
| 01/21/2021 | 378 | Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition* filed by Epic Games, Inc. (Attachments: # 1 Declaration of Lauren A. Moskowitz, # 2 Proposed Order, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Moskowitz, Lauren) (Filed on 1/21/2021) Modified on 1/22/2021 (jjbS, COURT STAFF). (Entered: 01/21/2021) |
| 01/21/2021 | 379 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 377 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 380 | CERTIFICATE OF SERVICE by Epic Games, Inc. re 378 Administrative Motion to File Under Seal *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* (Karin, John) (Filed on 1/21/2021) (Entered: 01/21/2021) |
| 01/21/2021 | 381 | **ORDER by Judge Yvonne Gonzalez Rogers granting (369) Stipulated Amended Protective Order in case 4:11–cv–06714–YGR; granting (239) Stipulated Amended Protective Order in case 4:19–cv–03074–YGR. (fs, COURT STAFF) (Filed on 1/21/2021) (Entered: 01/21/2021)** |
| 01/25/2021 | 382 | Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held by Zoom Videoconferencing on 1/25/2021 at 10:00 a.m.<br><br>Total Time in Court: 1 hour 25 minutes<br><br>Court Reporter: Marla Knox.<br><br>Appearances:<br><br>Case No. 11–6714 YGR (TSH)– In re Apple iPhone Antitrust Litigation:<br>Rachele R. Byrd for Consumer Plaintiffs<br>Jay Srinivasan for Defendant Apple Inc. |

Case No. 19–3074 YGR(TSH)– Cameron et al. v. Apple Inc.
Robert F. Lopez and Benjamin J. Siegel for Plaintiff Developers
Jay Srinivasan – for Defendant Apple Inc.

Case No. 20–5640 YGR (TSH)– Epic Games v. Apple Inc.
Lauren Moskowitz for Plaintiff Epic
Victoria Maroulis, Kyle Batter and Richard Rosalez for non–party SEA
Jay Srinivasan for Defendant Apple Inc.

Proceedings: Discovery Conferences held. Matters submitted. Court to issue Order.

Deadlines and Hearing: Joint Letter Briefs due 1/29/2021 by Noon. A further hearing is scheduled for: 2/1/2021 at 10:00 a.m., by Zoom.

*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 1/25/2021) (Entered: 01/25/2021)

| 01/25/2021 | 383 | CLERKS NOTICE SETTING FURTHER ZOOM DISCOVERY HEARING BEFORE MAGISTRATE JUDGE THOMAS S. HIXSON. This proceeding will be held via a Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh On 1/29/2021, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/1/2021 Discovery Z oom Hearing at 10:00 a.m. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. *(This is a text–only entry generated by the court. There is no document associated with this entry .)* (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| --- | --- | --- |
| 01/25/2021 | | Set/Reset Hearing re (255 in 4:19–cv–03074–YGR) Clerk's Notice Setting Zoom Hearing. Zoom Video Camera further Discovery hearing set for 2/1/2021 at 10:00 AM. (rmm2S, COURT STAFF) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 384 | TRANSCRIPT ORDER for proceedings held on 1/25/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Marla Knox. (Byrd, Rachele) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 385 | NOTICE of Appearance by Kyle Kenneth Batter *on behalf of Victoria Maroulis* (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 386 | NOTICE of Appearance by Kyle Kenneth Batter (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 387 | Declaration of Kyle Batter in Support of 376 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed bySamsung Electronics Co., Ltd.. (Related document(s) 376 ) (Batter, Kyle) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 388 | Declaration of Gary A. Bornstein in Support of 376 Administrative Motion to File Under Seal *Joint Letter Brief re Discovery* filed byEpic Games, Inc.. (Attachments: # 1 Proposed Order)(Related document(s) 376 ) (Bornstein, Gary) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/25/2021 | 389 | EXHIBITS re 378 Administrative Motion to File Under Seal *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")*, 377 Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")*, 372 Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cook Deposition")*, 371 Administrative Motion to File Under Seal *Joint Discovery Letter Brief* |

**ER-932**

| | | |
|---|---|---|
| | | *Regarding Cue and Federighi Depositions and Supporting Exhibits") Declaration of E. Dettmer In Support of Motions to Seal* filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 3 Redacted Version of Document Sought to be Sealed (Ex. 1), # 4 Redacted Version of Document Sought to be Sealed (Ex. B), # 5 Redacted Version of Document Sought to be Sealed (Ex. C), # 6 Redacted Version of Document Sought to be Sealed (Ex. E), # 7 Redacted Version of Document Sought to be Sealed (Ex. F), # 8 Redacted Version of Document Sought to be Sealed (Ex. I), # 9 Redacted Version of Document Sought to be Sealed (Ex. J), # 10 Redacted Version of Document Sought to be Sealed (Ex. K), # 11 Redacted Version of Document Sought to be Sealed (Ex. L), # 12 Redacted Version of Document Sought to be Sealed (Joint Discovery Letter re Deposition of Cook), # 13 Redacted Version of Document Sought to be Sealed (Ex. C), # 14 Redacted Version of Document Sought to be Sealed (Ex. D), # 15 Redacted Version of Document Sought to be Sealed (Ex. E), # 16 Redacted Version of Document Sought to be Sealed (Ex. F), # 17 Redacted Version of Document Sought to be Sealed (Ex. G), # 18 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Apex Witnesses), # 19 Unredacted Version of Documents Sought to be Sealed (Ex. 1), # 20 Unredacted Version of Document Sought to be Sealed (Ex. A), # 21 Unredacted Version of Document Sought to be Sealed (Ex. B), # 22 Unredacted Version of Document to be Sealed (Ex. C), # 23 Unredacted Version of Document Sought to be Sealed (Exhibit D), # 24 Unredacted Version of Document Sought to be Sealed (Ex. E), # 25 Unredacted Version of Document Sought to be Sealed (Ex. F), # 26 Unredacted Version of Document Sought to be Sealed (Ex. G), # 27 Unredacted Version of Document Sought to be Sealed (Ex. H), # 28 Unredacted Version of Document Sought to be Sealed (Ex. I), # 29 Unredacted Version of Document Sought to be Sealed (Ex. J), # 30 Unredacted Version of Document Sought to be Sealed (Ex. K), # 31 Unredacted Version of Document Sought to be Sealed (Ex. L), # 32 Unredacted Version of Document Sought to be Sealed (Joint Discovery Letter re Cook Deposition), # 33 Unredacted Version of Document Sought to be Sealed (Ex. C), # 34 Unredacted Version of Document Sought to be Sealed (Ex. D), # 35 Unredacted Version of Document Sought to be Sealed (Ex. E), # 36 Unredacted Version of Document Sought to be Sealed (Ex. F), # 37 Unredacted Version of Document Sought to be Sealed (Ex. G), # 38 Certificate/Proof of Service)(Related document(s) 378 , 377 , 372 , 371 ) (Dettmer, Ethan) (Filed on 1/25/2021) (Entered: 01/25/2021) |
| 01/26/2021 | 390 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number 0971−15490729.) filed by Apple Inc.. (Yang, Betty) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 391 | **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL RE: (372 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal** *the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey, (241 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* **filed by Epic Games, Inc., (271 in 4:20−cv−05640−YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Epic Games, Inc., (248 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* **filed by Epic Games, Inc., (240 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (249 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Epic Games, Inc., (269 in 4:20−cv−05640−YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (370 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (377 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal** *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* **filed by Epic Games, Inc., (242 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cook Depositions")* **filed by Epic Games, Inc., (371 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal** *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* **filed by Stephen H. Schwartz, Crystal Boykin, Harry Bass, Robert Pepper, Epic Games, Inc., Edward Lawrence, Kevin Fahey, Edward W. Hayter, (247 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (261 in 4:20−cv−05640−YGR) Administrative Motion to File Under Seal** *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* **filed by Epic Games, Inc., (260 in 4:20−cv−05640−YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (378 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal** *Supporting Exhibits A to G to the Joint Discovery Letter Brief Regarding* |

| | | |
|---|---|---|
| | | *Cook Deposition")* **filed by Epic Games, Inc., (376 in 4:11–cv–06714–YGR) Administrative Motion to File Under Seal** *Joint Letter Brief re Discovery* **filed by Apple Inc., (262 in 4:20–cv–05640–YGR) Administrative Motion to File Under Seal** *the Joint Discovery Letter Brief Regarding Cook Deposition")* **filed by Epic Games, Inc., (270 in 4:20–cv–05640–YGR) Administrative Motion to File Under Seal** *("Plaintiffs' Administrative Motion to File Under Seal Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* **filed by Epic Games, Inc... Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021)** |
| 01/26/2021 | 392 | DISCOVERY ORDER – DOCUMENT E–FILED UNDER SEAL by Court Staff. (rmm2S, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/26/2021) |
| 01/26/2021 | 396 | **Discovery Order (Public Redacted Version) re (264 in 4:19–cv–03074–YGR, 291 in 4:20–cv–05640–YGR, 392 in 4:11–cv–06714–YGR). Signed by Judge Thomas S. Hixson on 1/26/2021. (cdnS, COURT STAFF) (Filed on 1/26/2021) (Entered: 01/28/2021)** |
| 01/27/2021 | 393 | CLERK'S NOTICE CHANGING START TIME OF ZOOM DISCOVERY HEARING: The Zoom Video Conference Discovery Hearing scheduled for 2/1/2021, shall be heard at 9:00 a.m., rather than 10:00 a.m. All counsel shall join the Zoom call at 9:00 a.m. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 1/27/2021) (Entered: 01/27/2021) |
| 01/28/2021 | 394 | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer, # 2 Proposed Order, # 3 Sealed Discovery Order)(Dettmer, Ethan) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 01/28/2021 | 395 | REDACTION *Request re Court Order* by Samsung Electronics America Inc.. (Batter, Kyle) (Filed on 1/28/2021) (Entered: 01/28/2021) |
| 02/01/2021 | 397 | Letter Brief *(Redacted 376 Joint Letter Brief re Discovery)* filed byApple Inc., Samsun Electronics America, Inc.. (Srinivasan, Jagannathan) (Filed on 2/1/2021) Modified on 2/2/2021 (bnsS, COURT STAFF). (Entered: 02/01/2021) |
| 02/02/2021 | 398 | **ORDER by Judge Thomas S. Hixson granting (394) Administrative Motion to File Under Seal in case 4:11–cv–06714–YGR; denying without prejudice (223) Administrative Motion to File Under Seal; granting (266) Administrative Motion to File Under Seal in case 4:19–cv–03074–YGR; granting (294) Administrative Motion to File Under Seal in case 4:20–cv–05640–YGR. (cdnS, COURT STAFF) (Filed on 2/2/2021) (Entered: 02/02/2021)** |
| 02/02/2021 | 399 | EXHIBITS re 377 Administrative Motion to File Under Seal *Supporting Exhibits A to L to the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* Declaration of E. Dettmer In Support of Motion to Seal filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Redacted Version of Document Sought to be Sealed (Exhibit J), # 3 Unredacted Version of Document Sought to be Sealed (Exhibit J), # 4 Certificate/Proof of Service)(Related document(s) 377 ) (Dettmer, Ethan) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/02/2021 | 400 | MOTION for leave to appear in Pro Hac Vice *for Zainab Ahmad* ( Filing fee $ 317, receipt number 0971–15525988.) filed by Apple Inc.. (Ahmad, Zainab) (Filed on 2/2/2021) (Entered: 02/02/2021) |
| 02/03/2021 | 401 | NOTICE of Appearance by Ben Michael Harrington *for Developer Plaintiffs* (Harrington, Ben) (Filed on 2/3/2021) (Entered: 02/03/2021) |
| 02/04/2021 | 402 | STIPULATED PROPOSED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY filed by Epic Games, Inc., Apple Inc., . (Lavely, Vanessa) (Filed on 2/4/2021) Modified on 2/5/2021 (bnsS, COURT STAFF). (Entered: 02/04/2021) |
| 02/05/2021 | 403 | EXHIBITS re 391 Discovery Order, Terminate Motions *("Unsealed Exhibits to Joint Discovery Letter Briefs Regarding Cook, Cue, and Federighi")* filed byEpic Games, Inc.. (Related document(s) 391 ) (Moskowitz, Lauren) (Filed on 2/5/2021) Modified on 2/8/2021 (bnsS, COURT STAFF). (Entered: 02/05/2021) |
| 02/08/2021 | 404 | **ORDER by Judge Yvonne Gonzalez Rogers granting 390 Motion for Pro Hac Vice as to Betty Yang. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |
| 02/08/2021 | 405 | **ORDER by Judge Yvonne Gonzalez Rogers granting 400 Motion for Pro Hac Vice as to Zainab N. Ahmad. (fs, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/08/2021)** |

**ER-934**

| 02/08/2021 | 406 | NOTICE of Appearance by Rachel S. Brass (Brass, Rachel) (Filed on 2/8/2021) (Entered: 02/08/2021) |
|---|---|---|
| 02/08/2021 | 408 | Received Document– Letter from Christopher Pergrossi. (bnsS, COURT STAFF) (Filed on 2/8/2021) (Entered: 02/12/2021) |
| 02/11/2021 | 407 | **ORDER [*AS MODIFIED BY THE COURT*] STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM SPOTIFY by Judge Yvonne Gonzalez Rogers; granting as modified by the Court (402) Stipulation in case 4:11−cv−06714−YGR; granting as modified by the Court (276) Stipulation in case 4:19−cv−03074−YGR; granting as modified by the Court (320) Stipulation in case 4:20−cv−05640−YGR. (fs, COURT STAFF) (Filed on 2/11/2021) (Entered: 02/11/2021)** |
| 02/12/2021 | 409 | **STATUS REPORT ORDER: Status Report from Apple due by 2/17/2021. Signed by Judge Thomas S. Hixson on 2/12/2021. (cdnS, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/12/2021 | 410 | **ORDER re Motion to Seal. Signed by Magistrate Judge Thomas S. Hixson on 2/12/2021. (rmm2S, COURT STAFF) (Filed on 2/12/2021) (Entered: 02/12/2021)** |
| 02/18/2021 | 411 | STATUS REPORT *re Motions to Seal* by Apple Inc.. (Dettmer, Ethan) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/18/2021 | 412 | **ORDER re (261 in 4:20−cv−05640−YGR) Administrative Motion to File Under Seal *the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (241 in 4:19−cv−03074−YGR) Administrative Motion to File Under Seal *("Plaintiffs' Joint Administrative Motion to File Under Seal the Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Epic Games, Inc., (371 in 4:11−cv−06714−YGR) Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Cue and Federighi Depositions and Supporting Exhibits")* filed by Stephen H. Schwartz, Robert Pepper, Harry Bass, Crystal Boykin, Epic Games, Inc., Edward Lawrence, Edward W. Hayter, Kevin Fahey. Signed by Judge Thomas S. Hixson on 2/18/2021. (cdnS, COURT STAFF) (Filed on 2/18/2021) (Entered: 02/18/2021)** |
| 02/18/2021 | 413 | Discovery Letter Brief filed by Apple Inc.. (Attachments: # 1 Exhibit, # 2 Exhibit)(Lowery, Michelle) (Filed on 2/18/2021) (Entered: 02/18/2021) |
| 02/19/2021 | 414 | CLERKS NOTICE SETTING ZOOM HEARING. Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM, before Magistrate Judge Thomas S. Hixson. <br><br> On 2/23/20, by COB, counsel shall email the Courtroom Deputy, Rose Maher, letting her know appearances for the 2/24/2021, at 9:00 a.m., Zoom Discovery Hearing re the Joint Letter brief, re ECF Docket Nos.: 11−6714 Doc. No. 413, 19−3074 Doc. No. 292, 20−5640 Doc. No. 346. Counsel will join the hearing as an attendee and will be promoted to Panelist to participate in the hearing. <br><br> Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/tsh <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadca sting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/< /A>. <br><br> Zoom Video Camera Discovery hearing set for 2/24/2021 at 9:00 AM. <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Filed on 2/19/2021) (Entered: 02/19/2021) |
| 02/22/2021 | 415 | Further Joint CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz and Apple, Inc.. (Byrd, Rachele) (Filed on 2/22/2021) Modified on 2/23/2021 (jmlS, COURT STAFF). (Entered: 02/22/2021) |
| 02/23/2021 | 416 | **ORDER VACATING CASE MANAGEMENT CONFERENCE. The case management conference currently set for March 1, 2021 is VACATED. Signed by Judge Yvonne Gonzalez Rogers on 2/23/2021. (fs, COURT STAFF) (Filed on 2/23/2021) (Entered: 02/23/2021)** |

| 02/24/2021 | 417 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson: Discovery Hearing held on 2/24/2021 at 9:00 a.m., by Zoom Video Conference.** **Total Time in Court: 49 minutes.** **Court Reporter: Ruth Levine Ekhaus.** **Appearances:** **Gavin Skok (Pro Hac Vice Counsel, Pending), Rep. Non–Party Valve Corp.** **Jaemin Chang, Local Co–Counsel, Rep. Non–Party Valve Corp.** **Robert F. Lopez, Representing for Developer Plaintiffs** **Jay P. Srinivasan and Michelle Lowery, Representing Def. Apple, Inc.** **Proceedings: Discovery hearing held. Argument heard, matter submitted. Court to issue Order.** *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (rmm2S, COURT STAFF) (Date Filed: 2/24/2021) (Entered: 02/24/2021) |
|---|---|---|
| 02/24/2021 | 418 | **Discovery Order re: (346 in 4:20–cv–05640–YGR) Discovery Letter Brief filed by Apple Inc., (413 in 4:11–cv–06714–YGR) Discovery Letter Brief filed by Apple Inc., (292 in 4:19–cv–03074–YGR) Discovery Letter Brief filed by Apple Inc. Signed by Judge Thomas S. Hixson on 2/24/2021. (cdnS, COURT STAFF) (Filed on 2/24/2021) (Entered: 02/24/2021)** |
| 02/25/2021 | 419 | Transcript of Proceedings held on 02/24/2021, before Judge Thomas S. Hixson. Court Reporter Ruth Levine Ekhaus, RDR, FCRR, CSR No. 12219, telephone number (415)336–5223/ruth_ekhaus@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re (353 in 4:20–cv–05640–YGR) Transcript Order, (354 in 4:20–cv–05640–YGR) Transcript Order ) Release of Transcript Restriction set for 5/26/2021. (rreS, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021) |
| 02/25/2021 | 420 | **ORDER REGARDING NOTICE OF AUDIO STREAMING PILOT PROJECT. Signed by Judge Yvonne Gonzalez Rogers on 2/25/2021. (fs, COURT STAFF) (Filed on 2/25/2021) (Entered: 02/25/2021)** |
| 03/01/2021 | 421 | EXHIBITS re 412 Order,,, *("Unsealed Exhibit to Joint Discovery Letter Brief Regarding Cue and Federighi Depositions")* filed byEpic Games, Inc.. (Related document(s) 412 ) (Moskowitz, Lauren) (Filed on 3/1/2021) (Entered: 03/01/2021) |
| 03/19/2021 | 422 | TRANSCRIPT ORDER for proceedings held on 2/24/2021 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Ruth Ekhaus. (Byrd, Rachele) (Filed on 3/19/2021) (Entered: 03/19/2021) |
| 03/23/2021 | 423 | MOTION for leave to appear in Pro Hac Vice for Evan R. Kreiner ( Filing fee $ 317, receipt number 0971–15740811.) filed by Apple Inc.. (Kreiner, Evan) (Filed on 3/23/2021) Modified on 3/24/2021 (bnsS, COURT STAFF). (Entered: 03/23/2021) |
| 03/26/2021 | 424 | **ORDER by Judge Yvonne Gonzalez Rogers granting 423 Motion for Pro Hac Vice as to Evan R. Kreiner. (fs, COURT STAFF) (Filed on 3/26/2021) (Entered: 03/26/2021)** |
| 04/02/2021 | 425 | NOTICE of Appearance by Emily Claire Curran–Huberty *for 3d Party Respondent Facebook, Inc.* (Curran–Huberty, Emily) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 426 | NOTICE of Appearance by Rosemarie Theresa Ring *for 3d Party Respondent Facebook, Inc.* (Ring, Rosemarie) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/02/2021 | 427 | NOTICE of Appearance by Justin Paul Raphael *for 3d Party Respondent Facebook, Inc.* (Raphael, Justin) (Filed on 4/2/2021) (Entered: 04/02/2021) |
| 04/05/2021 | 428 | Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non–Party Facebook, Inc.* filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Lent, Karen) (Filed on 4/5/2021) (Entered: 04/05/2021) |

**ER-936**

| 04/05/2021 | 429 | Letter from J. Wes Earnhardt *to Magistrate Judge Hixson in response to Joint Discovery Letter Brief Regarding Apple's Subpoenas To Non–Party Facebook, Inc. (Docket No. 428) filed by Apple, Inc..* (Earnhardt, Joe) (Filed on 4/5/2021) (Entered: 04/05/2021) |
|---|---|---|
| 04/06/2021 | 430 | **Discovery Order re: (395 in 4:20–cv–05640–YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non–Party Facebook, Inc.* filed by Apple Inc., (428 in 4:11–cv–06714–YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non–Party Facebook, Inc.* filed by Apple Inc., (314 in 4:19–cv–03074–YGR) Joint Discovery Letter Brief *Regarding Apple's Subpoenas To Non–Party Facebook, Inc.* filed by Apple Inc. Signed by Judge Thomas S. Hixson on 4/6/2021. (cdnS, COURT STAFF) (Filed on 4/6/2021) (Entered: 04/06/2021)** |
| 04/06/2021 | 431 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/6/2021) (Entered: 04/06/2021) |
| 04/09/2021 | 432 | STIPULATION WITH PROPOSED ORDER *re Supplemental Protective Order Governing Discovery From Google* filed by Apple Inc.. (Srinivasan, Jagannathan) (Filed on 4/9/2021) (Entered: 04/09/2021) |
| 04/09/2021 | 433 | **ORDER by Judge Yvonne Gonzalez Rogers granting (432) Stipulated Supplemental Protective Order in case 4:11–cv–06714–YGR; granting (318) Stipulated Supplemental Protective Order in case 4:19–cv–03074–YGR; granting (416) Stipulated Supplemental Protective Order in case 4:20–cv–05640–YGR. (fs, COURT STAFF) (Filed on 4/9/2021) (Entered: 04/09/2021)** |
| 04/12/2021 | 434 | NOTICE of Appearance by Douglas James Dixon (Dixon, Douglas) (Filed on 4/12/2021) (Entered: 04/12/2021) |
| 04/30/2021 | 435 | ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 5/4/2021. (Attachments: # 1 Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Proposed Order, # 4 Proposed Order, # 5 Proposed Order, # 6 Certificate/Proof of Service)(DeJong, Brittany) (Filed on 4/30/2021) (Entered: 04/30/2021) |
| 05/04/2021 | 436 | STIPULATION WITH PROPOSED ORDER re 435 ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders Extending Time to Respond to Consumer Plaintiffs' Administrative Motion for Entry of Supplemental Protective Orders* filed by Apple Inc.. (Attachments: # 1 Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/4/2021) (Entered: 05/04/2021) |
| 05/05/2021 | 437 | OPPOSITION/RESPONSE (re 435 ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders* ) filed byApple Inc.. (Attachments: # 1 Declaration of E. Dettmer)(Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/05/2021 | 438 | EXHIBITS re 437 Opposition/Response to Motion filed byApple Inc.. (Attachments: # 1 Exhibit A, Dettmer Decl, # 2 Exhibit B, Dettmer Decl, # 3 Exhibit C, in support of opposition, # 4 Exhibit D, in support of opposition, # 5 Exhibit E, in support of opposition, # 6 Exhibit F, in support of opposition)(Related document(s) 437 ) (Dettmer, Ethan) (Filed on 5/5/2021) (Entered: 05/05/2021) |
| 05/06/2021 | 439 | Supplemental Brief re 435 ADMINISTRATIVE MOTION *by Consumer Plaintiffs for Entry of Supplemental Protective Orders*, 437 Opposition/Response to Motion, 438 Exhibits, filed byApple Inc.. (Attachments: # 1 Declaration of E. Dettmer)(Related document(s) 435 , 437 , 438 ) (Dettmer, Ethan) (Filed on 5/6/2021) (Entered: 05/06/2021) |
| 05/17/2021 | 440 | Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Glu Mobile, Inc. filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (DeJong, Brittany) (Filed on 5/17/2021) Modified on 5/18/2021 (bnsS, COURT STAFF). (Entered: 05/17/2021) |
| 06/01/2021 | 441 | [Redacted] Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 6/15/2021. Replies due by 6/22/2021. (Attachments: # 1 Proposed Order)(Byrd, Rachele) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/01/2021 | 442 | Declaration of Rachele R. Byrd in Support of 441 Redacted Plaintiffs' Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # |

**ER-937**

| | | |
|---|---|---|
| | | 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF, # 33 Exhibit HH, # 34 Exhibit II, # 35 Exhibit JJ, # 36 Exhibit KK, # 37 Exhibit LL, # 38 Exhibit MM, # 39 Exhibit NN, # 40 Exhibit OO, # 41 Exhibit PP, # 42 Exhibit QQ)(Related document(s) 441 ) (Byrd, Rachele) (Filed on 6/1/2021) Modified on 6/2/2021 (cjlS, COURT STAFF). (Entered: 06/01/2021) |
| 06/02/2021 | 443 | Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Redacted Motion for Class Certification, # 4 Unredacted Motion for Class Certification, # 5 Unredacted Exhibit A, # 6 Unredacted Exhibit B, # 7 Unredacted Exhibit D, # 8 Unredacted Exhibit E, # 9 Unredacted Exhibit F, # 10 Unredacted Exhibit G, # 11 Unredacted Exhibit H, # 12 Unredacted Exhibit I, # 13 Unredacted Exhibit J, # 14 Unredacted Exhibit K, # 15 Unredacted Exhibit M, # 16 Unredacted Exhibit N, # 17 Unredacted Exhibit O, # 18 Unredacted Exhibit P, # 19 Unredacted Exhibit Q, # 20 Unredacted Exhibit R, # 21 Unredacted Exhibit S, # 22 Unredacted Exhibit T, # 23 Unredacted Exhibit V, # 24 Unredacted Exhibit W, # 25 Unredacted Exhibit X, # 26 Unredacted Exhibit Y, # 27 Unredacted Exhibit Z, # 28 Unredacted Exhibit AA, # 29 Unredacted Exhibit BB, # 30 Unredacted Exhibit DD, # 31 Unredacted Exhibit EE, # 32 Unredacted Exhibit FF, # 33 Unredacted Exhibit II, # 34 Unredacted Exhibit JJ, # 35 Unredacted Exhibit KK, # 36 Certificate/Proof of Service, # 37 Certificate/Proof of Service)(DeJong, Brittany) (Filed on 6/2/2021) (Entered: 06/02/2021) |
| 06/04/2021 | 444 | MOTION for leave to appear in Pro Hac Vice Re: Michael R. Huttenlocher (Filing fee $ 317, receipt number 0971–16042267) filed by Apple Inc. (Attachments: # 1 Certificate of Good Standing)(Huttenlocher, Michael) (Filed on 6/4/2021) Modified on 6/4/2021 (cjlS, COURT STAFF). (Entered: 06/04/2021) |
| 06/06/2021 | 445 | DECLARATION OF HELEN HSU IN SUPPORT OF 443 PLAINTIFFS ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS MOTION FOR CLASS CERTIFICATION AND EXHIBITS IN SUPPORT THEREOF filed by Pocket Gems, Inc. (Attachments: # 1 Exhibit Exhibit A (442–11) Non–Redacted, # 2 Exhibit Exhibit A (442–11) Redacted, # 3 Proposed Order)(Related document(s) 443 ) (Kaufhold, Steven) (Filed on 6/6/2021) Modified on 6/7/2021 (cjlS, COURT STAFF). (Entered: 06/06/2021) |
| 06/07/2021 | 446 | Declaration of Adrian Ong in Support of 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed byMatch Group, Inc.. (Related document(s) 443 ) (Dixon, Douglas) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 447 | NOTICE of Appearance by Brendan P. Cullen *on Behalf of Non–Party Spotify USA Inc.* (Cullen, Brendan) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 448 | NOTICE of Appearance by Shane Michael Palmer *on Behalf of Non–Party Spotify USA Inc.* (Palmer, Shane) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 449 | Administrative Motion to File Under Seal – *Declaration of Andy LeGolvan In Support Of Plaintiffs' Administrative Motion to File Under Seal* filed by Playtika Ltd.. (Attachments: # 1 Expert Report of Daniel L. McFadden in Support of Plaintiffs' Motion for Class Certification (SEALED), # 2 Expert Report of Daniel L. McFadden in Support of Plaintiffs' Motion for Class Certification (PUBLIC), # 3 Proposed Order Granting Plaintiffs' Administrative Motion to File Under Seal)(LeGolvan, Andy) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 450 | MOTION for leave to appear in Pro Hac Vice *re: Steven L. Holley* ( Filing fee $ 317, receipt number 0971–16050996.) filed by Spotify USA Inc.. (Attachments: # 1 Certificate of Good Standing)(Holley, Steven) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 451 | Declaration of Benjamin Kung in Support of 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed bySpotify USA Inc.. (Related document(s) 443 ) (Cullen, Brendan) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 452 | ***ERROR ON THE PDF, SEE RE–FILED DOCUMENT AT 457 *** EXHIBITS re 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof accompanying Declaration of Benjamin Kung (Dkt. No. 451)* filed bySpotify USA Inc.. (Attachments: # 1 Unredacted Version of Exhibit A)(Related document(s) 443 ) (Cullen, Brendan) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/07/2021 | 453 | Declaration of RACHEL S. BRASS in Support of 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof* filed byApple Inc.. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 443 ) (Brass, Rachel) (Filed on |

**ER-938**

| | | | |
|---|---|---|---|
| | | | 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 454 | | EXHIBITS re 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof ( 453 Declaration of RACHEL S. BRASS in Response)* filed byApple Inc.. (Attachments: # 1 Consumer Class Certification Motion, # 2 Exhibit F, # 3 Exhibit I, # 4 Exhibit K, # 5 Exhibit M, # 6 Exhibit W, # 7 Exhibit X, # 8 Exhibit Y, # 9 Exhibit II, # 10 Certificate/Proof of Service)(Related document(s) 443 ) (Brass, Rachel) (Filed on 6/7/2021) (Entered: 06/07/2021) |
| 06/07/2021 | 455 | | Declaration of Joseph Kreiner in Support of 443 Consumer Plaintiffs' Motion to Seal filed by Epic Games, Inc. (Attachments: # 1 Exhibit A)(Related document(s) 443 ) (Clarke, Justin) (Filed on 6/7/2021) Modified on 6/8/2021 (cjlS, COURT STAFF). (Entered: 06/07/2021) |
| 06/08/2021 | 456 | | NOTICE of Appearance by Andy M. LeGolvan (LeGolvan, Andy) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/08/2021 | 457 | | EXHIBITS re 443 Administrative Motion to File Under Seal *Portions of Plaintiffs' Motion for Class Certification and Exhibits in Support Thereof accompanying Declaration of Benjamin Kung (Dkt. No. 451) CORRECTION OF DOCKET # 452* filed bySpotify USA Inc.. (Attachments: # 1 Unredacted Version of Exhibit A)(Related document(s) 443 ) (Cullen, Brendan) (Filed on 6/8/2021) (Entered: 06/08/2021) |
| 06/10/2021 | 458 | | NOTICE of Appearance by David P. Chiappetta *on Behalf of Microsoft Corporation* (Chiappetta, David) (Filed on 6/10/2021) (Entered: 06/10/2021) |
| 06/10/2021 | 459 | | NOTICE of Appearance by Judith Bond Jennison *on Behalf of Microsoft Corporation* (Jennison, Judith) (Filed on 6/10/2021) (Entered: 06/10/2021) |
| 06/25/2021 | 460 | | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM NIANTIC, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 461 | | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ELECTRONIC ARTS INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 462 | | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM WALT DISNEY COMPANY. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/25/2021 | 463 | | **ORDER GRANTING SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM ZYNGA, INC. Signed by Judge Yvonne Gonzalez Rogers on 6/25/2021. (fs, COURT STAFF) (Filed on 6/25/2021) (Entered: 06/25/2021)** |
| 06/28/2021 | 464 | | **ORDER GRANTING STIPULATION EXTENDING TIME TO RESPOND TO CONSUMER PLAINTIFFS' ADMINISTRATIVE MOTION FOR ENTRY OF SUPPLEMENTAL PROTECTIVE ORDERS by Judge Yvonne Gonzalez Rogers ;granting (436) Stipulation in case 4:11–cv–06714–YGR; granting (325) Stipulation in case 4:19–cv–03074–YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 06/28/2021 | 465 | | **ORDER GRANTING STIPULATED SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM GLU MOBILE INC. by Judge Yvonne Gonzalez Rogers; granting (440) Stipulation in case 4:11–cv–06714–YGR; granting (330) Stipulation in case 4:19–cv–03074–YGR; granting (695) Stipulation in case 4:20–cv–05640–YGR. (fs, COURT STAFF) (Filed on 6/28/2021) (Entered: 06/28/2021)** |
| 07/06/2021 | 466 | | **ORDER by Judge Yvonne Gonzalez Rogers granting 444 Motion for Pro Hac Vice as to Michael R. Huttenlocher. (fs, COURT STAFF) (Filed on 7/6/2021) (Entered: 07/06/2021)** |
| 07/06/2021 | 467 | | **ORDER by Judge Yvonne Gonzalez Rogers granting 450 Motion for Pro Hac Vice as to Steven L. Holley. (fs, COURT STAFF) (Filed on 7/6/2021) (Entered: 07/06/2021)** |
| 07/20/2021 | 468 | | NOTICE of Change of Address by Nicole Lauren Castle *, Peter J. Sacripanti, John J. Calandra and Michael R. Huttenlocher* (Castle, Nicole) (Filed on 7/20/2021) (Entered: 07/20/2021) |
| 07/23/2021 | 469 | | ERRATA *Regarding Expert Report of Daniel L. McFadden* re 442 Declaration in Support, by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 7/23/2021) Modified on 7/26/2021 (jmlS, COURT STAFF). (Entered: 07/23/2021) |

**ER-939**

| 08/06/2021 | 470 | NOTICE of Appearance by Caeli A. Higney *(for Apple Inc.)* (Higney, Caeli) (Filed on 8/6/2021) (Entered: 08/06/2021) |
|---|---|---|
| 08/10/2021 | 471 | MOTION to Compel *Plaintiffs to Submit Trial Plan* filed by Apple Inc.. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 8/24/2021. Replies due by 8/31/2021. (Attachments: # 1 Proposed Order)(Perry, Mark) (Filed on 8/10/2021) (Entered: 08/10/2021) |
| 08/10/2021 | 472 | Declaration of MARK A. PERRY in Support of 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* filed byApple Inc.. (Attachments: # 1 Exhibit A, Perry Decl., # 2 Exhibit B, Perry Decl., # 3 Exhibit C, Perry Decl., # 4 Exhibit D, Perry Decl.)(Related document(s) 471 ) (Perry, Mark) (Filed on 8/10/2021) (Entered: 08/10/2021) |
| 08/10/2021 | 473 | ***PER ORDER (DOC. #662) DOCUMENT PERMANENTLY SEALED*** OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) filed by Apple Inc. (Attachments: # 1 Report and Declaration of HITT, Lorin, # 2 Report and Declaration ofMALACKOWSKI, James, # 3 Report and Declaration ofPRINCE, Jeffrey, # 4 Report and Declaration ofRUBIN, Aviel, # 5 Report and Declaration ofSCHMALENSEE, Richard, # 6 Report and Declaration ofSIMONSON, Itamar, # 7 Report and Declaration ofWILLIG, Robert)(Perry, Mark) (Filed on 8/10/2021) Modified on 8/11/2021 (cjlS, COURT STAFF). Modified on 8/11/2021 (cjlS, COURT STAFF). Modified text on 9/16/2022 (dhm, COURT STAFF). (Entered: 08/10/2021) |
| 08/11/2021 | 474 | ***PER ORDER (DOC. #662) DOCUMENT PERMANENTLY SEALED*** MOTION to Strike *or Exclude Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 8/24/2021. Replies due by 8/31/2021. (Attachments: # 1 Declaration of Mark Rollins, # 2 Proposed Order)(Perry, Mark) (Filed on 8/11/2021) Modified on 8/11/2021 (cjlS, COURT STAFF). Modified text on 9/16/2022 (dhm, COURT STAFF). (Entered: 08/11/2021) |
| 08/11/2021 | 475 | Declaration of RACHEL S. BRASS in Support of 473 Reply to Opposition/Response, 474 MOTION to Strike *or Exclude Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Attachments: # 1 Exhibit 1, Brass Decl., # 2 Exhibit 2, Brass Decl., # 3 Exhibit 3, Brass Decl., # 4 Exhibit 4, Brass Decl., # 5 Exhibit 5, Brass Decl., # 6 Exhibit 6, Brass Decl., # 7 Exhibit 7, Brass Decl., # 8 Exhibit 8, Brass Decl., # 9 Exhibit 9, Brass Decl., # 10 Exhibit 20, Brass Decl., # 11 Exhibit 11 (part 1 of 4), Brass Decl., # 12 Exhibit 11 (part 2 of 4), Brass Decl., # 13 Exhibit 11 (part 3 of 4), Brass Decl., # 14 Exhibit 11 (part 4 of 4), Brass Decl., # 15 Exhibit 12, Brass Decl., # 16 Exhibit 13, Brass Decl., # 17 Exhibit 14, Brass Decl., # 18 Exhibit 15, Brass Decl., # 19 Exhibit 16, Brass Decl., # 20 Exhibit 17, Brass Decl., # 21 Exhibit 18, Brass Decl., # 22 Exhibit 19, Brass Decl., # 23 Exhibit 20, Brass Decl., # 24 Exhibit 21, Brass Decl., # 25 Exhibit 22, Brass Decl., # 26 Exhibit 23, Brass Decl., # 27 Exhibit 24, Brass Decl., # 28 Exhibit 25, Brass Decl., # 29 Exhibit 26, Brass Decl., # 30 Exhibit 27, Brass Decl., # 31 Exhibit 28, Brass Decl., # 32 Exhibit 29, Brass Decl., # 33 Exhibit 30, Brass Decl., # 34 Exhibit 31, Brass Decl., # 35 Exhibit 32, Brass Decl., # 36 Exhibit 33, Brass Decl.)(Related document(s) 473 , 474 ) (Brass, Rachel) (Filed on 8/11/2021) (Entered: 08/11/2021) |
| 08/11/2021 | 476 | Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to Submit Trial Plan* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of M. Holecek, # 3 Defendant's Opposition to Named Consumer Plaintiffs' Motion for Class Certification, # 4 Report and Declaration of Lorin Hitt, # 5 Report and Declaration of James Malackowski, # 6 Report and Declaration of Jeffrey Prince, # 7 Report and Declaration of Aviel Rubin, # 8 Report and Declaration of Richard Schmalensee, # 9 Report and Declaration of Itamar Simonson, # 10 Report and Declaration of Robert Willig, # 11 Defendant's Notice of Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden, # 12 Declaration of Mark Rollins, # 13 Ex. A, Perry Decl. ISO Motion to Compel, # 14 Ex. B, Perry Decl. ISO Motion to Compel, # 15 Ex. C, Perry Decl. ISO Motion to Compel)(Holecek, Michael) (Filed on 8/11/2021) (Entered: 08/11/2021) |
| 08/11/2021 | 477 | EXHIBITS re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S filed byApple Inc.. (Attachments: # 1 Exhibit 4, # 2 Exhibit 5, # 3 Exhibit 6, # 4 Exhibit 7, # 5 Exhibit 8, # 6 Exhibit 9, # 7 Exhibit 10, # 8 Exhibit 11 (part 1 of 4), # 9 Exhibit 11 (part 2 of 4), # 10 Exhibit 11 (part 3 of 4), # 11 Exhibit 11 (part 4 of 4), # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18 (part 1 of 2), # 19 Exhibit 18 (part 2 of 2), # 20 Exhibit 19 (part 1 of 2), # 21 Exhibit 19 (part 2 of 2), # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 27, # 25 Exhibit 28, # 26 Exhibit 31)(Related document(s) 476 ) (Holecek, Michael) (Filed on 8/11/2021) (Entered: 08/11/2021)* |

**ER-940**

| 08/11/2021 | 478 | OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ) filed by Apple Inc. (Attachments: # 1 Report and Declaration of HITT, Lorin, # 2 Report and Declaration of MALACKOWSKI, James, # 3 Report and Declaration of PRINCE, Jeffrey, # 4 Report and Declaration of RUBIN, Aviel, # 5 Report and Declaration of SCHMALENSEE, Richard, # 6 Report and Declaration of SIMONSON, Itamar, # 7 Report and Declaration of WILLIG, Robert)(Perry, Mark) (Filed on 8/11/2021) Modified on 8/11/2021 (cjlS, COURT STAFF). (Entered: 08/11/2021) |
|---|---|---|
| 08/11/2021 | 479 | MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Corrected 474 ) filed by Apple Inc. Motion Hearing set for 11/16/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 8/24/2021. Replies due by 8/31/2021. (Attachments: # 1 Declaration of Mark Rollins, # 2 Proposed Order)(Perry, Mark) (Filed on 8/11/2021) Modified on 8/11/2021 (cjlS, COURT STAFF). (Entered: 08/11/2021) |
| 08/11/2021 | 480 | Amended Administrative Motion to File Under Seal *documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Corrected 474); 471 MOTION to Compel Plaintiffs to Submit Trial Plan* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of M. Holecek, # 3 Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Class Certification, # 4 Defendant's Notice of Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden)(Holecek, Michael) (Filed on 8/11/2021) (Entered: 08/11/2021) |
| 08/11/2021 | 481 | EXHIBITS *to the Expert Report and Declaration of Aviel Rubin, Ph.D. [473−4] [476−7]* filed by Apple Inc.. (Attachments: # 1 Ex. 1, Report and Declaration of Rubin, # 2 Ex. 2, Report and Declaration of Rubin)(Perry, Mark) (Filed on 8/11/2021) (Entered: 08/11/2021) |
| 08/13/2021 | 482 | NOTICE of Appearance by Dwight Craig Donovan (Donovan, Dwight) (Filed on 8/13/2021) (Entered: 08/13/2021) |
| 08/13/2021 | 483 | STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR THIRD PARTIES TO SUBMIT DECLARATIONS IN SUPPORT OF DEFENDANT APPLES MOTION TO SEAL re 476 Administrative Motion to File Under Seal of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc filed by Apple Inc.. (Attachments: # 1 Declaration Decl. of C. Higney)(Perry, Mark) (Filed on 8/13/2021) Modified on 8/16/2021 (cjlS, COURT STAFF). (Entered: 08/13/2021) |
| 08/16/2021 | 484 | **ORDER by Judge Yvonne Gonzalez Rogers granting 483 Stipulation. Responses due by 8/31/2021. (fs, COURT STAFF) (Filed on 8/16/2021) (Entered: 08/16/2021)** |
| 08/16/2021 | 485 | Declaration of Sanghoon Park in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc filed by Samsung Electronics Co., Ltd.. (Related document(s) 476 , 480 ) (Batter, Kyle) (Filed on 8/16/2021) (Entered: 08/16/2021)* |
| 08/16/2021 | 486 | ADMINISTRATIVE MOTION to Strike Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden re 474 MOTION to Strike *or Exclude Testimony of Professor Daniel L. McFadden* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 8/20/2021. (Attachments: # 1 Declaration Of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 8/16/2021) (Entered: 08/16/2021) |
| 08/16/2021 | 487 | ADMINISTRATIVE MOTION to Strike Apple Inc.'s Motion to Compel Plaintiffs to Submit Trial Plan re 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 8/20/2021. (Attachments: # 1 Declaration Of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 8/16/2021) (Entered: 08/16/2021) |
| 08/19/2021 | 488 | STIPULATION WITH [PROPOSED] ORDER Modifying Briefing Schedule on Apple's Daubert Motion and Motion to Compel Plaintiffs to Submit a Trail Plan filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, Apple Inc. (Attachments: # 1 Declaration Of Rachele R. Byrd)(Byrd, Rachele) (Filed on 8/19/2021) Modified on 8/20/2021 (cjlS, COURT STAFF). (Entered: 08/19/2021) |

| 08/20/2021 | 489 | Epic Games, Inc.'s Motion for Administrative Relief to Access Sealed Filings in Related Cases filed by Epic Games, Inc. Responses due by 8/24/2021. (Attachments: # 1 Declaration of Gary A. Bornstein, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Proposed Order)(Bornstein, Gary) (Filed on 8/20/2021) Modified on 8/20/2021 (cjlS, COURT STAFF). (Entered: 08/20/2021) |
|---|---|---|
| 08/20/2021 | 490 | OPPOSITION/RESPONSE (re 487 ADMINISTRATIVE MOTION to Strike Apple Inc.'s Motion to Compel Plaintiffs to Submit Trial Plan re 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* ) filed byApple Inc.. (Attachments: # 1 Declaration of M. Perry)(Perry, Mark) (Filed on 8/20/2021) (Entered: 08/20/2021) |
| 08/20/2021 | 491 | Proposed Order re 490 Opposition/Response to Motion, *(re 487 ADMINISTRATIVE MOTION to Strike Apple Inc.'s Motion to Compel Plaintiffs to Submit Trial Plan re 471 MOTION to Compel Plaintiffs to Submit Trial Plan )* by Apple Inc.. (Perry, Mark) (Filed on 8/20/2021) (Entered: 08/20/2021) |
| 08/20/2021 | 492 | OPPOSITION/RESPONSE (re 486 ADMINISTRATIVE MOTION to Strike Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden re 474 MOTION to Strike *or Exclude Testimony of Professor Daniel L. McFadden* ) filed byApple Inc.. (Attachments: # 1 Declaration of M. Perry, # 2 Proposed Order)(Perry, Mark) (Filed on 8/20/2021) (Entered: 08/20/2021) |
| 08/20/2021 | 493 | OPPOSITION/RESPONSE (re 487 ADMINISTRATIVE MOTION to Strike Apple Inc.'s Motion to Compel Plaintiffs to Submit Trial Plan re 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* ) filed byApple Inc.. (Attachments: # 1 Declaration of M. Perry, # 2 Proposed Order)(Perry, Mark) (Filed on 8/20/2021) (Entered: 08/20/2021) |
| 08/21/2021 | 494 | ERRATA re 490 Opposition/Response to Motion, 491 Proposed Order, by Apple Inc.. (Perry, Mark) (Filed on 8/21/2021) (Entered: 08/21/2021) |
| 08/24/2021 | 495 | OPPOSITION/RESPONSE (re 489 Epic Games, Inc.'s Motion for Administrative Relief to Access Sealed Filings in Related Cases ) filed byApple Inc.. (Attachments: # 1 Declaration of J. Srinivasan, # 2 Exhibit A, J. Srinivasan Decl'n)(Perry, Mark) (Filed on 8/24/2021) (Entered: 08/24/2021) |
| 08/24/2021 | 496 | OPPOSITION/RESPONSE (re 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* ) filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 8/24/2021) (Entered: 08/24/2021) |
| 08/25/2021 | 497 | Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Exhibits in Support Thereof* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Redacted Opposition, # 4 Unredacted Opposition, # 5 Unredacted Exhibit C)(DeJong, Brittany) (Filed on 8/25/2021) (Entered: 08/25/2021) |
| 08/25/2021 | 498 | Plaintiffs' Opposition to 479 Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(Byrd, Rachele) (Filed on 8/25/2021) Modified on 8/26/2021 (cjlS, COURT STAFF). (Entered: 08/25/2021) |
| 08/25/2021 | 499 | Declaration of Rachele R. Byrd in Support of 498 Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 498 ) (Byrd, Rachele) (Filed on 8/25/2021) Modified on 8/26/2021 (cjlS, COURT STAFF). (Entered: 08/25/2021) |
| 08/25/2021 | 500 | CERTIFICATE OF SERVICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re 497 Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Exhibits in Support Thereof. (Attachments: # 1 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 8/25/2021) Modified on 8/26/2021 (cjlS, COURT STAFF). (Entered: 08/25/2021) |
| 08/30/2021 | 501 | Declaration of Karl Quackenbush in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc, 497 Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Exhibits in Support Thereof filed byValve Corporation. (Related document(s) 476 , 480 , 497 ) (Donovan, Dwight) (Filed on 8/30/2021) (Entered:* |

| | | |
|---|---|---|
| | | *08/30/2021)* |
| 08/30/2021 | 502 | Declaration of Sanghoon Park in Support of 480 Amended Administrative Motion to File Under Seal *documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc filed bySamsung Electronics Co., Ltd.. (Related document(s) 480 ) (Batter, Kyle) (Filed on 8/30/2021) (Entered: 08/30/2021)* |
| 08/30/2021 | 503 | Declaration of Andy LeGolvan in Support of 480 Amended Administrative Motion to File Under Seal *documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc filed byPlaytika Ltd.. (Related document(s) 480 ) (LeGolvan, Andy) (Filed on 8/30/2021) (Entered: 08/30/2021)* |
| 08/30/2021 | 504 | [Proposed] Order re 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden filed by Playtika Ltd. (Attachments: # 1 Exhibit Exhibit A – Redacted, # 2 Exhibit Exhibit A – Unredacted, # 3 Exhibit Exhibit B – Redacted, # 4 Exhibit Exhibit B – Unredacted)(Related document(s) 480 ) (LeGolvan, Andy) (Filed on 8/30/2021) Modified on 8/31/2021 (cjlS, COURT STAFF). (Entered: 08/30/2021) |
| 08/30/2021 | 505 | Declaration of Rachel S. Brass in Support of 497 Administrative Motion to File Under Seal *Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Exhibits in Support Thereof* filed byApple Inc.. (Related document(s) 497 ) (Brass, Rachel) (Filed on 8/30/2021) (Entered: 08/30/2021) |
| 08/30/2021 | 506 | Unredacted Copy of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Prof. Daniel L. McFadden filed by Apple Inc. (Attachments: # 1 Declaration of Minjae Song (unredacted))(Related document(s) 497 ) (Brass, Rachel) (Filed on 8/30/2021) Modified on 8/31/2021 (cjlS, COURT STAFF). (Entered: 08/30/2021) |
| 08/31/2021 | 507 | Declaration of Jon Kirk in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S filed byAmazon.com, Inc.. (Related document(s) 476 ) (Tullman, Molly) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 508 | Proposed Order re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc, 497 Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Exhibits in Support Thereof by Valve Corporation. (Donovan, Dwight) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 509 | Declaration of Adrian Ong in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S filed byMatch Group, Inc.. (Related document(s) 476 ) (Dixon, Douglas) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 510 | Declaration of Helen Hsu in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc, 478 Opposition/Response to Motion,, filed byPocket Gems, Inc.. (Related document(s) 476 , 480 , 478 ) (Kaufhold, Steven) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 511 | [PROPOSED] ORDER EXHIBITS re 476 Administrative Motion to File Under Seal of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 |

| | | |
|---|---|---|
| | | MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden filed by Pocket Gems, Inc. (Attachments: # 1 Exhibit Redacted Version of Exhibit A to Hsu Declaration, # 2 Exhibit Unredacted Version of Exhibit A to Hsu Declaration)(Related document(s) 476 , 480 ) (Kaufhold, Steven) (Filed on 8/31/2021) Modified on 9/1/2021 (cjlS, COURT STAFF). (Entered: 08/31/2021) |
| 08/31/2021 | 512 | CERTIFICATE OF SERVICE by Apple Inc. re 506 Exhibits to an Administrative Motion to File Under Seal, (Lazarus, Eli) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 513 | NOTICE of Appearance by David P. Chiappetta *on Behalf of Nintendo of America, Inc.* (Chiappetta, David) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 514 | Declaration of Steven Singer in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc 474) filed byNintendo of America Inc.. (Related document(s) 476 , 480 ) (Chiappetta, David) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 515 | REPLY (re 471 MOTION to Compel *Plaintiffs to Submit Trial Plan* ) filed byApple Inc.. (Perry, Mark) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 516 | Declaration of David P. Chiappetta in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S filed byMicrosoft Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Related document(s) 476 ) (Chiappetta, David) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 517 | Declaration of Hans Gunawan *Pursuant to Local Rule 79−5(E)(1) in Support of Non−Party Roblox, Inc.'s Administrative Motion to Keep Competitively Sensitive Information Under Seal* filed byRoblox, Inc.. (Hammon, Patrick) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 518 | Declaration of M. Brent Byars in Support of Defendant Apple's Motion to Seal re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden filed by Epic Games, Inc. (Attachments: # 1 Exhibit 4, # 2 Exhibit 7, # 3 Exhibit 8 POSTED IN ERROR. SEE DOC. #603, # 4 Exhibit 9)(Related document(s) 476 , 480 ) (Byars, Michael) (Filed on 8/31/2021) Modified on 9/1/2021 (cjlS, COURT STAFF). Modified text on 11/30/2021 (dhm, COURT STAFF). (Entered: 08/31/2021)* |
| 08/31/2021 | 519 | NOTICE of Appearance by Asim M. Bhansali (Bhansali, Asim) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 520 | Declaration of Joseph Kreiner in Support of Defendant Apple's Motion to Seal re 476 Administrative Motion to File Under Seal of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden filed by Epic Games, Inc. (Attachments: # 1 Expert Report of Richard Schmalensee, # 2 Expert Report of Lorin M. Hitt, # 3 Exhibit 27, # 4 Exhibit 19)(Related document(s) 476 , 480 ) (Clarke, Justin) (Filed on 8/31/2021) Modified on 9/1/2021 (cjlS, COURT STAFF). (Entered: 08/31/2021) |
| 08/31/2021 | 521 | NOTICE of Appearance by John F. Cove, Jr *on Behalf of Non−Party Sony Interactive Entertainment LLC* (Cove, John) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 08/31/2021 | 522 | Declaration of Don Sechler in Support of 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc filed bySony* |

| | | |
|---|---|---|
| | | *Interactive Entertainment LLC. (Related document(s) 476 , 480 ) (Cove, John) (Filed on 8/31/2021) (Entered: 08/31/2021)* |
| 08/31/2021 | 523 | Third Party Administrative Motion to File Under Seal *Re: Apple, Inc.'s Administrative Motions to File Under Seal (ECF Nos. 476, 480)* filed by Google LLC. (Attachments: # 1 Declaration of Christian Cramer, # 2 Unredacted Version of Exhibit A, # 3 Unredacted Version of Exhibit B, # 4 Unredacted Version of Exhibit C, # 5 Proposed Order)(Bhansali, Asim) (Filed on 8/31/2021) (Entered: 08/31/2021) |
| 09/01/2021 | 524 | REPLY (re 479 MOTION to Strike *or Exclude Testimony of Professor Daniel L. McFadden (Corrected)* ) filed byApple Inc.. (Attachments: # 1 Declaration of S. Sancheti, # 2 Exhibit A, Sancheti Decl'n, # 3 Exhibit B, Sancheti Decl'n, # 4 Exhibit C, Sancheti Decl'n)(Perry, Mark) (Filed on 9/1/2021) (Entered: 09/01/2021) |
| 09/01/2021 | 525 | Administrative Motion to File Under Seal *Reply in Support of 479 Notice of Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of R. Brass, # 3 Redacted – Reply In Support of Daubert Motion, # 4 Unredacted – Reply In Support of Daubert Motion, # 5 Redacted – Ex. A, Sancheti Decl'n, # 6 Unredacted – Ex. A, Sancheti Decl'n, # 7 Redacted – Ex. B, Sancheti Decl'n, # 8 Unredacted – Ex. B, Sancheti Decl'n, # 9 Redacted – Ex. C, Sancheti Decl'n, # 10 Unredacted – Ex. C, Sancheti Decl'n)(Brass, Rachel) (Filed on 9/1/2021) (Entered: 09/01/2021) |
| 09/02/2021 | 526 | NOTICE OF ERRATA Regarding Apple Inc.'s Opposition to Class Certification Motion re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 478 Opposition/Response to Motion,, (Correction of 473 )* by Apple Inc.. (Perry, Mark) (Filed on 9/2/2021) Modified text on 9/3/2021 (dhmS, COURT STAFF). (Entered: 09/02/2021) |
| 09/03/2021 | 527 | Administrative Motion to File Under Seal filed by Valve Corporation. (Attachments: # 1 Declaration Redacted Version of Declaration of Dwight C. Donovan in Support of Non–Party Valve Corporation's Administrative Motion to File Under Seal, # 2 Declaration Unredacted Version of Declaration of Dwight C. Donovan in Support of Non–Party Valve Corporation's Administrative Motion to File Under Seal)(Donovan, Dwight) (Filed on 9/3/2021) **DOCUMENT 527–1 REMOVED PURSUANT TO ORDER 532** (jy, COURT STAFF). Modified on 9/16/2021 (jy, COURT STAFF). (Entered: 09/03/2021) |
| 09/03/2021 | 528 | Declaration of Dwight C. Donovan in Support of 501 Declaration in Support,,, *of Non–Party Valve Corporation's Administrative Motion to File Under Seal* filed byValve Corporation. (Related document(s) 501 ) (Donovan, Dwight) (Filed on 9/3/2021) **DOCUMENT 528 REMOVED PURSUANT TO ORDER 532** (jy, COURT STAFF). Modified on 9/16/2021 (jy, COURT STAFF). (Entered: 09/03/2021) |
| 09/03/2021 | 529 | ERRATA re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S* by Apple Inc.. (Attachments: # 1 Errata to Expert Report and Declaration of James Malackowski [476–5])(Perry, Mark) (Filed on 9/3/2021) (Entered: 09/03/2021) |
| 09/08/2021 | 530 | ADMINISTRATIVE MOTION for Leave to File a Sur–Reply in Further Opposition to Defendant Apple Inc.'s Motion to Compel Plaintiffs to Submit a Trial Plan filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 9/13/2021. (Attachments: # 1 Declaration of Rachele R. Byrd In Support of Consumer Plaintiffs' Unopposed Administrative Motion For Leave to File a Sur–Reply In Further Opposition to Defendant Apple Inc.'s Motion to Compel Plaintiffs to Submit a Trial Plan, # 2 Proposed Order Granting Consumer Plaintiffs' Unopposed Administrative Motion For Leave to File a Sur–Reply in Further Opposition to Defendant Apple Inc.'s Motion to Compel Plaintiffs to Submit a Trial Plan)(Byrd, Rachele) (Filed on 9/8/2021) (Entered: 09/08/2021) |
| 09/09/2021 | 531 | MOTION to Remove Incorrectly Filed Document *[Dkt. Nos. 527–1 and 528]* filed by Valve Corporation. (Attachments: # 1 Proposed Order)(Donovan, Dwight) (Filed on 9/9/2021) (Entered: 09/09/2021) |
| 09/16/2021 | 532 | **ORDER GRANTING NON–PARTY VALVE CORPORATION'S MOTION TO REMOVE INCORRECTLY FILED DOCUMENTS by Judge Yvonne Gonzalez Rogers granting 531 Motion to Remove Incorrectly Filed Documents; Documents 527–1 and 528 are to be removed from the Docket. (fs, COURT STAFF) (Filed on 9/16/2021) (Entered: 09/16/2021)** |
| 09/24/2021 | 534 | NOTICE by Apple Inc. *Regarding Withdrawal and Supplementation of Expert Reports and Declarations* (Attachments: # 1 Exhibit Supplemental Report and Declaration of Richard Schmalensee, # 2 Exhibit |

**ER-945**

| | | |
|---|---|---|
| | | Supplemental Report and Declaration of Lorin Hitt, # 3 Exhibit Supplemental Report and Declaration of James Malackowski, # 4 Exhibit Report and Declaration of Robert Willig)(Perry, Mark) (Filed on 9/24/2021) (Entered: 09/24/2021) |
| 09/24/2021 | 535 | Administrative Motion to File Under Seal *Defendant Apple Inc.'s Notice Regarding Withdrawal and Supplementation of Expert Reports and Declarations* filed by Apple Inc.. (Attachments: # 1 Declaration Declaration of Rachel Brass, # 2 Proposed Order, # 3 Exhibit Report and Declaration of Robert Willig (REDACTED), # 4 Exhibit Report and Declaration of Robert Willig (SEALED))(Brass, Rachel) (Filed on 9/24/2021) (Entered: 09/24/2021) |
| 09/28/2021 | 536 | Declaration of David P. Chiappetta in Support of 535 Administrative Motion to File Under Seal *Defendant Apple Inc.'s Notice Regarding Withdrawal and Supplementation of Expert Reports and Declarations* filed byMicrosoft Corporation. (Related document(s) 535 ) (Chiappetta, David) (Filed on 9/28/2021) (Entered: 09/28/2021) |
| 09/28/2021 | 537 | ERRATA *NOTICE OF ERRATA TO THE EXPERT REPORTS AND DECLARATIONS OF LORIN HITT (ECF 478−1) AND JEFFREY PRINCE (ECF 478−3)* by Apple Inc.. (Attachments: # 1 Errata Hitt Expert Report Errata, # 2 Errata Prince Expert Report Errata)(Perry, Mark) (Filed on 9/28/2021) (Entered: 09/28/2021) |
| 09/28/2021 | 538 | STIPULATION WITH PROPOSED ORDER *Extending Class Certification Reply Brief Deadline By One Week* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Rachele R. Byrd In Support Of Stipulation And [Proposed] Order Extending Class Certification Reply Brief Deadline By One Week)(Byrd, Rachele) (Filed on 9/28/2021) (Entered: 09/28/2021) |
| 09/28/2021 | 539 | Administrative Motion to File Under Seal *REGARDING NOTICE OF ERRATA TO THE EXPERT REPORTS AND DECLARATIONS OF LORIN HITT (ECF 478−1) AND JEFFREY PRINCE (ECF 478−3)* filed by Apple Inc.. (Attachments: # 1 Declaration Declaration of Rachel Brass, # 2 Proposed Order, # 3 Exhibit Hitt Expert Report Errata (REDACTED), # 4 Exhibit Hitt Expert Report Errata (SEALED), # 5 Exhibit Prince Expert Report Errata (REDACTED), # 6 Exhibit Prince Expert Report Errata (SEALED))(Brass, Rachel) (Filed on 9/28/2021) (Entered: 09/28/2021) |
| 09/29/2021 | 540 | NOTICE by Apple Inc. */ Notice of Withdrawal of Counsel* (Schlom, Evan) (Filed on 9/29/2021) (Entered: 09/29/2021) |
| 09/30/2021 | 541 | **ORDER by Judge Yvonne Gonzalez Rogers granting 538 Stipulation Extending Class Certification Reply Brief Deadline by One Week. Reply due by 10/19/2021. (fs, COURT STAFF) (Filed on 9/30/2021) (Entered: 09/30/2021)** |
| 09/30/2021 | 542 | **ORDER by Judge Yvonne Gonzalez Rogers granting (347) Administrative Motion to File Under Seal in case 4:11−cv−06714−YGR; granting (219) Administrative Motion to File Under Seal in case 4:19−cv−03074−YGR.**<br><br>**September 30, 2021, nunc pro tunc, January 8, 2021.**<br>**(fs, COURT STAFF) (Filed on 9/30/2021) (Entered: 09/30/2021)** |
| 10/02/2021 | 543 | CERTIFICATE OF SERVICE by Apple Inc. re 535 , 539 (Phillips, Harry) (Filed on 10/2/2021) Modified on 10/4/2021 linking entry to related documents. (dhmS, COURT STAFF). (Entered: 10/02/2021) |
| 10/04/2021 | | Electronic filing error. Document not properly linked. [err102]Corrected by Clerk's Office. No further action is necessary. Re: 543 Certificate of Service filed by Apple Inc. (dhmS, COURT STAFF) (Filed on 10/4/2021) (Entered: 10/04/2021) |
| 10/08/2021 | 544 | MOTION for Leave to File *Fourth Amended Complaint; Memorandum of Points and Authorities* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order)(Byrd, Rachele) (Filed on 10/8/2021) (Entered: 10/08/2021) |
| 10/08/2021 | 545 | Declaration in Support of 544 MOTION for Leave to File *Fourth Amended Complaint; Memorandum of Points and Authorities* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Related document(s) 544 ) (Byrd, Rachele) (Filed on 10/8/2021) (Entered: 10/08/2021) |
| 10/11/2021 | 546 | ADMINISTRATIVE MOTION to Permanently Seal Documents filed by Apple Inc.. Responses due by 10/15/2021. (Attachments: # 1 Stipulation and [Proposed] Order)(Brass, Rachel) (Filed on 10/11/2021) (Entered: 10/11/2021) |

**ER-946**

| | | |
|---|---|---|
| 10/11/2021 | 547 | Amended Administrative Motion to File Under Seal *Defendant Apple Inc.'s Opposition to Named Consumer Plaintiffs' Motion for Class Certification and Supporting Documents* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of R. Brass, # 3 Exhibit 17 (McFadden), # 4 Exhibit 17 (McFadden), Sealed, # 5 Exhibit 18 (Elhauge part 1 of 2), # 6 Exhibit 18 (Elhauge part 1 of 2), Sealed, # 7 Exhibit 18 (Elhauge part 2 of 2), # 8 Exhibit (Elhauge part 2 of 2), Sealed, # 9 Exhibit 19 (Economides part 1 of 2), # 10 Exhibit 19 (Economides part 1 of 2), Sealed, # 11 Exhibit 19 (Economides part 2 of 2), # 12 Exhibit 19 (Economides part 2 of 2), Sealed)(Brass, Rachel) (Filed on 10/11/2021) (Entered: 10/11/2021) |
| 10/11/2021 | 548 | CERTIFICATE OF SERVICE by Apple Inc. re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc, 547 Amended Administrative Motion to File Under Seal Defendant Apple Inc.'s Opposition to Named Consumer Plaintiffs' Motion for Class Certification and Supporting Documents (Brass, Rachel) (Filed on 10/11/2021) (Entered: 10/11/2021)* |
| 10/11/2021 | 549 | CERTIFICATE OF SERVICE by Apple Inc. re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S, 480 Amended Administrative Motion to File Under Seal documents in support of 478 OPPOSITION/RESPONSE (re 441 Redacted Motion for Class Certification) (Corrected 473 ); 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden (Correc (Third Parties) (Brass, Rachel) (Filed on 10/11/2021) (Entered: 10/11/2021)* |
| 10/13/2021 | 550 | STIPULATION WITH PROPOSED ORDER *To Exceed Page Limitation For Plaintiffs' Reply Memorandum In Further Support Of Motion For Class Certification* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 10/13/2021) (Entered: 10/13/2021) |
| 10/14/2021 | 551 | NOTICE by Apple Inc. *of Further Errata to Expert Report and Declaration of Lorin Hitt* (Attachments: # 1 Errata)(Perry, Mark) (Filed on 10/14/2021) (Entered: 10/14/2021) |
| 10/18/2021 | 552 | **ORDER by Judge Yvonne Gonzalez Rogers granting 550 Stipulation to Exceed Page Limitation. (fsS, COURT STAFF) (Filed on 10/18/2021) (Entered: 10/18/2021)** |
| 10/19/2021 | 553 | NOTICE of Appearance by Marisa C. Livesay (Livesay, Marisa) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/19/2021 | 554 | Administrative Motion to File Under Seal *Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Brittany N. DeJong, # 2 Proposed Order, # 3 Redacted Class Certification Reply, # 4 Unredacted Class Certification Reply, # 5 Unredacted Ex. 1, # 6 Unredacted Ex. 3, # 7 Unredacted Ex. 8, # 8 Unredacted Ex. 9, # 9 Unredacted Ex. 12, # 10 Unredacted Ex. 13, # 11 Certificate/Proof of Service, # 12 Certificate/Proof of Service)(DeJong, Brittany) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/19/2021 | 555 | REPLY (re 441 Redacted Motion for Class Certification ) *Plaintiffs' Reply Memorandum In Further Support of Motion for Class Certification* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/19/2021 | 556 | Declaration of Rachele R. Byrd in Support of 555 Reply to Opposition/Response, *in Further Support of Plaintiffs' Motion for Class Certification* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13)(Related document(s) 555 ) (Byrd, Rachele) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/19/2021 | 557 | STIPULATION WITH PROPOSED ORDER *Extending Time For Third Parties to Submit Declarations In Support of Plaintiffs' Motion to Seal (ECF No. 554)* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration Of Rachele R. Byrd)(Byrd, Rachele) (Filed on 10/19/2021) (Entered: 10/19/2021) |
| 10/22/2021 | 558 | OPPOSITION/RESPONSE (re 544 MOTION for Leave to File *Fourth Amended Complaint; Memorandum of Points and Authorities* ) filed byApple Inc.. (Perry, Mark) (Filed on 10/22/2021) (Entered: 10/22/2021) |

| 10/22/2021 | 559 | EXHIBITS re 554 Administrative Motion to File Under Seal *Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof Declaration in Support of Administrative Motion to File Under Seal* filed byPlaytika Ltd.. (Attachments: # 1 Proposed Order Granting Administrative Motion to File Under Seal, # 2 Exhibit)(Related document(s) 554 ) (LeGolvan, Andy) (Filed on 10/22/2021) (Entered: 10/22/2021) |
|---|---|---|
| 10/22/2021 | 560 | **ORDER GRANTING re 557 STIPULATION WITH PROPOSED ORDER *Extending Time For Third Parties to Submit Declarations In Support of Plaintiffs' Motion to Seal (ECF No. 554)* filed by Stephen H. Schwartz, Robert Pepper, Edward Lawrence, Edward W. Hayter. Signed by Judge Yvonne Gonzalez Rogers on October 22, 2021. (ygrlc4, COURT STAFF) (Filed on 10/22/2021) (Entered: 10/22/2021)** |
| 10/25/2021 | 561 | Declaration of Rachel S. Brass in Support of 554 Administrative Motion to File Under Seal *Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof* filed byApple Inc.. (Attachments: # 1 Certificate/Proof of Service)(Related document(s) 554 ) (Brass, Rachel) (Filed on 10/25/2021) (Entered: 10/25/2021) |
| 10/25/2021 | 562 | EXHIBITS re 554 Administrative Motion to File Under Seal *Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof Exhibits to 561 Declaration of Rachel S. Brass in Response to Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof)* filed byApple Inc.. (Attachments: # 1 Plaintiffs Reply ISO Motion for Class Cert., # 2 Exhibit 1, # 3 Exhibit 3, # 4 Exhibit 12, # 5 Certificate/Proof of Service)(Related document(s) 554 ) (Brass, Rachel) (Filed on 10/25/2021) (Entered: 10/25/2021) |
| 10/26/2021 | 563 | OBJECTIONS to re 556 Declaration in Support,, *DEFENDANT APPLE INC.S OBJECTION UNDER CIV. L. R. 7−3(D)(1) TO EVIDENCE FILED WITH PLAINTIFFS CLASS CERTIFICATION REPLY* by Apple Inc.. (Attachments: # 1 Appendix A, # 2 Proposed Order)(Perry, Mark) (Filed on 10/26/2021) (Entered: 10/26/2021) |
| 10/26/2021 | 564 | Declaration *OF RACHEL S. BRASS IN SUPPORT OF DEFENDANT APPLE INC.S OBJECTION UNDER CIV. L. R. 7−3(D)(1) TO EVIDENCE FILED WITH PLAINTIFFS CLASS CERTIFICATION REPLY* filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Brass, Rachel) (Filed on 10/26/2021) (Entered: 10/26/2021) |
| 10/26/2021 | 565 | Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S ADMINISTRATIVE MOTION TO PARTIALLY SEAL DEFENDANT APPLE INC.S OBJECTION UNDER CIV. L. R. 7−3(D)(1) TO EVIDENCE FILED WITH PLAINTIFFS CLASS CERTIFICATION REPLY AND SUPPORTING DOCUMENTS* filed by Apple Inc.. (Attachments: # 1 Declaration of Rachel Brass, # 2 Proposed Order, # 3 Certificate/Proof of Service, # 4 Appendix A (REDACTED), # 5 Appendix A (SEALED), # 6 Exhibit 1 (REDACTED), # 7 Exhibit 1 (SEALED), # 8 Exhibit 2 (REDACTED), # 9 Exhibit 2 (SEALED))(Brass, Rachel) (Filed on 10/26/2021) (Entered: 10/26/2021) |
| 10/29/2021 | 566 | STIPULATION WITH PROPOSED ORDER *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Life360, Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Livesay, Marisa) (Filed on 10/29/2021) (Entered: 10/29/2021) |
| 10/29/2021 | 567 | REPLY (re 544 MOTION for Leave to File *Fourth Amended Complaint; Memorandum of Points and Authorities* ) *Reply Memorandum in Further Support of Motion for Leave to File Fourth Amended Complaint* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 10/29/2021) (Entered: 10/29/2021) |
| 11/03/2021 | 568 | CERTIFICATE OF SERVICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re 554 Administrative Motion to File Under Seal *Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof* (Byrd, Rachele) (Filed on 11/3/2021) (Entered: 11/03/2021) |
| 11/03/2021 | 569 | STIPULATION WITH PROPOSED ORDER *STIPULATION AND [PROPOSED] ORDER CONTINUING CLASS CERTIFICATION, MOTION TO COMPEL TRIAL PLAN, AND DAUBERT HEARING AND SETTING SUPPLEMENTAL BRIEFING SCHEDULE* filed by Apple Inc.. (Perry, Mark) (Filed on 11/3/2021) (Entered: 11/03/2021) |
| 11/04/2021 | 570 | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed in Portions of Plaintiffs' Notice of Errata Regarding Reply Report of Daniel L. McFadden [ECF No. 556−1]* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Marisa C. Livesay, # 2 Proposed Order, # 3 Redacted Exhibit A, # 4 Unredacted Exhibit A, # 5 Certificate/Proof of Service)(Livesay, Marisa) (Filed on 11/4/2021) (Entered: 11/04/2021) |

**ER-948**

| 11/04/2021 | 571 | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz *Plaintiffs' Notice of Errata Regarding Reply Report of Daniel L. McFadden [ECF No. 556–1]* (Attachments: # 1 Exhibit A)(Byrd, Rachele) (Filed on 11/4/2021) (Entered: 11/04/2021) |
|---|---|---|
| 11/05/2021 | 572 | **ORDER by Judge Yvonne Gonzalez Rogers granting (566) Stipulated Supplemental Protective Order Governing Discovery from Life360. Inc, in case 4:11–cv–06714–YGR; granting (440) Stipulated Supplemental Protective Order Governing Discovery from Life360, Inc. in case 4:19–cv–03074–YGR. (fs, COURT STAFF) (Filed on 11/5/2021) (Entered: 11/05/2021)** |
| 11/08/2021 | 573 | **ORDER DENYING CONSUMER PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; GRANTING CONSUMER PLAINTIFFS' MOTION TO STRIKE APPLE'S MOTION TO COMPEL TRIAL PLAN; AND DENYING MOTION TO COMPEL TRIAL PLAN AS MOOT by Judge Yvonne Gonzalez Rogers; denying as moot 471 Motion to Compel; granting 487 Administrative Motion ; denying 544 Motion for Leave to File. (fs, COURT STAFF) (Filed on 11/8/2021) (Entered: 11/08/2021)** |
| 11/08/2021 | 574 | **ORDER by Judge Yvonne Gonzalez Rogers Denying 569 Stipulation. (fs, COURT STAFF) (Filed on 11/8/2021) (Entered: 11/08/2021)** |
| 11/08/2021 | 575 | Declaration of Helen Hsu in Support of 554 Administrative Motion to File Under Seal Portions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof filed by Pocket Gems, Inc.. (Attachments: # 1 Exhibit Exhibit A to Hsu Declaration – Redacted, # 2 Exhibit Exhibit A to Hsu Declaration – Non–redacted, # 3 Proposed Order)(Related document(s) 554 ) (Kaufhold, Steven) (Filed on 11/8/2021) Modified text on 11/9/2021 (dhm, COURT STAFF). (Entered: 11/08/2021) |
| 11/08/2021 | 576 | Declaration of Justin C. Clarke in Support of re 554 Administrative Motion to File Under Seal ortions of Plaintiffs' Reply Memorandum in Further Support of Motion for Class Certification and Exhibits in Support Thereof filed by Epic Games, Inc.. (Attachments: # 1 Exhibit A [Public], # 2 Exhibit A [Sealed], # 3 Proposed Order)(Related document(s) 554 ) (Clarke, Justin) (Filed on 11/8/2021) Modified text on 11/9/2021 (dhm, COURT STAFF). (Entered: 11/08/2021) |
| 11/09/2021 | 577 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number BCANDC–16610327.) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Panner, Aaron) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 578 | MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. Motion Hearing set for 12/14/2021 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 11/23/2021. Replies due by 11/30/2021. (Attachments: # 1 Proposed Order)(Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 579 | Declaration of JEFFREY T. PRINCE, Ph.D. in Support of 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Related document(s) 578 ) (Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 580 | Declaration of CAELI A. HIGNEY in Support of 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Attachments: # 1 Exhibit 1 of C. Higney Decl'n, # 2 Exhibit 2 of C. Higney Decl'n)(Related document(s) 578 ) (Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 581 | Administrative Motion to File Under Seal *Documents in Support of MOTION 578 to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of C. Higney, # 3 Exhibit A, C. Higney Decl'n, # 4 Exhibit B, C. Higney Decl'n, # 5 Exhibit C, C. Higney Decl'n, # 6 Certificate/Proof of Service)(Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 582 | Administrative Motion to File Under Seal *(Third Party Valve Corp.) Documents in Support of MOTION 578 to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. (Attachments: # 1 Exhibit B, C. Higney Decl'n [581–2])(Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/09/2021 | 583 | Administrative Motion to File Under Seal *(Third Party Roblox Inc.) Documents in Support of MOTION 578 to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden* filed by Apple Inc.. (Attachments: # 1 Exhibit B, C. Higney Decl'n [581–2], # 2 Exhibit C, C. Higney Decl'n [581–2])(Perry, Mark) (Filed on 11/9/2021) (Entered: 11/09/2021) |
| 11/12/2021 | 584 | CLERK'S NOTICE CHANGING TIME OF MOTION HEARING ON 11/16/2021 TO 2:00PM |

**ER-949**

| | | |
|---|---|---|
| | | Motion Hearing 441 and 479 set for 11/16/2021 at 02:00 PM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers. The 10:00AM time is VACATED. |
| | | Set/Reset Deadlines as to 441 Redacted Motion for Class Certification, 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden |
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)*,(fs, COURT STAFF) (Filed on 11/12/2021) (Entered: 11/12/2021) |
| 11/12/2021 | 585 | CERTIFICATE OF SERVICE by Apple Inc. re 582 Administrative Motion to File Under Seal *(Third Party Valve Corp.) Documents in Support of MOTION 578 to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden*, 583 Administrative Motion to File Under Seal *(Third Party Roblox Inc.) Documents in Support of MOTION 578 to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden* (Castle, Nicole) (Filed on 11/12/2021) (Entered: 11/12/2021) |
| 11/15/2021 | 586 | **ORDER by Judge Yvonne Gonzalez Rogers Granting 577 Motion for Pro Hac Vice as to Aaron Panner. (amg, COURT STAFF) (Filed on 11/15/2021) Modified on 11/17/2021 (fs, COURT STAFF). (Entered: 11/15/2021)** |
| 11/15/2021 | 587 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE Motion 441 479 Hearing set for Tuesday, 11/16/2021 02:00 PM VIA ZOOM Webinar Videoconference before Judge Yvonne Gonzalez Rogers. This proceeding will be held via a Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. Motion Hearing set for 11/16/2021 02:00 PM via Zoom Webinar Videoconference Only before Judge Yvonne Gonzalez Rogers. (Related documents(s) 479 , 441 ) *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 11/15/2021) (Entered: 11/15/2021) |
| 11/16/2021 | 588 | STIPULATION WITH PROPOSED ORDER *Stipulation Between Apple Inc. and Lepesant Plaintiffs and [Proposed] Order Regarding Relatedness* filed by Apple Inc.. (Attachments: # 1 Exhibit Complaint)(Perry, Mark) (Filed on 11/16/2021) (Entered: 11/16/2021) |
| 11/16/2021 | 589 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Plaintiffs' Motion to Certify Class 441 . Defendant's Motion to Strike or Exclude Testimony of Professor Daniel L. McFadden 479 Hearing held via Zoom Webinar on 11/16/2021. Total Time in Court: 2:55. Court Reporter: Raynee Mercado. (amg, COURT STAFF) (Date Filed: 11/16/2021) Modified on 11/17/2021 (fs, COURT STAFF). (Entered: 11/17/2021)** |
| 11/16/2021 | 593 | **AMENDED Minute Entry [amended to reflect date to file omnibus motion and proposed order as 12/3/2021]. for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held via Zoom Webinar and submitted on 11/16/2021 re 479 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden and 441 Motion for Class Certification. Total Time in Court: 2:55. Court Reporter: Raynee Mercado. (fs, COURT STAFF) (Date Filed: 11/16/2021) (Entered: 11/17/2021)** |
| 11/17/2021 | 590 | **ORDER GRANTING STIPULATION RELATING CASES 4:11−CV−6714−YGR AND 3:21−CV−8819−JSC. Signed by Judge Yvonne Gonzalez Rogers on 11/17/2021. (fs, COURT STAFF) (Filed on 11/17/2021) (Entered: 11/17/2021)** |

**ER-950**

| 11/17/2021 | 591 | TRANSCRIPT ORDER for proceedings held on 11/16/2021 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Raynee Mercado. (Byrd, Rachele) (Filed on 11/17/2021) (Entered: 11/17/2021) |
| --- | --- | --- |
| 11/17/2021 | 592 | TRANSCRIPT ORDER for proceedings held on 11/16/2021 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 11/17/2021) (Entered: 11/17/2021) |
| 11/18/2021 | 594 | MOTION to Vacate *AND [PROPOSED] ORDERS ENTERING SUPPLEMENTAL PROTECTIVE ORDERS* filed by Apple Inc.. Responses due by 12/2/2021. Replies due by 12/9/2021. (Dettmer, Ethan) (Filed on 11/18/2021) (Entered: 11/18/2021) |
| 11/19/2021 | 595 | TRANSCRIPT ORDER for proceedings held on 11/16/2021 before Judge Yvonne Gonzalez Rogers by Epic Games, Inc., for Court Reporter Raynee Mercado. (Byars, Michael) (Filed on 11/19/2021) (Entered: 11/19/2021) |
| 11/19/2021 | 596 | NOTICE by Apple Inc. *of Errata to Expert Declaration of Jeffrey T. Prince (ECF 579)* (Attachments: # 1 Errata)(Perry, Mark) (Filed on 11/19/2021) (Entered: 11/19/2021) |
| 11/22/2021 | 597 | **ORDER by Judge Yvonne Gonzalez Rogers Granting (594 in 4:11–cv–06714–YGR); (455 in 4:19–cv–03074–YGR); (833 in 4:20–cv–05640–YGR) SUPPLEMENTAL PROTECTIVE ORDER GOVERNING DISCOVERY FROM Zynga. Inc., Niantic, Inc., The Walt Disney Company and Electronic Arts, Inc. (amg, COURT STAFF) (Filed on 11/22/2021) (Entered: 11/22/2021)** |
| 11/23/2021 | 598 | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed In Portions Of Plaintiffs' Opposition to Apple Inc.'s Daubert Motion to Exclude Reply Testimony of Prof. McFadden [Re: Apple Inc.]* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Rachele R. Byrd In Support Of Plaintiffs' Administrative Motion To Consider Whether Another Party's Material Should Be Sealed, # 2 Proposed Order Granting Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Re: Apple Inc. and Roblox Inc.], # 3 Redacted Version of Opposition Brief, # 4 Unredacted Version of Opposition Brief, # 5 Unredacted Version of Exhibit C, # 6 Redacted Version of McFadden Declaration, # 7 Unredacted Version of McFadden Declaration, # 8 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 11/23/2021) (Entered: 11/23/2021) |
| 11/23/2021 | 599 | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed In Portions Of Plaintiffs' Opposition to Apple Inc.'s Daubert Motion to Exclude Reply Testimony of Prof. McFadden [Re: Roblox Inc.]* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 11/23/2021) (Entered: 11/23/2021) |
| 11/23/2021 | 600 | OPPOSITION/RESPONSE (re 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* ) filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 11/23/2021) (Entered: 11/23/2021) |
| 11/23/2021 | 601 | Declaration of Rachele R. Byrd in Support of 600 Opposition/Response to Motion filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Related document(s) 600 ) (Byrd, Rachele) (Filed on 11/23/2021) (Entered: 11/23/2021) |
| 11/23/2021 | 602 | Declaration of Daniel L. McFadden in Support of 600 Opposition/Response to Motion filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 600 ) (Byrd, Rachele) (Filed on 11/23/2021) (Entered: 11/23/2021) |
| 11/24/2021 | 603 | EXHIBITS re 476 Administrative Motion to File Under Seal *of Documents in Support of 473 REPLY (re 441 Redacted Motion for Class Certification ); 474 MOTION to Strike or Exclude Testimony of Professor Daniel L. McFadden; 471 MOTION to Compel Plaintiffs to S ((CORRECTION OF DOCKET # [518–3] EXHIBIT 8) re Declaration of M. Brent Byars in Support of Defendant Apple's Motion to Seal) filed byEpic Games, Inc.. (Related document(s) 476 ) (Byars, Michael) (Filed on 11/24/2021) (Entered: 11/24/2021)* |
| 11/24/2021 | 604 | ADMINISTRATIVE MOTION re 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden for Hearing on Daubert Motion or to Compel Deposition and Extend Time to File Reply* filed by Apple Inc.. Responses due by 11/29/2021. (Attachments: # 1 Declaration, # 2 Proposed Order)(Richman, Cynthia) (Filed on 11/24/2021) (Entered: 11/24/2021) |
| 11/29/2021 | 605 | OPPOSITION/RESPONSE (re 604 ADMINISTRATIVE MOTION re 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden for Hearing on Daubert Motion or to Compel* |

**ER-951**

| | | |
|---|---|---|
| | | *Deposition and Extend Time to File Reply* ) filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 11/29/2021) (Entered: 11/29/2021) |
| 11/30/2021 | 606 | Transcript of Proceedings held on November 16, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, telephone number 510–565–7228, cacsr8258@gmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 591 Transcript Order ) Redaction Request due 12/21/2021. (Related document(s) 591 ) (Mercado, Raynee) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 607 | Declaration of Caeli A. Higney in Response to 598 Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed In Portions Of Plaintiffs' Opposition to Apple Inc.'s Daubert Motion to Exclude Reply Testimony of Prof. McFadden filed by Apple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order, # 4 Certificate/Proof of Service)(Related document(s) 598 ) (Higney, Caeli) (Filed on 11/30/2021) Modified on 12/1/2021. Incorrect event selected when posting document (dhm, COURT STAFF). (Entered: 11/30/2021) |
| 11/30/2021 | 608 | REPLY (re 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* ) filed byApple Inc.. (Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 609 | Declaration of CAELI A. HIGNEY in Support of 608 Reply to Opposition/Response *re Defendant's 578 Daubert Motion to Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Attachments: # 1 Exhibit 1 of C. Higney Decl'n)(Related document(s) 608 ) (Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 610 | Declaration of MARK ROLLINS in Support of 608 Reply to Opposition/Response *re Defendant's 578 Daubert Motion to Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Attachments: # 1 Exhibit 1, Rollins Supp. Dec., # 2 Exhibit 2, Rollins Supp. Dec., # 3 Exhibit 3, Rollins Supp. Dec., # 4 Exhibit 4, Rollins Supp. Dec.)(Related document(s) 608 ) (Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 611 | Declaration of ELI M. LAZARUS in Support of 608 Reply to Opposition/Response *re Defendant's 578 Daubert Motion to Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Attachments: # 1 Exhibit A, Lazarus Decl, # 2 Exhibit B, Lazarus Decl, # 3 Exhibit C, Lazarus Decl, # 4 Exhibit D, Lazarus Decl, # 5 Exhibit E, Lazarus Decl, # 6 Exhibit F, Lazarus Decl, # 7 Exhibit G, Lazarus Decl, # 8 Exhibit H, Lazarus Decl)(Related document(s) 608 ) (Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 612 | Declaration of JEFFREY T. PRINCE, PH.D. in Support of 608 Reply to Opposition/Response *re Defendant's 578 Daubert Motion to Exclude Reply Testimony of Professor Daniel L. McFadden* filed byApple Inc.. (Related document(s) 608 ) (Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 613 | Administrative Motion to File Under Seal *(Partiall) 603 Reply In Support of 578 Daubert Motion to Exclude Testimony of Professor Daniel L. McFadden and Supporting Documents* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of C. Higney, # 3 Reply Brief, Unredacted, # 4 Declaration of M. Rollins, Unredacted, # 5 Exhibit 2, M. Rollins Decl, # 6 Exhibit 3, M. Rollins Decl, # 7 Exhibit 4, M. Rollins Decl, # 8 Declaration of J. Prince, Ph.D., Unredacted, # 9 Certificate/Proof of Service)(Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 614 | Administrative Motion to File Under Seal – *To Consider Whether Valve Corporation Material Should Be Sealed in Portions of Defendant's 608 Reply in Support of its 578 Daubert Motion* filed by Apple Inc.. (Attachments: # 1 Reply Brief, Unredacted)(Perry, Mark) (Filed on 11/30/2021) (Entered: 11/30/2021) |
| 11/30/2021 | 615 | Administrative Motion to File Under Seal – *To Consider Whether Plaintiffs' Material Should Be Sealed in Portions of Defendant's 608 Reply in Support of its 578 Daubert Motion* filed by Apple Inc.. (Attachments: # 1 Exhibit 1, Higney Decl'n, Unredacted, # 2 Declaration of M. Rollins, Unredacted, # 3 Exhibit 2, Rollins Supp. Decl'n, Unredacted, # 4 Exhibit 3, Rollins Supp. Decl'n, Unredacted, # 5 Exhibit 4, Rollins Supp. Decl'n, Unredacted)(Perry, Mark) (Filed on 11/30/2021) (Entered: 12/01/2021) |
| 12/02/2021 | 616 | Declaration of David P. Chiappetta in Support of 516 Declaration in Support,, 536 Declaration in Support, *(re Pending Motions to Seal)* filed byMicrosoft Corporation. (Related document(s) 516 , 536 ) (Chiappetta, David) (Filed on 12/2/2021) (Entered: 12/02/2021) |
| 12/03/2021 | 617 | Statement *Joint Statement Regarding Pending Motions to Seal* by Apple Inc.. (Attachments: # 1 Proposed Order)(Brass, Rachel) (Filed on 12/3/2021) (Entered: 12/03/2021) |

**ER-952**

| 12/13/2021 | 618 | CLERKS NOTICE SETTING ZOOM HEARING FOR THE Motion to Strike or Exclude Reply Testimony of Professor Daniel L. McFadden Hearing 578 set for Tuesday, 12/14/2021 10:00 AM via Zoom Webinar Videoconference before Judge Yvonne Gonzalez Rogers.<br><br>This proceeding will be held via a Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www .cand.uscourts.gov/ygr<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Motion Hearing set for 12/14/2021 10:00 AM via Zoom Webinar Videoconference Only before Judge Yvonne Gonzalez Rogers. (Related documents(s) 578 )<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (fs, COURT STAFF) (Filed on 12/13/2021) (Entered: 12/13/2021) |
| 12/14/2021 | 619 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Hearing re: 578 MOTION to Strike *or Exclude Reply Testimony of Professor Daniel L. McFadden* filed by Apple Inc. held on 12/14/2021.Total Time in Court: 1:48. Court Reporter: Raynee Mercado. (amg, COURT STAFF) (Date Filed: 12/14/2021) (Entered: 12/14/2021)** |
| 12/14/2021 | 620 | TRANSCRIPT ORDER for proceedings held on 12/14/2021 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter Raynee Mercado. (Byrd, Rachele) (Filed on 12/14/2021) (Entered: 12/14/2021) |
| 12/14/2021 | 621 | TRANSCRIPT ORDER for proceedings held on 12/14/2021 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Raynee Mercado. (Higney, Caeli) (Filed on 12/14/2021) (Entered: 12/14/2021) |
| 12/16/2021 | 622 | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz *Notice of Withdrawal of Counsel of Marisa C. Livesay and Brittany N. DeJong* (Byrd, Rachele) (Filed on 12/16/2021) (Entered: 12/16/2021) |
| 12/20/2021 | 623 | CERTIFICATE OF SERVICE by Apple Inc. re 614 Administrative Motion to File Under Seal − *To Consider Whether Valve Corporation Material Should Be Sealed in Portions of Defendant's 608 Reply in Support of its 578 Daubert Motion* (Castle, Nicole) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/20/2021 | 624 | Joint Administrative Motion to File Under Seal *Expert Workpapers* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Caeli A. Higney, # 2 Proposed Order, # 3 Unredacted Version of Joint Submission of Workpapers, # 4 Unredacted Version of Exhibit 1, # 5 Unredacted Version of Exhibit 2, # 6 Unredacted Version of Exhibit 3, # 7 Unredacted Version of Exhibit 4, # 8 Unredacted Version of Exhibit 5, # 9 Unredacted Version of Exhibit 6, # 10 Unredacted Version of Exhibit 7, # 11 Unredacted Version of Exhibit 8, # 12 Unredacted Version of Exhibit 9, # 13 Unredacted Version of Exhibit 10, # 14 Unredacted Version of Exhibit 11, # 15 Unredacted Version of Exhibit 12, # 16 Unredacted Version of Exhibit 13, # 17 Unredacted Version of Exhibit 14, # 18 Unredacted Version of Exhibit 15, # 19 Unredacted Version of Exhibit 16, # 20 Unredacted Version of Exhibit 17, # 21 Unredacted Version of Exhibit 18, # 22 Unredacted Version of Exhibit 19, # 23 Unredacted Version of Exhibit 20, # 24 Unredacted Version of Exhibit 21, # 25 Unredacted Version of Exhibit 22)(Byrd, Rachele) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/20/2021 | 625 | ADMINISTRATIVE MOTION to Clarify Order re Pending Administrative Motions to Seal filed by Apple Inc.. Responses due by 12/27/2021. (Attachments: # 1 Stipulation and [Proposed] Order)(Brass, Rachel) (Filed on 12/20/2021) (Entered: 12/20/2021) |
| 12/21/2021 | 626 | Transcript of Proceedings held on December 14, 2021, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, telephone number 510−565−7228, cacsr8258@gmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to |

**ER-953**

| | | |
|---|---|---|
| | | Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 620 Transcript Order ) Release of Transcript Restriction set for 3/18/2022. (Related document(s) 620 ) (Mercado, Raynee) (Filed on 12/21/2021) (Entered: 12/21/2021) |
| 12/23/2021 | 627 | STATEMENT OF RECENT DECISION pursuant to Civil Local Rule 7–3.d *Plaintiffs' Submission of Supplemental Authority In Further Opposition To Defendant Apple Inc.'s Daubert Motions To Exclude Testimony of Professor Daniel L. McFadden* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 578 ) (Byrd, Rachele) (Filed on 12/23/2021) (Entered: 12/23/2021) |
| 03/14/2022 | 628 | NOTICE by Epic Games, Inc. *Notice of Withdrawal (Karin, John)* (Byars, Michael) (Filed on 3/14/2022) (Entered: 03/14/2022) |
| 03/18/2022 | 629 | NOTICE by Spotify USA Inc. *of Withdrawal of Appearance of Steven L. Holley* (Cullen, Brendan) (Filed on 3/18/2022) (Entered: 03/18/2022) |
| 03/29/2022 | 630 | **ORDER by Judge Yvonne Gonzalez Rogers DENYING 441 PLAINTIFFS' MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE; GRANTING IN PART AND DENYING IN PART 479 , 486 , 578 and 604 APPLE'S DAUBERT MOTIONS TO EXCLUDE TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN. Joint Case Management Statement due by 4/4/2022. Further Case Management Conference set for 4/11/2022 02:00 PM in Oakland, – Videoconference Only. (amg, COURT STAFF) (Filed on 3/29/2022) (Entered: 03/29/2022)** |
| 03/29/2022 | 631 | **ORDER RE: 443 , 449 , 476 , 480 , 497 , 525 , 535 , 539 , 547 , 554 , 565 , 570 , 581 , 582 , 583 , 598 , 599 , 613 , 614 and 615 PENDING ADMINISTRATIVE MOTIONS TO SEAL. Signed by Judge Yvonne Gonzalez Rogers on 3/29/2022. (amg, COURT STAFF) (Filed on 3/29/2022) (Entered: 03/29/2022)** |
| 04/04/2022 | 632 | JOINT CASE MANAGEMENT STATEMENT filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/4/2022) (Entered: 04/04/2022) |
| 04/07/2022 | 633 | CLERKS NOTICE SETTING ZOOM HEARING. Notice is hereby given that the Case Management Conference previously set for 4/11/2022 at 2:00 p.m. will be held via a Zoom webinar. <br><br> **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br> *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (amg, COURT STAFF) (Filed on 4/7/2022) (Entered: 04/07/2022) |
| 04/11/2022 | 634 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 4/11/2022. Plaintiff's Motion for Class Certification due by 8/26/2022. Response due by 12/2/2022. Reply due by 1/20/2023. Motion Hearing set for 3/1/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Recorded via Zoom: 2:03 p.m. – 2:39 p.m. (Assigned Transcriber: Belle Ball) (amg, COURT STAFF) (Date Filed: 4/11/2022) Modified on 4/12/2022 (nap, COURT STAFF). (Entered: 04/11/2022)** |
| 04/11/2022 | 635 | TRANSCRIPT ORDER for proceedings held on 4/11/2022 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter FTR – Oakland. (Srinivasan, Jagannathan) (Filed on 4/11/2022) (Entered: 04/11/2022) |
| 04/12/2022 | 636 | TRANSCRIPT ORDER for proceedings held on 04/11/2022 before Judge Yvonne Gonzalez Rogers by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Court Reporter FTR – Oakland. (Byrd, Rachele) (Filed on 4/12/2022) (Entered: 04/12/2022) |
| 04/12/2022 | 637 | MOTION for leave to appear in Pro Hac Vice *for Burt, Thomas* ( Filing fee $ 317, receipt number ACANDC–17079718.) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Burt, Thomas) (Filed on 4/12/2022) (Entered: 04/12/2022) |
| 04/13/2022 | 638 | Transcript of Proceedings held on 4/11/22, before Judge Yvonne Gonzalez Rogers. Transcriber Belle Ball, CSR, telephone number (415)373–2529, belle_ball@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal |

**ER-954**

| | | |
|---|---|---|
| | | or may be purchased through the Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re <u>635</u> Transcript Order, <u>636</u> Transcript Order ) Redaction Request due 5/4/2022. Redacted Transcript Deadline set for 5/16/2022. Release of Transcript Restriction set for 7/12/2022. (Related documents(s) <u>635</u> , <u>636</u> ) (Ball, Belle) (Filed on 4/13/2022) (Entered: 04/13/2022) |
| 04/15/2022 | <u>639</u> | **ORDER by Judge Yvonne Gonzalez Rogers Granting 637 Motion for Pro Hac Vice. (amg, COURT STAFF) (Filed on 4/15/2022) (Entered: 04/17/2022)** |
| 04/21/2022 | <u>640</u> | **CASE MANAGEMENT AND SCHEDULING ORDER. Documents Redacted According to Sealing Order at Dkt. <u>631</u> due by 4/27/2022. Second Class Certification Motion and Supporting Expert Evidence due by 8/26/2022. Second Class Certification Opposition and Supporting Expert Evidence due by 12/2/2022. Second Class Certification Reply and Rebuttal Evidence due by 1/20/2023. Hearing on Second Class Certification Motion set for 3/1/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Signed by Judge Yvonne Gonzalez Rogers on 4/21/2022. (amg, COURT STAFF) (Filed on 4/21/2022) (Entered: 04/21/2022)** |
| 04/27/2022 | <u>641</u> | ADMINISTRATIVE MOTION to Clarify Order re Pending Administrative Motions to Seal re <u>631</u> Order,, Terminate Motions, filed by Apple Inc.. Responses due by 5/2/2022. (Attachments: # <u>1</u> Stipulation and [Proposed] Order)(Brass, Rachel) (Filed on 4/27/2022) (Entered: 04/27/2022) |
| 04/27/2022 | <u>642</u> | NOTICE by Apple Inc. re <u>631</u> Order,, Terminate Motions, *LODGING OF DOCUMENTS PURSUANT TO ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL* (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4, # <u>5</u> Exhibit 5, # <u>6</u> Exhibit 6, # <u>7</u> Exhibit 7, # <u>8</u> Exhibit 8, # <u>9</u> Exhibit 9, # <u>10</u> Exhibit 10, # <u>11</u> Exhibit 11 (part 1), # <u>12</u> Exhibit 11 (part 2), # <u>13</u> Exhibit 12 (part 1), # <u>14</u> Exhibit 12 (part 2), # <u>15</u> Exhibit 13, # <u>16</u> Exhibit 14, # <u>17</u> Exhibit 15, # <u>18</u> Exhibit 16, # <u>19</u> Exhibit 17, # <u>20</u> Exhibit 18, # <u>21</u> Exhibit 19, # <u>22</u> Exhibit 20, # <u>23</u> Exhibit 21, # <u>24</u> Exhibit 22, # <u>25</u> Exhibit 23, # <u>26</u> Exhibit 24, # <u>27</u> Exhibit 25, # <u>28</u> Exhibit 26)(Brass, Rachel) (Filed on 4/27/2022) (Entered: 04/27/2022) |
| 04/27/2022 | <u>643</u> | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re <u>631</u> Order,, Terminate Motions, *Plaintiffs' Notice of Filing of Redacted and Unsealed Documents Pursuant to Order re: Pending Administrative Motions to Seal [ECF No. 631]* (Attachments: # <u>1</u> Attachment A, # <u>2</u> Attachment B, # <u>3</u> Attachment C, # <u>4</u> Attachment D, # <u>5</u> Attachment E, # <u>6</u> Attachment F, # <u>7</u> Attachment G, # <u>8</u> Attachment H, # <u>9</u> Attachment I, # <u>10</u> Attachment J, # <u>11</u> Attachment K, # <u>12</u> Attachment L, # <u>13</u> Attachment M, # <u>14</u> Attachment N, # <u>15</u> Attachment O, # <u>16</u> Attachment P, # <u>17</u> Attachment Q, # <u>18</u> Attachment R, # <u>19</u> Attachment S, # <u>20</u> Attachment T, # <u>21</u> Attachment U, # <u>22</u> Attachment V, # <u>23</u> Attachment W, # <u>24</u> Attachment X, # <u>25</u> Attachment Y, # <u>26</u> Attachment Z, # <u>27</u> Attachment AA, # <u>28</u> Attachment BB, # <u>29</u> Attachment CC, # <u>30</u> Attachment DD, # <u>31</u> Attachment EE, # <u>32</u> Attachment FF, # <u>33</u> Attachment GG, # <u>34</u> Attachment HH, # <u>35</u> Attachment II, # <u>36</u> Attachment JJ, # <u>37</u> Attachment KK, # <u>38</u> Attachment LL, # <u>39</u> Attachment MM, # <u>40</u> Attachment NN, # <u>41</u> Attachment OO, # <u>42</u> Attachment PP, # <u>43</u> Attachment QQ, # <u>44</u> Attachment RR)(Byrd, Rachele) (Filed on 4/27/2022) (Entered: 04/27/2022) |
| 05/09/2022 | <u>644</u> | NOTICE by Apple Inc. *of Withdrawal* (Perry, Mark) (Filed on 5/9/2022) (Entered: 05/09/2022) |
| 05/23/2022 | <u>645</u> | TRANSCRIPT ORDER for proceedings held on 11/16/2021 before Judge Yvonne Gonzalez Rogers for Court Reporter Raynee Mercado. (oh, COURT STAFF) (Filed on 5/23/2022) (Entered: 05/23/2022) |
| 05/23/2022 | <u>646</u> | **ORDER by Judge Yvonne Gonzalez Rogers Granting STIPULATION ON DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CLARIFY ORDER RE: PENDING ADMINISTRATIVE MOTIONS TO SEAL (625) in case 4:11−cv−06714−YGR; (461) in case 4:19−cv−03074−YGR. (amg, COURT STAFF) (Filed on 5/23/2022) (Entered: 05/23/2022)** |
| 05/23/2022 | <u>647</u> | **ORDER by Judge Yvonne Gonzalez Rogers Granting 641 STIPULATION ON DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION TO CLARIFY ORDER RE: PENDING ADMINISTRATIVE MOTIONS TO SEAL. (amg, COURT STAFF) (Filed on 5/23/2022) (Entered: 05/23/2022)** |
| 05/23/2022 | <u>648</u> | **ORDER AS MODIFIED by Judge Yvonne Gonzalez Rogers Granting 624 JOINT ADMINISTRATIVE MOTION TO SEAL EXPERT WORKPAPERS. (amg, COURT STAFF) (Filed on 5/23/2022) (Entered: 05/23/2022)** |
| 05/24/2022 | 649 | CLERK'S NOTICE VACATING PRETRIAL CONFERENCE. Notice is hereby given that the pretrial conference previously set for 6/24/2022 is vacated. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (amg, COURT STAFF) (Filed on 5/24/2022) (Entered: 05/24/2022) |

**ER-955**

| 06/01/2022 | 650 | CLERK'S NOTICE VACATING COMPLIANCE DEADLINE. Notice is hereby given that the compliance deadline previously set for 6/3/2022 is vacated. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (amg, COURT STAFF) (Filed on 6/1/2022) (Entered: 06/01/2022) |
|---|---|---|
| 06/03/2022 | 651 | NOTICE of Appearance by Abigail Heather Wald (Wald, Abigail) (Filed on 6/3/2022) (Entered: 06/03/2022) |
| 06/03/2022 | 652 | NOTICE of Change In Counsel by Andy M. LeGolvan (LeGolvan, Andy) (Filed on 6/3/2022) (Entered: 06/03/2022) |
| 07/23/2022 | 653 | ADMINISTRATIVE MOTION Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 7/27/2022. (Attachments: # 1 Declaration of Minjae Song, # 2 Declaration of Rachele R. Byrd, # 3 Proposed Order)(Byrd, Rachele) (Filed on 7/23/2022) (Entered: 07/23/2022) |
| 07/23/2022 | 654 | Administrative Motion to File Under Seal *Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Proposed Order, # 2 Unredacted Administrative Motion, # 3 Unredacted Song Declaration, # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 7/23/2022) (Entered: 07/23/2022) |
| 07/27/2022 | 655 | OPPOSITION/RESPONSE (re 653 ADMINISTRATIVE MOTION Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification ) filed byApple Inc.. (Attachments: # 1 Declaration In Support of Defendant Apple Inc.'s Opposition to Plaintiffs' Administrative Motion for an Order Modifying the Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification, # 2 Exhibit A)(Richman, Cynthia) (Filed on 7/27/2022) (Entered: 07/27/2022) |
| 07/28/2022 | 656 | Notice of Withdrawal of Motion *Plaintiffs' Notice of Withdrawal of Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Docket No. 654)* (Manifold, Betsy) (Filed on 7/28/2022) (Entered: 07/28/2022) |
| 07/28/2022 | 657 | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re 656 Notice of Withdrawal of Motion *Plaintiffs' Notice of Filing of Unredacted and Unsealed Documents Pursuant to Plaintiffs' Notice of Withdrawal of Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Docket No. 654) [ECF No. 656]* (Attachments: # 1 Attachment A, # 2 Attachment B)(Byrd, Rachele) (Filed on 7/28/2022) (Entered: 07/28/2022) |
| 08/10/2022 | 658 | STIPULATION WITH PROPOSED ORDER *Modifying Briefing and Hearing Schedule on Plaintiffs' Motion for Class Certification* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 8/10/2022) (Entered: 08/10/2022) |
| 08/12/2022 | 659 | **ORDER by Judge Yvonne Gonzalez Rogers Granting 658 STIPULATION MODIFYING BRIEFING AND HEARING SCHEDULE ON PLAINTIFFS MOTION FOR CLASS CERTIFICATION. Second Class Certification Motion and Supporting Expert Evidence due by 9/26/2022. Second Class Certification Opposition and Supporting Expert Evidence due by 1/13/2023. Second Class Certification Reply and Rebuttal Evidence due by 3/3/2023. Hearing on Second Class Certification Motion set for 4/4/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (amg, COURT STAFF) (Filed on 8/12/2022) (Entered: 08/14/2022)** |
| 08/18/2022 | 660 | MOTION to Relate Case *Administrative Motion of Plaintiffs Societe du Figaro, SAS, L'Equipe 24/24 SAS, and Le Geste to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3−12* filed by Socit du Figaro, SAS, Lquipe 24/24 SAS, Le GESTE. (Attachments: # 1 Proposed Order, # 2 Declaration of Steve W. Berman, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Berman, Steve) (Filed on 8/18/2022) (Entered: 08/18/2022) |
| 09/02/2022 | 661 | **RELATED CASE ORDER. Signed by Judge Yvonne Gonzalez Rogers on 9/2/2022. (amg, COURT STAFF) (Filed on 9/2/2022) (Entered: 09/02/2022)** |
| 09/15/2022 | 662 | **ORDER re: 546 STIPULATION PERMANENTLY SEALING DOCUMENTS. Signed by Judge Yvonne Gonzalez Rogers on 9/15/2022. (amg, COURT STAFF) (Filed on 9/15/2022) (Entered: 09/15/2022)** |
| 09/16/2022 | 663 | STIPULATION WITH PROPOSED ORDER *MODIFYING SEALING PROCEDURES* filed by Apple Inc.. (Higney, Caeli) (Filed on 9/16/2022) (Entered: 09/16/2022) |

**ER-956**

| 09/26/2022 | 664 | **ORDER by Judge Yvonne Gonzalez Rogers Granting 663 STIPULATION MODIFYING SEALING PROCEDURES. (amg, COURT STAFF) (Filed on 9/26/2022) (Entered: 09/26/2022)** |
|---|---|---|
| 09/26/2022 | 665 | MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 4/4/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 10/11/2022. Replies due by 10/18/2022. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 9/26/2022) *** MAIN DOCUMENT LOCKED PURSUANT TO COUNSEL'S REQUEST. SEE DOCUMENT #683*** Modified on 3/2/2023 (dhm, COURT STAFF). (Entered: 09/26/2022) |
| 09/26/2022 | 666 | Administrative Motion to File Under Seal *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Renewed Motion for Class Certification* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 [Unredacted Version of Document Sought to be Sealed] Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities, # 2 [Unredacted Version of Document Sought to be Sealed] Exhibit A to Declaration of Rachele R. Byrd, # 3 [Unredacted Version of Document Sought to be Sealed] Exhibit B to Declaration of Rachele R. Byrd, # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 9/26/2022) (Entered: 09/26/2022) |
| 09/27/2022 | | Reset Deadlines as to 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities*. Response due by 1/13/2023. Reply due by 3/3/2023. See Docket No. 659 . (amg, COURT STAFF) (Filed on 9/27/2022) (Entered: 09/27/2022) |
| 09/30/2022 | 667 | ERRATA re 666 Administrative Motion to File Under Seal *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Renewed Motion for Class Certification Plaintiffs' Notice of Errata Regarding Cover Page of Expert Report of Rosa M. Abrantes−Metz, Ph.D.* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 9/30/2022) (Entered: 09/30/2022) |
| 10/11/2022 | 668 | STIPULATION WITH PROPOSED ORDER re 199 Protective Order *(Supplemental Protective Order Governing Discovery)* filed by Microsoft Corporation. (Chiappetta, David) (Filed on 10/11/2022) (Entered: 10/11/2022) |
| 10/19/2022 | 669 | **ORDER by Judge Thomas S. Hixson granting 668 Stipulation for Protective Order. (tshlc1, COURT STAFF) (Filed on 10/19/2022) (Entered: 10/19/2022)** |
| 11/08/2022 | 670 | Interim Administrative Motion to File Under Seal *REGARDING EXPERT REPORT OF ROSA M. ABRANTES−METZ, PH.D.* filed by Robert Pepper. (Attachments: # 1 Errata Unredacted Version of PLAINTIFFS NOTICE OF ERRATA REGARDING EXPERT REPORT OF ROSA M. ABRANTES−METZ, PH.D., # 2 Certificate/Proof of Service Proof of Service)(Byrd, Rachele) (Filed on 11/8/2022) (Entered: 11/08/2022) |
| 11/08/2022 | 671 | NOTICE by Robert Pepper re 666 Administrative Motion to File Under Seal *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Renewed Motion for Class Certification ECF 666−3* (Byrd, Rachele) (Filed on 11/8/2022) (Entered: 11/08/2022) |
| 11/08/2022 | 672 | NOTICE by Robert Pepper re 666 Administrative Motion to File Under Seal *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Renewed Motion for Class Certification ECF 666−2* (Byrd, Rachele) (Filed on 11/8/2022) (Entered: 11/08/2022) |
| 12/19/2022 | 673 | STIPULATION WITH PROPOSED ORDER *Modifying Briefing and Hearing Schedule on Plaintiffs' Renewed Motion for Class Certification* filed by Apple Inc.. (Richman, Cynthia) (Filed on 12/19/2022) (Entered: 12/19/2022) |
| 12/19/2022 | 674 | **ORDER by Judge Yvonne Gonzalez Rogers Granting 673 STIPULATION MODIFYING BRIEFING AND HEARING SCHEDULE ONPLAINTIFFS' MOTION FOR CLASS CERTIFICATION. (amg, COURT STAFF) (Filed on 12/19/2022) (Entered: 12/19/2022)** |
| 12/19/2022 | | Reset Deadlines/Hearing as to 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities*. Response due by 3/10/2023. Reply due by 4/28/2023. Motion Hearing set for 6/20/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (amg, COURT STAFF) (Filed on 12/19/2022) (Entered: 12/19/2022) |

**ER-957**

| | | |
|---|---|---|
| 12/30/2022 | 675 | Administrative Motion to File Under Seal *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Notice of Filing of Revised Supplemental Expert Report of Daniel L. McFadden* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Plaintiffs' Notice of Filing of Revised Supplemental Expert Report of Daniel L. McFadden, # 2 Certificate of Service)(Byrd, Rachele) (Filed on 12/30/2022) (Entered: 12/30/2022) |
| 12/30/2022 | 676 | MOTION to Certify Class *Notice of Filing of Revised Supplemental Expert Report of Daniel L. McFadden* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 6/20/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 3/10/2023. Replies due by 4/28/2023. (Byrd, Rachele) (Filed on 12/30/2022) (Entered: 12/30/2022) |
| 01/04/2023 | 677 | STIPULATION WITH PROPOSED ORDER *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Third Party Pandora Media, LLC* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 1/4/2023) (Entered: 01/04/2023) |
| 01/04/2023 | 678 | **ORDER by Judge Thomas S. Hixson granting 677 Stipulation for Protective Order. (tshlc1, COURT STAFF) (Filed on 1/4/2023) (Entered: 01/04/2023)** |
| 01/19/2023 | 679 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Plaintiffs' Notice of Filing of Second Revised Supplemental Expert Report of Daniel L. McFadden, # 2 Certificate/Proof of Service Certificate of Service)(Byrd, Rachele) (Filed on 1/19/2023) (Entered: 01/19/2023) |
| 01/19/2023 | 680 | Declaration of Daniel L. McFadden in Support of 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities Plaintiffs' Notice of Filing of Second Revised Supplemental Expert Report of Daniel L. McFadden* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 665 ) (Byrd, Rachele) (Filed on 1/19/2023) (Entered: 01/19/2023) |
| 02/07/2023 | 681 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From MyFitnessPal, Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 2/7/2023) (Entered: 02/07/2023) |
| 02/07/2023 | 682 | **ORDER by Magistrate Judge Thomas S. Hixson granting 681 Stipulation re supplemental protective order. (rmm2, COURT STAFF) (Filed on 2/7/2023) (Entered: 02/07/2023)** |
| 03/01/2023 | 683 | MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Motion Hearing set for 6/20/2023 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 3/10/2023. Replies due by 4/28/2023. (Byrd, Rachele) (Filed on 3/1/2023) (Entered: 03/01/2023) |
| 03/03/2023 | 684 | STIPULATION WITH PROPOSED ORDER *REGARDING DAUBERT BRIEFING PAGE LIMITS* filed by Apple Inc.. (Richman, Cynthia) (Filed on 3/3/2023) (Entered: 03/03/2023) |
| 03/06/2023 | 685 | CLERK'S NOTICE CONTINUING 6/20/2023 MOTION HEARINGS TO 6/23/2023. 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities*, 676 MOTION to Certify Class *Notice of Filing of Revised Supplemental Expert Report of Daniel L. McFadden*, 683 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification* Hearings reset to 6/23/2023 at 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. *(This is a text−only entry generated by the court. There is no document associated with this entry.)*(bxs, COURT STAFF) (Filed on 3/6/2023) (Entered: 03/06/2023) |
| 03/06/2023 | 686 | **Order by Judge Yvonne Gonzalez Rogers granting 684 Stipulation REGARDING DAUBERT BRIEFING PAGE LIMITS. (bxs, COURT STAFF) (Filed on 3/6/2023) (Entered: 03/06/2023)** |
| 03/10/2023 | 687 | NOTICE of Appearance by Julian Wolfe Kleinbrodt *for Defendant Apple Inc.* (Kleinbrodt, Julian) (Filed on 3/10/2023) (Entered: 03/10/2023) |

**ER-958**

| 03/10/2023 | 688 | Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIFICATION AND ASSOCIATED FILINGS* filed by Apple Inc.. (Attachments: # 1 [UNDER SEAL] Opposition to Renewed Class Cert., # 2 [UNDER SEAL] Daubert Motion, # 3 Exhibit 1 [Under Seal], # 4 Exhibit 2 [Under Seal], # 5 Exhibit 3 [Under Seal], # 6 Exhibit 4 [Under Seal], # 7 Exhibit 5 [Under Seal], # 8 Exhibit 6 [Under Seal], # 9 Exhibit 7 [Under Seal], # 10 Exhibit 9 [Under Seal], # 11 Exhibit 10 [Under Seal], # 12 Exhibit 11 [Under Seal])(Higney, Caeli) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/10/2023 | 689 | OPPOSITION/RESPONSE (re 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities* ) *DEFENDANT APPLE INC.S OPPOSITION TO CONSUMER PLAINTIFFS RENEWED MOTION FOR CLASS CERTIFICATION* filed byApple Inc.. (Richman, Cynthia) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/10/2023 | 690 | MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes−Metz *; MEMORANDUM OF POINTS AND AUTHORITIES* filed by Apple Inc.. Motion Hearing set for 6/23/2023 10:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 3/24/2023. Replies due by 3/31/2023. (Attachments: # 1 Proposed Order)(Swanson, Daniel) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/10/2023 | 691 | Declaration of CAELI A. HIGNEY in Support of 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes−Metz *; MEMORANDUM OF POINTS AND AUTHORITIES*, 689 Opposition/Response to Motion, filed byApple Inc.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Related document(s) 690 , 689 ) (Higney, Caeli) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/13/2023 | 692 | MOTION for leave to appear in Pro Hac Vice *of Ann M. O'Brien* ( Filing fee $ 317, receipt number ACANDC−18067502.) filed by Strava, Inc.. (Attachments: # 1 Certificate/Proof of Service Cert. of Good Standing)(O'Brien, Ann) (Filed on 3/13/2023) (Entered: 03/13/2023) |
| 03/14/2023 | 693 | **ORDER by Judge Yvonne Gonzalez Rogers granting 692 Ann M. O'Brien's Motion for admission Pro Hac Vice. (ig, COURT STAFF) (Filed on 3/14/2023) (Entered: 03/14/2023)** |
| 03/14/2023 |  | Electronic filing error. Filer Incorrectly Entered as a Defendant. Corrected by Clerk's Office. No further action is necessary. Re: 692 MOTION for leave to appear in Pro Hac Vice. (dhm, COURT STAFF) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/14/2023 | 694 | NOTICE of Appearance by Mona Solouki *on behalf of Third Party Strava, Inc.* (Solouki, Mona) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/14/2023 | 695 | STIPULATION WITH PROPOSED ORDER *Governing Discovery From Third Party Instasize Inc.* filed by Edward Lawrence. (Byrd, Rachele) (Filed on 3/14/2023) (Entered: 03/14/2023) |
| 03/23/2023 | 696 | STIPULATION WITH PROPOSED ORDER re 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes−Metz *; MEMORANDUM OF POINTS AND AUTHORITIES*, 691 Declaration in Support,, *Stipulation and [Proposed] Order Modifying Briefing Schedule on Defendant's Daubert Motion* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Rachele R. Byrd)(Byrd, Rachele) (Filed on 3/23/2023) (Entered: 03/23/2023) |
| 03/30/2023 | 697 | Statement re 689 Opposition/Response to Motion, *Statement of Recent Decision* by Apple Inc.. (Attachments: # 1 Exhibit A)(Richman, Cynthia) (Filed on 3/30/2023) (Entered: 03/30/2023) |
| 04/03/2023 | 698 | **ORDER by Judge Yvonne Gonzalez Rogers Granting 696 Stipulation Modifying Briefing Schedule on Defendant's 690 Daubert Motion. (ndr, COURT STAFF) (Filed on 4/3/2023) (Entered: 04/03/2023)** |
| 04/03/2023 |  | Reset Deadlines as to 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes−Metz, See Docket No. 698 : Responses due by 4/21/2023 and Replies due by 5/19/2023. (ndr, COURT STAFF) (Filed on 4/3/2023) (Entered: 04/03/2023) |
| 04/05/2023 | 699 | STIPULATION WITH PROPOSED ORDER *for Supplemental Protective Order Governing Discovery from Third Party Strava, Inc.* filed by Strava, Inc.. (O'Brien, Ann) (Filed on 4/5/2023) (Entered: 04/05/2023) |

**ER-959**

| 04/05/2023 | 700 | **ORDER by Magistrate Judge Thomas S. Hixson granting 699 Stipulation re supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 4/5/2023) (Entered: 04/05/2023)** |
|---|---|---|
| 04/21/2023 | 701 | OPPOSITION/RESPONSE (re 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes–Metz *; MEMORANDUM OF POINTS AND AUTHORITIES* ) filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L)(Byrd, Rachele) (Filed on 4/21/2023) (Entered: 04/21/2023) |
| 04/21/2023 | 702 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden and Rosa Abrantes–Metz* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Plainitffs' Opposition to Defendant Apple Inc.'s Daubert Motion, # 2 Exhibit B Decl. of Daniel L. McFadden, # 3 Exhibit C Decl. of Rosa Abrantes–Metz, # 4 Exhibit Ex. E, # 5 Exhibit Ex. F, # 6 Exhibit Ex. G, # 7 Exhibit Ex. H, # 8 Exhibit Ex. I, # 9 Exhibit Ex. J, # 10 Exhibit Ex. K, # 11 Exhibit Ex. L, # 12 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 4/21/2023) (Entered: 04/21/2023) |
| 04/24/2023 | 703 | Proposed Order re 701 Opposition/Response to Motion,, *[Proposed] Order Denying Defendant Apple Inc.'s Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden and Dr. Rosa Abrantes–Metz* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/24/2023) (Entered: 04/24/2023) |
| 04/24/2023 | 704 | ERRATA re 701 Opposition/Response to Motion,, *Plaintiffs' Notice of Errata Regarding Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden and Dr. Rosa Abrantes–Metz (ECF No. 701)* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A (Corrected Opposition Brief))(Byrd, Rachele) (Filed on 4/24/2023) (Entered: 04/24/2023) |
| 04/24/2023 | 705 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Notice of Errata Regarding Opposition to Defendant Apple Inc.'s Daubert Motion to Exclude the Testimony of Professor Daniel L. McFadden and Dr. Rosa Abrantes Metz (ECF No. 701)* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit A (Corrected Opposition Brief), # 2 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 4/24/2023) (Entered: 04/24/2023) |
| 04/28/2023 | 706 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18214373.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Wood, Kyle) (Filed on 4/28/2023) (Entered: 04/28/2023) |
| 04/28/2023 | 707 | REPLY (re 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities*, 683 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification* ) filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Reply Report of Daniel L. McFadden, Ph.D. in Support of Plaintiffs' Renewed Motion for Class Certification [REDACTED], # 2 Exhibit Reply Report of Rosa Abrantes–Metz, Ph.D. in Support of Plaintiffs' Renewed Motion for Class Certification [REDACTED])(Byrd, Rachele) (Filed on 4/28/2023) (Entered: 04/28/2023) |
| 04/28/2023 | 708 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Reply Memorandum in Further Support of Renewed Motion for Class Certification and Supporting Expert Reply Reports* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Reply Memorandum in Further Support of Plaintiffs' Renewed Motion for Class Certification [UNREDACTED], # 2 Exhibit Reply Report of Daniel L. McFadden Ph.D. in Support of Plaintiffs' Renewed Motion for Class Certification [UNREDACTED], # 3 Exhibit Reply Report of Rosa Abrantes–Metz in Support of Plaintiffs' Renewed Motion for Class Certification [UNREDACTED], # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 4/28/2023) (Entered: 04/28/2023) |
| 05/01/2023 | 709 | **ORDER by Magistrate Judge Thomas S. Hixson granting 695 Stipulation re Protective Order Governing Discovery from Third Party Instasize Inc. (rmm2, COURT STAFF) (Filed on 5/1/2023) (Entered: 05/01/2023)** |

**ER-960**

| 05/03/2023 | 710 | ***DISREGARD ENTERED INTO THIS CASE IN ERROR*** Order by Judge Yvonne Gonzalez Rogers Granting (706) Motion for Pro Hac Vice in case 4:11–cv–06714–YGR. Associated Cases: 4:11–cv–06714–YGR, 3:12–cv–00259–JW (eac, COURT STAFF) (Filed on 5/3/2023) Modified on 5/4/2023 (eac, COURT STAFF). (Entered: 05/03/2023) |
|---|---|---|
| 05/08/2023 | 711 | STIPULATION WITH PROPOSED ORDER *Modifying Briefing Schedule and Hearing Date on Daubert Motions and Plaintiffs' Motion for Class Certification* filed by Apple Inc.. (Richman, Cynthia) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/09/2023 | 712 | Declaration of Cynthia E. Richman in Support of 711 STIPULATION WITH PROPOSED ORDER *Modifying Briefing Schedule and Hearing Date on Daubert Motions and Plaintiffs' Motion for Class Certification* filed byApple Inc.. (Related document(s) 711 ) (Richman, Cynthia) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/10/2023 | 713 | Proposed Order re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from FIt Now, Inc.* by Robert Pepper. (Byrd, Rachele) (Filed on 5/10/2023) (Entered: 05/10/2023) |
| 05/10/2023 | 714 | **STIPULATION AND ORDER re 713 Proposed Order filed by Robert Pepper. Signed by Magistrate Judge Thomas S. Hixson on 5/10/2023. (rmm2, COURT STAFF) (Filed on 5/10/2023) (Entered: 05/10/2023)** |
| 05/10/2023 | 715 | **Order by Judge Yvonne Gonzalez Rogers Denying 711 Denying Proposed Continuance, Vacating Daubert Hearing, and Imposing Prefiling Requirements. Prefiling letters for anticipated motions due by 6/1/2023. Responses due by 6/5/2023. (eac, COURT STAFF) (Filed on 5/10/2023) (Entered: 05/10/2023)** |
| 05/24/2023 | 716 | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re 702 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Opposition to,* 708 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Portions of Plaintiffs' Reply Memoran Plaintiffs' Notice of Errata Regarding Expert Declarations and Reports of Prof. Daniel L. McFadden and Dr. Rosa Abrantes–Metz* (Byrd, Rachele) (Filed on 5/24/2023) (Entered: 05/24/2023) |
| 05/24/2023 | 717 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Plaintiffs' Interim Administrative Motion to Consider Whether Another Party's Material Should be Sealed in Portions of Plaintiffs' Notice of Errata Regarding Expert Declarations and Reports of Prof. Daniel L. McFadden and Dr. Rosa Abrantes–Metz* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Errata, # 2 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 5/24/2023) (Entered: 05/24/2023) |
| 05/26/2023 | 718 | NOTICE by Apple Inc. *of Errata to the Expert Reports and Declarations of Richard Schmalensee [688–4], Jeffrey Prince [688–5] and Mark Watson [688–6]* (Richman, Cynthia) (Filed on 5/26/2023) (Entered: 05/26/2023) |
| 05/26/2023 | 719 | Administrative Motion to File Under Seal *and to Consider Whether Another Party's Material Should be Sealed in Portions of Defendant's* 718 *Notice of Errata to the Expert Reports and Declarations of Richard Schmalensee [688– 4], Jeffrey Prince [688–5], and Mark Watson [688–6]* filed by Apple Inc.. (Attachments: # 1 Schmalensee Errata SEALED, # 2 Prince Errata SEALED, # 3 Watson Errata SEALED)(Richman, Cynthia) (Filed on 5/26/2023) (Entered: 05/26/2023) |
| 05/31/2023 | 720 | Declaration of Christopher Schenck in Support of 688 Administrative Motion to File Under Seal filed by Valve Corporation. (Related document(s) 688 ) (Donovan, Dwight) (Filed on 5/31/2023) Modified on 6/5/2023 linking entry to document #688 as requested by counsel (dhm, COURT STAFF). (Entered: 05/31/2023) |
| 06/01/2023 | 721 | Letter *Prefiling Letter re Daubert Reply Brief and Hearing.* (Swanson, Daniel) (Filed on 6/1/2023) (Entered: 06/01/2023) |
| 06/02/2023 | 722 | NOTICE of Appearance by Jeanifer Ellen Parsigian *for Non–Party Activision Blizzard, Inc.* (Parsigian, Jeanifer) (Filed on 6/2/2023) (Entered: 06/02/2023) |
| 06/02/2023 | 723 | Declaration of Page Robinson in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF* filed byActivision Blizzard, Inc.. (Related document(s) 688 ) (Parsigian, Jeanifer) (Filed on 6/2/2023) (Entered: 06/02/2023) |

**ER-961**

| 06/05/2023 | 724 | Letter from Plaintiffs *in Response to Apple Inc's Prefiling Letter re Daubert Reply Brief and Hearing.* (Byrd, Rachele) (Filed on 6/5/2023) (Entered: 06/05/2023) |
|---|---|---|
| 06/05/2023 | 725 | Declaration of Helen Hsu in Support of 719 Administrative Motion to File Under Seal *and to Consider Whether Another Party's Material Should be Sealed in Portions of Defendant's 718 Notice of Errata to the Expert Reports and Declarations of Richard Schmalensee [688– 4], Jeffrey, 688 Administrative Motion to File Under Seal DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byPocket Gems, Inc..* (Related document(s) 719 , 688 ) (Kaufhold, Steven) (Filed on 6/5/2023) (Entered: 06/05/2023) |
| 06/14/2023 | 726 | Declaration of Emily Powers in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byHallmark Media United States, LLC.* (Related document(s) 688 ) (Nangia, Sanjay) (Filed on 6/14/2023) (Entered: 06/14/2023) |
| 06/14/2023 | 727 | Declaration of Jean–Briac Perrette in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byWarner Bros. Discovery, Inc..* (Related document(s) 688 ) (Roth, Michael) (Filed on 6/14/2023) (Entered: 06/14/2023) |
| 06/15/2023 | 728 | Declaration of Jeongeun Kim in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byWATCHA, INC..* (Related document(s) 688 ) (Rodewald, Tenaya) (Filed on 6/15/2023) (Entered: 06/15/2023) |
| 06/15/2023 | 729 | Declaration of Theresa Ellen Cudahy in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byCuriosityStream Inc..* (Related document(s) 688 ) (Etienne–Cummings, Shamita) (Filed on 6/15/2023) (Entered: 06/15/2023) |
| 06/16/2023 | 730 | Declaration of Piper Rosenshein in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byA&E Television Networks, LLC.* (Related document(s) 688 ) (Wanner, Kathrin) (Filed on 6/16/2023) (Entered: 06/16/2023) |
| 06/16/2023 | 731 | Declaration of Julia Veale in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byShowtime Networks Inc..* (Related document(s) 688 ) (Weil, Alan) (Filed on 6/16/2023) (Entered: 06/16/2023) |
| 06/16/2023 | 732 | Declaration of Christian Cramer in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF ICATION filed byGoogle LLC.* (Related document(s) 688 ) (Bhansali, Asim) (Filed on 6/16/2023) (Entered: 06/16/2023) |
| 06/23/2023 | 733 | TRANSCRIPT ORDER for proceedings held on 06/23/2023 before Judge Yvonne Gonzalez Rogers by Stephen H. Schwartz, for Court Reporter Pamela Batalo–Hebel. (Byrd, Rachele) (Filed on 6/23/2023) Modified on 6/26/2023 (oh, COURT STAFF). (Entered: 06/23/2023) |
| 06/23/2023 | 734 | TRANSCRIPT ORDER for proceedings held on 6/23/2023 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Pamela Batalo–Hebel. (Srinivasan, Jagannathan) (Filed on 6/23/2023) Modified on 6/26/2023 (oh, COURT STAFF). (Entered: 06/23/2023) |
| 06/23/2023 | 737 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held on 6/23/2023. Joint Statement Re: Timing of Future Reports and Motions due by 6/30/2023; Joint Brief on Caselaw Re: Percentages of Uninjured Class Members due by 6/30/2023. Total Time in** |

| | | |
|---|---|---|
| | | **Court: 2 hours 31 minutes. Court Reporter: Pamela Batalo–Hebel. (eac, COURT STAFF) (Date Filed: 6/23/2023) (Entered: 06/26/2023)** |
| 06/26/2023 | 735 | Declaration of Elizabeth Olien in Support of 688 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS OPPOSITION TO PLAINTIFFS RENEWED MOTION FOR CLASS CERTIF filed byPlaytika Ltd.. (Related document(s) 688 ) (Davis, Sarah) (Filed on 6/26/2023) (Entered: 06/26/2023)* |
| 06/26/2023 | 736 | Transcript of Proceedings held on 06/23/23, before Judge Gonzalez Rogers. Court Reporter Pamela Batalo Hebel, telephone number 626–688–7509; pamela_batalo@sbcglobal.net. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 734 Transcript Order ) Redaction Request due 7/17/2023. Redacted Transcript Deadline set for 7/27/2023. Release of Transcript Restriction set for 9/25/2023. (Related documents(s) 734 ) (Batalo, Pam) (Filed on 6/26/2023) (Entered: 06/26/2023) |
| 06/30/2023 | 738 | NOTICE of Change of Address by Rachele R. Byrd *Notice of Change of Firm Affiliation, Address and Email Designation by Attorney (Michael Liskow)* (Byrd, Rachele) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 06/30/2023 | 739 | Supplemental Brief re 737 Motion Hearing,, Set Deadlines, *Joint Submission of Authorities Regarding Uninjured Class Members and Class Certification* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 737 ) (Byrd, Rachele) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 06/30/2023 | 740 | Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS REPLY BRIEF IN SUPPORT OF DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN AND DR. ROSA ABRANTES–METZ AND ASSOCIATED FILINGS* filed by Apple Inc.. (Attachments: # 1 Reply Brief, # 2 Exhibit 1, # 3 Exhibit 2)(Higney, Caeli) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 06/30/2023 | 741 | REPLY (re 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes–Metz *; MEMORANDUM OF POINTS AND AUTHORITIES* ) *DEFENDANT APPLE INC.S REPLY BRIEF IN SUPPORT OF DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN AND DR. ROSA ABRANTES–METZ* filed byApple Inc.. (Attachments: # 1 Declaration of Caeli Higney, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Swanson, Daniel) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 06/30/2023 | 742 | Statement re 737 Motion Hearing,, Set Deadlines, *Joint Statement Re: Timing of Future Reports and Motions* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 07/07/2023 | 743 | Letter from Mark C. Rifkin Requesting Permission to File Sur–Reply . (Byrd, Rachele) (Filed on 7/7/2023) (Entered: 07/07/2023) |
| 07/07/2023 | 744 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *in Portions of Plaintiffs' Pre–Filing Letter Requesting Permission to File Sur–Reply* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Exhibit Pre–Filing Letter Requesting Permission to File Sur–Reply, # 2 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 7/7/2023) (Entered: 07/07/2023) |
| 07/10/2023 | 745 | Letter Brief *in Response to Plaintiffs' Daubert Sur–Reply Request* filed byApple Inc.. (Swanson, Daniel) (Filed on 7/10/2023) (Entered: 07/10/2023) |
| 07/11/2023 | 746 | Letter from Mark C. Rifkin *Regarding Apple's July 10, 2023 Letter*. (Byrd, Rachele) (Filed on 7/11/2023) (Entered: 07/11/2023) |
| 07/18/2023 | 747 | STIPULATION WITH PROPOSED ORDER *Stipulated [Proposed] Supplemental Protective Order Governing Discovery from Third Party Pixelcut Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 7/18/2023) (Entered: 07/18/2023) |
| 07/18/2023 | 748 | **ORDER by Magistrate Judge Thomas S. Hixson granting 747 Stipulation for supplemental protective order. (rmm2, COURT STAFF) (Filed on 7/18/2023) (Entered: 07/18/2023)** |

| | | |
|---|---|---|
| 07/24/2023 | 749 | Declaration of Christopher Schenck in Support of 740 Administrative Motion to File Under Seal *DEFENDANT APPLE INC.S INTERIM ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTYS MATERIAL SHOULD BE SEALED IN PORTIONS OF DEFENDANTS REPLY BRIEF IN SUPPORT OF DAUBERT MOTION TO EXCLUDE THE filed byValve Corporation. (Related document(s) 740 ) (Donovan, Dwight) (Filed on 7/24/2023) (Entered: 07/24/2023)* |
| 08/01/2023 | 750 | NOTICE by Apple Inc. *of Withdrawal of Katrina M. Robson as Counsel* (Eberhart, David) (Filed on 8/1/2023) (Entered: 08/01/2023) |
| 08/09/2023 | | ***Motions terminated: 665 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification; Memorandum of Points and Authorities* filed by Stephen H. Schwartz, Robert Pepper, Edward Lawrence, Edward W. Hayter. (eac, COURT STAFF) (Filed on 8/9/2023) (Entered: 08/09/2023) |
| 08/10/2023 | 751 | TRANSCRIPT ORDER for proceedings held on 06/23/2023 before Judge Yvonne Gonzalez Rogers for Court Reporter Pam Batalo–Hebel. (oh, COURT STAFF) (Filed on 8/10/2023) (Entered: 08/10/2023) |
| 08/16/2023 | | ***Motions terminated: 676 MOTION to Certify Class *Notice of Filing of Revised Supplemental Expert Report of Daniel L. McFadden*. ***Notice is Filed in Error as a Motion.*** (eac, COURT STAFF) (Filed on 8/16/2023) (Entered: 08/16/2023) |
| 08/16/2023 | 752 | ***PLEASE REFER TO 753 FOR THE ORDER.*** ORDER REGARDING SEALING PROCEDURES. Parties to file Omnibus Sealing Motion by 8/30/2023. Signed by Judge Yvonne Gonzalez Rogers on 8/16/2023. (eac, COURT STAFF) (Filed on 8/16/2023) Modified on 8/18/2023 (eac, COURT STAFF). (Entered: 08/16/2023) |
| 08/18/2023 | 753 | **REVISED ORDER REGARDING SEALING PROCEDURES. Parties to file Omnibus Sealing Motion by 9/1/2023. Signed by Judge Yvonne Gonzalez Rogers on 8/18/2023. (eac, COURT STAFF) (Filed on 8/18/2023) Modified on 8/25/2023 to correct docket text (eac, COURT STAFF). (Entered: 08/18/2023)** |
| 08/23/2023 | 754 | Declaration of Robin Chacko *In Support of Administrative Motions to Seal 688 and 740 that are now to be addressed via the upcoming Omnibus Sealing Motion per 8/18/23 Order* filed byStarz Entertainment, LLC. (Watkins, Stephen) (Filed on 8/23/2023) (Entered: 08/23/2023) |
| 08/24/2023 | 755 | ***POSTED IN ERROR. PLEASE SEE DOCUMENT #761*** Declaration of Christian Cramer *In Support of the Parties' Omnibus Motion to File Under Seal* filed byGoogle LLC. (Bhansali, Asim) (Filed on 8/24/2023) Modified on 8/29/2023 (dhm, COURT STAFF). (Entered: 08/24/2023) |
| 08/28/2023 | 756 | Declaration of Christopher Schenck *in Support of Defendant Apple Inc.'s Omnibus Motion to File Under Seal* filed byValve Corporation. (Donovan, Dwight) (Filed on 8/28/2023) (Entered: 08/28/2023) |
| 08/28/2023 | 757 | Declaration of Elizabeth Olien *in Support of Joint Omnibus Sealing Motion Re: Plaintiffs' Renewed Motion for Class Certification and Related Filings* filed byPlaytika Ltd.. (Davis, Sarah) (Filed on 8/28/2023) (Entered: 08/28/2023) |
| 08/28/2023 | 758 | Declaration of Piper Rosenshein *in Support of Joint Omnibus Sealing Motion Re: Plaintiffs' Renewed Motion for Class Certification and Related Filings* filed byA&E Television Networks, LLC. (Wanner, Kathrin) (Filed on 8/28/2023) (Entered: 08/28/2023) |
| 08/29/2023 | 759 | STIPULATION WITH PROPOSED ORDER *Supplemental Protective Order Governing Discovery From Cricut Inc.* filed by Stephen H. Schwartz. (Byrd, Rachele) (Filed on 8/29/2023) (Entered: 08/29/2023) |
| 08/29/2023 | 760 | Declaration of M. Brent Byars *in Support of Joint Omnibus Motion to File Under Seal* filed byEpic Games, Inc.. (Byars, Michael) (Filed on 8/29/2023) (Entered: 08/29/2023) |
| 08/29/2023 | 761 | Declaration of Christian Cramer *In Support of the Parties' Omnibus Motion to File Under Seal CORRECTION OF DOCKET # 755* filed byGoogle LLC. (Bhansali, Asim) (Filed on 8/29/2023) (Entered: 08/29/2023) |
| 08/29/2023 | 762 | **ORDER by Judge Thomas S. Hixson granting 759 Stipulation for Supplemental Protective Order Governing Discovery From Cricut Inc. (tshlc1, COURT STAFF) (Filed on 8/29/2023) (Entered: 08/29/2023)** |
| 08/29/2023 | 763 | Declaration of Logan Pettigrew *on Behalf of Non–Party Athena FZE (A/KA Athena Studios) in Support of the Parties' Omnibus Sealing Motion* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 8/29/2023) (Entered: 08/29/2023) |

**ER-964**

| 08/29/2023 | 764 | Declaration of David P. Chiappetta *in Support of Omnibus Motion to Seal* filed byMicrosoft Corporation. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Chiappetta, David) (Filed on 8/29/2023) (Entered: 08/29/2023) |
|---|---|---|
| 09/01/2023 | 765 | Declaration of Patrick M. Hammon *in Support of Joint Omnibus Motion to File Under Seal* filed byRoblox, Inc.. (Hammon, Patrick) (Filed on 9/1/2023) (Entered: 09/01/2023) |
| 09/01/2023 | 766 | Joint ADMINISTRATIVE MOTION Joint Motion to Submit Supplemental Briefing *Regarding Google Play Orders* filed by Apple Inc.. Responses due by 9/5/2023. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Richman, Cynthia) (Filed on 9/1/2023) (Entered: 09/01/2023) |
| 09/01/2023 | 767 | Administrative Motion to File Under Seal *Joint Omnibus Sealing Motion Re: Plaintiffs' Renewed Motion for Class Certification and Related Filings* filed by Apple Inc.. (Attachments: # 1 Decl. of C.Higney, # 2 Decl. of R. Byrd, # 3 Proposed Order, # 4 Ex. 1 [Unredacted], # 5 Ex. 2 [Unredacted], # 6 Ex. 3 [Unredacted], # 7 Ex. 4 [Unredacted], # 8 Ex. 5 [Unredacted], # 9 Ex. 6 [Unredacted], # 10 Ex. 7 [Unredacted], # 11 Ex. 8 [Unredacted], # 12 Ex. 9 [Unredacted], # 13 Ex. 10 [Unredacted], # 14 Ex. 11 [Unredacted], # 15 Ex. 12 [Unredacted], # 16 Ex. 13 [Unredacted], # 17 Ex. 14 [Unredacted], # 18 Ex. 15 [Unredacted], # 19 Ex. 16 [Unredacted], # 20 Ex. 17 [Unredacted], # 21 Ex. 18 [Unredacted], # 22 Ex. 19 [Unredacted], # 23 Ex. 20 [Unredacted], # 24 Ex. 21 [Unredacted], # 25 Ex. 22 [Unredacted], # 26 Ex. 23 [Unredacted], # 27 Ex. 24 [Unredacted], # 28 Ex. 25 [Unredacted], # 29 Ex. 26 [Unredacted], # 30 Ex. 27 [Unredacted], # 31 Ex. 28 [Unredacted], # 32 Ex. 29 [Unredacted], # 33 Ex. 30 [Unredacted], # 34 Ex. 31 [Unredacted])(Higney, Caeli) (Filed on 9/1/2023) (Entered: 09/01/2023) |
| 09/08/2023 | 768 | STIPULATION WITH PROPOSED ORDER *Governing Discovery From Third Party Aviation Data Systems, Inc.* filed by Harry Bass. (Byrd, Rachele) (Filed on 9/8/2023) (Entered: 09/08/2023) |
| 09/08/2023 | 769 | **ORDER by Magistrate Judge Thomas S. Hixson granting 768 Stipulation re supplemental protective order. (rmm2, COURT STAFF) (Filed on 9/8/2023) (Entered: 09/08/2023)** |
| 09/18/2023 | 770 | STIPULATION WITH PROPOSED ORDER *Supplemental Protective Order Governing Discovery From Third Party Ancestry.com LLC* filed by Robert Pepper. (Byrd, Rachele) (Filed on 9/18/2023) (Entered: 09/18/2023) |
| 09/18/2023 | 771 | **ORDER by Magistrate Judge Thomas S. Hixson granting 770 Stipulation re supplemental protective order governing discovery. (rmm2, COURT STAFF) (Filed on 9/18/2023) (Entered: 09/18/2023)** |
| 09/18/2023 | 772 | STIPULATION WITH PROPOSED ORDER *Supplemental Protective Order Governing Discovery From Third Party WW International, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 9/18/2023) (Entered: 09/18/2023) |
| 09/18/2023 | 773 | **ORDER by Magistrate Judge Thomas S. Hixson granting 772 Stipulation. (rmm2, COURT STAFF) (Filed on 9/18/2023) (Entered: 09/18/2023)** |
| 10/03/2023 | 774 | Proposed Order *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Third Party Route4Me, Inc.* by Robert Pepper. (Byrd, Rachele) (Filed on 10/3/2023) (Entered: 10/03/2023) |
| 10/03/2023 | 775 | **Order by Judge Yvonne Gonzalez Rogers Granting 766 Administrative Motion. Parties to File Supplemental Briefing by 10/6/2023. (eac, COURT STAFF) (Filed on 10/3/2023) (Entered: 10/03/2023)** |
| 10/03/2023 | 776 | **STIPULATION AND ORDER re 774 Proposed Order filed by Robert Pepper. Signed by Magistrate Judge Thomas S. Hixson on 10/3/2023. (rmm2, COURT STAFF) (Filed on 10/3/2023) (Entered: 10/03/2023)** |
| 10/06/2023 | 777 | Supplemental Brief re 683 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 683 ) (Byrd, Rachele) (Filed on 10/6/2023) (Entered: 10/06/2023) |
| 10/06/2023 | 778 | Supplemental Brief re 690 MOTION To Exclude the Testimony of Prof. Daniel L. McFadden and Dr. Rosa Abrantes–Metz *; MEMORANDUM OF POINTS AND AUTHORITIES*, 775 Order on Administrative Motion per Civil Local Rule 7–11 *Regarding Recent Decision in In re Google Play Store Litigation* filed byApple Inc.. (Related document(s) 690 , 775 ) (Swanson, Daniel) (Filed on 10/6/2023) (Entered: 10/06/2023) |
| 10/27/2023 | 779 | NOTICE by Edward Lawrence *OF WITHDRAWAL OF COUNSEL* (Nedeau, Christopher) (Filed on 10/27/2023) (Entered: 10/27/2023) |

**ER-965**

| 12/01/2023 | 780 | STIPULATION WITH PROPOSED ORDER re 199 Protective Order *Governing Discovery From Third Party AD HOC LABS, INC. DBA Burner* filed by Robert Pepper. (Byrd, Rachele) (Filed on 12/1/2023) (Entered: 12/01/2023) |
|---|---|---|
| 12/03/2023 | 781 | **ORDER by Magistrate Judge Thomas S. Hixson granting 780 Stipulation re supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 12/3/2023) (Entered: 12/03/2023)** |
| 12/22/2023 | 782 | NOTICE by Apple Inc. *of Withdrawal of Peter J. Sacripanti as Counsel* (Sacripanti, Peter) (Filed on 12/22/2023) (Entered: 12/22/2023) |
| 01/10/2024 | 783 | NOTICE of Change In Counsel by Daniel Douglas (Douglas, Daniel) (Filed on 1/10/2024) (Entered: 01/10/2024) |
| 01/16/2024 | 784 | **ORDER FOR SUPPLEMENTAL INFORMATION. Plaintiff's Supplemental Declaration due by 1/30/2024. Signed by Judge Yvonne Gonzalez Rogers on 1/16/2024. (eac, COURT STAFF) (Filed on 1/16/2024) (Entered: 01/16/2024)** |
| 01/30/2024 | 785 | Declaration of Minjae Song, Ph.D. in Support of 683 MOTION to Certify Class *Plaintiffs' Renewed Notice of Motion and Motion for Class Certification* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 683 ) (Byrd, Rachele) (Filed on 1/30/2024) (Entered: 01/30/2024) |
| 01/30/2024 | 786 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Minjae Song, Ph.D., in Response to Order for Supplemental Information in Further Support of Renewed Motion for Class Certification, # 2 Proposed Order Granting Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, # 3 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 1/30/2024) (Entered: 01/30/2024) |
| 01/31/2024 | 787 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Stipulated [Proposed] Supplemental Protective Order Governing Discovery From Third Party Canva Us Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 1/31/2024) (Entered: 01/31/2024) |
| 01/31/2024 | 788 | **ORDER by Magistrate Judge Thomas S. Hixson granting 787 Stipulation re Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 1/31/2024) (Entered: 01/31/2024)** |
| 02/02/2024 | 789 | **ORDER DENYING APPLE'S DAUBERT MOTION TO EXCLUDE THE TESTIMONY OF PROFESSOR DANIEL L. MCFADDEN AND DR. ROSA ABRANTES–METZ; AND GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION by Judge Yvonne Gonzalez Rogers Granting 683 Motion to Certify Class; Denying 690 Motion ; Granting 786 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.**<br><br>Further Case Management Conference will be held by Zoom Webinar. Joint Case Management Statement is due by 2/16/2024. Initial Case Management Conference set for 2/26/2024, at 02:00 PM in Oakland, – Videoconference Only.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. Parties' notice if the new time does not work with their calendar and a list of names and emails must be sent to the CRD at YGRCRD@cand.uscourts.gov no later than February 23, 2024, at 12:00 PM PST.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>**(eac, COURT STAFF) (Filed on 2/2/2024) (Entered: 02/02/2024)** |
| 02/05/2024 | 790 | NOTICE of Appearance by Randall Scott Newman (Newman, Randall) (Filed on 2/5/2024) (Entered: 02/05/2024) |
| 02/16/2024 | 791 | Statement *Joint Statement Re: Case Schedule* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 2/16/2024) (Entered: 02/16/2024) |

| 02/20/2024 | 792 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–19139608.) filed by Edward W. Hayter, Robert Pepper, Stephen H. Schwartz, Eric Terrell. (Hafenbrack, Joshua) (Filed on 2/20/2024) (Entered: 02/20/2024) |
|---|---|---|
| 02/20/2024 | 793 | USCA Case Number 24–875 re Petition for Permission to Appeal, filed by Apple Inc. (Attachments: # 1 Petition for Permission to Appeal Under Rule 23(f))(dhm, COURT STAFF) (Filed on 2/20/2024) (Entered: 02/21/2024) |
| 02/21/2024 | 794 | NOTICE of Change of Address by Caeli A. Higney (Higney, Caeli) (Filed on 2/21/2024) (Entered: 02/21/2024) |
| 02/23/2024 | 795 | NOTICE of change of counsel. (Dettmer, Ethan) (Filed on 2/23/2024) Modified on 2/26/2024 (cv, COURT STAFF). (Entered: 02/23/2024) |
| 02/26/2024 | | Electronic filing error. Incorrect event used. [err101]Corrected by Clerk's Office. No further action is necessary. Re: 795 Notice (Other) filed by Apple Inc. (cv, COURT STAFF) (Filed on 2/26/2024) (Entered: 02/26/2024) |
| 02/26/2024 | 796 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Further Case Management Conference held on 2/26/2024. Parties to file a Proposed Pre–Trial Schedule by 3/1/2024. Total Time in Court: 13 minutes. Court Reporter: Raynee Mercado, via Zoom. (eac, COURT STAFF) (Date Filed: 2/26/2024) (Entered: 02/27/2024)** |
| 02/27/2024 | 797 | TRANSCRIPT ORDER for proceedings held on February 26, 2024 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Raynee Mercado. (Srinivasan, Jagannathan) (Filed on 2/27/2024) (Entered: 02/27/2024) |
| 02/27/2024 | 798 | TRANSCRIPT ORDER for proceedings held on 02/26/2024 before Judge Yvonne Gonzalez Rogers by Robert Pepper, for Court Reporter Raynee Mercado. (Byrd, Rachele) (Filed on 2/27/2024) (Entered: 02/27/2024) |
| 02/29/2024 | 799 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from Third Party Invoice2go, A Bill.Com Mobile Invoicing Solution* filed by Robert Pepper. (Byrd, Rachele) (Filed on 2/29/2024) (Entered: 02/29/2024) |
| 02/29/2024 | 800 | NOTICE of Substitution of Counsel by Rosemarie Theresa Ring *NOTICE OF WITHDRAWAL OF APPEARANCE* (Ring, Rosemarie) (Filed on 2/29/2024) (Entered: 02/29/2024) |
| 03/01/2024 | 801 | Transcript of Proceedings held on February 26, 2024, before Judge Yvonne Gonzalez Rogers. Court Reporter Raynee H. Mercado, CSR, telephone number 510–565–7228, cacsr8258@gmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 797 Transcript Order ) Release of Transcript Restriction set for 5/30/2024. (Related document(s) 797 ) (Mercado, Raynee) (Filed on 3/1/2024) (Entered: 03/01/2024) |
| 03/04/2024 | 802 | **ORDER by Magistrate Judge Thomas S. Hixson granting 799 Stipulation re supplemental protective order. (rmm2, COURT STAFF) (Filed on 3/4/2024) (Entered: 03/04/2024)** |
| 03/14/2024 | 803 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–19219738.) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Link, Anna) (Filed on 3/14/2024) (Entered: 03/14/2024) |
| 03/14/2024 | 804 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–19219935.) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Schiffman, Kelley) (Filed on 3/14/2024) (Entered: 03/14/2024) |
| 03/15/2024 | 805 | NOTICE by Apple Inc. *of Withdrawal of Michael R. Huttenlocher as Counsel* (Huttenlocher, Michael) (Filed on 3/15/2024) (Entered: 03/15/2024) |
| 03/20/2024 | 806 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 792 Motion for Pro Hac Vice (Joshua Hafenbrack). (eac, COURT STAFF) (Filed on 3/20/2024) (Entered: 03/20/2024)** |
| 03/20/2024 | 807 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 803 Motion for Pro Hac Vice (Anna Link). (eac, COURT STAFF) (Filed on 3/20/2024) (Entered: 03/20/2024)** |

**ER-967**

| 03/20/2024 | 808 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 804 Motion for Pro Hac Vice (Kelley Schiffman). (eac, COURT STAFF) (Filed on 3/20/2024) (Entered: 03/20/2024)** |
|---|---|---|
| 03/28/2024 | 809 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19268875.) filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Holman, Ashle) (Filed on 3/28/2024) (Entered: 03/28/2024) |
| 03/29/2024 | 810 | NOTICE by Apple Inc. */ Notice of Withdrawal of Scott Schaeffer as Counsel* (Eberhart, David) (Filed on 3/29/2024) (Entered: 03/29/2024) |
| 04/05/2024 | 811 | **ORDER CONDITIONALLY GRANTING IN PART AND DENYING IN PART THE JOINT OMNIBUS SEALING MOTION by Judge Yvonne Gonzalez Rogers Conditionally Granting in Part and Denying in Part 767 Administrative Motion to File Under Seal. (eac, COURT STAFF) (Filed on 4/5/2024) (Entered: 04/05/2024)** |
| 04/10/2024 | 812 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19268875.) Filing fee previously paid on 3/28/2024 filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Holman, Ashle) (Filed on 4/10/2024) (Entered: 04/10/2024) |
| 04/12/2024 | 813 | Discovery Letter Brief *Regarding Plaintiffs' Subpoena to Non−Party Aviation Data Systems, Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/12/2024) (Entered: 04/12/2024) |
| 04/12/2024 | 814 | Discovery Letter Brief *Regarding Plaintiffs' Subpoena to Non−Party Rocket Money f/k/a Truebill* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/12/2024) (Entered: 04/12/2024) |
| 04/12/2024 | 815 | Discovery Letter Brief *Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc.* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 4/12/2024) (Entered: 04/12/2024) |
| 04/18/2024 | 816 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19332587.) filed by Valve Corporation. (Buchter, Nathan) (Filed on 4/18/2024) (Entered: 04/18/2024) |
| 04/20/2024 | 817 | CLERK'S NOTICE: Setting Telephonic Discovery Hearing re ECF Docket No. 815: A Telephonic Discovery hearing is scheduled for: 4/24/2024 at 10:00 AM in San Francisco, − Telephonic Only before Magistrate Judge Thomas S. Hixson. Call In Number: 1−888−684−8852/Passcode: 2925506 By COB 4/23/2024, counsel shall email the Courtroom Deputy, Rose Maher, letting her know their appearances for the 4/24/2024 10:00 AM telephonic Discovery Hearing before Magistrate Judge Thomas S. Hixson. Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov (Related documents(s) 815 ) *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 4/20/2024) (Entered: 04/20/2024) |
| 04/20/2024 | 818 | CLERK'S NOTICE: Setting Telephonic Discovery Hearing re ECF Docket No. 814: A Telephonic Discovery hearing is scheduled for: 4/24/2024 at 1:00 PM in San Francisco, − Telephonic Only before Magistrate Judge Thomas S. Hixson. Call In Number: 1−888−684−8852/Passcode: 2925506 By COB 4/23/2024, counsel shall email the Courtroom Deputy, Rose Maher, letting her know their appearances for the 4/24/2024 1:00 PM telephonic Discovery Hearing before Magistrate Judge Thomas S. Hixson. Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov (Related documents(s) 814 ) *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 4/20/2024) (Entered: 04/20/2024) |

**ER-968**

| 04/23/2024 | 819 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 816 Motion for Pro Hac Vice as to Nathan M. Buchter. (eac, COURT STAFF) (Filed on 4/23/2024) (Entered: 04/23/2024)** |
|---|---|---|
| 04/24/2024 | 820 | **STATUS ORDER: The Court ORDERS the parties to file a status report concerning the joint discovery letter brief at ECF No. 815 no later than May 1, 2024. Signed by Judge Thomas S. Hixson on 4/24/2024. (tshlc1, COURT STAFF) (Filed on 4/24/2024) (Entered: 04/24/2024)** |
| 04/24/2024 | 821 | CLERK'S NOTICE rescheduling Telephonic Discovery Conference presently scheduled for today, 4/24/2024 at 1:00 PM: <br><br> The Telephone Conference cited above is CONTINUED TO: 5/1/2024 AT 1:00 PM in San Francisco, − Telephonic Only before Magistrate Judge Thomas S. Hixson. <br><br> Call in for 5/1/2024 is: 1−888−684−8852/Passcode: 2925506 <br><br> Counsel shall, by email, let the Courtroom Deputy, Rose Maher, by COB on 4/30/2024 who will be in attendance for this hearing. <br><br> CRD email: Rose_Maher@cand.uscourts.gov <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 4/24/2024) (Entered: 04/24/2024) |
| 04/24/2024 | 822 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:** <br><br> **Telephone Conference re Status of Joint Discovery letter brief (docket no. 815) was held on 4/24/2024 at 10:00 AM.** <br><br> **Digital Recording Time: AT&T 10:18−10:23.** <br><br> **Plaintiff Attorney: Thomas Burt, rep. Class.** <br><br> **Defendant Attorney: Caeli Higney, rep. Apple.** <br><br> **Proceedings: Status hearing held, matter submitted, Court to issue order re ECF Docket No. 815.** <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(rmm2, COURT STAFF) (Date Filed: 4/24/2024) (Entered: 04/24/2024)** |
| 04/24/2024 | 823 | **Terminated. Correct Motion Refiled in 827** . MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19351540.) filed by Rocket Money f/k/a Truebill. (Rockoff, Corinne) (Filed on 4/24/2024) Modified on 7/24/2024 to edit docket text. (eac, COURT STAFF). (Entered: 04/24/2024) |
| 04/25/2024 | 824 | **Terminated. Correct Motion Refiled in 828 .** MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19355816.) filed by Rocket Money f/k/a Truebill. (Nettleingham, Brian) (Filed on 4/25/2024) Modified on 7/24/2024 to edit docket text. (eac, COURT STAFF). (Entered: 04/25/2024) |
| 04/25/2024 | 825 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Finding as Moot 809 Motion for Pro Hac Vice; Granting 812 Motion for Pro Hac Vice (Ashle Holman). (eac, COURT STAFF) (Filed on 4/25/2024) (Entered: 04/25/2024)** |
| 04/26/2024 | 826 | NOTICE of Appearance by Hayes Phillips Hyde (Hyde, Hayes) (Filed on 4/26/2024) (Entered: 04/26/2024) |
| 04/26/2024 | 827 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19351540.) Filing fee previously paid on 4/24/2024 filed by Rocket Money f/k/a Truebill. (Rockoff, Corinne) (Filed on 4/26/2024) (Entered: 04/26/2024) |
| 04/26/2024 | 828 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19355816.) Filing fee previously paid on 4/25/24 filed by Rocket Money f/k/a Truebill. (Nettleingham, Brian) (Filed on 4/26/2024) (Entered: 04/26/2024) |
| 04/26/2024 | 829 | NOTICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz *Plaintiffs' Notice of Filing of Redacted and Unsealed Documents Pursuant to Order Conditionally Granting in Part and Denying in Part the Joint Omnibus Sealing Motion (ECF No. 811)* (Attachments: # 1 Exhibit A, # 2 |

**ER-969**

| | | |
|---|---|---|
| | | Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Byrd, Rachele) (Filed on 4/26/2024) (Entered: 04/26/2024) |
| 04/26/2024 | 830 | NOTICE by Apple Inc. re 811 Order on Administrative Motion to File Under Seal, *NOTICE OF LODGING OF DOCUMENTS PURSUANT TO ORDER CONDITIONALLY GRANTING IN PART AND DENYING IN PART THE JOINT OMNIBUS SEALING MOTION* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19)(Higney, Caeli) (Filed on 4/26/2024) (Entered: 04/26/2024) |
| 04/29/2024 | 831 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER AS AMENDED BY THE COURT by Judge Yvonne Gonzalez Rogers Granting 827 Motion for Pro Hac Vice (Corinne Rockoff). (eac, COURT STAFF) (Filed on 4/29/2024) (Entered: 04/29/2024)** |
| 04/29/2024 | 832 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 828 Motion for Pro Hac Vice (Brian Nettleingham). (eac, COURT STAFF) (Filed on 4/29/2024) (Entered: 04/29/2024)** |
| 05/01/2024 | 833 | **Discovery Order re: 814 Discovery Letter Brief Regarding Plaintiffs' Subpoena to Non–Party Rocket Money f/k/a Truebill. Signed by Judge Thomas S. Hixson on 5/1/2024. (tshlc1, COURT STAFF) (Filed on 5/1/2024) (Entered: 05/01/2024)** |
| 05/01/2024 | 834 | **ORDER re 813 Discovery Letter Brief Regarding Plaintiffs' Subpoena to Non–Party Aviation Data Systems. Plaintiffs shall file a statement by May 8, 2024 explaining why this Court can rule on this motion to compel, or alternatively withdrawing the motion. Signed by Judge Thomas S. Hixson on 5/1/2024. (tshlc1, COURT STAFF) (Filed on 5/1/2024) (Entered: 05/01/2024)** |
| 05/01/2024 | 835 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Telephonic Discovery Conference held on 5/1/2024 at 1:00 PM.**<br><br>**Digital Recording Time: AT&T: 1:02–1:25/Total Time: 23 mins.**<br><br>**Appearances:**<br><br>**Rep. Apple: Harry R.S. Phillips**<br><br>**Rep. Plaintiff(s): Rachele Byrd/Mark C. Rifkin**<br><br>**Rep. Rocket Money fka Truebill:**<br>**Hayes Hyde/Kyle Tayman/Corinne Rockoff/Brian Nehleigham**<br><br>**Proceedings: Discovery hearing held; argument heard; matter submitted. Court to issue order.**<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* **(rmm2, COURT STAFF) (Date Filed: 5/1/2024) (Entered: 05/01/2024)** |
| 05/01/2024 | 836 | STATUS REPORT *Joint Status Report Regarding Joint Discovery Letter Brief Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc.* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 5/1/2024) (Entered: 05/01/2024) |
| 05/02/2024 | 837 | **ORDER re 815 Discovery Letter Brief: The Court orders the parties to file a further status update concerning their joint letter brief no later than May 8, 2024. Signed by Judge Thomas S. Hixson on 5/2/2024. (tshlc1, COURT STAFF) (Filed on 5/2/2024) (Entered: 05/02/2024)** |
| 05/03/2024 | 838 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Stipulated [Proposed] Supplemental Protective Order Governing Discovery from Third Party TomTom North America, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/3/2024) (Entered: 05/03/2024) |
| 05/03/2024 | 839 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Stipulated [Proposed] Supplemental Protective Order Governing Discovery from Third Party Flo Health UK Ltd.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/3/2024) (Entered: 05/03/2024) |
| 05/03/2024 | 840 | **ORDER by Magistrate Judge Thomas S. Hixson granting 838 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/3/2024) (Entered: 05/03/2024)** |

**ER-970**

| 05/03/2024 | 841 | **ORDER by Magistrate Judge Thomas S. Hixson granting 839 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/3/2024) (Entered: 05/03/2024)** |
|---|---|---|
| 05/06/2024 | 842 | Proposed Order re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party The Economist Newspaper, N.A., Inc.* by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 843 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party Fox News Network, LLC* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 844 | STIPULATION WITH PROPOSED ORDER *Supplemental Protective Order Governing Discovery From Third Party Groundspeak, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 845 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party Verv, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 846 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party Peloton Interactive, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 847 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party IXL Learning, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 848 | **ORDER by Magistrate Judge Thomas S. Hixson granting 843 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/06/2024 | 849 | **ORDER by Magistrate Judge Thomas S. Hixson granting 844 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/06/2024 | 850 | **ORDER by Magistrate Judge Thomas S. Hixson granting 845 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/06/2024 | 851 | **ORDER by Magistrate Judge Thomas S. Hixson granting 846 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/06/2024 | 852 | **ORDER by Magistrate Judge Thomas S. Hixson granting 847 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/06/2024 | 853 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party The Economist Newspaper, N.A., Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/6/2024) (Entered: 05/06/2024) |
| 05/06/2024 | 854 | **ORDER by Magistrate Judge Thomas S. Hixson granting 853 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/6/2024) (Entered: 05/06/2024)** |
| 05/08/2024 | 855 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Non−Party Tiktok Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/8/2024) (Entered: 05/08/2024) |
| 05/08/2024 | 856 | **ORDER by Magistrate Judge Thomas S. Hixson granting 855 Stipulation re Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/8/2024) (Entered: 05/08/2024)** |
| 05/08/2024 | 857 | Notice of Withdrawal of Motion *Notice of Withdrawal of Discovery Letter Brief Regarding Plaintiffs' Subpoena to Non−Party Aviation Data Systems, Inc.* (Byrd, Rachele) (Filed on 5/8/2024) (Entered: 05/08/2024) |
| 05/08/2024 | 858 | STATUS REPORT *Regarding Joint Discovery Letter Brief Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc.* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 5/8/2024) (Entered: 05/08/2024) |
| 05/09/2024 | 859 | **ORDER re 815 Discovery Letter Brief. In light of the parties' status update at ECF No. 858 , the Court ORDERS the parties to file a further status report by the close of business on May 10, 2024. Signed by Judge Thomas S. Hixson on 5/9/2024. (tshlc1, COURT STAFF) (Filed on 5/9/2024) (Entered: 05/09/2024)** |

**ER-971**

| 05/09/2024 | 860 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from Third Party Kiddopia, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/9/2024) (Entered: 05/09/2024) |
|---|---|---|
| 05/09/2024 | 861 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from Third Party Audible, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/9/2024) (Entered: 05/09/2024) |
| 05/09/2024 | 862 | **ORDER by Magistrate Judge Thomas S. Hixson granting 860 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/9/2024) (Entered: 05/09/2024)** |
| 05/09/2024 | 863 | **ORDER by Magistrate Judge Thomas S. Hixson granting 861 Stipulation Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/9/2024) (Entered: 05/09/2024)** |
| 05/10/2024 | 864 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from Non–Party Warner Bros. Discovery, Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/10/2024) (Entered: 05/10/2024) |
| 05/10/2024 | 865 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery from Third Party Gen Digital Inc.* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/10/2024) (Entered: 05/10/2024) |
| 05/10/2024 | 866 | NOTICE of Appearance by David P. Chiappetta (Chiappetta, David) (Filed on 5/10/2024) (Entered: 05/10/2024) |
| 05/10/2024 | 867 | **ORDER by Magistrate Judge Thomas S. Hixson granting 864 Stipulation. (rmm2, COURT STAFF) (Filed on 5/10/2024) (Entered: 05/10/2024)** |
| 05/10/2024 | 868 | **ORDER by Magistrate Judge Thomas S. Hixson granting 865 Stipulation. (rmm2, COURT STAFF) (Filed on 5/10/2024) (Entered: 05/10/2024)** |
| 05/10/2024 | 869 | STATUS REPORT *Regarding Joint Discovery Letter Brief Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc.* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 5/10/2024) (Entered: 05/10/2024) |
| 05/13/2024 | 870 | ADMINISTRATIVE MOTION for Leave to File Joint Discovery Letter Brief filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 5/17/2024. (Attachments: # 1 Exhibit A – Proposed Joint Discovery Letter Brief, # 2 Declaration of Joshua Hafenbrack in support of Plaintiffs' Administrative Motion for Leave to File Joint Discovery Letter Brief, # 3 Exhibit A to Declaration of Joshua Hafenbrack, # 4 Exhibit B to Declaration of Joshua Hafenbrack, # 5 Proposed Order)(Hafenbrack, Joshua) (Filed on 5/13/2024) (Entered: 05/13/2024) |
| 05/15/2024 | 871 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Skype Communications S.A.R.L* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/15/2024) (Entered: 05/15/2024) |
| 05/15/2024 | 872 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Discovery From Third Party Rocket Money F/K/A Truebill* filed by Robert Pepper. (Byrd, Rachele) (Filed on 5/15/2024) (Entered: 05/15/2024) |
| 05/16/2024 | 873 | **ORDER by Magistrate Judge Thomas S. Hixson granting 871 Stipulation re Supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 5/16/2024) Modified on 5/16/2024 (rmm2, COURT STAFF). (Entered: 05/16/2024)** |
| 05/16/2024 | 874 | **ORDER by Magistrate Judge Thomas S. Hixson granting 872 Stipulation re supplemental protective order. (rmm2, COURT STAFF) (Filed on 5/16/2024) (Entered: 05/16/2024)** |
| 05/24/2024 | 875 | ORDER of USCA The motion for leave to file a reply is granted. The petition for permission to appeal is denied. USCA #24–875 (dhm, COURT STAFF) (Filed on 5/24/2024) (Entered: 05/28/2024) |
| 05/30/2024 | 876 | **Discovery Order re 815 Discovery Letter Brief. The Court ORDERS the parties to file a status report concerning their dispute over Plaintiffs' Request for Production No. 55 no later than June 6, 2024. Signed by Judge Thomas S. Hixson on 5/30/2024. (tshlc2, COURT STAFF) (Filed on 5/30/2024) (Entered: 05/30/2024)** |
| 06/06/2024 | 877 | STATUS REPORT *Joint Discovery Letter Brief Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple, Inc.* by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 6/6/2024) (Entered: 06/07/2024) |

**ER-972**

| | | |
|---|---|---|
| 06/07/2024 | 878 | CLERK'S NOTICE: Scheduling Zoom Video Conference Discovery Hearing re ECF Docket no. 815 : A Discovery hearing is scheduled for: 6/17/2024 at 10:00 AM in San Francisco, – by Zoom Video Conference Only before Magistrate Judge Thomas S. Hixson. By close of business on 6/14/2024, Counsel shall email the Courtroom Deputy, Rose Maher, letting her know their appearances for the 6/17/2024 at 10:00 AM Zoom Video Conference discovery hearing before Magistrate Judge Thomas S. Hixson. Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 6/7/2024) (Entered: 06/07/2024) |
| 06/12/2024 | 879 | ADMINISTRATIVE MOTION to Temporarily Seal June 17, 2024 Hearing filed by Apple Inc.. Responses due by 6/17/2024. (Attachments: # 1 Stipulation Regarding Defendant Apple Inc.'s Administrative Motion to Temporarily Seal June 17, 2024 Hearing, # 2 Proposed Order Granting Defendant Apple Inc.'s Administrative Motion to Temporarily Seal June 17, 2024 Hearing)(Higney, Caeli) (Filed on 6/12/2024) (Entered: 06/12/2024) |
| 06/13/2024 | 880 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, *Supplemental Protective Order Governing Payor Data* filed by Apple Inc.. (Higney, Caeli) (Filed on 6/13/2024) (Entered: 06/13/2024) |
| 06/14/2024 | 881 | **ORDER by Magistrate Judge Thomas S. Hixson granting 879 Administrative Motion. (rmm2, COURT STAFF) (Filed on 6/14/2024) (Entered: 06/14/2024)** |
| 06/14/2024 | 882 | **ORDER by Magistrate Judge Thomas S. Hixson granting 880 Stipulation Protective Order governing Payor Data. (rmm2, COURT STAFF) (Filed on 6/14/2024) (Entered: 06/14/2024)** |
| 06/14/2024 | 883 | ADMINISTRATIVE MOTION for Leave to File Joint Discovery Letter Brief Before Magistrate Judge Hixson, or for Referral to Judge Hixson filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. Responses due by 6/18/2024. (Attachments: # 1 Administrative Motion, # 2 Declaration of Joshua Hafenbrack, # 3 Proposed Order Granting Administrative Motion)(Hafenbrack, Joshua) (Filed on 6/14/2024) (Entered: 06/14/2024) |
| 06/17/2024 | 885 | CLERK'S NOTICE: Scheduling Further Discovery Status Hearing: Further Discovery Status Hearing set for 7/19/2024 at 2:00 PM in San Francisco, –Zoom Video Conference Only before Magistrate Judge Thomas S. Hixson. On 7/18/2024, by COB, Counsel shall advise the Courtroom Deputy, Rose Maher of their appearances, by email. Email: Rose_Maher@cand.uscourts.gov *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 6/17/2024) (Entered: 06/17/2024) |
| 06/21/2024 | 886 | TRANSCRIPT ORDER for proceedings held on 06/17/2024 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Recorded Proceeding – San Francisco. (Lazarus, Eli) (Filed on 6/21/2024) (Entered: 06/21/2024) |
| 06/22/2024 | 887 | Transcript of Proceedings held on 06/17/24, before Judge Magistrate Judge Thomas S. Hixson. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 10:01 – 11:01. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 886 Transcript Order ) Redaction Request due 7/15/2024. Redacted Transcript Deadline set for 7/23/2024. Release of Transcript Restriction set for 9/20/2024. (Related documents(s) 886 ) (Jauregui, Tara) (Filed on 6/22/2024) (Entered: 06/22/2024) |
| 07/05/2024 | 888 | Letter from Joshua Hafenbrack *regarding Plaintiffs' two pending Administrative Motions*. (Hafenbrack, Joshua) (Filed on 7/5/2024) (Entered: 07/05/2024) |

**ER-973**

| 07/08/2024 | 889 | **Order Granting Plaintiffs' Administrative Motion for Referral to Judge Hixson by Judge Yvonne Gonzalez Rogers Granting 883 Administrative Motion. (eac, COURT STAFF) (Filed on 7/8/2024) (Entered: 07/08/2024)** |
|---|---|---|
| 07/09/2024 | 890 | **DISCOVERY ORDER: Plaintiffs' administrative motions for leave to file joint discovery letter briefs (ECF Nos. 870 and 883 ) are GRANTED. The joint discovery letter briefs shall be filed no later than July 23, 2024. Signed by Judge Thomas S. Hixson on 7/9/2024. (tshlc1, COURT STAFF) (Filed on 7/9/2024) (Entered: 07/09/2024)** |
| 07/11/2024 | 891 | **CASE MANAGEMENT AND PRETRIAL ORDER: Opening Reports due by 10/10/2024. Rebuttal Reports due by 2/7/2025. Expert Discovery Cutoff due by 3/24/2025. Dispositive/Daubert Motion Hearing set for 5/8/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Compliance Deadline set for 11/28/2025, at 09:01 AM in Oakland, Chambers. Joint Pretrial Conference Statement due by 12/5/2025. First Pretrial Conference set for 12/17/2025, at 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Second Pretrial Conference set for 1/9/2026, at 09:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Jury Trial set for 2/2/2026, at 08:00 AM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers.** <br><br> All compliance deadlines are decided on the papers and personal appearances are not necessary. If compliance is complete, the compliance deadline will be vacated. Failure to timely comply with the compliance deadline may result in sanctions or an additional conference being set. <br><br> **Signed by Judge Yvonne Gonzalez Rogers on 7/11/2024. (eac, COURT STAFF) (Filed on 7/11/2024) (Entered: 07/11/2024)** |
| 07/15/2024 | 892 | Administrative Motion to File Under Seal *Defendant Apple Inc.'s Administrative Motion to Seal Portions of the June 17, 2024 Hearing Transcript* filed by Apple Inc.. (Attachments: # 1 Declaration of Caeli Higney in Support of Motion to Seal Portion of the June 17, 2024 Hearing Transcript, # 2 Exhibit 1 – Filed Under Seal, # 3 Exhibit 2 – Redacted Exhibit 1, # 4 Proposed Order)(Higney, Caeli) (Filed on 7/15/2024) (Entered: 07/15/2024) |
| 07/15/2024 | 893 | CERTIFICATE OF SERVICE by Apple Inc. re 892 Administrative Motion to File Under Seal *Defendant Apple Inc.'s Administrative Motion to Seal Portions of the June 17, 2024 Hearing Transcript* (Higney, Caeli) (Filed on 7/15/2024) (Entered: 07/15/2024) |
| 07/17/2024 | 894 | ADMINISTRATIVE MOTION to Temporarily Seal July 19, 2024 Hearing filed by Apple Inc.. Responses due by 7/19/2024. (Attachments: # 1 Stipulation Regarding Defendant Apple Inc.'s Administrative Motion to Temporarily Seal July 19, 2024 Hearing, # 2 Proposed Order Granting Defendant Apple Inc.'s Administrative Motion to Temporarily Seal July 19, 2024 Hearing)(Higney, Caeli) (Filed on 7/17/2024) (Entered: 07/17/2024) |
| 07/19/2024 | 895 | **ORDER by Magistrate Judge Thomas S. Hixson granting 894 Administrative Motion to Seal July 19, 2024 hearing. (rmm2, COURT STAFF) (Filed on 7/19/2024) (Entered: 07/19/2024)** |
| 07/19/2024 | 896 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:** <br><br> **Discovery Hearing held on 7/19/2024 at 2:00 PM by Zoom Video Conference.** <br><br> **Digital Recording Time: 2:03–2:31 – Zoom Video Conference – Under Seal** <br><br> **Plaintiff(s) Attorney(s): Caeli Igney Argued matter. Kyle Wood/ Kelley Schiffman/Ashle Holman /Anna Link/Thomas Burt.** <br><br> **Defendant(s) Counsel(s): Thomas Burt Argued matter. David Grothouse./Eli Lazarus/Ramona Lin.** <br><br> **Proceedings: Discovery hearing held re ECF Docket No. 815. A further discovery hearing is scheduled for: 8/9/2024 at 10:00 AM, by Zoom Video Conference.** <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(rmm2, COURT STAFF) (Date Filed: 7/19/2024) Transcribed by Marla Knox. Modified on 8/6/2024 (jaf, COURT STAFF). (Entered: 07/19/2024)** |
| 07/19/2024 | | Set Deadlines/Hearings: <br><br> Further Discovery Hearing set for 8/9/2024 at 10:00 AM in San Francisco, – Video Conference Only before Magistrate Judge Thomas S. Hixson. |

| | | |
|---|---|---|
| | | (rmm2, COURT STAFF) (Filed on 7/19/2024) (Entered: 07/19/2024) |
| 07/19/2024 | 897 | **ORDER by Magistrate Judge Thomas S. Hixson granting 892 Administrative Motion to File Under Seal. (rmm2, COURT STAFF) (Filed on 7/19/2024) (Entered: 07/20/2024)** |
| 07/23/2024 | 898 | Joint Discovery Letter Brief *re RFP No. 56* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 7/23/2024) (Entered: 07/23/2024) |
| 07/23/2024 | 899 | Joint Discovery Letter Brief *re RFP Nos. 63−69* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 7/23/2024) (Entered: 07/23/2024) |
| 07/24/2024 | 900 | TRANSCRIPT ORDER for proceedings held on 07/19/24 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Recorded Proceeding − San Francisco. (Lazarus, Eli) (Filed on 7/24/2024) (Entered: 07/24/2024) |
| 07/26/2024 | 901 | TRANSCRIPT ORDER for proceedings held on 07/19/24 before Magistrate Judge Thomas S. Hixson by Robert Pepper, for Recorded Proceeding − San Francisco. (Byrd, Rachele) (Filed on 7/26/2024) (Entered: 07/26/2024) |
| 07/31/2024 | 902 | STIPULATION WITH PROPOSED ORDER *Regarding Parties' Access to July 19, 2024 Hearing Transcript* filed by Apple Inc.. (Higney, Caeli) (Filed on 7/31/2024) (Entered: 07/31/2024) |
| 08/01/2024 | 903 | CLERK'S NOTICE RE DISCOVERY HEARING PRESENTLY SCHEDULED FOR 8/9/2024 AT 10:00 AM:<br><br>Counsel, please note: The following ECF Docket Nos. 898 and 899 will also be addressed by the Court at the 8/9/2024 Zoom Discovery hearing at 10:00 AM.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 8/1/2024) (Entered: 08/01/2024) |
| 08/01/2024 | 904 | **ORDER by Magistrate Judge Thomas S. Hixson granting 902 Stipulation. (rmm2, COURT STAFF) (Filed on 8/1/2024) (Entered: 08/01/2024)** |
| 08/08/2024 | 905 | Declaration of Darryl Thompson in Support of 815 Discovery Letter Brief *Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc.* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 815 ) (Byrd, Rachele) (Filed on 8/8/2024) (Entered: 08/08/2024) |
| 08/08/2024 | 906 | Administrative Motion to File Under Seal *the Declaration of Darryl Thompson* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Declaration of Darryl Thompson, # 3 Proposed Order Granting Administrative Motion to Seal the Declaration of Darryl Thompson)(Byrd, Rachele) (Filed on 8/8/2024) (Entered: 08/08/2024) |
| 08/08/2024 | 907 | Joint ADMINISTRATIVE MOTION to Temporarily Seal August 9, 2024 Hearing filed by Apple Inc.. Responses due by 8/12/2024. (Attachments: # 1 Proposed Order)(Higney, Caeli) (Filed on 8/8/2024) (Entered: 08/08/2024) |
| 08/08/2024 | 908 | STIPULATION re 907 Joint ADMINISTRATIVE MOTION to Temporarily Seal August 9, 2024 Hearing filed by Apple Inc.. (Higney, Caeli) (Filed on 8/8/2024) (Entered: 08/08/2024) |
| 08/09/2024 | 909 | CERTIFICATE OF SERVICE by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz re 906 Administrative Motion to File Under Seal *the Declaration of Darryl Thompson* (Byrd, Rachele) (Filed on 8/9/2024) (Entered: 08/09/2024) |
| 08/09/2024 | 910 | **ORDER re 907 Joint ADMINISTRATIVE MOTION to Temporarily Seal August 9, 2024 Hearing filed by Apple Inc., 906 Administrative Motion to File Under Seal *the Declaration of Darryl Thompson* filed by Stephen H. Schwartz, Robert Pepper, Edward Lawrence, Edward W. Hayter. Signed by Judge Magistrate Judge Thomas S. Hixson on 8/9/2024. (rmm2, COURT STAFF) (Filed on 8/9/2024) (Entered: 08/09/2024)** |
| 08/09/2024 | 911 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Discovery Hearing re ECF Docket Nos. 898 and 899 held on 8/9/2024 at 10:00 a.m. by Zoom Webinar−Public hearing.**<br><br>**Digital Recording Time: Zoom: 10:20−11:10** |

**ER-975**

Plaintiff Attorney: Kyle M. Wood/Thomas Burt – rep. Consumer Plaintiffs.

Observing Counsel for Consumer Plaintiffs:
David Frederick
Kelley Schiffman
Ashle Holman
Anna Link

Defendant Attorney: Caeli Higney – rep. Apple.

Observing Counsel for Apple:
Ramona Lin
Victoria Granda
Meaghan Thomas–Kennedy (of Apple)

Proceedings:

Discovery Hearing held. Argument heard. Matter submitted. Court to issue Order.

*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Date Filed: 8/9/2024) (Entered: 08/09/2024)

| | | |
|---|---|---|
| 08/09/2024 | 913 | **\*SEALED\* Discovery Order re: 815 Discovery Letter Brief Regarding Plaintiffs' Request for Production No. 55 to Defendant Apple Inc., 898 Joint Discovery Letter Brief re RFP No. 56, 899 Joint Discovery Letter Brief re RFP Nos. 63–69. Signed by Judge Thomas S. Hixson on 8/9/2024.**<br><br>**The Court intends to file a public version of this order. Any party may file proposed redactions to this order within seven days. If nobody files proposed redactions within seven days, the Court will file the entirety of this order in the public record. (tshlc1, COURT STAFF) (Filed on 8/9/2024) (Entered: 08/09/2024)** |
| 08/11/2024 | 914 | Sealed Transcript of Digitally Recorded Videoconference Proceedings held on July 19, 2024, before Judge Thomas S. Hixson. Transcribed by Court Reporter, Marla F. Knox, RPR, CRR, RMR, Telephone number (602) 391–6990/email marla_knox@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 9/9/2024. (mfk, COURT STAFF) (Filed on 8/11/2024) (Entered: 08/11/2024) |
| 08/12/2024 | 915 | TRANSCRIPT ORDER for proceedings held on 8/9/2024 before Magistrate Judge Thomas S. Hixson by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz, for Recorded Proceeding – Oakland. (Wood, Kyle) (Filed on 8/12/2024) (Entered: 08/12/2024) |
| 08/12/2024 | 916 | TRANSCRIPT ORDER for proceedings held on 08/09/2024 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Recorded Proceeding – Oakland. (Lazarus, Eli) (Filed on 8/12/2024) (Entered: 08/12/2024) |
| 08/16/2024 | 917 | NOTICE of Intent to Request Redaction of Transcript by Kelley Schiffman (Schiffman, Kelley) (Filed on 8/16/2024) (Entered: 08/16/2024) |
| 08/16/2024 | 918 | Letter from Plaintiffs and Defendant *Joint Letter Regarding Confidentiality of August 9, 2024 Order*. (Byrd, Rachele) (Filed on 8/16/2024) (Entered: 08/16/2024) |
| 08/19/2024 | 919 | **PUBLIC VERSION OF DISCOVERY ORDER FILED UNDER SEAL AT ECF NO. 913 . Signed by Judge Thomas S. Hixson on 8/19/2024. (tshlc1, COURT STAFF) (Filed on 8/19/2024) (Entered: 08/19/2024)** |
| 08/29/2024 | 920 | Administrative Motion to File Under Seal *Portions of the July 19, 2024 Hearing Transcript* filed by Apple Inc.. (Attachments: # 1 Declaration of Caeli A. Higney, # 2 Stipulation Sealing Portions of the July 19, 2024 Hearing Transcript, # 3 Exhibit 1 (Unredacted), # 4 Exhibit 2 (Redacted), # 5 Proposed Order)(Higney, Caeli) (Filed on 8/29/2024) (Entered: 08/29/2024) |
| 08/29/2024 | 921 | CERTIFICATE OF SERVICE by Apple Inc. re 920 Administrative Motion to File Under Seal *Portions of the July 19, 2024 Hearing Transcript – Exhibit 1 (Unredacted)* (Higney, Caeli) (Filed on 8/29/2024) (Entered: 08/29/2024) |

**ER-976**

| 09/03/2024 | 922 | Joint Administrative Motion to File Under Seal *Portions of the August 9, 2024 Hearing Transcript* filed by Apple Inc.. (Attachments: # 1 Declaration of Caeli A. Higney, # 2 Exhibit 1 (Unredacted), # 3 Exhibit 2 (Redacted), # 4 Proposed Order)(Higney, Caeli) (Filed on 9/3/2024) (Entered: 09/03/2024) |
|---|---|---|
| 09/03/2024 | 923 | Declaration of Rachele R. Byrd in Support of 922 Joint Administrative Motion to File Under Seal *Portions of the August 9, 2024 Hearing Transcript* filed byEdward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Related document(s) 922 ) (Byrd, Rachele) (Filed on 9/3/2024) (Entered: 09/03/2024) |
| 09/03/2024 | 924 | CERTIFICATE OF SERVICE by Apple Inc. re 922 Joint Administrative Motion to File Under Seal *Portions of the August 9, 2024 Hearing Transcript – Exhibit 1 (Unredacted)* (Higney, Caeli) (Filed on 9/3/2024) (Entered: 09/03/2024) |
| 09/04/2024 | 925 | **ORDER by Magistrate Judge Thomas S. Hixson granting 920 Administrative Motion to File Under Seal. (rmm2, COURT STAFF) (Filed on 9/4/2024) (Entered: 09/04/2024)** |
| 09/04/2024 | 926 | **ORDER by Magistrate Judge Thomas S. Hixson granting 922 Administrative Motion to File Under Seal. (rmm2, COURT STAFF) (Filed on 9/4/2024) (Entered: 09/04/2024)** |
| 09/09/2024 | 927 | STIPULATION WITH PROPOSED ORDER re 381 Order on Stipulation, filed by Robert Pepper. (Byrd, Rachele) (Filed on 9/9/2024) (Entered: 09/09/2024) |
| 09/09/2024 | 928 | **ORDER by Magistrate Judge Thomas S. Hixson granting 927 Stipulation re supplemental Protective Order. (rmm2, COURT STAFF) (Filed on 9/9/2024) (Entered: 09/09/2024)** |
| 09/16/2024 | 929 | NOTICE of Change of Address by Cynthia Richman (Richman, Cynthia) (Filed on 9/16/2024) (Entered: 09/16/2024) |
| 10/01/2024 | 930 | NOTICE of Appearance filed by Patrick T. Hein on behalf of Sony Interactive Entertainment LLC (Hein, Patrick) (Filed on 10/1/2024) (Entered: 10/01/2024) |
| 10/01/2024 | 931 | NOTICE of Withdrawal filed by John F. Cove, Jr, no longer appearing on behalf of Sony Interactive Entertainment LLC in this case (Cove, John) (Filed on 10/1/2024) (Entered: 10/01/2024) |
| 10/03/2024 | 932 | STIPULATION WITH PROPOSED ORDER re 891 Case Management Scheduling Order,,,,, Set Deadlines/Hearings,,,, filed by Robert Pepper. (Attachments: # 1 Declaration of Rachele Byrd)(Byrd, Rachele) (Filed on 10/3/2024) (Entered: 10/03/2024) |
| 10/11/2024 | 933 | **Order by Judge Yvonne Gonzalez Rogers Granting 932 Stipulation Modifying Schedule with Qualification. Substantial Completion of Apple's Outstanding Document Production due by 11/15/2024. Deadline for Plaintiff's Claims Administrator to Provide Defendant with a List of Potential Class Members due by 12/12/2024. Deadline for Apple to Provide to Plaintiffs a List Matching Transaction IDs to the Payor IDs Associated with All Potential Class Members due by 1/17/2025. Opening Reports due by 2/21/2025. Rebuttal Reports due by 6/6/2025. Expert Discovery Cutoff due by 7/7/2025. Submission of Dispositive Motions/Daubert Motions/Motions to Decertify due by 8/4/2025. Opposition to Dispositive Motions/Daubert Motions/Motions to Decertify due by 9/4/2025. Replies to Opposition to Dispositive Motions/Daubert Motions/Motions to Decertify due by 9/25/2025. Hearing on Dispositive Motions/Daubert Motions/Motions to Decertify set for 10/7/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (eac, COURT STAFF) (Filed on 10/11/2024) (Entered: 10/11/2024)** |
| 11/15/2024 | 934 | NOTICE of Appearance filed by Stephanie Aviles on behalf of Robert Pepper (Aviles, Stephanie) (Filed on 11/15/2024) (Entered: 11/15/2024) |
| 11/25/2024 | 935 | NOTICE of Change of Address by Nathan M Buchter (Buchter, Nathan) (Filed on 11/25/2024) (Entered: 11/25/2024) |
| 12/10/2024 | 936 | NOTICE of Withdrawal filed by Joshua Hafenbrack, no longer appearing on behalf of Eric Terrell, Robert Pepper, Stephen H. Schwartz, Edward W. Hayter in this case (Hafenbrack, Joshua) (Filed on 12/10/2024) (Entered: 12/10/2024) |
| 12/31/2024 | 937 | NOTICE of Withdrawal filed by Emily C. Curran, no longer appearing on behalf of Facebook, Inc. in this case (Curran, Emily) (Filed on 12/31/2024) (Entered: 12/31/2024) |
| 02/07/2025 | 938 | STIPULATION WITH PROPOSED ORDER re 933 Order on Stipulation,,,, filed by Robert Pepper. (Byrd, Rachele) (Filed on 2/7/2025) (Entered: 02/07/2025) |
| 02/07/2025 | 939 | Declaration of Rachele R. Byrd in Support of 938 STIPULATION WITH PROPOSED ORDER re 933 Order on Stipulation,,,, filed byRobert Pepper. (Related document(s) 938 ) (Byrd, Rachele) (Filed on 2/7/2025) (Entered: 02/07/2025) |

**ER-977**

| 02/07/2025 | 940 | **Order by Judge Yvonne Gonzalez Rogers Granting 938 Stipulation Modifying Expert Disclosures Schedule. Opening Reports due by 3/7/2025. Rebuttal Reports due by 6/13/2025. (eac, COURT STAFF) (Filed on 2/7/2025) (Entered: 02/07/2025)** |
|---|---|---|
| 03/12/2025 | 941 | STIPULATION WITH PROPOSED ORDER *Regarding Communications with Absent Class Members* filed by Apple Inc.. (Richman, Cynthia) (Filed on 3/12/2025) (Entered: 03/12/2025) |
| 03/14/2025 | 942 | NOTICE of Withdrawal filed by Nicole Lauren Castle, no longer appearing on behalf of Apple Inc. in this case (Castle, Nicole) (Filed on 3/14/2025) (Entered: 03/14/2025) |
| 03/14/2025 | 943 | **Order by Judge Yvonne Gonzalez Rogers Terminating 941 Stipulation Regarding Communications with Absent Class Members. (eac, COURT STAFF) (Filed on 3/14/2025) (Entered: 03/14/2025)** |
| 03/25/2025 | 944 | NOTICE of Withdrawal filed by Veronica Smith Moye, no longer appearing on behalf of Apple Inc. in this case (Moye, Veronica) (Filed on 3/25/2025) (Entered: 03/25/2025) |
| 04/01/2025 | 945 | NOTICE of Withdrawal filed by David R. Eberhart, no longer appearing on behalf of Apple Inc. in this case (Eberhart, David) (Filed on 4/1/2025) (Entered: 04/01/2025) |
| 04/01/2025 | 946 | NOTICE of Withdrawal filed by Anna Tryon Pletcher, no longer appearing on behalf of Apple Inc. in this case (Pletcher, Anna) (Filed on 4/1/2025) (Entered: 04/01/2025) |
| 04/10/2025 | 947 | NOTICE of Withdrawal filed by Evan R Kreiner, no longer appearing on behalf of Apple Inc. in this case (Kreiner, Evan) (Filed on 4/10/2025) (Entered: 04/10/2025) |
| 04/14/2025 | 948 | STIPULATION WITH PROPOSED ORDER *Regarding Epic v. Apple, Case No. 4:20−cv−5640, Privilege Orders and Apple's Objections* filed by Apple Inc.. (Richman, Cynthia) (Filed on 4/14/2025) (Entered: 04/14/2025) |
| 04/14/2025 | 949 | **Order by Judge Yvonne Gonzalez Rogers Granting 948 Stipulation Regarding Epic v. Apple Case No. 4:20−cv−5640−YGR, Privilege Orders and Apple's Objections. (eac, COURT STAFF) (Filed on 4/14/2025) (Entered: 04/14/2025)** |
| 04/15/2025 | 950 | NOTICE of Withdrawal filed by Karen Hoffman Lent, no longer appearing on behalf of Apple Inc. in this case (Lent, Karen) (Filed on 4/15/2025) (Entered: 04/15/2025) |
| 04/15/2025 | 951 | MOTION Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. Motion Hearing set for 5/20/2025 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 4/29/2025. Replies due by 5/6/2025. (Attachments: # 1 Declaration of Rachele R. Byrd in Support of Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Declaration of Cameron R. Azari Regarding Notice Plan, # 12 Proposed Order)(Byrd, Rachele) (Filed on 4/15/2025) (Entered: 04/15/2025) |
| 04/15/2025 | 952 | Administrative Motion to File Under Seal *the Declaration of Darryl Thompson* filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Exhibit Ex. B (Thompson Decl.), # 3 Proposed Order, # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 4/15/2025) (Entered: 04/15/2025) |
| 04/15/2025 | 953 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Cameron R. Azari, # 2 Declaration of Rachele R. Byrd, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit F, # 7 Exhibit I, # 8 Plaintiffs' Notice of Motion and Motion to Modify Class Definition and Approve Notice to the Class, # 9 Proposed Order, # 10 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 4/15/2025) (Entered: 04/15/2025) |
| 04/18/2025 | 954 | NOTICE of Withdrawal filed by Elena Zarabozo, no longer appearing on behalf of Apple Inc. in this case (Zarabozo, Elena) (Filed on 4/18/2025) (Entered: 04/18/2025) |
| 04/22/2025 | 955 | Statement re 953 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 952 Administrative Motion to File Under Seal *the Declaration of Darryl Thompson* by Apple Inc.. (Higney, Caeli) (Filed on 4/22/2025) (Entered: 04/22/2025) |
| 04/29/2025 | 956 | OPPOSITION/RESPONSE (re 951 MOTION Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class ) filed byApple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of E. Lazarus (Redacted), # 3 Exhibit 1 (Redacted), # 4 Exhibit 2 (Redacted), # 5 Exhibit 3, # 6 Exhibit 4 (Redacted), # 7 Exhibit 5 (Redacted), # 8 Exhibit 7 (Redacted), # 9 Exhibit 8 (Redacted), # 10 Exhibit 9 (Redacted), # 11 Exhibit 10 (Redacted), # 12 Exhibit 11 (Redacted), # 13 Exhibit 12 (Redacted), # 14 Exhibit 13, # 15 |

**ER-978**

| | | |
|---|---|---|
| | | Exhibit 14 (Redacted), # 16 Exhibit 15, # 17 Exhibit 16 (Redacted), # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19 (Redacted), # 21 Exhibit 20 (Redacted), # 22 Declaration of J. Prince, Ph.D.)(Richman, Cynthia) (Filed on 4/29/2025) (Entered: 04/29/2025) |
| 04/29/2025 | 957 | Interim Administrative Motion to File Under Seal *and To Consider Whether Another Party's Material Should Be Sealed* filed by Apple Inc.. (Attachments: # 1 Brief in Opposition to Plaintiffs' Motion to Amend Class Definition (Sealed), # 2 Declaration of E. Lazarus (Sealed), # 3 Exhibit 1 (Sealed), # 4 Exhibit 2 (Sealed), # 5 Exhibit 4 (Sealed), # 6 Exhibit 5 (Sealed), # 7 Exhibit 7 (Sealed), # 8 Exhibit 8 (Sealed), # 9 Exhibit 9 (Sealed), # 10 Exhibit 10 (Sealed), # 11 Exhibit 11 (Sealed), # 12 Exhibit 12 (Sealed), # 13 Exhibit 14 (Sealed), # 14 Exhibit 16 (Sealed), # 15 Exhibit 19 (Sealed), # 16 Exhibit 20 (Sealed), # 17 Declaration of J. Prince, Ph.D. (Sealed))(Higney, Caeli) (Filed on 4/29/2025) (Entered: 04/29/2025) |
| 05/02/2025 | 958 | Joint Discovery Letter Brief *Regarding Defendant Apple Inc.'s Notices of Deposition Issued to Professors Daniel L. McFadden and Joseph E. Stiglitz* filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Byrd, Rachele) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/02/2025 | 959 | Administrative Motion to File Under Seal *Joint Discovery Letter Brief Regarding Defendant Apple Inc.'s Notices of Deposition Issued to Professors Daniel L. McFadden and Joseph E. Stiglitz* filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Joint Discovery Letter Brief, # 2 Exhibit C, # 3 Exhibit E, # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 5/2/2025) (Entered: 05/02/2025) |
| 05/05/2025 | 960 | **Discovery Order re: 958 Joint Discovery Letter Brief Regarding Defendant Apple Inc.'s Notices of Deposition Issued to Professors Daniel L. McFadden and Joseph E. Stiglitz. Signed by Judge Thomas S. Hixson on 5/5/2025. (tshlc1, COURT STAFF) (Filed on 5/5/2025) (Entered: 05/05/2025)** |
| 05/06/2025 | 961 | REPLY (re 951 MOTION Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Minjae Song, Ph.D. in Support of Plaintiffs Motion, # 2 Declaration Mark C. Rifkin in Further Support of Plaintiffs Motion, # 3 Exhibit A, # 4 Exhibit B)(Byrd, Rachele) (Filed on 5/6/2025) (Entered: 05/06/2025) |
| 05/06/2025 | 962 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Reply Memorandum in Further Support of Plaintiffs Motion, # 2 Declaration of Minjae Song, Ph.D. in Support of Plaintiffs Motion, # 3 Exhibit B to Mark C. Rifkin's Declaration, # 4 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 5/6/2025) (Entered: 05/06/2025) |
| 05/13/2025 | 963 | CLERK'S NOTICE RESETTING MOTION HEARING. You are hereby notified that hearing as to 951 Plaintiff's Motion to Modify Class Definition and Approve Notice to the Class is reset to 5/30/2025, at 2:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. (eac, COURT STAFF) (Filed on 5/13/2025) (Entered: 05/13/2025) |
| 05/13/2025 | 964 | NOTICE of Withdrawal filed by Abigail Heather Wald, no longer appearing on behalf of Playtika Ltd. in this case (Wald, Abigail) (Filed on 5/13/2025) (Entered: 05/13/2025) |
| 05/14/2025 | 965 | CLERK'S NOTICE: Setting Zoom Telephonic Discovery Hearing TODAY: <br><br> A Zoom Telephonic Discovery hearing is scheduled for: TODAY, 05/14/2025 at 3:00 PM in San Francisco Zoom Telephonic Only before Magistrate Judge Thomas S. Hixson. <br><br> By 3:00 PM, TODAY, 5/14/2025, counsel shall email the Courtroom Deputy, Rose Maher, letting her know their appearances for the 05/14/2025 Zoom telephonic Discovery Hearing before Magistrate Judge Thomas S. Hixson. <br><br> Courtroom Deputy Contact Email: Rose_Maher@cand.uscourts.gov <br><br> CLERK'S NOTICE: INFORMATION FOR TELEPHONE HEARING APPEARANCES: <br><br> Zoom Telephonic Only before Magistrate Judge Thomas S. Hixson: <br><br> Call in Number: 1–669–254–5252 <br><br> Follow Prompts: <br> 1. Call ID: 1601606125 |

**ER-979**

| | | |
|---|---|---|
| | | 2. Host ID/Participant ID Press the Pound Key: #<br>3. Access Participant Password Code: 477438.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (rmm2, COURT STAFF) (Filed on 5/14/2025) (Entered: 05/14/2025) |
| 05/14/2025 | 966 | **Minute Entry for proceedings held before Magistrate Judge Thomas S. Hixson:**<br><br>**Discovery Hearing held on 5/14/2025 at 3:00 PM by Zoom Telephone Conference.**<br><br>**Digital Recording Time: Zoom Telephone: 3:00 – 3:13.**<br><br>**Plaintiff(s) Attorney(s): Kyle M. Wood/Stephanie Aviles/Thomas Burt.**<br><br>**Defendant(s) Attorney(s): Harry R.S. Phillips/Caelia Higney.**<br><br>**Proceedings:**<br>**Discovery hearing held; argument heard; matter submitted. Court will not issue a written order. The Court's ruling is as stated on the record.**<br><br>**Counsel may request an audio or transcript of this hearing on ECF.**<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(rmm2, COURT STAFF) (Date Filed: 5/14/2025) Transcriber – Tara Jauregui, email: echoreporting@yahoo.com 5/15/2025 (bns, COURT STAFF). (Entered: 05/14/2025)** |
| 05/15/2025 | 967 | TRANSCRIPT ORDER for proceedings held on 5/14/2025 before Magistrate Judge Thomas S. Hixson by Apple Inc., for Recorded Proceeding – San Francisco. (Phillips, Harry) (Filed on 5/15/2025) (Entered: 05/15/2025) |
| 05/15/2025 | 968 | Transcript of Proceedings held on 05/14/25, before Judge THOMAS S. HIXSON. Court Reporter/Transcriber Echo Reporting, Inc., telephone number echoreporting@yahoo.com. Tape Number: 3:00 – 3:13. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 967 Transcript Order ) Redaction Request due 6/5/2025. Redacted Transcript Deadline set for 6/16/2025. Release of Transcript Restriction set for 8/13/2025. (Related documents(s) 967 ) (Jauregui, Tara) (Filed on 5/15/2025) (Entered: 05/15/2025) |
| 05/16/2025 | 969 | Administrative Motion to File Under Seal *Defendant Apple Inc.'s Omnibus Sealing Motion re Joint Discovery Letter Brief Regarding Defendant Apple Inc.'s Notices of Deposition to Professors Daniel L. McFadden and Joseph E. Stiglitz* filed by Apple Inc.. (Attachments: # 1 Decl. of C. Higney, # 2 Proposed Order, # 3 Ex. 1 [Unredacted], # 4 Ex. 2 [Unredacted])(Higney, Caeli) (Filed on 5/16/2025) (Entered: 05/16/2025) |
| 05/20/2025 | 970 | Joint Administrative Motion to File Under Seal *(Joint Omnibus Sealing Motion re: Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class)* filed by Apple Inc.. (Attachments: # 1 Declaration of C. Higney, # 2 Declaration of R. Byrd, # 3 Proposed Order, # 4 Higney Ex. 1 [Unredacted], # 5 Higney Ex. 2 [Unredacted], # 6 Higney Ex. 3 [Unredacted], # 7 Higney Ex. 4 [Unredacted], # 8 Higney Ex. 5 [Unredacted], # 9 Higney Ex. 6 [Unredacted], # 10 Higney Ex. 7 [Unredacted], # 11 Higney Ex. 8 [Unredacted], # 12 Higney Ex. 9 [Unredacted], # 13 Higney Ex. 10 [Unredacted], # 14 Higney Ex. 11 [Unredacted], # 15 Higney Ex. 12 [Unredacted], # 16 Higney Ex. 13 [Unredacted], # 17 Higney Ex. 14 [Unredacted], # 18 Byrd Ex. 1 [Unredacted])(Higney, Caeli) (Filed on 5/20/2025) (Entered: 05/20/2025) |
| 05/21/2025 | 971 | CERTIFICATE OF SERVICE by Apple Inc. re 970 Joint Administrative Motion to File Under Seal *(Joint Omnibus Sealing Motion re: Plaintiffs' Motion to Modify Class Definition and Approve Notice to the Class)* (Higney, Caeli) (Filed on 5/21/2025) (Entered: 05/21/2025) |
| 05/28/2025 | 972 | **ORDER RE: 959 Administrative Motion to File Under Seal, 969 Administrative Motion to File Under Seal. Signed by Judge Thomas S. Hixson on 5/28/2025. (tshlc1, COURT STAFF) (Filed on 5/28/2025) (Entered: 05/28/2025)** |
| 05/29/2025 | 973 | CLERK'S NOTICE. You are hereby notified that Motion Hearing set for 5/30/2025, at 2:00 PM will be accessible via Zoom Webinar (audio only). (This is a text−only entry generated by the court. There is no document associated with this entry.). |

| | | |
|---|---|---|
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/ygr<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>(eac, COURT STAFF) (Filed on 5/29/2025) (Entered: 05/29/2025) |
| 05/30/2025 | 974 | STIPULATION WITH PROPOSED ORDER *MODIFYING EXPERT DISCOVERY SCHEDULE IN PART* filed by Apple Inc.. (Higney, Caeli) (Filed on 5/30/2025) (Entered: 05/30/2025) |
| 05/30/2025 | 975 | Declaration of Eli M. Lazarus in Support of 974 STIPULATION WITH PROPOSED ORDER *MODIFYING EXPERT DISCOVERY SCHEDULE IN PART* filed byApple Inc.. (Related document(s) 974 ) (Lazarus, Eli) (Filed on 5/30/2025) (Entered: 05/30/2025) |
| 05/30/2025 | 976 | NOTICE by Apple Inc. re 972 Order, Terminate Motions *Notice of Lodging of Documents Pursuant to Order (Dkt. 972) re Motion to File Under Seal* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Higney, Caeli) (Filed on 5/30/2025) (Entered: 05/30/2025) |
| 05/30/2025 | 979 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held on 5/30/2025. Total Time in Court: 48 minutes. Court Reporter: Lee–Anne Shortridge. (eac, COURT STAFF) (Date Filed: 5/30/2025) (Entered: 06/04/2025)** |
| 06/02/2025 | 977 | TRANSCRIPT ORDER for proceedings held on 5/30/2025 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter Lee–Anne Shortridge. (Lazarus, Eli) (Filed on 6/2/2025) (Entered: 06/02/2025) |
| 06/02/2025 | 978 | TRANSCRIPT ORDER for proceedings held on 05/30/2025 before Judge Yvonne Gonzalez Rogers by Robert Pepper, for Court Reporter Lee–Anne Shortridge. (Byrd, Rachele) (Filed on 6/2/2025) (Entered: 06/02/2025) |
| 06/05/2025 | 980 | Transcript of Proceedings held on 5–30–25, before Judge Yvonne Gonzalez Rogers. Court Reporter Lee–Anne Shortridge, email: lee–anne_shortridge@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 977 Transcript Order ) Release of Transcript Restriction set for 9/3/2025. (Related documents(s) 977 ) (las, COURT STAFF) (Filed on 6/5/2025) (Entered: 06/05/2025) |
| 06/11/2025 | 981 | **ORDER GRANTING IN PART MOTION TO MODIFY CLASS by Judge Yvonne Gonzalez Rogers Granting in Part 951 Motion; Granting 974 Stipulation. (eac, COURT STAFF) (Filed on 6/11/2025) (Entered: 06/11/2025)** |
| 06/16/2025 | 982 | STIPULATION WITH PROPOSED ORDER *MODIFYING EXPERT DISCOVERY SCHEDULE IN PART* filed by Apple Inc.. (Higney, Caeli) (Filed on 6/16/2025) (Entered: 06/16/2025) |
| 06/16/2025 | 983 | Declaration of Caeli A. Higney in Support of 982 STIPULATION WITH PROPOSED ORDER *MODIFYING EXPERT DISCOVERY SCHEDULE IN PART* filed byApple Inc.. (Related document(s) 982 ) (Higney, Caeli) (Filed on 6/16/2025) (Entered: 06/16/2025) |
| 07/09/2025 | 984 | Letter from Cynthia E. Richman *(Apple Inc.'s Pre–Filing Letter regarding Anticipated Motion for Summary Judgment)*. (Richman, Cynthia) (Filed on 7/9/2025) (Entered: 07/09/2025) |
| 07/09/2025 | 985 | Letter from Cynthia E. Richman *(Apple Inc.'s Pre–Filing Letter regarding Anticipated Daubert Motions)*. (Richman, Cynthia) (Filed on 7/9/2025) (Entered: 07/09/2025) |
| 07/09/2025 | 986 | Interim Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Apple Inc.'s Pre–Filing Letter regarding Anticipated Motion for Summary Judgment (Sealed), # 2 Apple Inc.'s Pre–Filing Letter regarding Anticipated Daubert Motions (Sealed))(Richman, Cynthia) (Filed on 7/9/2025) (Entered: 07/09/2025) |
| 07/11/2025 | 987 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 [UNDER SEAL] Letter Re Leave to File Daubert Motions, # 2 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 7/11/2025) (Entered: 07/11/2025) |

| 07/11/2025 | 988 | Letter from Mark C. Rifkin *Re Leave to File Daubert Motions*. (Byrd, Rachele) (Filed on 7/11/2025) (Entered: 07/11/2025) |
|---|---|---|
| 07/14/2025 | 989 | Letter from Mark C. Rifkin *Re Plaintiffs' Response to Apple's Request for Leave to File MSJ*. (Byrd, Rachele) (Filed on 7/14/2025) (Entered: 07/14/2025) |
| 07/14/2025 | 990 | Letter from Mark C. Rifkin *Re Plaintiffs' Response to Apple's Request for Leave to File Daubert Motions*. (Byrd, Rachele) (Filed on 7/14/2025) (Entered: 07/14/2025) |
| 07/14/2025 | 991 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Plaintiffs' Response to Apple's Request for Leave to File MSJ [UNDER SEAL], # 2 Plaintiffs' Response to Apple's Request for Leave to File Daubert Motions [UNDER SEAL], # 3 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 7/14/2025) (Entered: 07/14/2025) |
| 07/15/2025 | 992 | **Order Granting 982 Stipulation re Expert Discovery Cutoff. Entered by Judge Yvonne Gonzalez Rogers.** *(This is a text−only entry generated by the court. There is no document associated with this entry.)* **(Entered: 07/15/2025)** |
| 07/15/2025 | 993 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−20892561.) Filing fee previously paid on 7/15/2025 filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Webster, James) (Filed on 7/15/2025) (Entered: 07/15/2025) |
| 07/15/2025 | 994 | **ORDER AUTHORIZING FILING OF MOTIONS AND RELIEVING PARTIES FROM SUMMARY JUDGMENT PRE−FILING CONFERENCE REQUIREMENT. Justification for Sealing due by 7/17/2025. If no Justification is filed, full documents will be filed by 7/21/2025. Signed by Judge Yvonne Gonzalez Rogers on 7/15/2025. (eac, COURT STAFF) (Filed on 7/15/2025) (Entered: 07/15/2025)** |
| 07/15/2025 | 995 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 993 Motion for Pro Hac Vice (James M. Webster, III). (eac, COURT STAFF) (Filed on 7/15/2025) (Entered: 07/15/2025)** |
| 07/16/2025 | 996 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−20899348.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Guttman, Anthony) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/16/2025 | 997 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 996 Motion for Pro Hac Vice (Anthony R. Guttman). (eac, COURT STAFF) (Filed on 7/16/2025) (Entered: 07/16/2025)** |
| 07/17/2025 | 998 | Administrative Motion to File Under Seal *regarding Pre−Filing Letters* filed by Apple Inc.. (Attachments: # 1 Declaration of C. Higney, # 2 Proposed Order, # 3 Proposed Redactions to Plaintiffs' Response to Apple's Request for Leave to File Daubert Motions (Sealed), # 4 Redacted Plaintiffs' Response to Apple's Request for Leave to File Daubert Motions)(Higney, Caeli) (Filed on 7/17/2025) (Entered: 07/17/2025) |
| 07/28/2025 | 999 | MOTION to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D. filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. Motion Hearing set for 10/7/2025 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 8/11/2025. Replies due by 8/18/2025. (Attachments: # 1 Declaration of Rachele R. Byrd in Support of Plaintiffs Motion to Preclude Expert Opinions, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Proposed Order)(Byrd, Rachele) (Filed on 7/28/2025) Modified text on 7/29/2025 (dhm, COURT STAFF). (Entered: 07/29/2025) |
| 07/28/2025 | 1000 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Plaintiffs Notice of Motion and Motion to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D.; Memorandum of Points and Authorities, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit P, # 16 Exhibit Q, # 17 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 7/28/2025) (Entered: 07/29/2025) |
| 08/04/2025 | 1001 | MOTION to Strike */ Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Pro. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof* filed by Apple Inc.. Motion Hearing set for 10/14/2025 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez |

| | | |
|---|---|---|
| | | Rogers. Responses due by 9/2/2025. Replies due by 9/23/2025. (Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1002 | Interim Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Apple Inc.'s Notice of Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof (Sealed), # 2 Proposed Order Granting Apple Inc.'s Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack (Sealed))(Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1003 | Interim Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Declaration of C. Richman in Support of Apple's Motion for Summary Judgment, Motion to Decertify the Class, and Daubert Motion (Sealed), # 2 Exhibit 1 (Sealed), # 3 Exhibit 2 (Sealed), # 4 Exhibit 3 (Sealed), # 5 Exhibit 4 (Sealed), # 6 Exhibit 5 (Sealed), # 7 Exhibit 6 (Sealed), # 8 Exhibit 7 (Sealed), # 9 Exhibit 8 (Sealed), # 10 Exhibit 9 (Sealed), # 11 Exhibit 10 (Sealed), # 12 Exhibit 11 (Sealed), # 13 Exhibit 12 (Sealed), # 14 Exhibit 13 (Sealed), # 15 Exhibit 14 (Sealed), # 16 Exhibit 15 (Sealed), # 17 Exhibit 16 (Sealed), # 18 Exhibit 17 (Sealed), # 19 Exhibit 18 (Sealed), # 20 Exhibit 19 (Sealed), # 21 Exhibit 20 (Sealed), # 22 Exhibit 21 (Sealed), # 23 Exhibit 22 (Sealed), # 24 Exhibit 23 (Sealed), # 25 Exhibit 24 (Sealed), # 26 Exhibit 25 (Sealed), # 27 Exhibit 26 (Sealed), # 28 Exhibit 27 (Sealed), # 29 Exhibit 28 (Sealed), # 30 Exhibit 29 (Sealed), # 31 Exhibit 30 (Sealed), # 32 Exhibit 31 (Sealed), # 33 Exhibit 32 (Sealed), # 34 Exhibit 33 (Sealed), # 35 Exhibit 34 (Sealed), # 36 Exhibit 35 (Sealed), # 37 Exhibit 36 (Sealed), # 38 Exhibit 37 (Sealed), # 39 Exhibit 38 (Sealed), # 40 Exhibit 39 (Sealed), # 41 Exhibit 40 (Sealed), # 42 Exhibit 41 (Sealed), # 43 Exhibit 42 (Sealed), # 44 Exhibit 43 (Sealed), # 45 Exhibit 44 (Sealed), # 46 Exhibit 45 (Sealed), # 47 Exhibit 46 (Sealed), # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55 (Sealed), # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63, # 65 Exhibit 64, # 66 Exhibit 65 (Sealed), # 67 Exhibit 66, # 68 Exhibit 67, # 69 Exhibit 68, # 70 Exhibit 69, # 71 Exhibit 70, # 72 Exhibit 71, # 73 Exhibit 72, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76 (Sealed), # 78 Exhibit 77 (Sealed), # 79 Exhibit 78 (Sealed), # 80 Exhibit 79, # 81 Exhibit 80, # 82 Exhibit 81, # 83 Exhibit 82 (Sealed), # 84 Exhibit 83 (Sealed), # 85 Exhibit 84, # 86 Exhibit 85, # 87 Exhibit 86 (Sealed), # 88 Exhibit 87, # 89 Exhibit 88, # 90 Exhibit 89, # 91 Exhibit 90, # 92 Exhibit 91, # 93 Exhibit 92 (Sealed), # 94 Exhibit 93, # 95 Exhibit 94, # 96 Exhibit 95, # 97 Exhibit 96 (Sealed), # 98 Exhibit 97, # 99 Exhibit 98 (Sealed), # 100 Exhibit 99, # 101 Exhibit 100 (Sealed), # 102 Exhibit 101, # 103 Exhibit 102 (Sealed), # 104 Exhibit 103, # 105 Exhibit 104 (Sealed), # 106 Exhibit 105, # 107 Exhibit 106 (Sealed), # 108 Exhibit 107 (Sealed), # 109 Exhibit 108)(Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1004 | MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support Thereof* filed by Apple Inc.. Motion for Summary Judgment Hearing set for 10/14/2025 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 9/2/2025. Replies due by 9/23/2025. (Attachments: # 1 Supporting Separate Statement of Undisputed Facts, # 2 Proposed Order)(Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1005 | MOTION to Decertify the Class filed by Apple Inc.. Motion Hearing set for 10/14/2025 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. Responses due by 9/2/2025. Replies due by 9/23/2025. (Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1006 | Interim Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *regarding Apple Inc.'s Motion to Decertify the Class* filed by Apple Inc.. (Attachments: # 1 Motion to Decertify the Class (Sealed), # 2 Proposed Order Granting Apple Inc.'s Motion to Decertify the Class)(Richman, Cynthia) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/04/2025 | 1007 | CERTIFICATE OF SERVICE by Apple Inc. re 1003 Interim Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 1002 Interim Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 1001 MOTION to Strike */ Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Pro. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof*, 1004 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support Thereof*, 1006 Interim Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *regarding Apple Inc.'s Motion to Decertify the Class*, 1005 MOTION to Decertify the Class (Lazarus, Eli) (Filed on 8/4/2025) (Entered: 08/04/2025) |
| 08/08/2025 | 1008 | ADMINISTRATIVE MOTION to Continue Trial Date filed by Apple Inc.. Responses due by 8/12/2025. (Attachments: # 1 Declaration of Eli M. Lazarus, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Proposed Order)(Richman, Cynthia) (Filed on 8/8/2025) (Entered: 08/08/2025) |

**ER-983**

| 08/12/2025 | 1009 | OPPOSITION/RESPONSE (re 1008 ADMINISTRATIVE MOTION to Continue Trial Date ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Proposed Order Denying Defendant Apple, Inc.'s Motion to Continue Trial)(Byrd, Rachele) (Filed on 8/12/2025) (Entered: 08/12/2025) |
|---|---|---|
| 08/14/2025 | 1010 | **Order by Judge Yvonne Gonzalez Rogers Denying 1008 Administrative Motion. (eac, COURT STAFF) (Filed on 8/14/2025) (Entered: 08/15/2025)** |
| 08/15/2025 | 1011 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–21015493.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Hansen, Mark) (Filed on 8/15/2025) (Entered: 08/15/2025) |
| 08/15/2025 | 1012 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–21015806.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Parkinson, Alex) (Filed on 8/15/2025) (Entered: 08/15/2025) |
| 08/15/2025 | 1013 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–21016137.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Smith, Lillian) (Filed on 8/15/2025) (Entered: 08/15/2025) |
| 08/15/2025 | 1014 | STIPULATION WITH PROPOSED ORDER *Approving Notice Plan* filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Byrd, Rachele) (Filed on 8/15/2025) (Entered: 08/15/2025) |
| 08/18/2025 | 1015 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1011 Motion for Pro Hac Vice (Mark Hansen). (eac, COURT STAFF) (Filed on 8/18/2025) (Entered: 08/18/2025)** |
| 08/18/2025 | 1016 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1012 Motion for Pro Hac Vice (Alex Parkinson). (eac, COURT STAFF) (Filed on 8/18/2025) (Entered: 08/18/2025)** |
| 08/18/2025 | 1017 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1013 Motion for Pro Hac Vice (Lillian Smith). (eac, COURT STAFF) (Filed on 8/18/2025) (Entered: 08/18/2025)** |
| 08/20/2025 | 1018 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–21030843.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Treiger, Alex) (Filed on 8/20/2025) (Entered: 08/20/2025) |
| 08/20/2025 | 1019 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC–21030913.) filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Schechinger, Caroline) (Filed on 8/20/2025) (Entered: 08/20/2025) |
| 08/21/2025 | 1020 | **ORDER APPROVING NOTICE PLAN AS MODIFIED by Judge Yvonne Gonzalez Rogers Granting 1014 Stipulation. (eac, COURT STAFF) (Filed on 8/21/2025) (Entered: 08/22/2025)** |
| 08/25/2025 | 1021 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1018 Motion for Pro Hac Vice (Alex Treiger). (eac, COURT STAFF) (Filed on 8/25/2025) (Entered: 08/25/2025)** |
| 08/25/2025 | 1022 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1019 Motion for Pro Hac Vice (Caroline A. Schechinger). (eac, COURT STAFF) (Filed on 8/25/2025) (Entered: 08/25/2025)** |
| 08/26/2025 | 1023 | OPPOSITION/RESPONSE (re 999 MOTION to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D. ) filed byApple Inc.. (Attachments: # 1 Proposed Order)(Richman, Cynthia) (Filed on 8/26/2025) (Entered: 08/26/2025) |
| 08/26/2025 | 1024 | Interim Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Declaration of Arun Sundararajan, Ph.D., # 2 Declaration of Cynthia E. Richman in Support of Apple's Opposition to Plaintiffs Motion to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D., # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4 (Sealed), # 7 Exhibit 5 (Sealed), # 8 Exhibit 6 (Sealed), # 9 Exhibit 7 (Sealed), # 10 Exhibit 8 (Sealed), # 11 Exhibit 9 (Sealed), # 12 Exhibit 10 (Sealed), # 13 Exhibit 11 (Sealed), # 14 Exhibit 12 (Sealed), # 15 Exhibit 13 (Sealed), # 16 Exhibit 14 (Sealed), # 17 Exhibit 15 (Sealed), # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20 (Sealed), # 23 Exhibit 21, # 24 Exhibit 22 (Sealed), # 25 Exhibit 23 (Sealed), # 26 Exhibit 24, # 27 Exhibit 25 (Sealed), # 28 Exhibit 26, # 29 Exhibit 27, # 30 |

| | | |
|---|---|---|
| | | Exhibit 28 (Sealed), # 31 Exhibit 29 (Sealed))(Richman, Cynthia) (Filed on 8/26/2025) (Entered: 08/26/2025) |
| 08/26/2025 | 1025 | CERTIFICATE OF SERVICE by Apple Inc. re 1024 Interim Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Phillips, Harry) (Filed on 8/26/2025) (Entered: 08/26/2025) |
| 08/29/2025 | 1026 | RESPONSE re 1020 Order on Stipulation by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Byrd, Rachele) (Filed on 8/29/2025) (Entered: 08/29/2025) |
| 09/02/2025 | 1027 | OPPOSITION/RESPONSE (re 1004 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support Thereof* ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Minjae Song, Ph.D. in Support of Plaintiffs Opposition to Defendant Apple Inc.s Motion for Summary Judgment, # 2 Responsive Separate Statement with Additional Material, # 3 Proposed Order Denying Defendant Apple Inc.s Motion for Summary Judgment Facts)(Byrd, Rachele) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/02/2025 | 1028 | OPPOSITION/RESPONSE (re 1005 MOTION to Decertify the Class ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Proposed Order Denying Defendant Apple Inc.s Motion to Decertify the Class)(Byrd, Rachele) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/02/2025 | 1029 | OPPOSITION/RESPONSE (re 1001 MOTION to Strike */ Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Pro. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof* ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Darryl Thompson in Support of Plaintiffs Opposition to Defendant Apple Inc.s Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack, # 2 Proposed Order Denying Defendant Apple Inc.s Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack)(Byrd, Rachele) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/02/2025 | 1030 | Declaration of Rachele R. Byrd in Support of 1027 Opposition/Response to Motion,, 1029 Opposition/Response to Motion,, 1028 Opposition/Response to Motion, filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit 001 (FILED ENTIRELY UNDER SEAL), # 2 Exhibit 002 (FILED ENTIRELY UNDER SEAL), # 3 Exhibit 003 (FILED ENTIRELY UNDER SEAL), # 4 Exhibit 004 (FILED ENTIRELY UNDER SEAL), # 5 Exhibit 005 (FILED ENTIRELY UNDER SEAL), # 6 Exhibit 006 (FILED ENTIRELY UNDER SEAL), # 7 Exhibit 007 (FILED ENTIRELY UNDER SEAL), # 8 Exhibit 008 (FILED ENTIRELY UNDER SEAL), # 9 Exhibit 009 (FILED ENTIRELY UNDER SEAL), # 10 Exhibit 010 (FILED ENTIRELY UNDER SEAL), # 11 Exhibit 011 (FILED ENTIRELY UNDER SEAL), # 12 Exhibit 012 (FILED ENTIRELY UNDER SEAL), # 13 Exhibit 013 (FILED ENTIRELY UNDER SEAL), # 14 Exhibit 014 (FILED ENTIRELY UNDER SEAL), # 15 Exhibit 015 (FILED ENTIRELY UNDER SEAL), # 16 Exhibit 016 (FILED ENTIRELY UNDER SEAL), # 17 Exhibit 017 (FILED ENTIRELY UNDER SEAL), # 18 Exhibit 018 (FILED ENTIRELY UNDER SEAL), # 19 Exhibit 019 (FILED ENTIRELY UNDER SEAL), # 20 Exhibit 020 (FILED ENTIRELY UNDER SEAL), # 21 Exhibit 021 (FILED ENTIRELY UNDER SEAL), # 22 Exhibit 022 (FILED ENTIRELY UNDER SEAL), # 23 Exhibit 023 (FILED ENTIRELY UNDER SEAL), # 24 Exhibit 024 (FILED ENTIRELY UNDER SEAL), # 25 Exhibit 025 (FILED ENTIRELY UNDER SEAL), # 26 Exhibit 026 (FILED ENTIRELY UNDER SEAL), # 27 Exhibit 027 (FILED ENTIRELY UNDER SEAL), # 28 Exhibit 028 (FILED ENTIRELY UNDER SEAL), # 29 Exhibit 029 (FILED ENTIRELY UNDER SEAL), # 30 Exhibit 030 (FILED ENTIRELY UNDER SEAL), # 31 Exhibit 031 (FILED ENTIRELY UNDER SEAL), # 32 Exhibit 032 (FILED ENTIRELY UNDER SEAL), # 33 Exhibit 033 (FILED ENTIRELY UNDER SEAL), # 34 Exhibit 034 (FILED ENTIRELY UNDER SEAL), # 35 Exhibit 035 (FILED ENTIRELY UNDER SEAL), # 36 Exhibit 036 (FILED ENTIRELY UNDER SEAL), # 37 Exhibit 037 (FILED ENTIRELY UNDER SEAL), # 38 Exhibit 038 (FILED ENTIRELY UNDER SEAL), # 39 Exhibit 039 (FILED ENTIRELY UNDER SEAL), # 40 Exhibit 040 (FILED ENTIRELY UNDER SEAL), # 41 Exhibit 041 (FILED ENTIRELY UNDER SEAL), # 42 Exhibit 042 (FILED ENTIRELY UNDER SEAL), # 43 Exhibit 043 (FILED ENTIRELY UNDER SEAL), # 44 Exhibit 044 (FILED ENTIRELY UNDER SEAL), # 45 Exhibit 045 (FILED ENTIRELY UNDER SEAL), # 46 Exhibit 046 (FILED ENTIRELY UNDER SEAL), # 47 Exhibit 047 (FILED ENTIRELY UNDER SEAL), # 48 Exhibit 048 (FILED ENTIRELY UNDER SEAL), # 49 Exhibit 049 (FILED ENTIRELY UNDER SEAL), # 50 Exhibit 050 (FILED ENTIRELY UNDER SEAL), # 51 Exhibit 051 (FILED ENTIRELY UNDER SEAL), # 52 Exhibit 052 (FILED ENTIRELY UNDER SEAL), # 53 Exhibit 053 (FILED ENTIRELY UNDER SEAL), # 54 Exhibit 054 (FILED ENTIRELY UNDER SEAL), # 55 Exhibit 055, # 56 Exhibit 056, # 57 Exhibit 057 (FILED ENTIRELY UNDER SEAL), # 58 Exhibit 058 (FILED ENTIRELY UNDER SEAL), # 59 Exhibit 059 (FILED ENTIRELY UNDER SEAL), # 60 Exhibit 060 (FILED ENTIRELY UNDER |

**ER-985**

| | | |
|---|---|---|
| | | SEAL), # 61 Exhibit 061 (FILED ENTIRELY UNDER SEAL), # 62 Exhibit 62, # 63 Exhibit 063 (FILED ENTIRELY UNDER SEAL), # 64 Exhibit 064 (FILED ENTIRELY UNDER SEAL), # 65 Exhibit 065 (FILED ENTIRELY UNDER SEAL), # 66 Exhibit 066 (FILED ENTIRELY UNDER SEAL), # 67 Exhibit 067 (FILED ENTIRELY UNDER SEAL), # 68 Exhibit 068 (FILED ENTIRELY UNDER SEAL), # 69 Exhibit 069 (FILED ENTIRELY UNDER SEAL), # 70 Exhibit 070 (FILED ENTIRELY UNDER SEAL), # 71 Exhibit 071 (FILED ENTIRELY UNDER SEAL), # 72 Exhibit 072 (FILED ENTIRELY UNDER SEAL), # 73 Exhibit 073 (FILED ENTIRELY UNDER SEAL), # 74 Exhibit 074 (FILED ENTIRELY UNDER SEAL), # 75 Exhibit 075 (FILED ENTIRELY UNDER SEAL), # 76 Exhibit 076 (FILED ENTIRELY UNDER SEAL), # 77 Exhibit 077 (FILED ENTIRELY UNDER SEAL), # 78 Exhibit 078 (FILED ENTIRELY UNDER SEAL), # 79 Exhibit 079 (FILED ENTIRELY UNDER SEAL), # 80 Exhibit 080 (FILED ENTIRELY UNDER SEAL), # 81 Exhibit 081 (FILED ENTIRELY UNDER SEAL), # 82 Exhibit 082 (FILED ENTIRELY UNDER SEAL), # 83 Exhibit 083 (FILED ENTIRELY UNDER SEAL), # 84 Exhibit 084 (FILED ENTIRELY UNDER SEAL), # 85 Exhibit 085 (FILED ENTIRELY UNDER SEAL), # 86 Exhibit 086 (FILED ENTIRELY UNDER SEAL), # 87 Exhibit 087 (FILED ENTIRELY UNDER SEAL), # 88 Exhibit 088 (FILED ENTIRELY UNDER SEAL), # 89 Exhibit 089 (FILED ENTIRELY UNDER SEAL), # 90 Exhibit 090 (FILED ENTIRELY UNDER SEAL), # 91 Exhibit 091 (FILED ENTIRELY UNDER SEAL), # 92 Exhibit 092 (FILED ENTIRELY UNDER SEAL), # 93 Exhibit 093 (FILED ENTIRELY UNDER SEAL), # 94 Exhibit 094, # 95 Exhibit 095 (FILED ENTIRELY UNDER SEAL), # 96 Exhibit 096 (FILED ENTIRELY UNDER SEAL), # 97 Exhibit 097 (FILED ENTIRELY UNDER SEAL), # 98 Exhibit 098 (FILED ENTIRELY UNDER SEAL), # 99 Exhibit 099 (FILED ENTIRELY UNDER SEAL), # 100 Exhibit 100 (FILED ENTIRELY UNDER SEAL))(Related document(s) 1027 , 1029 , 1028 ) (Byrd, Rachele) (Filed on 9/2/2025) (Entered: 09/02/2025) |
| 09/03/2025 | 1031 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Plaintiffs Opposition to Defendant Apple Inc.s Motion for Summary Judgment [UNREDACTED], # 2 Declaration of Minjae Song, Ph.D. in Support of Plaintiffs Opposition to Defendant Apple Inc.s Motion for Summary Judgment [UNREDACTED], # 3 Responsive Seperate Statement of Undisputed Facts [UNREDACTED], # 4 Plaintiffs Opposition to Defendant Apple Inc.s Motion to Decertify the Class 5 – Opp to Mtn to Decertify the Class [UNREDACTED], # 5 Plaintiffs Opposition to Defendant Apple Inc.s Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack [UNREDACTED], # 6 Declaration of Darryl Thompson in Support of Plaintiffs Opposition to Defendant Apple Inc.s Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack [UNREDACTED], # 7 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 9/3/2025) (Entered: 09/03/2025) |
| 09/03/2025 | 1032 | EXHIBITS re 1031 Administrative Motion to File Under Seal filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit 001, # 2 Exhibit 002, # 3 Exhibit 003, # 4 Exhibit 004, # 5 Exhibit 005, # 6 Exhibit 006, # 7 Exhibit 007, # 8 Exhibit 008, # 9 Exhibit 009, # 10 Exhibit 010, # 11 Exhibit 011, # 12 Exhibit 012, # 13 Exhibit 013, # 14 Exhibit 014, # 15 Exhibit 015, # 16 Exhibit 016, # 17 Exhibit 017, # 18 Exhibit 018, # 19 Exhibit 019, # 20 Exhibit 020, # 21 Exhibit 021, # 22 Exhibit 022, # 23 Exhibit 023, # 24 Exhibit 024, # 25 Exhibit 025, # 26 Exhibit 026, # 27 Exhibit 027, # 28 Exhibit 028, # 29 Exhibit 029, # 30 Exhibit 030)(Related document(s) 1031 ) (Byrd, Rachele) (Filed on 9/3/2025) (Entered: 09/03/2025) |
| 09/03/2025 | 1033 | EXHIBITS re 1031 Administrative Motion to File Under Seal filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit 031, # 2 Exhibit 032, # 3 Exhibit 033, # 4 Exhibit 034, # 5 Exhibit 035, # 6 Exhibit 036, # 7 Exhibit 037, # 8 Exhibit 038, # 9 Exhibit 039, # 10 Exhibit 040, # 11 Exhibit 041, # 12 Exhibit 042, # 13 Exhibit 043, # 14 Exhibit 044, # 15 Exhibit 045)(Related document(s) 1031 ) (Byrd, Rachele) (Filed on 9/3/2025) (Entered: 09/03/2025) |
| 09/03/2025 | 1034 | EXHIBITS re 1031 Administrative Motion to File Under Seal filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit 046, # 2 Exhibit 047, # 3 Exhibit 048, # 4 Exhibit 049, # 5 Exhibit 050, # 6 Exhibit 051, # 7 Exhibit 052, # 8 Exhibit 053, # 9 Exhibit 054, # 10 Exhibit 057, # 11 Exhibit 058, # 12 Exhibit 059, # 13 Exhibit 060, # 14 Exhibit 061, # 15 Exhibit 063, # 16 Exhibit 064, # 17 Exhibit 065, # 18 Exhibit 066, # 19 Exhibit 067, # 20 Exhibit 068, # 21 Exhibit 069, # 22 Exhibit 070, # 23 Exhibit 071, # 24 Exhibit 072, # 25 Exhibit 073, # 26 Exhibit 074, # 27 Exhibit 075, # 28 Exhibit 076, # 29 Exhibit 077, # 30 Exhibit 078, # 31 Exhibit 079, # 32 Exhibit 080)(Related document(s) 1031 ) (Byrd, Rachele) (Filed on 9/3/2025) (Entered: 09/03/2025) |
| 09/03/2025 | 1035 | EXHIBITS re 1031 Administrative Motion to File Under Seal filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Exhibit 081, # 2 Exhibit 082, # 3 Exhibit 083, # 4 Exhibit 084, # 5 Exhibit 085, # 6 Exhibit 086, # 7 Exhibit 087, # 8 Exhibit 088, # 9 Exhibit 089, # 10 Exhibit 090, # 11 Exhibit 091, # 12 Exhibit 092, # 13 Exhibit 093, # 14 Exhibit 095, # 15 Exhibit 096, # 16 Exhibit 097, # 17 Exhibit 098, # 18 Exhibit 099, # 19 Exhibit 100)(Related document(s) 1031 ) (Byrd, Rachele) (Filed on 9/3/2025) (Entered: 09/03/2025) |

**ER-986**

| 09/05/2025 | 1036 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−21093544.) filed by Apple Inc.. (Hazel, George) (Filed on 9/5/2025) (Entered: 09/05/2025) |
|---|---|---|
| 09/05/2025 | 1037 | NOTICE of Appearance filed by Poonam Kumar on behalf of Apple Inc. (Kumar, Poonam) (Filed on 9/5/2025) (Entered: 09/05/2025) |
| 09/05/2025 | 1038 | NOTICE of Appearance filed by Nicola T Hanna on behalf of Apple Inc. (Hanna, Nicola) (Filed on 9/5/2025) (Entered: 09/05/2025) |
| 09/09/2025 | 1039 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Yvonne Gonzalez Rogers Granting 1036 Motion for Pro Hac Vice (George Hazel). (eac, COURT STAFF) (Filed on 9/9/2025) (Entered: 09/09/2025)** |
| 09/12/2025 | 1040 | CLERK'S NOTICE. You are hereby notified that hearing as to 999 MOTION to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D. is reset to 10/14/2025, at 02:00 PM in Oakland, Courtroom 1, 4th Floor before Judge Yvonne Gonzalez Rogers. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (eac, COURT STAFF) (Filed on 9/12/2025) (Entered: 09/12/2025) |
| 09/16/2025 | 1041 | REPLY (re 999 MOTION to Preclude Expert Opinions of James E. Malackowski, CPA, Arun Sundararajan, Ph.D., and Jonah Berger, Ph.D. ) filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(Webster, James) (Filed on 9/16/2025) (Entered: 09/16/2025) |
| 09/16/2025 | 1042 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 [SEALED] PLAINTIFFS REPLY IN SUPPORT OF MOTION TO PRECLUDE EXPERT OPINIONS OF JAMES E. MALACKOWSKI, CPA, ARUN SUNDARARAJAN, Ph.D., AND JONAH BERGER, Ph.D., # 2 Exhibit [SEALED] Ex. 1, # 3 Exhibit [SEALED] Ex. 3, # 4 Exhibit [SEALED] Ex. 4, # 5 Certificate/Proof of Service)(Webster, James) (Filed on 9/16/2025) (Entered: 09/16/2025) |
| 09/23/2025 | 1043 | REPLY (re 1001 MOTION to Strike */ Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Pro. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof* ) filed byApple Inc.. (Richman, Cynthia) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/23/2025 | 1044 | REPLY (re 1004 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support Thereof* ) filed byApple Inc.. (Attachments: # 1 Apple's Response to Plaintiffs' Additional Material Facts)(Richman, Cynthia) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/23/2025 | 1045 | REPLY (re 1005 MOTION to Decertify the Class ) filed byApple Inc.. (Richman, Cynthia) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/23/2025 | 1046 | Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Apple's Reply in Support of Its Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack (Sealed), # 2 Apple's Response to Plaintiffs' Additional Material Facts (Sealed), # 3 Apple's Reply in Support of Motion to Decertify the Class (Sealed))(Richman, Cynthia) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/23/2025 | 1047 | Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Declaration of Cynthia E. Richman in Support of Apple's Reply Briefs in Support of Motion for Summary Judgment, Motion to Decertify the Class, and Daubert Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack, # 2 Exhibit 109 (Sealed), # 3 Exhibit 110 (Sealed), # 4 Exhibit 111 (Sealed), # 5 Exhibit 112 (Sealed), # 6 Exhibit 113 (Sealed), # 7 Exhibit 114 (Sealed), # 8 Exhibit 115 (Sealed), # 9 Exhibit 117 (Sealed), # 10 Exhibit 120 (Sealed), # 11 Exhibit 121 (Sealed), # 12 Exhibit 123 (Sealed), # 13 Exhibit 124 (Sealed), # 14 Exhibit 125 (Sealed), # 15 Exhibit 126 (Sealed), # 16 Exhibit 127 (Sealed), # 17 Exhibit 128 (Sealed), # 18 Exhibit 129, # 19 Exhibit 130, # 20 Exhibit 131, # 21 Exhibit 132, # 22 Exhibit 133, # 23 Exhibit 134)(Richman, Cynthia) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/23/2025 | 1048 | CERTIFICATE OF SERVICE by Apple Inc. re 1046 Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed , 1047 Administrative Motion to File Under Seal Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Phillips, Harry) (Filed on 9/23/2025) (Entered: 09/23/2025) |
| 09/30/2025 | 1049 | **ORDER RE: EXPERT REPORTS.**<br>**Parties to file Reports Issued by Experts by 10/2/2025.**<br>**Signed by Judge Yvonne Gonzalez Rogers on 9/30/2025.**<br>**(eac, COURT STAFF) (Filed on 9/30/2025) (Entered: 09/30/2025)** |

| 10/02/2025 | 1050 | STIPULATION WITH PROPOSED ORDER *Modifying Omnibus Sealing Deadline* filed by Apple Inc.. (Higney, Caeli) (Filed on 10/2/2025) (Entered: 10/02/2025) |
|---|---|---|
| 10/02/2025 | 1051 | NOTICE by Apple Inc. *(Joint Notice of Filing of Expert Reports)* (Higney, Caeli) (Filed on 10/2/2025) (Entered: 10/02/2025) |
| 10/02/2025 | 1052 | Interim Administrative Motion to File Under Seal , Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by Apple Inc.. (Attachments: # 1 Abrantes–Metz Opening Report, # 2 Abrantes–Metz Rebuttal Report, # 3 Barnes Opening Report, # 4 Berger Opening Report, # 5 Berger Rebuttal Report, # 6 Chen Opening Report, # 7 Halderman Opening Report, # 8 Halderman Rebuttal Report, # 9 Hitt Opening Report, # 10 Hitt Rebuttal Report, # 11 Hoyer Opening Report, # 12 Hoyer Rebuttal Report, # 13 Jin Opening Report, # 14 Jin Rebuttal Report, # 15 Kohno Opening Report, # 16 Kohno Rebuttal Report, # 17 MacCormack Opening Report, # 18 Majumdar Rebuttal Report, # 19 Malackowski Opening Report, # 20 Malackowski Rebuttal Report, # 21 McFadden Opening Report, # 22 Putnam Rebuttal Report, # 23 Prince Rebuttal Report, # 24 Simonson Opening Report, # 25 Song Opening Report, # 26 Song Supplemental Report, # 27 Stiglitz Opening Report, # 28 Stiglitz Rebuttal Report, # 29 Stodden Rebuttal Report, # 30 Sundararajan Opening Report, # 31 Sundararajan Rebuttal Report, # 32 Thompson Supplemental Report, # 33 Watson Rebuttal Report)(Higney, Caeli) (Filed on 10/2/2025) (Entered: 10/02/2025) |
| 10/06/2025 | 1053 | NOTICE by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter re 994 Order,, Set Deadlines/Hearings, *Plaintiffs Notice of Filing Per Dkt. No. 994* (Byrd, Rachele) (Filed on 10/6/2025) (Entered: 10/06/2025) |
| 10/12/2025 | 1054 | ADMINISTRATIVE MOTION TO TEMPORARILY SEAL THE OCTOBER 14, 2025 HEARING filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. Responses due by 10/16/2025. (Attachments: # 1 Declaration of James M. Webster, # 2 Proposed Order)(Webster, James) (Filed on 10/12/2025) (Entered: 10/12/2025) |
| 10/13/2025 | 1055 | **Order generally Denying 1054 Administrative Motion to seal the public hearing on October 14, 2025. It is not clear that any trade secrets or proprietary information will need to be revealed during oral argument. The parties shall be prepared to deliver and use PowerPoints or other materials that can be cross–referenced during argument without revealing any proprietary information, including specific references to Mr. Thompson's declaration and reports. If such information must be discussed, the Court will take appropriate measures and will discuss those measures with the parties in open court. Entered by Judge Yvonne Gonzalez Rogers.** *(This is a text–only entry generated by the court. There is no document associated with this entry.)* **(Entered: 10/13/2025)** |
| 10/14/2025 | 1056 | TRANSCRIPT ORDER for proceedings held on 10/14/2025 before Judge Yvonne Gonzalez Rogers by Apple Inc., for Court Reporter April Brott. (Phillips, Harry) (Filed on 10/14/2025) (Entered: 10/14/2025) |
| 10/15/2025 | 1057 | **Minute Entry for proceedings held before Judge Yvonne Gonzalez Rogers: Motion Hearing held on 10/14/2025. Total Time in Court: 2:15. Court Reporter: April Brott; via Zoom. (eac, COURT STAFF) (Date Filed: 10/15/2025) (Entered: 10/15/2025)** |
| 10/15/2025 | 1058 | TRANSCRIPT ORDER for proceedings held on 10/14/2025 before Judge Yvonne Gonzalez Rogers by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter, for Court Reporter April Brott. (Byrd, Rachele) (Filed on 10/15/2025) (Entered: 10/15/2025) |
| 10/16/2025 | 1059 | MOTION for Leave to File *Individual Plaintiffs' Damages Information in Response to Court Question at October 14, 2025 Hearing* filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 10/16/2025) (Entered: 10/16/2025) |
| 10/16/2025 | 1060 | Supplemental Brief re 1057 Motion Hearing, Terminate Deadlines and Hearings *Joint Supplemental Brief Regarding Apple's Production of Payor Credit Card Data* filed byRobert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Related document(s) 1057 ) (Byrd, Rachele) (Filed on 10/16/2025) (Entered: 10/16/2025) |
| 10/16/2025 | 1061 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Supplement Joint Supplemental Brief (Redaccted), # 2 Supplement Joint Supplemental Brief (Sealed), # 3 Declaration Declaration of Rachele R. Byrd, # 4 Exhibit Ex. A (Sealed), # 5 Exhibit Ex. B (Sealed), # 6 Exhibit Ex. C (Sealed), # 7 Exhibit Ex. D (Sealed), # 8 Certificate/Proof of Service)(Byrd, Rachele) (Filed on 10/16/2025) (Entered: 10/16/2025) |
| 10/20/2025 | 1062 | Transcript of Proceedings held on October 14, 2025, before Judge Yvonne Gonzalez Rogers. Court Reporter/Transcriber April Wood Brott, telephone number 510–225–8350 |

**ER-988**

| | | |
|---|---|---|
| | | april_brott@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 1056 Transcript Order, 1058 Transcript Order ) Release of Transcript Restriction set for 1/20/2026. (Related documents(s) 1056 , 1058 ) (Brott, April) (Filed on 10/20/2025) (Entered: 10/20/2025) |
| 10/20/2025 | 1063 | OPPOSITION/RESPONSE (re 1059 MOTION for Leave to File *Individual Plaintiffs' Damages Information in Response to Court Question at October 14, 2025 Hearing* ) filed byApple Inc.. (Attachments: # 1 Declaration of Cynthia Richman, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Richman, Cynthia) (Filed on 10/20/2025) (Entered: 10/20/2025) |
| 10/20/2025 | 1064 | ADMINISTRATIVE MOTION for Renewed Request for Evidentiary Hearing re: Apple's FRE 702 and Daubert Objections to Darryl Thompson's Opinions filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence. Responses due by 10/24/2025. (Byrd, Rachele) (Filed on 10/20/2025) (Entered: 10/20/2025) |
| 10/20/2025 | 1065 | Administrative Motion to File Under Seal filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. (Attachments: # 1 Plaintiffs Admin. Mtn. (Redacted), # 2 Plaintiffs Admin. Mtn. (Sealed), # 3 Declaration of Rachele R. Byrd (Not Sealed), # 4 Byrd Decl., Ex. 1 (Sealed), # 5 Proposed Order (Not Sealed), # 6 Certificate/Proof of Service (Not Sealed))(Byrd, Rachele) (Filed on 10/20/2025) (Entered: 10/20/2025) |
| 10/20/2025 | 1066 | ADMINISTRATIVE MOTION to Voluntarily Dismiss Plaintiff Edward W. Hayter's Individual Claims filed by Robert Pepper, Stephen H. Schwartz, Edward Lawrence, Edward W. Hayter. Responses due by 10/24/2025. (Attachments: # 1 Declaration of Rachele R. Byrd, # 2 Proposed Order)(Byrd, Rachele) (Filed on 10/20/2025) (Entered: 10/20/2025) |
| 10/23/2025 | 1067 | OPPOSITION/RESPONSE (re 1064 ADMINISTRATIVE MOTION for Renewed Request for Evidentiary Hearing re: Apple's FRE 702 and Daubert Objections to Darryl Thompson's Opinions ) filed byApple Inc.. (Attachments: # 1 Proposed Order)(Richman, Cynthia) (Filed on 10/23/2025) (Entered: 10/23/2025) |
| 10/24/2025 | 1068 | NOTICE of Intent to Request Redaction of Transcript by Caeli A. Higney (Higney, Caeli) (Filed on 10/24/2025) (Entered: 10/24/2025) |
| 10/27/2025 | 1069 | **ORDER GRANTING APPLE'S DAUBERT MOTION TO EXCLUDE THE EXPERT TESTIMONY OF DARRYL THOMPSON AND MOTION TO DECERTIFY THE CLASS by Judge Yvonne Gonzalez Rogers Granting 1001 Motion to Strike; Granting 1005 Motion; Terminating 1059 Motion for Leave to File; Denying 1064 Administrative Motion; Granting 1066 Administrative Motion. (eac, COURT STAFF) (Filed on 10/27/2025) (Entered: 10/27/2025)** |
| 11/06/2025 | 1071 | STIPULATION WITH PROPOSED ORDER *to Address Sealing of Transcript of Proceedings Held on October 14, 2025 in Forthcoming Sealing Motion* filed by Apple Inc.. (Higney, Caeli) (Filed on 11/6/2025) (Entered: 11/06/2025) |
| 11/07/2025 | 1072 | **Order by Judge Yvonne Gonzalez Rogers Granting 1071 Stipulation to Address Sealing of Transcript of Proceedings Held on October 14, 2025 in Forthcoming Sealing Motion. (eac, COURT STAFF) (Filed on 11/7/2025) (Entered: 11/07/2025)** |
| 11/07/2025 | 1073 | STIPULATION WITH PROPOSED ORDER *Modifying Omnibus Sealing Deadline* filed by Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 11/7/2025) (Entered: 11/07/2025) |
| 11/12/2025 | 1074 | STIPULATION WITH PROPOSED ORDER *Staying All Trial and Pretrial Deadlines* filed by Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 11/12/2025) (Entered: 11/12/2025) |
| 11/12/2025 | 1075 | **Order by Judge Yvonne Gonzalez Rogers Granting 1073 Stipulation Modifying Omnibus Sealing Deadline. Omnibus Sealing Request due by 1/9/2026. (eac, COURT STAFF) (Filed on 11/12/2025) (Entered: 11/12/2025)** |
| 11/12/2025 | 1077 | USCA Case Number 25–7122 9th circuit court of appeals for 1076 PETITION Your case opening documents have been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit on 11/10/2025. The U.S. Court of Appeals docket number 25–7122 has been assigned to this case. (cv, COURT STAFF) (Filed on 11/12/2025) Modified on 11/13/2025 (krp, COURT STAFF). (Entered: 11/13/2025) |

**ER-989**

| 11/13/2025 | 1076 | PETITION for Permission to Appeal Pursuant to FRCP 23(f) filed by Petitioner Edward Lawrence, Petitioner Robert Pepper, Petitioner Stephen H. Schwartz(cv, COURT STAFF) (Filed on 11/13/2025) (Entered: 11/13/2025) |
|---|---|---|
| 11/13/2025 | 1078 | **Order by Judge Yvonne Gonzalez Rogers Granting 1074 Stipulation Staying All Trial and Pretrial Deadlines. (eac, COURT STAFF) (Filed on 11/13/2025) (Entered: 11/13/2025)** |
| 12/05/2025 | 1079 | NOTICE of Withdrawal filed by Kelley Schiffman, no longer appearing on behalf of Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz in this case (Schiffman, Kelley) (Filed on 12/5/2025) (Entered: 12/05/2025) |
| 12/22/2025 | 1081 | USCA Case Number 25–7930 Ninth Circuit. A petition has been received. Mediation Questionnaire due (Appellant) 12/23/2025, Appeal Transcript Order Due (Appellant) 1/2/2026, Appeal Transcript Due (Appellant) 2/2/2026, Appeal Opening Brief Due (Appellant) 3/12/2026, Appeal Answering Brief Due (Appellee) 4/13/2026. All briefs shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31–2.1. Failure of the petitioner(s)/appellant(s) to comply with this briefing schedule will result in automatic dismissal of the appeal. (dhm, COURT STAFF) (Filed on 12/22/2025) (Entered: 12/24/2025) |
| 12/22/2025 | 1082 | ORDER of USCA as to 1076 Appeal. The motion for leave to file a reply in support of the petition is granted. The petition for permission to appeal is granted. Within 14 days, petitioners must comply with Federal Rule of Appellate Procedure 5(d)(1). The unopposed motion to file under seal Addendum Volume II is granted. The clerk will file publicly the motion to seal. The clerk will maintain Addendum Volume II under seal at Docket Entry No. 1.2. (dhm, COURT STAFF) (Filed on 12/22/2025) (Entered: 12/24/2025) |
| 12/23/2025 | 1080 | STIPULATION WITH PROPOSED ORDER *Extending Omnibus Sealing Motion Deadline* filed by Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 12/23/2025) (Entered: 12/23/2025) |
| 12/26/2025 | 1083 | **Order by Judge Yvonne Gonzalez Rogers Granting 1080 Stipulation Extending Omnibus Sealing Motion Deadline.**<br><br>Omnibus Sealing Motions due by 2/2/2026.<br><br>**(eac, COURT STAFF) (Filed on 12/26/2025) (Entered: 12/26/2025)** |
| 01/02/2026 | 1084 | Transcript Designation Form for proceedings held on 6/18/2012, 12/10/2012, 3/5/2013, 11/5/2013, 10/7/2019, 10/8/2020, 10/19/2020, 12/9/2020, 12/15/2020, 12/18/2020, 12/30/2020, 1/8/2021, 2/24/2021, 11/16/2021, 12/14/2021, 4/11/2022, 6/23/2023, 2/26/2024, 6/17/2024, 7/19/2024, 8/9/2024, 5/14/2025, 5/30/2025, 10/14/2025 before Judge Yvonne Gonzalez Rogers, (Frederick, David) (Filed on 1/2/2026) (Entered: 01/02/2026) |
| 01/02/2026 | | USCA Appeal Fees received $ 605 receipt number 77256671751 re: 1081 (cv, COURT STAFF) (Filed on 1/2/2026) (Entered: 01/06/2026) |
| 01/20/2026 | 1085 | NOTICE of Substitution of Counsel: Attorney Jack Conrad–Charles Praetzellis substituted for DANIEL DOUGLAS on behalf of Valve Corporation (Praetzellis, Jack) (Filed on 1/20/2026) (Entered: 01/20/2026) |
| 01/21/2026 | 1086 | ADMINISTRATIVE MOTION for Leave to File Supplemental Briefing re: the Ninth Circuit's Opinion in Alivecor, Inc. v. Apple Inc., No. 24–1392 (9th Cir. Jan. 8, 2026) filed by Apple Inc.. Responses due by 1/26/2026. (Attachments: # 1 Declaration of C. Richman, # 2 Exhibit A, # 3 Exhibit B, # 4 Proposed Order)(Richman, Cynthia) (Filed on 1/21/2026) (Entered: 01/21/2026) |
| 01/23/2026 | 1087 | **ORDER DENYING APPLE'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING by Judge Yvonne Gonzalez Rogers Denying 1086 Administrative Motion. (eac, COURT STAFF) (Filed on 1/23/2026) (Entered: 01/23/2026)** |
| 01/28/2026 | 1088 | STIPULATION WITH PROPOSED ORDER *(and Joint Status Report) Extending Omnibus Sealing Motion Deadline* filed by Edward Lawrence, Robert Pepper, Stephen H. Schwartz. (Byrd, Rachele) (Filed on 1/28/2026) (Entered: 01/28/2026) |
| 01/28/2026 | 1089 | **Order Granting 1088 Stipulation to delay Omnibus filing one last time. More than sufficient time has passed for third parties to address their materials. Another request to delay will not be granted. Entered by Judge Yvonne Gonzalez Rogers.** *(This is a text–only entry generated by the court. There is no document associated with this entry.)* **(Entered: 01/28/2026)** |

**ER-990**

| | | |
|---|---|---|
| 01/28/2026 | | Reset Deadline pursuant to 1089 Order: Omnibus Sealing Motion due by 3/4/2026. (eac, COURT STAFF) (Filed on 1/28/2026) (Entered: 01/29/2026) |
| 02/13/2026 | 1090 | NOTICE of Withdrawal filed by Caroline Schechinger, no longer appearing on behalf of Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz in this case (Schechinger, Caroline) (Filed on 2/13/2026) (Entered: 02/13/2026) |
| 02/22/2026 | 1091 | NOTICE of Change of Address by Michael Liskow (Liskow, Michael) (Filed on 2/22/2026) (Entered: 02/22/2026) |
| 02/25/2026 | 1092 | NOTICE of Withdrawal filed by Alex Treiger, no longer appearing on behalf of Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz in this case (Treiger, Alex) (Filed on 2/25/2026) (Entered: 02/25/2026) |
| 03/04/2026 | 1093 | Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation)* filed by Apple Inc.. (Attachments: # 1 Proposed Order, # 2 Declaration of Dana Craig, # 3 Ex. 01 – Abrantes–Metz Report, June 13, 2025 (Dkts. 1033–015; 1052–002) (Sealed), # 4 Ex. 02 – Abrantes–Metz Report, March 7, 2025 (Dkt. 1000–006; 1003–033; 1033–003); 1052–001 (Sealed), # 5 Ex. 03 – APL–APPSTORE_10871795 (Dkt. 1035–001) (Sealed), # 6 Ex. 04 – APL–APPSTORE_10871989 (Dkt. 1035–004) (Sealed), # 7 Ex. 05 – APL–APPSTORE_10908929 (Dkt. 1034–030) (Sealed), # 8 Ex. 06 – APL–APPSTORE_11425222 (Dkt. 1003–108) (Sealed), # 9 Ex. 07 – Apple's Motion to Decertify the Class (Dkt. 1006–001) (Sealed), # 10 Ex. 08 – Apple's Reply ISO Daubert Mots. re Thompson and MacCormack (Dkt. 1046–001) (Sealed), # 11 Ex. 09 – Apple's Reply ISO Mot. to Decertify the Class (Dkt. 1046–003) (Sealed), # 12 Ex. 10 – Barnes Report, March 7, 2025 (Dkt. 1024–012; 1033–004) (Sealed))(Craig, Dana) (Filed on 3/4/2026) (Entered: 03/04/2026) |
| 03/04/2026 | 1094 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Ex. 11 – Berger Dep. Tr., July 1, 2025 (Dkt. 1000–013; 1024–027) (Sealed)* filed byApple Inc.. (Attachments: # 1 Ex. 12 – Berger Report, June 13, 2025 (Dkt. 1000–14) (Sealed), # 2 Ex. 13 – Berger Report, March 7, 2025 (Dkt. 1000–12; 1003–087) (Sealed), # 3 Ex. 14 – Chen Report, March 7, 2025 (Dkts. 1033–005; 1052–006) (Sealed), # 4 Ex. 15 – D. Swanson Letter, February 27, 2023 (Dkt. 1003–056) (Sealed), # 5 Ex. 16 – E. Lazarus Letter, March 28, 2025 (Dkt. 1003–041) (Sealed), # 6 Ex. 17 – Excerpts from Apple Payor Data (Dkt. 1061–004) (Sealed), # 7 Ex. 18 – Halderman Report, June 13, 2025 (Dkt. 1003–029) (Sealed), # 8 Ex. 19 – Hitt Rebuttal Report (Dkt. 1047–9) (Sealed), # 9 Ex. 20 – Hitt Report, June 13, 2025 (Dkts. 1003–027; 1047–009; 1052–010) (Sealed), # 10 Ex. 21 – Hitt Report March 7 2025 (Dkt. 1003–020) (Sealed), # 11 Ex. 22 – Hitt Report, March 7, 2025 (Dkt. 1047–004) (Sealed), # 12 Ex. 23 – Jin Rebuttal Report (Dkt. 1047–007) (Sealed), # 13 Ex. 24 – Jin Report, March 7, 2025 (Dkt. 1003–22; 1033–007) (Sealed), # 14 Ex. 25 – Joint Supplemental Brief re Apple Payor Data Prod. (Dkt. 1061–002) (Sealed), # 15 Ex. 26 – K. Wood Letter, October 7, 2024 (Dkt. 1032–024) (Sealed), # 16 Ex. 27 – Kohno Report, June 13, 2025 (Dkt. 1034–002) (Sealed), # 17 Ex. 28 – Kohno Report, March 7, 2025 (Dkts. 1003–084; 1033–013) (Sealed), # 18 Ex. 29 – Lazarus Letter, August 15, 2025 (Dkt. 1047–002) (Sealed), # 19 Ex. 30 – MacCormack Depo., June 19, 2025 (Dkt. 1003–103) (Sealed), # 20 Ex. 31 – MacCormack Depo., May 23, 2025 (Dkt. 1003–014) (Sealed), # 21 Ex. 32 – MacCormack Report, March 6, 2025 (Dkt. 1003–031; 1033–002) (Sealed), # 22 Ex. 33 – Malackowski Report, June 13, 2025 (Dkt. 1000–004) (Sealed), # 23 Ex. 34 – October 14, 2025 Hearing Transcript (Dkt. 1062) (Sealed), # 24 Ex. 35 – Plaintiffs' Opposition to Apple's Daubert Motions (Dkt. 1031–005) (Sealed), # 25 Ex. 36 – Plaintiffs' Opposition to Motion to Decertify the Class (Dkt. 1031–004) (Sealed), # 26 Ex. 37 – Plaintiffs' Responsive Statement of Undisputed Fact (Dkt. 1031–003) (Sealed), # 27 Ex. 38 – Prince Report, June 13, 2025 (Dkt. 1003–099) (Sealed), # 28 Ex. 39 – R. Lin Email, July 10, 2024 (Dkt. 1035–014) (Sealed), # 29 Ex. 40 – R. Lin Email, October 16, 2024 (Dkt. 1061–006) (Sealed), # 30 Ex. 41 – Song Decl. in Support of Opposition to Summary Judgment (Dkt. 1031–002) (Sealed), # 31 Ex. 42 – Song Report, August 1, 2025 (Dkt. 1034–007) (Sealed), # 32 Ex. 43 – Song Report, March 7, 2025 (Dkts. 1003–035; 1033–010; 1047–006) (Sealed), # 33 Ex. 44 – Stiglitz Report, June 13, 2025 (Dkt. 1034–001) (Sealed), # 34 Ex. 45 – Stiglitz Report, March 7, 2025 (Dkt. 1003–32; 1033–011) (Sealed), # 35 Ex. 46 – Stodden Report, June 27, 2025 (Dkts. 1003–030; 1034–006) (Sealed), # 36 Ex. 47 – Stodden Depo. (Dkt. 1047–017; 1061–007) (Sealed), # 37 Ex. 48 – Sundararajan Report, June 13, 2025 (Dkts. 1000–009; 1003–0228; 1034–003; 1052–031) (Sealed), # 38 Ex. 49 – Sundararajan Report, March 7, 2025 (Dkt. 1003–023; 1000–008; 1033–012; 1034–003) (Sealed), # 39 Ex. 50 – Thompson Decl. in Support of Opposition to Apple's Daubert Motions (Dkt. 1031–006) (Sealed), # 40 Ex. 51 – Thompson Depo., June 5, 2025 (Dkt. 1003–017; 1032–023) (Sealed), # 41 Ex. 52 – Thompson Report, April 16, 2025 (Dkt. 1003–036; 1033–014) (Sealed), # 42 Ex. 53 – Watson Report, June 13, 2025 (Dkt. 1003–025) (Sealed))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/4/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1095 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Ex. 01 – Abrantes–Metz Report, June 13, 2025 (Dkts. 1033–015; 1052–002) (Redacted)* filed byApple Inc.. (Attachments: # 1 Ex. 02 – Abrantes–Metz Report, March 7, 2025 (Dkt. 1000–006; 1003–033; |

**ER-991**

| | | |
|---|---|---|
| | | 1033–003); 1052–001 (Redacted), # 2 Ex. 03 – APL–APPSTORE_10871795 (Dkt. 1035–001) (Redacted), # 3 Ex. 04 – APL–APPSTORE_10871989 (Dkt. 1035–004) (Redacted), # 4 Ex. 05 – APL–APPSTORE_10908929 (Dkt. 1034–030) (Redacted), # 5 Ex. 06 – APL–APPSTORE_11425222 (Dkt. 1003–108) (Redacted), # 6 Ex. 07 – Apple's Motion to Decertify the Class (Dkt. 1006–001) (Redacted), # 7 Ex. 08 – Apple's Reply ISO Daubert Mots. re Thompson and MacCormack (Dkt. 1046–001) (Redacted), # 8 Ex. 09 – Apple's Reply ISO Mot. to Decertify the Class (Dkt. 1046–003) (Redacted), # 9 Ex. 10 – Barnes Report, March 7, 2025 (Dkt. 1024–012; 1033–004) (Redacted), # 10 Ex. 11 – Berger Dep. Tr., July 1, 2025 (Dkt. 1000–013; 1024–027) (Redacted), # 11 Ex. 12 – Berger Report, June 13, 2025 (Dkt. 1000–14) (Redacted), # 12 Ex. 13 – Berger Report, March 7, 2025 (Dkt. 1000–12; 1003–087) (Redacted), # 13 Ex. 14 – Chen Report, March 7, 2025 (Dkts. 1033–005; 1052–006) (Redacted), # 14 Ex. 15 – D. Swanson Letter, February 27, 2023 (Dkt. 1003–056) (Redacted), # 15 Ex. 16 – E. Lazarus Letter, March 28, 2025 (Dkt. 1003–041) (Redacted), # 16 Ex. 17 – Excerpts from Apple Payor Data (Dkt. 1061–004) (Redacted), # 17 Ex. 18 – Halderman Report, June 13, 2025 (Dkt. 1003–029) (Redacted), # 18 Ex. 19 – Hitt Rebuttal Report (Dkt. 1047–9) (Redacted), # 19 Ex. 20 – Hitt Report, June 13, 2025 (Dkts. 1003–027; 1047–009; 1052–010) (Redacted), # 20 Ex. 21 – Hitt Report March 7 2025 (Dkt. 1003–020) (Redacted), # 21 Ex. 22 – Hitt Report, March 7, 2025 (Dkt. 1047–004) (Redacted), # 22 Ex. 23 – Jin Rebuttal Report (Dkt. 1047–007) (Redacted), # 23 Ex. 24 – Jin Report, March 7, 2025 (Dkt. 1003–22; 1033–007) (Redacted), # 24 Ex. 25 – Joint Supplemental Brief re Apple Payor Data Prod. (Dkt. 1061–002) (Redacted), # 25 Ex. 26 – K. Wood Letter, October 7, 2024 (Dkt. 1032–024) (Redacted), # 26 Ex. 27 – Kohno Report, June 13, 2025 (Dkt. 1034–002) (Redacted), # 27 Ex. 28 – Kohno Report, March 7, 2025 (Dkts. 1003–084; 1033–013) (Redacted), # 28 Ex. 29 – Lazarus Letter, August 15, 2025 (Dkt. 1047–002) (Redacted), # 29 Ex. 30 – MacCormack Depo., June 19, 2025 (Dkt. 1003–103) (Redacted), # 30 Ex. 31 – MacCormack Depo., May 23, 2025 (Dkt. 1003–014) (Redacted), # 31 Ex. 32 – MacCormack Report, March 6, 2025 (Dkt. 1003–031; 1033–002) (Redacted), # 32 Ex. 33 – Malackowski Report, June 13, 2025 (Dkt. 1000–004) (Redacted), # 33 Ex. 34 – October 14, 2025 Hearing Transcript (Dkt. 1062) (Redacted), # 34 Ex. 35 – Plaintiffs' Opposition to Apple's Daubert Motions (Dkt. 1031–005) (Redacted), # 35 Ex. 36 – Plaintiffs' Opposition to Motion to Decertify the Class (Dkt. 1031–004) (Redacted), # 36 Ex. 37 – Plaintiffs' Responsive Statement of Undisputed Fact (Dkt. 1031–003) (Redacted), # 37 Ex. 38 – Prince Report, June 13, 2025 (Dkt. 1003–099) (Redacted), # 38 Ex. 39 – R. Lin Email, July 10, 2024 (Dkt. 1035–014) (Redacted), # 39 Ex. 40 – R. Lin Email, October 16, 2024 (Dkt. 1061–006) (Redacted), # 40 Ex. 41 – Song Decl. in Support of Opposition to Summary Judgment (Dkt. 1031–002) (Redacted), # 41 Ex. 42 – Song Report, August 1, 2025 (Dkt. 1034–007) (Redacted), # 42 Ex. 43 – Song Report, March 7, 2025 (Dkts. 1003–035; 1033–010; 1047–006) (Redacted), # 43 Ex. 44 – Stiglitz Report, June 13, 2025 (Dkt. 1034–001) (Redacted), # 44 Ex. 45 – Stiglitz Report, March 7, 2025 (Dkt. 1003–32; 1033–011) (Redacted), # 45 Ex. 46 – Stodden Report, June 27, 2025 (Dkts. 1003–030; 1034–006) (Redacted), # 46 Ex. 47 – Stodden Depo. (Dkt. 1047–017; 1061–007) (Redacted), # 47 Ex. 48 – Sundararajan Report, June 13, 2025 (Dkts. 1000–009; 1003–228; 1034–003; 1052–031) (Redacted), # 48 Ex. 49 – Sundararajan Report, March 7, 2025 (Dkt. 1003–023; 1000–008; 1033–012; 1034–003) (Redacted), # 49 Ex. 50 – Thompson Decl. in Support of Opposition to Apple's Daubert Motions (Dkt. 1031–006) (Redacted), # 50 Ex. 51 – Thompson Depo., June 5, 2025 (Dkt. 1003–017; 1032–023) (Redacted)_, # 51 Ex. 52 – Thompson Report, April 16, 2025 (Dkt. 1003–036; 1033–014) (Redacted), # 52 Ex. 53 – Watson Report, June 13, 2025 (Dkt. 1003–025) (Redacted))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1096 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Ex. 001 – Abrantes Metz Report, June 13, 2025 (Dkt. 1024–007)* filed byApple Inc.. (Attachments: # 1 Ex. 002 – Abrantes–Metz Dep. Tr., December 15, 2022 (Dkt. 1003–105), # 2 Ex. 003 – Abrantes–Metz Dep. Tr., December 15, 2022 (Dkt. 1024–013), # 3 Ex. 004 – Abrantes–Metz Dep. Tr., Dec. 15, 2022 (Dkt. 1032–016), # 4 Ex. 005 – Abrantes–Metz Dep. Tr., July 11, 2025 (Dkt. 1000–007), # 5 Ex. 006 – Abrantes–Metz Dep. Tr., July 11, 2025 (Dkt. 1032–030), # 6 Ex. 007 – Abrantes–Metz Dep. Tr., May 23, 2025 (Dkt. 1003–013), # 7 Ex. 008 – Abrantes–Metz Dep. Tr., May 23, 2025 (Dkt. 1024–025), # 8 Ex. 009 – Abrantes–Metz Dep. Tr., May 23, 2025 (Dkt. 1032–20), # 9 Ex. 010 – Abrantes–Metz Depo., July 11, 2025 (Dkt. 1003–019), # 10 Ex. 011 – Admin Mtn for Daubert Hearing (Dkt. 1065–002), # 11 Ex. 012 – APL_APPSTORE_00000055 (Dkt. 1003–044), # 12 Ex. 013 – APL_APPSTORE_01996673 (Dkt. 1003–047), # 13 Ex. 014 – APL_APPSTORE_03238239 (Dkt. 1003–045), # 14 Ex. 015 – APL_APPSTORE_03238239 (Dkt. 1003–107), # 15 Ex. 016 – APL_APPSTORE_06928901 (Dkt. 1003–046), # 16 Ex. 017 – APL–APPSTORE_00207407 (Dkt. 1035–011), # 17 Ex. 018 – APL–APPSTORE_00318230 (Dkt. 1034–015), # 18 Ex. 019 – APL–APPSTORE_02921977 (Dkt. 1034–019), # 19 Ex. 020 – APL–APPSTORE_06587460 (Dkt. 1034–018), # 20 Ex. 021 – APL–APPSTORE_06713744 (Dkt. 1034–014), # 21 Ex. 022 – APL–APPSTORE_09166610 (Dkt. 1034–011), # 22 Ex. 023 – APL–APPSTORE_09869802 (Dkt. 1034–013), # 23 Ex. 024 – APL–APPSTORE_10339734 (Dkt. 1035–016), # 24 Ex. 025 – APL–APPSTORE_10342115 (Dkt. 1034–024), # 25 Ex. 026 – APL–APPSTORE_10888329 (Dkt. 1034–031), # 26 Ex. 027 – APL–APPSTORE_10890472 (Dkt. 1034–029), # 27 Ex. 028 – APL–APPSTORE_10929194 (Dkt. |

| | | |
|---|---|---|
| | | 1034–027), # 28 Ex. 029 – APL–APPSTORE_10991276 (Dkt. 1035–008), # 29 Ex. 030 – APL–APPSTORE_11029055 (Dkt. 1003–093), # 30 Ex. 031 – APL–APPSTORE_11045202 (Dkt. 1034–012), # 31 Ex. 032 – APL–APPSTORE_11109932 (Dkt. 1035–018), # 32 Ex. 033 – APL–APPSTORE_11289619 (Dkt. 1035–006), # 33 Ex. 034 – APL–APPSTORE_11425412 (Dkt. 1003–066), # 34 Ex. 035 – APL–APPSTORE_11433454 (Dkt. 1035–005), # 35 Ex. 036 – APL–APPSTORE_11453959 (Dkt. 1035–003), # 36 Ex. 037 – APL–EG_00875856 (Dkt. 1035–010), # 37 Ex. 038 – APL–EG_04107164 (Dkt. 1034–017), # 38 Ex. 039 – APL–EG_06218185 (Dkt. 1035–017), # 39 Ex. 040 – APL–EG_09278862 (Dkt. 1034–010), # 40 Ex. 041 – Apple Resp to Pltfs Add'l Material Facts (Dkt. 1046–002), # 41 Ex. 042 – Aug. 9, 2024 Hearing Transcript (Dkt. 1003–079), # 42 Ex. 043 – Berger Depo Tr., July 1, 2025 (Dkt. 1042–004), # 43 Ex. 044 – Chen Depo Tr., May 2, 2025 (Dkt. 1024–022), # 44 Ex. 045 – Cook Depo Tr., Feb. 12, 2021 (Dkt. 1024–010), # 45 Ex. 046 – Cook Depo Tr., February 12, 2021 (Dkt. 1032–009), # 46 Ex. 047 – Cook Depo Tr., Feb. 12, 2021 (Dkt. 1003–006), # 47 Ex. 048 – E. Lazarus Letter, July 10, 2024 (Dkt. 1035–015), # 48 Ex. 049 – Hayter Depo Tr., May 22, 2020 (Dkt. 1003–008), # 49 Ex. 050 – Elhauge Depo Tr., July 30, 2021 (Dkt. 1032–012))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1097 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Ex. 051 – Email from K. Wood to L. Freeborn, Apr. 2, 2025 (Dkt. 1003–042)* filed byApple Inc.. (Attachments: # 1 Ex. 052 – Epic v. Apple Trial Test. Day 11, May 17, 2021 (Dkt. 1003–083), # 2 Ex. 053 – Federighi Depo Tr., Feb. 10, 2021 (Dkt. 1032–006), # 3 Ex. 054 – Federighi Depo Tr., Feb. 10, 2021 (Dkt. 1047–010), # 4 Ex. 055 –Federighi Depo Tr., Feb. 10, 2021 (Dkt. 1003–004), # 5 Ex. 056 – Fischer Depo Tr., Jan. 7, 2021 (Dkt. 1032–002), # 6 Ex. 057 – Forstall Depo Tr., Mar. 8, 2021 (Dkt. 1032–010), # 7 Ex. 058 – Grenre Groups Analyzed by Prof. MacCormack (Dkt. 1003–097), # 8 Ex. 059 – Halderman Depo Tr., June 23, 2025 (Dkt. 1047–014), # 9 Ex. 060 – Halderman Opening Expert Report, Mar. 7, 2025 (Dkt. 1003–021), # 10 Ex. 061 – Halderman Opening Expert Report, Mar. 7, 2025 (Dkt. 1047–005), # 11 Ex. 062 – Haun Depo Tr., Jan. 13, 2021 (Dkt. 1032–004), # 12 Ex. 063 – Hoyer Depo Tr., June 20, 2025 (Dkt. 1047–013), # 13 Ex. 064 – Hoyer Opening Report, Mar. 7, 2025 (Dkt. 1033–006), # 14 Ex. 065 – Hoyer Rebuttal Report, June 13, 2025 (Dkt. 1003–026), # 15 Ex. 066 – Hoyer Rebuttal Report, June 13, 2025 (Dkt. 1034–004), # 16 Ex. 067 – Jin Depo Tr., July 1, 2025 (Dkt. 1032–028), # 17 Ex. 068 – July 19, 2024 Hearing Tr. (Dkt. 1003–078), # 18 Ex. 069 – June 23, 2023 Hearing Tr. (Dkt. 1003–077), # 19 Ex. 070 – Kohno Dep. Tr., June 25, 2025 (Dkt. 1047–015), # 20 Ex. 071 – Kohno Depo. Tr., June 25, 2025 (Dkt. 1003–101), # 21 Ex. 072 – Kosmynka Depo Tr., Feb. 2, 2021 (Dkt. 1032–005), # 22 Ex. 073 – Lazarus Letter to Byrd and Wood, Nov. 7, 2024 (Dkt. 1034–005), # 23 Ex. 074 – Lazarus Letter to Byrd and Wood Ltr, Sept. 12, 2024 (Dkt. 1032–017), # 24 Ex. 075 – Lazarus Letter to Byrd and Wood, Oct. 25, 2024 (Dkt. 1032–027))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1098 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation)* filed byApple Inc.. (Attachments: # 1 Ex. 077 – MacCormack Depo Tr., May 23, 2025 (Dkt. 1032–019), # 2 Ex. 078 – Majumdar Report, June 13, 2025 (Dkt. 1024–009), # 3 Ex. 079 – Majumdar Report, June 13, 2025 (Dkt. 1047–008), # 4 Ex. 080 – Malackowski Depo Tr., July 10, 2025 (Dkt. 1000–005), # 5 Ex. 081 – Malackowski Depo Tr., July 10, 2025 (Dkt. 1024–006), # 6 Ex. 082 – Malackowski Depo Tr., July 10, 2025 (Dkt. 1042–002), # 7 Ex. 083 – Malackowski Report, Mar. 7, 2025 (Dkt. 1000–003), # 8 Ex. 084 – McFadden 1st Class Cert Report, June 1, 2021 (Dkt. 1047–003), # 9 Ex. 085 – McFadden Depo Tr., Aug. 3, 2021 (Dkt. 1032–013), # 10 Ex. 086 – McFadden Depo Tr., Dec. 5, 2022 (Dkt. 1032–015), # 11 Ex. 087 – McFadden Depo Tr., Dec. 5, 2025 (Dkt. 1047–011), # 12 Ex. 088 – McFadden Depo Tr., May 14, 2025 (Dkt. 1003–012), # 13 Ex. 089 – McFadden Depo Tr., May 14, 2025 (Dkt. 1024–016), # 14 Ex. 090 – McFadden Depo Tr., May 14, 2025 (Dkt. 1032–018), # 15 Ex. 091 – McFadden Depo Tr., Nov. 5, 2021 (Dkt. 1003–010), # 16 Ex. 092 – McFadden Depo., Dec. 5, 2022 (Dkt. 1003–011), # 17 Ex. 093 – McFadden Depo., Nov. 5, 2021 (Dkt. 1003–010), # 18 Ex. 094 – McFadden Depo Tr., Nov. 5, 2021 (Dkt. 1032–014), # 19 Ex. 095 – McFadden Opening Report, Mar. 7, 2025 (Dkt. 1003–034), # 20 Ex. 096 – McFadden Opening Report, Mar. 7, 2025 (Dkt. 1033–008), # 21 Ex. 097 – McFadden Report, June 1, 2021 (Dkt. 1047–003), # 22 Ex. 098 – Nov. 7, 2024 Apple Production Letter (Dkt. 1003–039), # 23 Ex. 099 – Oct. 25, 2024 Production Letter (Dkt. 1003–038), # 24 Ex. 100 – Okamoto Depo Tr., Dec. 17, 2020 (Dkt. 1032–001))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1099 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Ex. 101 – Patel Dep. Tr., Feb. 11, 2021 (Dkt. 1032–007)* filed byApple Inc.. (Attachments: # 1 Ex. 102 – Plaintiffs Amended and Suppl. R&Os to Apple Inc.s First Set (Dkt. 1035–013), # 2 Ex. 103 – Plaintiffs' Daubert Mot. (Dkt. 1000–001), # 3 Ex. 104 – Plaintiffs' Daubert Mot. reply (Dkt. 1042–001), # 4 Ex. 105 – Plaintiffs' Expert Disclosures, Mar. 7, 2025 (Dkt. 1003–040), # 5 Ex. 106 – Plaintiffs' Opposition to Motion for Summary Judgment (Dkt. 1031–001), # 6 Ex. 107 – Plantiff's R&Os to Apple's First Set of Interrogatories (Dkt. 1035–012), # 7 Ex. 108 – Putnam Depo Tr., July 8, 2025 (Dkt. 1024–031), # 8 Ex. 109 – Putnam Rebuttal Report, June 13, 2025 (Dkt. 1024–011), # 9 Ex. 110 – Putnam Report, June 13, |

| | | |
|---|---|---|
| | | 2025 (Dkt. 1000–002), # 10 Ex. 111 – R. Lin Email, July 30, 2024 (Dkt. 1061–005), # 11 Ex. 112 – Rifkin Letter to Lazarus, May 4, 2025 (Dkt. 1034–008), # 12 Ex. 113 – Okamoto Depo Tr., Dec. 16, 2020 (Dkt. 1003–002), # 13 Ex. 114 – Rubinfeld Dep. Tr., March 28, 2021 (Dkt. 1032–011), # 14 Ex. 115 – Schiller Depo Tr., Feb. 11, 2021 (Dkt. 1024–030), # 15 Ex. 116 – Schiller Depo Tr., February 11, 2021 (Dkt. 1032–008), # 16 Ex. 117 – Schiller Depo Tr. (Dkt. 1003–005), # 17 Ex. 118 – Forstall Depo Tr., Mar. 8, 2021 (Dkt. 1003–007), # 18 Ex. 119 – Sep. 12, 2024 Production Letter (Dkt. 1003–037), # 19 Ex. 120 – Shoemaker Depo., Jan. 12, 2021 (Dkt. 1032–003), # 20 Ex. 121 – Simonson Opening Report, Mar. 7, 2025 (Dkt. 1003–024), # 21 Ex. 122 – Song Depo Tr., July 3, 2025 (Dkt. 1032–029), # 22 Ex. 123 – Song Depo Tr., June 4, 2025 (Dkt. 1003–016), # 23 Ex. 124 – Song Depo Tr., June 4, 2025 (Dkt. 1024–015), # 24 Ex. 125 – Song Depo Tr., June 4, 2025 (Dkt. 1032–022), # 25 Ex. 126 – Stiglitz Depo Tr., June 25, 2025 (Dkt. 1003–018), # 26 Ex. 127 – Stiglitz Depo Tr., June 25, 2025 (Dkt. 1032–026), # 27 Ex. 128 – Stiglitz Depo Tr., May 30, 2025 (Dkt. 1003–015), # 28 Ex. 129 – Stiglitz Depo Tr., May 30, 2025 (Dkt. 1032–021), # 29 Ex. 130 – Stiglitz Depo Tr. (Dkt. 1047–012), # 30 Ex. 131 – Stiglitz Depo., May 30, 2025 (Dkt. 1024–014), # 31 Ex. 132 – Stiglitz Opening Report, Mar. 7, 2025 (Dkt. 1000–015), # 32 Ex. 133 – Stiglitz Rebuttal Report, June 13, 2025 (Dkt. 1000–016), # 33 Ex. 134 – Stodden Depo Tr., July 17, 2025 (Dkt. 1033–001), # 34 Ex. 135 – Stodden Depo Tr., July 17, 2025 (Dkt. 1065–004), # 35 Ex. 136 – Sundararajan Depo Tr., June 26, 2025 (Dkt. 1000–010), # 36 Ex. 137 – Sundararajan Depo Tr., June 26, 2025 (Dkt. 1032–025), # 37 Ex. 138 – Sundararajan Depo Tr., June 26, 2025 (Dkt. 1042–003), # 38 Ex. 139 – Sundararajan Depo Tr., June 27, 2025 (Dkt. 1000–011), # 39 Ex. 140 – Kosmynka Depo Tr., Feb. 2, 2021 (Dkt. 1003–003), # 40 Ex. 141 – Watson Depo Tr., July 2, 2025 (Dkt. 1047–016))(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1100 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Declaration of E. Lazarus* filed byApple Inc.. (Attachments: # 1 Ex. 01 – Declaration of Activision Blizzard, # 2 Ex. 02 – Declaration of Ad Hoc Labs, # 3 Ex. 03 – Declaration of Age of Learning, # 4 Ex. 04 – Declaration of AIBY, # 5 Ex. 05 – Declaration of Amazon, # 6 Ex. 06 – Declaration of Audible, # 7 Ex. 07 – Declaration of Audible, # 8 Ex. 08 – Declaration of Aviation Data Systems, # 9 Ex. 09 – Declaration of BFG, # 10 Ex. 10 – Declaration of Bill.com, # 11 Ex. 11 – Declaration of BP Mobile, # 12 Ex. 12 – Declaration of Canva, # 13 Ex. 13 – Declaration of Canva, # 14 Ex. 14 – Declaration of Coffee Meets Bagel, # 15 Ex. 15 – Declaration of Cricut, # 16 Ex. 16 – Declaration of Flo Health, # 17 Ex. 17 – Declaration of ForeFlight, # 18 Ex. 18 – Declaratian of Fox News, # 19 Ex. 19 – Declaration of Google, # 20 Ex. 20 – Declaration of Grindr, # 21 Ex. 21 – Declaration of Hallow, # 22 Ex. 22 – Declaration of Headspace, # 23 Ex. 23 – Declaration of Higher Learning Technologies, # 24 Ex. 24 – Declaration of IAC, # 25 Ex. 25 – Declaration of IDC, # 26 Ex. 26 – Declaration of iHeartMedia, # 27 Ex. 27 – Declaration of Instasize, # 28 Ex. 28 – Declaration of Life360, # 29 Ex. 29 – Declaration of Linkedin, # 30 Ex. 30 – Declaration of Match Group, # 31 Ex. 31 – Declaration of NYP Holding, # 32 Ex. 32 – Declaration of Pango, # 33 Ex. 33 – Declaration of Peloton, # 34 Ex. 34 – Declaration of Pixelcut, # 35 Ex. 35 – Declaration of Playrix, # 36 Ex. 36 – Declaration of Pocket Prep, # 37 Ex. 37 – Declaration of Pusheen, # 38 Ex. 38 – Declaration of Real Estate Portal, # 39 Ex. 39 – Declaration of Route4Me, # 40 Ex. 40 – Declaration of Scribd, # 41 Ex. 41 – Declaration of Strava, # 42 Ex. 42 – Declaration of Supercell, # 43 Ex. 43 – Declaration of Telepathic, # 44 Ex. 44 – Declaration of Tidal, # 45 Ex. 45 – Declaration of TikTok, # 46 Ex. 46 – Declaration of TikTok, # 47 Ex. 47 – Declaration of TomTom, # 48 Ex. 48 – Declaration of Valve, # 49 Ex. 49 – Declaration of Verv, # 50 Ex. 50 – Declaration of WBD, # 51 Ex. 51 – Declaration of Microsoft)(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1101 | EXHIBITS re 1093 Administrative Motion to File Under Seal *(Joint Omnibus Sealing Stipulation) Declaration of R. Byrd* filed byApple Inc.. (Attachments: # 1 Declaration of S. Aviles, # 2 Ex. 01 – Declaration of Activision Blizzard, # 3 Ex. 02 – Declaration of Ad Hoc Labs, # 4 Ex. 03 – Declaration of Adobe Labs, # 5 Ex. 04 – Declaration of Age of Learning, # 6 Ex. 05 – Declaration of AIBY, # 7 Ex. 06 – Declaration of Amazon, # 8 Ex. 07 – Declaration of Audible, # 9 Ex. 08 – Declaration of Aviation Data Systems, # 10 Ex. 09 – Declaration of BFG, # 11 Ex. 10 – Declaration of BP Mobile, # 12 Ex. 11 – Declaration of Bumble, # 13 Ex. 12 – Declaration of Canva, # 14 Ex. 13 – Declaration of Coffee Meets Bagel, # 15 Ex. 14 – Declaration of Circuit, # 16 Ex. 15 – Declaration of Deca Live, # 17 Ex. 16 – Declaration of Dropbox, # 18 Ex. 17 – Declaration of Flo Health, # 19 Ex. 18 – Declaration of ForeFlight, # 20 Ex. 19 – Declaratian of Fox News, # 21 Ex. 20 – Declaration of GOG, # 22 Ex. 21 – Declaration of Google, # 23 Ex. 22 – Declaration of Grindr, # 24 Ex. 23 – Declaration of Hallow, # 25 Ex. 24 – Declaration of HBO, # 26 Ex. 25 – Declaration of Headspace, # 27 Ex. 26 – Declaration of Higher Learning, # 28 Ex. 27 – Declaration of IAC, # 29 Ex. 28 – Declaration of iHeartMedia, # 30 Ex. 29– Declaration of Instasize, # 31 Ex. 30 – Declaration of Bill.com, # 32 Ex. 31 – Declaration of Deca Games, # 33 Ex. 32 – Declaration of Life360, # 34 Ex. 33 – Declaration of LinkedIn, # 35 Ex. 34 – Declaration of Match, # 36 Ex. 35 – Declaration of Gen Digital, # 37 Ex. 36 – Declaration of NYP Holding, # 38 Ex. 37 – Declaration of Peloton, # 39 Ex. 38 – Declaration of Pixelcut, # 40 Ex. 39 – Declaration of PLR, # 41 Ex. 40 – Declaration of Pocket Gems, # 42 Ex. 41 – Declaration of Pocket Prep, # 43 Ex. 42 – Declaration of Real Estate Portal, # 44 Ex. 43 – Declaration of Roblox, # 45 Ex. 44 – |

| | | |
|---|---|---|
| | | Declaration of Route4Me, # 46 Ex. 45 – Declaration of Scribd, # 47 Ex. 46 – Declaration of Strava, # 48 Ex. 47 – Declaration of Supercell Oy, # 49 Ex. 48 – Declaration of Telepathic, # 50 Ex. 49 – Declaration of Tidal, # 51 Ex. 50 – Declaration of TikTok, # 52 Ex. 51 – Declaration of TomTom, # 53 Ex. 52 – Declaration of Valve, # 54 Ex. 53 – Declaration of Verv, # 55 Ex. 54 – Declaration of Disney, # 56 Ex. 55 – Declaration of Microsoft)(Related document(s) 1093 ) (Craig, Dana) (Filed on 3/5/2026) (Entered: 03/05/2026) |
| 03/05/2026 | 1102 | **ORDER RE ADMINISTRATIVE SEALING MOTIONS ORDER RE PENDING MOTIONS by Judge Yvonne Gonzalez Rogers Terminating 952 Administrative Motion to File Under Seal; Terminating 953 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 957 Administrative Motion to File Under Seal; Terminating 962 Administrative Motion to File Under Seal; Terminating 970 Administrative Motion to File Under Seal; Terminating 986 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 987 Administrative Motion to File Under Seal; Terminating 991 Administrative Motion to File Under Seal; Terminating 998 Administrative Motion to File Under Seal; Withdrawing 999 Motion to Strike; Terminating 1000 Administrative Motion to File Under Seal; Terminating 1002 Administrative Motion to File Under Seal; Terminating 1002 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1003 Administrative Motion to File Under Seal; Terminating 1003 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Withdrawing 1004 Motion for Summary Judgment; Terminating 1006 Administrative Motion to File Under Seal; Terminating 1006 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1024 Administrative Motion to File Under Seal; Terminating 1024 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1031 Administrative Motion to File Under Seal; Terminating 1042 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1046 Administrative Motion to File Under Seal; Terminating 1046 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1047 Administrative Motion to File Under Seal; Terminating 1047 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1050 Stipulation; terminating 1052 Administrative Motion to File Under Seal; Terminating 1052 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed; Terminating 1061 Administrative Motion to File Under Seal; Terminating 1065 Administrative Motion to File Under Seal. (eac, COURT STAFF) (Filed on 3/5/2026) (Entered: 03/05/2026)** |
| 03/24/2026 | 1103 | NOTICE of Withdrawal filed by David P. Chiappetta, no longer appearing on behalf of Microsoft Corporation in this case (Chiappetta, David) (Filed on 3/24/2026) (Entered: 03/24/2026) |
| 03/25/2026 | 1104 | NOTICE of Withdrawal filed by Patrick T. Hein, no longer appearing on behalf of Sony Interactive Entertainment LLC in this case (Hein, Patrick) (Filed on 3/25/2026) (Entered: 03/25/2026) |
| 04/02/2026 | 1105 | NOTICE of Withdrawal filed by Christopher A. Nedeau, no longer appearing on behalf of Edward Lawrence in this case (Nedeau, Christopher) (Filed on 4/2/2026) (Entered: 04/02/2026) |
| 05/01/2026 | 1106 | NOTICE of Withdrawal filed by Kyle Matthew Wood, no longer appearing on behalf of Edward W. Hayter, Edward Lawrence, Robert Pepper, Stephen H. Schwartz in this case (Wood, Kyle) (Filed on 5/1/2026) (Entered: 05/01/2026) |

**ER-995**