**No. 25-7930**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE APPLE IPHONE ANTITRUST LITIGATION

On Appeal from the United States District Court
for the Northern District of California
Case No. 4:11-cv-6714-YGR, Hon. Yvonne Gonzalez Rogers

## PLAINTIFFS-APPELLANTS' MOTION TO FILE UNDER SEAL

Betsy C. Manifold
Rachele R. Byrd
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 1820
San Diego, CA 92101
Tel.: (619) 239-4599

Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600

David C. Frederick
Aaron M. Panner
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900

*Counsel for Plaintiffs-Appellants*

May 13, 2026

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION .....................................................................................1

LEGAL STANDARD...............................................................................5

ARGUMENT ............................................................................................5

CONCLUSION.........................................................................................9

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

Page

**CASES**

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)...................5

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)................. 5, 6

**STATUTES AND RULES**

Fed. R. App. P. 27 ........................................................................................1

9th Cir. R.:

    Rule 27-13 .........................................................................................1

    Rule 27-13(e) .....................................................................................5

## INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 27-13, Plaintiffs-Appellants ("Plaintiffs") hereby respectfully move to file under seal Volumes 7 to 13 of Plaintiffs' Excerpts of Record to their Opening Brief of Plaintiffs-Appellants, which contains relevant materials from the proceedings below.

This appeal involves review of a district court order granting Defendant-Appellee Apple Inc.'s motions to exclude the testimony of one of Plaintiffs' expert witnesses and to decertify the class. Below, the parties provisionally filed under seal their briefing on these motions, and certain evidence supporting their arguments, because those materials contained information that Apple designated during discovery as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Payor Data under the operative Protective Orders (Dkts.381, 882). *See* Dkt.664 (establishing sealing procedures). Relevant here, that information included the total number of payor records that Apple produced to Plaintiffs; the exact number of unique purchasers that Plaintiffs' expert, Darryl Thompson, identified from those records; and the exact number of purchasers that qualified for class membership. Consistent with Apple's provisional sealing request, the district court redacted each of those figures from its decertification order. *See* Dkt.1069, at 5-6 & n.6, 17.

Plaintiffs accordingly move to file under seal Volumes 7 to 13 of their

Excerpts of Record.  Those volumes contain the following materials:

| DOCUMENTS FILED UNDER SEAL | | | |
|---|---|---|---|
| **VOLUME 7 of 13** | | | |
| ***In re Apple iPhone Antitrust Litigation*,** **No. 4:11-cv-06714-YGR (N.D. Cal.)** | | | |
| 10/27/2025 | 1070 | Order Granting Apple's *Daubert* Motion to Exclude the Expert Testimony of Darryl Thompson and Motion to Decertify the Class | 1134-1160 |
| 10/20/2025 | 1065-2 | Plaintiffs' Administrative Motion for Renewed Request for Evidentiary Hearing re Apple's FRE 702 and *Daubert* Objections to Darryl Thompson's Opinions | 1161-1166 |
| 10/17/2025 | 1062 | Transcript of Proceedings | 1167-1258 |
| 10/16/2025 | 1061-2 | Joint Supplemental Brief Regarding Apple's Production of Payor Credit Card Data | 1259-1264 |
| 10/02/2025 | 1052-3 | Opening Expert Report of Ned S. Barnes, CPA (Mar. 7. 2025) | 1265-1329 |
| **VOLUME 8 of 13** | | | |
| 10/02/2025 | 1052-17 | Expert Report of Alan D. MacCormack (Mar. 6, 2025) | 1331-1500 |
| 10/02/2025 | 1052-21 | Expert Report of Daniel L. McFadden, Ph.D. (Mar. 7, 2025) | 1501-1551 |
| **VOLUME 9 of 13** | | | |
| 10/02/2025 | 1052-25 | Expert Report of Minjae Song, Ph.D. (Mar. 7, 2025) | 1553-1689 |
| 10/02/2025 | 1052-26 | Supplemental Expert Report of Minjae Song, Ph.D. (Aug. 1, 2025) | 1690-1698 |

2

| | | VOLUME 10 of 13 | |
|---|---|---|---|
| 10/02/2025 | 1052-27 | Expert Report of Joseph E. Stiglitz, Ph.D. (Mar. 7, 2025) | 1700-1890 |
| | | **VOLUME 11 of 13** | |
| 10/02/2025 | 1052-27 | Continued—Expert Report of Joseph E. Stiglitz, Ph.D. (Mar. 7, 2025) | 1892-2090 |
| 10/02/2025 | 1052-32 | Supplemental Expert Report of Darryl Thompson (Apr. 16. 2025) | 2091-2113 |
| 09/03/2025 | 1035-14 | Declaration of Rachele R. Byrd in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 95 – Email from R. Lin to R. Byrd (July 10, 2024) | 2114-2116 |
| 09/03/2025 | 1035-15 | Declaration of Rachele R. Byrd in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 96 – Letter from E. Lazarus to R. Byrd & K. Wood (July 10, 2024) | 2117-2119 |
| 09/03/2025 | 1034-5 | Declaration of Rachele R. Byrd in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 50 – Letter from E. Lazarus to R. Byrd & K. Wood (Nov. 7, 2024) | 2120-2122 |
| 09/02/2025 | 1031-2 | Declaration of Minjae Song, Ph.D. in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Summary Judgment | 2123-2126 |
| 09/02/2025 | 1031-4 | Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Decertify the Class | 2127-2159 |

| | | **VOLUME 12 of 13** | |
|---|---|---|---|
| 09/02/2025 | 1031-5 | Plaintiffs' Opposition to Defendant Apple Inc.'s *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack | 2161-2209 |
| 09/02/2025 | 1031-6 | Declaration of Darryl Thompson in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack | 2210-2223 |
| 08/04/2025 | 1006-1 | Defendant Apple Inc.'s Motion to Decertify the Class | 2224-2256 |
| 08/04/2025 | 1002-1 | Defendant Apple Inc.'s Notice of *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack; Memorandum of Points and Authorities in Support Thereof | 2257-2306 |
| 01/30/2024 | 786-1 | Declaration of Minjae Song, Ph.D., in Response to Order for Supplemental Information in Further Support of Renewed Motion for Class Certification | 2307-2312 |
| | | **VOLUME 13 of 13** | |
| 01/19/2023 | 679-1 | Plaintiffs' Notice of Filing, Exhibit A – Second Revised Supplemental Expert Report of Daniel L. McFadden (Jan. 19, 2023) | 2314-2393 |
| 11/16/2021 | 606 | Transcript of Proceedings | 2394-2476 |
| 08/10/2021 | 476-12 | Declaration of Mark Rollins in Support of Apple Inc.'s *Daubert* Motions & Briefs in Opposition to Class Certification | 2477-2482 |

Counsel for Apple has stated that Apple does not oppose Plaintiffs' motion to seal.

## LEGAL STANDARD

This Court's Rules require motions to seal to "explain the specific reasons for this relief and describe the potential for irreparable injury in the absence of such relief." Circuit Rule 27-13(e). Such motions must also "request the least restrictive scope of sealing." *Id.*

## ARGUMENT

This Court should grant Plaintiffs' motion to seal. "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up). While that right "is not absolute," there is still "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

To justify sealing a court record, the moving party must demonstrate "compelling reasons sufficient to outweigh the public's interest in disclosure." *Kamakana*, 447 F.3d at 1179 (cleaned up). One compelling reason is when the document at issue could "become a vehicle for improper purposes, such as the use of [the] record[] to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (cleaned up). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

5

Plaintiffs' sealed Excerpts of Record contain five categories of material for which Plaintiffs contend "compelling reasons sufficient to outweigh the public's interest in disclosure" warrant this Court permitting those materials to remain under seal. *Kamakana*, 447 F.3d at 1179 (cleaned up).

**1.** **Expert reports.** The Court should leave sealed the expert reports of Barnes (Dkt.1052-3), MacCormack (Dkt.1052-17), McFadden (Dkt.1052-21), Song (Dkt.1052-25), and Stiglitz (Dkt.1052-27); as well as the supplemental reports of Thompson (Dkt.1052-32), Song (Dkt.1052-26) and McFadden (Dkt.679-1). Designated "Highly Confidential — Attorneys' Eyes Only," these reports analyze Apple business and financial figures; detail the contents of terabytes of transaction data encompassing billions of transactions tied to consumer Apple IDs; and use those figures to calculate Apple's antitrust impact and to model Plaintiffs' damages. Because those reports describe the data Plaintiffs received from Apple (and how Apple conveyed those data to Plaintiffs), Apple has represented that their disclosure raises "grave privacy concerns" for consumers. Dkt.1035-15, at 2. Other third parties also risk harm from the disclosure of these materials. For example, MacCormack's report includes confidential financial data collected from non-party app developers obtained via subpoena. *See* Dkt.1052-17.

2. **Certain declarations.** The Court should leave sealed the declarations of Thompson (Dkt.1031-6), Song (Dkt.1031-2), and Rollins (Dkt.476-12), as well as the supplemental declaration of Song (Dkt.786-1). These declarations concern, rely on, and extensively quote from the sealed materials contained in the expert reports previously discussed. For example: Thompson's declaration discusses JND's deduplication protocol, including the specific data fields and matching logic used to identify unique consumers from a massive volume of payor records; Rollins's declaration reveals Apple's internal data architecture (for example: how Apple IDs are created, what personal data Apple collects, and how purchase histories are structured); and Song's declarations contain account-level spending distributions and class member calculations.

3. **Certain sealed motions.** The Court should leave sealed certain select motions: Apple's Consolidated *Daubert* Motion (Dkt.1002-1), Apple's Motion to Decertify (Dkt.1006-1), Plaintiffs' Opposition to Decertification (Dkt.1031-4), Plaintiffs' Opposition to Defendant Apple Inc.'s *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack (Dkt.1031-5), and Plaintiffs' Motion for an Evidentiary *Daubert* Hearing (Dkt.1065-2). They concern, rely on, and extensively quote from the sealed materials contained in the expert reports discussed above. They contain the same confidential transaction data, damages figures, class member counts, and third-party developers' cost

7

structures; accordingly, their disclosure presents many of the same risks that the disclosure of the underlying expert reports would present.

4.    **Certain payor data documents.**  The Court should leave sealed certain documents concerning consumer payor data:  the Joint Supplemental Brief re: Apple's Production of Payor Data (Dkt.1061-2) and three exhibits:  Exhibit 50 (Dkt.1034-5), Exhibit 95 (Dkt.1035-14), and Exhibit 96 (Dkt.1035-15).  They address the production of highly sensitive personal data for Apple customers (including hashed credit card numbers, names, addresses, and phone numbers).  Recognizing the sensitivity of this material, the district court took numerous steps to protect it from disclosure, requiring air-gapped computers, hand delivery, encrypted transmissions, and on-site inspections.  *See* Dkt.882.  Additionally, those documents reveal Apple's specific data field structures and data dictionary contents, which present security risks to the company if disclosed.

5.    **Sealed court order and certain transcripts.**  Finally, three court-made documents should be sealed:  the sealed version of the Order Granting Apple's *Daubert* Motion and Motion to Decertify (Dkt.1070), the October 17, 2025 hearing transcript (Dkt.1062), and the November 16, 2021 class-certification hearing transcript (Dkt.606).  Plaintiffs have included in Volume 1 of the Excerpts of Record the unsealed version of the Order Granting Apple's *Daubert* Motion and Motion to Decertify (Dkt.1069); the sealed version contains sensitive data

8

produced by Apple. The October 17, 2025 transcript likewise references and relies upon the same sensitive commercial data—and the district court acknowledged as much at times, asking, for example, that the press not write down a figure discussed because, "in all the briefing, it is sealed." Dkt.1062, at 18:2-3. The November 16, 2021 hearing transcript is not available on the public docket and likewise contains commercial data Apple may consider sensitive. *See* Dkt. 606.

Accordingly, Plaintiffs submit that compelling reasons exist to file under seal unredacted copies of these materials. Given the district court's rulings and the absence of publicly available materials Plaintiffs could cite in support of the propositions in their briefs, Plaintiffs' request is presently "the least restrictive scope of sealing" available. Circuit Rule 27-13(e).

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court permit the filing under seal of Volumes 7 to 13 of Plaintiffs' Excerpts of Record.

Date: May 13, 2026                          Respectfully submitted,


                                            /s/ David C. Frederick
Betsy C. Manifold                           David C. Frederick
Rachele R. Byrd                             Aaron M. Panner
WOLF HALDENSTEIN ADLER                      KELLOGG, HANSEN, TODD,
  FREEMAN & HERZ LLP                          FIGEL & FREDERICK, P.L.L.C.
750 B Street, Suite 1820                    1615 M Street, N.W., Suite 400
San Diego, CA 92101                         Washington, D.C. 20036
Tel.: (619) 239-4599                        Tel.: (202) 326-7900
manifold@whafh.com                          dfrederick@kellogghansen.com
byrd@whafh.com                              apanner@kellogghansen.com


Mark C. Rifkin
Matthew M. Guiney
Thomas H. Burt
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
rifkin@whafh.com
guiney@whafh.com
burt@whafh.com


*Counsel for Plaintiffs-Appellants*


10

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1734 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f) and Ninth Circuit Rule 5-2(b).

I further certify that the foregoing petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point, Times New Roman font.

/s/ *David C. Frederick*
*Counsel for Plaintiffs-Appellants*

May 13, 2026

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 25-7930

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

See attachment.

**Signature** | s/ David C. Frederick | **Date** | May 13, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 15** | *Rev. 12/01/2018*

**ATTACHMENT TO FORM 15**

**CERTIFICATE OF SERVICE FOR ELECTRONIC FILING IN THE
UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

9th Cir. Case Number(s):  25-7930

Description of Documents:

Appellants' Opening Brief
Appellants' Motion to File Under Seal
Appellants' Under Seal Excerpts of Record Volumes 7-13, containing the following
documents:

| DOCUMENTS FILED UNDER SEAL | | | |
|---|---|---|---|
| **VOLUME 7 of 13** | | | |
| ***In re Apple iPhone Antitrust Litigation***, **No. 4:11-cv-06714-YGR (N.D. Cal.)** | | | |
| 10/27/2025 | 1070 | Order Granting Apple's *Daubert* Motion to Exclude the Expert Testimony of Darryl Thompson and Motion to Decertify the Class | 1134-1160 |
| 10/20/2025 | 1065-2 | Plaintiffs' Administrative Motion for Renewed Request for Evidentiary Hearing re Apple's FRE 702 and *Daubert* Objections to Darryl Thompson's Opinions | 1161-1166 |
| 10/17/2025 | 1062 | Transcript of Proceedings | 1167-1258 |
| 10/16/2025 | 1061-2 | Joint Supplemental Brief Regarding Apple's Production of Payor Credit Card Data | 1259-1264 |
| 10/02/2025 | 1052-3 | Opening Expert Report of Ned S. Barnes, CPA (Mar. 7. 2025) | 1265-1329 |

| | | **VOLUME 8 of 13** | |
|---|---|---|---|
| 10/02/2025 | 1052-17 | Expert Report of Alan D. MacCormack (Mar. 6, 2025) | 1331-1500 |
| 10/02/2025 | 1052-21 | Expert Report of Daniel L. McFadden, Ph.D. (Mar. 7, 2025) | 1501-1551 |
| | | **VOLUME 9 of 13** | |
| 10/02/2025 | 1052-25 | Expert Report of Minjae Song, Ph.D. (Mar. 7, 2025) | 1553-1689 |
| 10/02/2025 | 1052-26 | Supplemental Expert Report of Minjae Song, Ph.D. (Aug. 1, 2025) | 1690-1698 |
| | | **VOLUME 10 of 13** | |
| 10/02/2025 | 1052-27 | Expert Report of Joseph E. Stiglitz, Ph.D. (Mar. 7, 2025) | 1700-1890 |
| | | **VOLUME 11 of 13** | |
| 10/02/2025 | 1052-27 | Continued—Expert Report of Joseph E. Stiglitz, Ph.D. (Mar. 7, 2025) | 1892-2090 |
| 10/02/2025 | 1052-32 | Supplemental Expert Report of Darryl Thompson (Apr. 16. 2025) | 2091-2113 |
| 09/03/2025 | 1035-14 | Declaration of Rachele R. Byrd in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 95 – Email from R. Lin, to R. Byrd (July 2024) | 2114-2116 |
| 09/03/2025 | 1035-15 | Declaration of Rachele R. Byrd I in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 96 – Letter from E. Lazarus, to R. Byrd & K. Wood (July 10, 2024) | 2117-2119 |

2

| | | | |
|---|---|---|---|
| 09/03/2025 | 1034-05 | Declaration of Rachele R. Byrd in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment, *Daubert*, and Motion to Decertify, Exhibit 50 – Letter from E. Lazarus, to R. Byrd & K. Wood (Nov. 7, 2024) | 2120-2122 |
| 09/02/2025 | 1031-2 | Declaration of Minjae Song, Ph.D. in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s Motion for Summary Judgment | 2123-2126 |
| 09/02/2025 | 1031-4 | Plaintiffs' Opposition to Defendant Apple Inc.'s Motion to Decertify the Class | 2127-2159 |
| **VOLUME 12 of 13** | | | |
| 09/02/2025 | 1031-5 | Plaintiffs' Opposition to Defendant Apple Inc.'s *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack | 2161-2209 |
| 09/02/2025 | 1031-6 | Declaration of Darryl Thompson in Support of Plaintiffs' Opposition to Defendant Apple Inc.'s *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack | 2210-2223 |
| 08/04/2025 | 1006-1 | Defendant Apple Inc.'s Motion to Decertify the Class | 2224-2256 |
| 08/04/2025 | 1002-1 | Defendant Apple Inc.'s Notice of *Daubert* Motion to Exclude the Opinions of Mr. Darryl Thompson & Prof. Alan MacCormack; Memorandum of Pointes and Authorities in Support Thereof | 2257-2306 |
| 01/30/2024 | 786-1 | Declaration of Minjae Song, Ph.D., in Response to Order for Supplemental Information in Further Support of Renewed Motion for Class Certification | 2307-2312 |

| VOLUME 13 of 13 | | | |
|---|---|---|---|
| 01/19/2023 | 679-1 | Plaintiffs' Notice of Filing, Exhibit A – Second Revised Supplemental Expert Report of Daniel L. McFadden (Jan. 19, 2023) | 2314-2393 |
| 11/16/2021 | 606 | Transcript of Proceedings | 2394-2476 |
| 08/10/2021 | 476-12 | Declaration of Mark Rollins in Support of Apple Inc.'s *Daubert* Motions & Briefs in Opposition to Class Certification | 2477-2482 |